

**WILLIAM C. SHAYNE, ESQ.**                                          WSHAYNE@SHAYNELAWGROUP.COM

December 27, 2019

*Via ECF*

Hon. Vernon S Broderick
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:   Ameriway Corp. V May Yan Chen and Ability Customs Inc.
      Case # 19-cv-09407 (VSB) (DCF)
      Request for pre-motion conference

Dear Judge Broderick:

This office represents the defendants in the above referred case. This letter is being written in part, in response to plaintiff's letter to the court dated December 5, 2019 and in part, to request a pre-motion conference for the following relief:

1.  To disqualify Xiyan Zhang,Esq., Pete Wolfgram, Esq. and Stratum Law, LLC from representing plaintiff in the within lawsuit;

2.  Dismissing the lawsuit brought by Ameriway Corp. for lack of standing; and

3.  In the event the case is not dismissed for lack of standing, an order dismissing the lawsuit as against Ability Customs, Inc., in that that entity is not involved in any of the transactions that form the basis of plaintiff's claims.

First, with regard to the application by plaintiff for leave to make a motion to dismiss the first counterclaim for "fraudulent inducement", after further review, defendants have elected to voluntarily withdraw that counterclaim against the plaintiff.  In the event the lawsuit does proceed, it is anticipated that a stipulation regarding the withdrawal of that counter claim will be executed and filed as appropriate.

With regard to the defendants' applications, the following facts are relevant:

A.  Defendant May Yan Chen is a licensed United States customs broker under license number 28573 and operates her business as May Y. Chen d/b/a Ability Customs Brokers (Annexed as exhibit "A" are copies of Chen's Customs Broker license and her customs broker National Permit);



B.  On April 11, 2017 a customs power of attorney was executed by Eagle Trading USA LLC ("Eagle) appointing May Y Chen DBA Ability Customs Brokers its attorney thus giving Chen the authority to act on its behalf in connection with customs entries of products being imported to the United States by Eagle (Annexed as Exhibit "B" is a copy of the power of attorney). Of note is that Xian Zhang (the attorney that signed the Complaint and Amended Complaint) signed the power of attorney on behalf of Eagle not as counsel but as its COO;
(Annexed as Exhibit "C" Is a copy of the Amended Complaint);

C.  Eagle is/was a Delaware limited liability company formed on June 9, 2015, which entity was "canceled, Failure to pay tax" on June 1, 2019 (Annexed as Exhibit "D" are copies of Eagle's limited liability company certificate of formation, certificate of amendment changing only the registered office, and a print out of the State of Delaware "Entity" website regarding Eagle)  Note that Plaintiff's Counsel Xian Zhang signed the Certificate of Formation and Certificate of Amendment;

D.  Annexed as Exhibit "E" is a sample of one of many US customs entry summaries and bills of lading in which Ability Customs Brokers was the "broker/notify party" and Eagle was the importer of record/consignee (Note: at no time was defendant retained as attorney in fact for plaintiff nor did defendant ever act as a customs broker on behalf of plaintiff);

E.  Annexed as Exhibit F" Is a copy of an email from Pete Wolfgram dated June 3, 2019 to Defendant utilizing his "stratumlaw.com" email address, in which he advises defendant that his "Ameriway Corp email has not been working as of late, so please respond to this email…" ;

F.  Annexed as Exhibit "G" are copies of emails from Pete Wolfgram utilizing his "ameriwaycorp.com" email address to defendant;

G.  Annexed as Exhibit "H" is a copy of an email dated August 21, 2019 from Xiyan Zhang (Plaintiffs' counsel), using his "ameriway.com" email address to defendant in which he signs the email as "Xiyan Zhang, CEO, Ameriway Corporation";

Based upon the foregoing records, it is clear that both Xiyan Zhang and Pete Wolfgram are attorneys who seek to appear in the instant action on behalf of plaintiff, however both are officers of the plaintiff and clearly have factual knowledge about the transaction complained of in the amended complaint. It is apparent that both attorneys will be witnesses in this case. As a result, plaintiff seeks to make an application to this court to disqualify both attorneys and their law firm from representing the plaintiff in this case.

As indicated and supported by the attached paperwork, the only privity of contract that exists is as between defendant, as a customs broker and Eagle.  While It appears that the ownership of Eagle and Ameriway may have some interconnection, only Eagle would have standing to assert the claims that plaintiff has asserted against the defendants.  As a result, defendants request permission to file a motion seeking to dismiss the claims asserted by plaintiff based upon plaintiff's lack of standing to bring the instant lawsuit.



Finally, as is clear from the customs brokers' license issued to defendant, Chen, Chen individually is the customs broker and she operates her business under the d/b-a "trade name" of Ability Customs Brokers.

At no time was any entity by the name of Ability Customs, Inc. ever involved with the transactions complained of in plaintiff's amended complaint.  Based upon the foregoing, in the event the Court does not dismiss the case for lack of standing, Plaintiff hereby
requests permission to make an application to dismiss the case as asserted by plaintiff against Ability Customs, Inc.

Defendants further request an extension of time to answer the amended complaint, in the event and to the extent necessary, based upon the above requested motions.

Very truly yours,

William Shayne

Shayne Law Group, P.C.
64 Fulton St, Suite 1000
New York, NY, 10038
Tel:  212-566-4949
Fax: 212-202-5423
wshayne@shaynelawgroup.com