STRATUMLAW LLC

150 Monument Road, Suite 207                                              (215) 621-8008
Bala Cynwyd, PA 19004                                                www.stratumlaw.com

Hon. Vernon S. Broderick                                                      **Via ECF**
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

        **Re: Ameriway Corp. v. May Yan Chen and Ability Customs Inc.**
        **Case # 19-cv-09407 (VSB) (DCF) Withdrawal of Motion to Dismiss**

Dear Judge Broderick:

Counsel for Plaintiff Ameriway submits this letter response to Defendants' "Withdrawal of Motion to Dismiss" filed on April 16, 2020. Plaintiff wishes to confirm its intention to pursue the sanctions motion filed April 15, 2020 pursuant to Fed. R. Civ. P. 11 despite Defendants' withdrawal of the offending motion to dismiss.

While Plaintiff obviously accepts Defendants' decision to withdraw the motion, Ameriway should have never been forced to spend the time and resources responding to it in the first place. Ameriway's Second Amended Complaint demonstrates Ameriway's ownership interest in the cargo at issue in depth. Specifically, Ameriway assigned Eagle Trading, LLC ("Eagle") to act as the Importer of Record ("IOR") primarily to keep paperwork relating to the importation of cargo and payment of customs duties separate from Ameriway's primary logistics business. D.I. 21., ¶ 50. Eagle, as the IOR, was the temporary owner of the shipping goods until they were accepted by and transferred to the assigned entity, Ameriway, at the port of entry. *Id*.

However, Defendants' general standing theory, which never even addresses Plaintiff's claims or mentions the words "conversion," "fraud," etc., is based on the central premise that ""[n]othing in the bills of lading [or supporting documentation] identifies or makes any reference to or otherwise identifies Ameriway as having any interest in the Cargo." *Id*. 26, ¶ 16.

This is false. Ameriway presented a bill of lading *in its own name* to Defendants *twice* in August 2019 for Container #OOCU6964350 (the "4350 Container"), which was detained by Defendants over an allegedly unpaid prior invoice pursuant to a purported lien right. D.I. 29 at Ex. A.

Moreover, Ameriway (not Eagle) purchased the containers at issue from a third-party logistics company, New Chain Logistics, in November of 2019, and both Defendants and Attorney Shayne had knowledge of this fact prior to filing their motion. Acting directly under the advice of their attorney at the time, Mr. Shayne, New Chain executed and submitted title documents "formally transfer[ring] the assets of [the containers] from us to Mrs. Huan Yu of Ameriway Corporation" to Defendants. Defendants thus had possession of the title documents and knew Ameriway had an interest in the cargo at issue, making their argument that Ameriway "never" asserted one unreasonable.

**STRATUM**LAW LLC

150 Monument Road, Suite 207  (215) 621-8008
Bala Cynwyd, PA 19004  www.stratumlaw.com

On March 11, 2020 Ameriway served Mr. Shayne a detailed Draft Sanctions Motion bringing these materials to light, and requesting that he either withdraw his motion or correct the false statements made therein pursuant to Rule 11's safe harbor rule.  Mr. Shayne never replied and, six weeks later, Ameriway filed a final sanctions motion at 11:37pm EDT on April 15.

*Less than twelve hours later, and just hours before Defendants' motion to dismiss reply was due,* Mr. Shayne decided to withdraw the motion "upon reflection and considering the legal and judicial time and effort involved in this present motion practice" in favor of "rais[ing]" the appropriate affirmative defenses and assert[ing] a third-party action against Eagle."  He then goes to great pains explaining that his decision to withdraw the motion *at the very last minute* was not impacted or influenced in any way by the substantive weakness of his standing argument, or Ameriway's pending sanctions motion.

However, it is doubtful that Defendants' new strategy would conserve resources at all.  To the contrary, their new tactic is just another aim to expend Plaintiff's resources:  filing a third-party action against Eagle while the instant case continues will likely compound the motion practice based on essentially the same set of facts. Mr. Shayne likely knows this, and his long introductory recitation of the purported facts, including damages exhibits which are inaccurate and entirely irrelevant to the motion to dismiss, is a last-ditch effort to muddle the fact that he is simply having regrets about not availing himself of the safe harbor rule and withdrawing the motion earlier.  Ameriway wishes he had done so as well; it would have been saved considerable time and effort.

In any event, Defendants should not be allowed to use this letter format to supplement a frivolous motion; and, Plaintiff wishes to put its intention to pursue the sanctions motion on the record.

Date: 4/17/2020

Regards,

/s/Xiyan Zhang
Xiyan Zhang
Stratum Law, LLC

Attorney for Plaintiff
Ameriway Corporation