# STRATUM*LAW* LLC

150 Monument Road, Suite 207
Bala Cynwyd, PA 19004

*Via ECF*

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

**APPLICATION DENIED**
**SO ORDERED**
**VERNON S. BRODERICK**
**U.S.D.J.** 1/22/2021

Consistent with my January 5, 2021 endorsement, (Doc. 63), the parties are directed to meet and confer regarding unresolved discovery issues. After they have met and conferred, the parties shall submit a joint letter detailing if any outstanding discovery issues remain and each parties' position as to those outstanding issues on or before February 5, 2021.

Re: Case # 19-cv-09407 - Ameriway Corp. v. May Yan Chen and Ability Customs Inc. - LETTER MOTION TO COMPEL DISCOVERY PRODUCTION

Dear Judge Broderick:

On behalf of Plaintiff Ameriway Corp. ("Plaintiff") in the above-referenced matter, our office requests an order compelling Defendants May Yan Chen and Ability Customs Inc. to produce documents pursuant to Plaintiff's Document Request Nos. 10, 34, and 35, issued on September 15, 2020, and Requests Nos. 39, 40 and 41 issued on November 2, 2020. *See* Attachment A.

On October 23, 2020, Plaintiff notified Defendants' counsel, Mr. Schrier and Mr. Shayne, that Defendants' production was unresponsive to Request No. 10. And upon further review, Defendants' production to at least Requests Nos. 34, 35, 39, 40, and 41 was also identified as deficient in a letter dated December 22. Ameriway's counsel, Mr. Wolfgram, sent another letter to Defendants' counsel as a meet-and-confer formality, giving them another chance to resolve the discovery issues.

Receiving no response, Plaintiff's counsel, Mr. Zhang, informed Defendants' counsel of his intention to raise the issues with the Court in an email dated January 5, 2021, and invited them to participate in a joint-letter according to the Court's Individual Practice R. 3. Mr. Schrier elected not to do so on January 7, 2021. *See* Attachment B. Plaintiff's counsel sent additional follow-up emails seeking confirmation whether Defendants would resolve the deficiencies but still received no response.

Finally, on January 21, 2020, Defendants produced a small batch of documents, which is far short of being responsive to the outstanding requests. Given Defendants' unwillingness to meaningfully discuss the discovery issues, Plaintiff is now seeking an order to compel Defendants to produce certain invoices and representative samples/photographs of the detained inventory pursuant to Production Requests Nos. 10, 34, 35, 39, 40, and 41.

1

Stratum*Law* LLC
November 06, 2016
Page 2 of 5

## BACKGROUND OF THE CASE

Ameriway, a logistics company, retained Defendant Chen as its customs broker in April, 2017. Chen made customs entry filings on behalf of Ameriway for at least 487 containers and arranged trucking service for most of those containers as a "client service."

Defendant Chen offered to pay certain "out-of-pocket" expenses to her third-party carriers on behalf of Ameriway, and invoice Ameriway for reimbursement. However, it was later discovered that a large amount of these out-of-pocket expenses paid by Ameriway were inflated or fabricated by Chen in an illegal invoicing scheme.

Additionally, Chen detained five (5) of Ameriway's containers from the Port of New York without authorization, and sent them to a private warehouse over an allegedly unpaid balance. Never asserting a lien herself whatsoever, Chen falsely claimed *her carriers* seized the containers due to a late balance owed *by Defendants*, not Ameriway. The carriers would likely release the containers only if Ameriway agreed to immediately make an accelerated lump-sum payment to Defendants (not her carriers), according to Chen.

Based on information disclosed during discovery, the containers are still being held in Chen's possession. Ameriway brought this action seeking damages flowing from Defendants' illegal invoicing scheme and conversion of the subject containers.

## REQUESTED DOCUMENTS

The disputed Document Requests relate primarily to three categories:

1. "Out-of-pocket" expenses relating to Defendants' alleged damages and Plaintiffs fraud and RICO claims, including payments allegedly made to third-party carriers on behalf of Plaintiff. (Request Nos. 34, 35 and 40)

2. All invoices issued by Defendants to Ameriway during the course of the parties' business relationship, which are relevant to Plaintiff's fraud claims. (Request No. 39)

3. Samples or photos of samples of the converted inventory within the five subject containers held by Defendants to assess its fair market value related to Plaintiff's conversion claim. (Request Nos. 10 and 41)

**Stratum**Law LLC

November 06, 2016
Page 3 of 5

> ***Document Request Nos. 34, 35, and 40: Defendants did not produce direct invoices from their third-party carriers and vendors***

Defendants failed to provide a complete set of direct invoices from the third-party carriers Sarcona Management Inc. and WA Transportation Corp. pursuant to Plaintiff's First Request for Production Nos. 34-35.

Over a two-year period and as alleged in Plaintiff's Second Amended Complaint, Defendants arranged transportation for Ameriway's cargo with Sarcona and WA Transportation as a client service for 487 containers. In an exceedingly simple invoicing fraud scheme, Defendants received direct invoices from Sarcona/WA Transportation for certain services related to Ameriway's freight, such as "Cartage," "Transloading," and "Chassis Rental." Defendants would then transfer these charges to its own invoice—but at a significantly higher rate—present the inflated invoices to Ameriway, and pocket the difference. In many cases, Defendants would charge Ameriway for services that were never incurred by the carriers in the first place, such as "terminal gate fee[s]." These fees were wholly manufactured by Defendants and systematically passed onto Ameriway in hundreds of invoices within Defendants' normal course of business.

Defendants already produced 307 direct carrier invoices to Ameriway, nearly all of which contain inflated charges totaling approximately $75,000. In an email dated December 22, 2020, Ameriway identified, by container number, 180 missing invoices necessary to complete damage assessments pursuant to its fraud and RICO claims (Counts V, and VII, respectively).

But citing Fed.R.Civ.P. 26(b)(1), Defendants' counsel, Mr. Shayne, replied that the document request "was not proportional to the need for your client to properly prosecute the claims asserted nor defend the claims and defenses raised by Chen," and would furthermore pose an unreasonable burden on Defendants in a letter dated December 24, 2020.

In a letter dated December 30, 2020, Ameriway objected that the invoices, a substantial portion (2/3) of which were already produced, some dating back to 2017, are directly relevant to its RICO and fraud claims for the reasons noted above, demonstrating that Defendants have retained the documents throughout the normal course of business and can be easily retrieved from internal databases as .PDF files. Further, Ameriway does not have access to the missing invoices, since the carriers never billed Ameriway directly. There is thus no reasonable excuse for withholding the requested invoices.

In an email dated January 7, 2021, Mr. Zhang asked Defendants' counsel whether the missing invoices would be produced by January 20, 2021. Defendants repeatedly ignored requests to meet-and-confer about the outstanding invoices, and only produced 16 of the requested 180 missing invoices on January 21, 2020. Therefore, Plaintiff is still missing 164 direct carrier invoices with only two weeks before the Court's February 5th deadline lapses.

Stratum*Law* LLC
November 06, 2016
Page 4 of 5

> ***Request No. 39: Chen did not produce all invoices issued by Defendants to Ameriway***

As part of Defendants' counter claims, damages for unreimbursed "out-of-pocket" expenses based on certain Unpaid Invoices are alleged, but Defendants have only produced a small portion of the <u>total</u> invoices issued to Ameriway throughout the parties' two-year business relationship. Yet Document Request No. 39 covers all invoices—Paid and allegedly Unpaid—issued by Defendants to Ameriway.

While Defendants have submitted <u>actual</u> invoices for the allegedly <u>Unpaid</u> Invoices, for which they are seeking damages, only *Account Statements* for most of the <u>Paid</u> Invoices have been produced thus far. These statements are only a summation of the Paid Invoices and do not include the specific container number—each invoice generated by Defendants and their third-party carriers references a container number and corresponding charges related to that container. Defendants' Account Statements only list charges by internal invoice number, but not the container number.

Plaintiff needs to compare, *by container number*, the direct carrier invoices against Defendants' invoices submitted to Ameriway to determine whether any "out-of-pocket" expenses have been inflated. Plaintiff has already identified approximately $75,000 in inflated charges, noted above, but the damages analysis cannot be completed until Defendants produce the missing invoices.

> ***Request No. 41: Chen did not produce inventory samples, or photos thereof, from the detained containers and ignored Ameriway's numerous requests to discuss this issue.***

The inventory held within the five detained containers has an estimated fair market value of $1.8 million, the amount Ameriway is seeking in its conversion claim. A detailed examination of the inventory is thus highly relevant to assess Ameriway's damages base. Additionally, Ameriway only possesses information relating to general inventory categories (e.g., artificial flowers) for the purposes of filing entry summaries with CBP. But assessing FMV requires specific product information (what *kind* of artificial flowers), requiring further inspection of the inventory, which is within Defendants' exclusive control.

Ameriway requested representative inventory samples under Request No. 10, but Mr. Schrier objected. In response, Ameriway issued Request No. 41 seeking photos of certain representative products, yet Defendants never submitted a response as required under Fed. R. Civ. P. 34(b)(2)(A), and even refused to discuss granting Plaintiff access to inspect the inventory as "tangible things" under FRCP 34.

Defendants unilaterally detained the containers from the port and had them transferred to at least two private warehouses, where they always remained under Chen's direct control.

Stratum*Law* LLC

November 06, 2016
Page 5 of 5

Defendants also frequently conducted inventory inspection activities "as a client service," so producing samples/representative photos of the detained inventory—or making the samples readily available for inspection—would not pose an undue burden on Defendants.

For the above reasons, Defendants should be compelled to produce the referenced invoices and representative samples/photographs of the detained inventory pursuant to Production Requests Nos. 10, 34, 35, 39, 40, and 41. At a minimum, Defendants should be required to have the inventory samples readily available for Plaintiff's inspection to complete its damages analysis under the conversion claim.

Respectfully submitted,

STRATUM LAW LLC

By: _____
Xiyan Zhang
Attorney for Plaintiff

# ATTACHMENT A

**REQUEST FOR PRODUCTION NO. 10:**

A sample for each of the category of goods identified in the customs clearance entry forms filed by the Defendants for containers identified as OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, and APHU7253481 in Plaintiff's second amended complaint.

**REQUEST FOR PRODUCTION NO. 34:**

All invoices received by Defendants from WA Transportation relating to the freight services provided by WA Transportation on containers identified in Exhibit A attached to this request.

**REQUEST FOR PRODUCTION NO. 35:**

All invoices received by Defendants from Sarcona Management Inc. relating to freight and storage services provided by Sarcona Management Inc. with respect to the containers identified in Exhibit A attached to this request.

**REQUEST FOR PRODUCTION NO. 39:**

All invoices issued by Defendants to Ameriway/Eagle Trading USA LLC for containers identified in Exhibit A.

**REQUEST FOR PRODUCTION NO. 40:**

Receipts for all "out-of-pocket expenses" identified as (1) Trucking Fees, (2) Terminal Fees, (3) Storage Fees, (4) Carrier Detention Fees, (5) Chassis Rental Fees, and (6) Document Fees in Defendants' Rule 26(a)(1) disclosure issued on September 11, 2020.

**REQUEST FOR PRODUCTION NO. 41:**

A photo of one product from each box listed in Exhibit B. For Example, boxes identified as 500-A-1 to 500-A-538 consists of 538 boxes.  A product should be removed from each of the 538 boxes and a photo should be taken with the product placed on top of the box. The photo should be cleared identified by its box number.

# Attachment B

**From:** **Xiyan Zhang** xzhang@stratumlaw.com
**Subject:** Re: Discovery Deficiencies: Invoices Pursuant to Ameriway's First Request for Production Nos. 34 and 35 and Second Request for Production
**Date:** January 7, 2021 at 3:56 PM
**To:** RICHARD E. SCHRIER resincourt@aol.com, pwolfgram@stratumlaw.com, wshayne@shaynelawgroup.com, adrillich@shaynelawgroup.com



Dear Richard,

In light of your email below, we will hold off filing the letter if you can agree to the follow:

1. All invoices issued by Defendants, requested under Production Request No. 39 will be produced before January 20.
2. All WA Transport and Sarcona Management invoices, requested under Requests Nos. 34, 35 and 40 will be produced before January 20.
3. All receipts and invoices for out-of-pocket expenses requested under Requests Nos. 36 and No. 40 will be produced before January 20.

Additionally, upon further review, we noticed that communications requested under Requests Nos. 8 and 9 are only partially produced. These communications are related to the removal of the 5 containers subject to at least the conversion claim and therefore are highly relevant in resolving the case. Based on our review, there are indications that at least some emails/communications between Defendants and Golden Silver Express/Louis Siu, the trucking company that removed the containers from the port on behalf of Chen, were intentionally excluded from the production. We'd like all those emails to be produced as well.

Furthermore, it is unclear from your email whether the photos requested under Request No. 41 will be produced. While we understand your objection that the photos are not documents currently in existence, we'd like to point out we made such request as an alternative after Defendants refused to produce the samples requested under Request No. 10. As you are already aware, one of Ameriway's major damage claims is the $1.8 million Ameriway suffered under the conversion claim. A large portion of inventories in the containers are seasonal goods and items sensible to weather conditions. The value of those goods likely has diminished significantly after two years of neglect. Returning the containers at this point simply will not provide adequate compensation. As a result, Ameriway's only recourse is to seek monetary damages for the inventories. According to the law, Plaintiff in a conversion case is entitled to the fair market value of the converted chattel at the time of the conversion. Therefore, it becomes very important for fact finders (jury) to see what's in the containers in order to properly award damages. While obtaining samples from the containers are preferred, we'd be satisfied if Defendants can simply provide photos of representative inventories. For this issue, we are open for other suggestions of alternative method to obtain evidence for fact finders. We welcome a phone call if you would like to discuss the issue in person.

As to your request for Mr. Wolfgram and I to withdraw counsel, we must respectfully decline. At this point, our disqualification is both premature and meritless. We have cited case laws and statutes relevant to this issue on numerous occasions in the past. Again, the attorney-witness exclusion rule only applies at trial stage with the purpose to prevent jury confusion. We do not see any scenario that Mr. Wolfgram would become a witness in this case. And, I am allowed to work on case according to the law, as long as I don't direct or defend myself as a witness at trial. However, we are certainly open to revisit this

issue prior to trial. Of course, we understand that you are within your right to file a motion to disqualify if you insist on doing so in the near future. We will certain oppose the motion and brief the issue extensively for the Court.

Best,

**Xiyan Zhang | Stratum Law LLC**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication is confidential and is intended only for the use of the intended addressee. It is the property of Stratum Law LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@stratumlaw.com, and destroy this communication and all copies thereof, including all attachments.

---

**From:** "RICHARD E. SCHRIER" <resincourt@aol.com>
**Reply-To:** "RICHARD E. SCHRIER" <resincourt@aol.com>
**Date:** Thursday, January 7, 2021 at 11:50 AM
**To:** "xzhang@stratumlaw.com" <xzhang@stratumlaw.com>, "pwolfgram@stratumlaw.com" <pwolfgram@stratumlaw.com>, "wshayne@shaynelawgroup.com" <wshayne@shaynelawgroup.com>, "adrillich@shaynelawgroup.com" <adrillich@shaynelawgroup.com>
**Cc:** "RICHARD E. SCHRIER" <resincourt@aol.com>
**Subject:** Re: Discovery Deficiencies: Invoices Pursuant to Ameriway's First Request for Production Nos. 34 and 35 and Second Request for Production

Dear Zhang;

We are going to have to disagree with the Court's interpretation of the order. However, based upon the Court's recent order, we are not going to participate in a joint letter application this Friday as suggested.

However, be advised that I have directed my client to compile the invoices that we previously objected to that are in her possession and will agree to produce them. However, I have been advised that the mere quantity and time to obtain the documents sought will likely take 10 days to 2 weeks. Upon receipt we will produce same to you.

With regard to the documentation requested of you and your client, we are still going through the document production and will be advising you as to any deficiencies as soon as possible.

On another note, it appears clear that you are a majority owner of Eagle and

On another note, it appears clear that you are a majority owner of Eagle and we are still awaiting documentation with respect to the ownership structure of Ameriway.   However, it is also clear that you are/were an officer/director of Ameriway.  In both instances it is clear  you will be a witness in this case. Likewise it appears Mr. Wolfgram will also be a witness.  Before making a motion to disqualify, are you willing to voluntarily recuse yourself and obtain substitute counsel?

RICHARD E. SCHRIER ESQ
SCHRIER SHAYNE KOENIG SAMBERG & RYNE P.C.
595 STEWART AVENUE
GARDEN CITY, NEW YORK 11530
O: 516-739-8000
C: 516-578-8999
F: 516-739-8004
email: resincourt@aol.com


-----Original Message-----
From: Xiyan Zhang <xzhang@stratumlaw.com>
To: RICHARD E. SCHRIER <resincourt@aol.com>; pwolfgram@stratumlaw.com <pwolfgram@stratumlaw.com>; wshayne@shaynelawgroup.com <wshayne@shaynelawgroup.com>; adrillich@shaynelawgroup.com <adrillich@shaynelawgroup.com>
Sent: Wed, Jan 6, 2021 6:47 pm
Subject: Re: Discovery Deficiencies: Invoices Pursuant to Ameriway's First Request for Production Nos. 34 and 35 and Second Request for Production

Dear Richard,

You've misinterpreted the Court's order. February 5th is the deadline for you to submit a joint letter for any discovery issues that your side raises if the parties are unable to resolve the issues by then.

We've raised our side of discovery issues in our December  22, and December 30th letters.  You've affirmatively declined to meet our specific production requests in your December 24 letter.  Our December 30th letter satisfies the meet and confer requirement under Fed. R. Civ. P. 37 and practice rule 3.  Accordingly, we are still planning on filing our discovery dispute letter in due course.  The documents and things we requested are crucial for both parties in litigating the case. We'd like to get them as soon as possible instead of waiting until Feb. 5 and beyond.

==If you changed your mind and are now willing to produce the requested documents and things, please let us know as soon as possible. Else, if you decided to participate in the joint letter, please just send us your portion of the 2.5 pages as instructed.  If you feel there is a need to discuss the issues further on the phone, let us know right away.==

Thanks,

**Xiyan Zhang | Stratum Law LLC**


*************************************************************

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Stratum Law LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@stratumlaw.com, and destroy this communication and all copies thereof, including all attachments.

**From:** "RICHARD E. SCHRIER" <resincourt@aol.com>
**Reply-To:** "RICHARD E. SCHRIER" <resincourt@aol.com>
**Date:** Wednesday, January 6, 2021 at 12:29 AM
**To:** "xzhang@stratumlaw.com" <xzhang@stratumlaw.com>, "pwolfgram@stratumlaw.com" <pwolfgram@stratumlaw.com>, "wshayne@shaynelawgroup.com" <wshayne@shaynelawgroup.com>, "adrillich@shaynelawgroup.com" <adrillich@shaynelawgroup.com>
**Cc:** "RICHARD E. SCHRIER" <resincourt@aol.com>
**Subject:** Re: Discovery Deficiencies: Invoices Pursuant to Ameriway's First Request for Production Nos. 34 and 35 and Second Request for Production

DEAR SIR;

I AM NOT SURE WHO MR WILLIAMS IS (TO WHOM THE BELOW EMAIL WAS DIRECTED- COULD IT BE WILLIAM SHAYNE??)

IN ANY EVENT, I ASSUME YOU HAVE SEEN THE COURT'S ORDER OF JANUARY 5, 2021 THAT DIRECTS THAT THE PARTIES SUBMIT A JOINT LETTER BY FEBRUARY 5, 2021 CONCERNING OUTSTANDING DISCOVERY (A COPY OF WHICH IS ATTACHED FOR YOUR READY REFERENCE).

IN VIEW OF THE COURT'S ORDER, THERE IS NO NEED TO SUBMIT A JOINT MOTION BY THIS FRIDAY.

RICHARD E. SCHRIER ESQ
SCHRIER SHAYNE KOENIG SAMBERG & RYNE P.C.
595 STEWART AVENUE
GARDEN CITY, NEW YORK 11530
O: 516-739-8000
C: 516-578-8999
F: 516-739-8004
email: resincourt@aol.com

-----Original Message-----

-----Original Message-----
From: Xiyan Zhang <xzhang@stratumlaw.com>
To: pwolfgram@stratumlaw.com; Wshayne <wshayne@shaynelawgroup.com>; Resincourt <resincourt@aol.com>; Adrillich <adrillich@shaynelawgroup.com>
Sent: Tue, Jan 5, 2021 10:02 am
Subject: Re: Discovery Deficiencies: Invoices Pursuant to Ameriway's First Request for Production Nos. 34 and 35 and Second Request for Production

Dear Mr. Williams,

We have not received a response from you regarding the discovery deficiencies outlined in our correspondence sent to you on December 22nd and December 30th.  In your December 24th letter, you affirmatively declined to produce the documents and things that we requested.  We sent a December 30th letter as a meet and confirm formality under required under Rule 37 and Judge Broderick's individual practice rule.  In the letter, we gave you another opportunity to confirm whether you are going to produce the requested documents and things.   However, we have not received a response from you as of now.

==At this point, we will initiate the formal discovery dispute procedure in accordance with the Court's rules.  Per Hon. Broderick's rule, Parties are entitled to 5 pages of total briefing in a joint briefing. No affidavit or exhibits are permitted without prior written request and permission.  We will keep our portion of the writing under 2.5 pages. If you would like to participate in the joint motion, please send us your portion of the writing by end of day on January 8, 2021.==

Thanks,

**Xiyan Zhang | Stratum Law LLC**

************************************************************

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Stratum Law LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@stratumlaw.com, and destroy this communication and all copies thereof, including all attachments.

---

**From:** Pete Wolfgram <pwolfgram@stratumlaw.com>
**Reply-To:** <pwolfgram@stratumlaw.com>
**Date:** Wednesday, December 30, 2020 at 3:59 PM
**To:** Wshayne <wshayne@shaynelawgroup.com>, Resincourt <resincourt@aol.com>, Adrillich <adrillich@shaynelawgroup.com>
**Cc:** "Xiyan Zhang(Xiyan)" <xzhang@stratumlaw.com>
**Subject:** Re: Discovery Deficiencies: Invoices Pursuant to Ameriway's First Request for Production Nos. 34 and 35

Counsel,

Please see attached.  Thank you.

**Pete Wolfgram | Stratum Law**
150 Monument Road Ste. 207
Bala Cynwyd, PA 19125

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Stratum Law LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@stratumlaw.com, and destroy this communication and all copies thereof, including all attachments.

---- On Tue, 22 Dec 2020 10:07:24 -0800 **Pete Wolfgram <pwolfgram@stratumlaw.com>** wrote ----

Counsel,

See attached.  Thank you.

**Pete Wolfgram | Stratum Law**
150 Monument Road Ste. 207
Bala Cynwyd, PA 19125

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Stratum Law LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@stratumlaw.com, and destroy this communication and all copies thereof, including all attachments.