UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
AMERIWAY CORPORATION,                                        :
:
                              Plaintiff,   :
:      19-CV-9407 (VSB)
     - against -                                        :
:      **ORDER**
:
MAY YAN CHEN and ABILITY CUSTOMS,                            :
INC.,                                                        :
:
                            Defendants.  :
:
------------------------------------------------------------X
MAY YAN CHEN, d/b/a/ ABILITY                                 :
CUSTOMS BROKERS,                                             :
:
                    Third-Party :
                  Plaintiff,  :
:
     - against -                                        :
:
:
EAGLE TRADING USA, LLC, XIYAN                                :
ZHANG, and SHIPING JIA,                                      :
:
                  Third-Party :
                Defendants. :
:
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

     Plaintiff Ameriway Corporation commenced this action on October 10, 2019. (Doc. 1.) Plaintiff filed an amended complaint on December 9, 2019 against Defendants May Yan Chen ("Chen") and Ability Customs, Inc. (Doc. 16). Defendants moved to dismiss the complaint on December 31, 2019. (Doc. 19). On January 2, 2020, I entered an order allowing Plaintiff to file a second amended complaint, (Doc. 20), and Plaintiff did file its Second Amended Complaint

("SAC") on January 21, 2020, (Doc. 21).

Defendants thereafter attempted to file a motion to dismiss the SAC, but they never actually did so.  Instead, first on March 5, 2020, and then again on April 2, 2020, Defendants filed papers that caused the docket to generate error messages reading "FILING ERROR – DEFICIENT DOCKET ENTRY" and directing Defendants' attorney to refile.  (Docs. 26, 28).  Defendants' attorney never refiled.

On April 15, 2020, Plaintiff filed a motion for sanctions on the grounds that Defendant's motion to dismiss at docket number 26 "contains both claims and allegations that are wholly unfounded in law or in fact."  (Doc. 30.)  The next day, Defendants filed a letter explaining that they were "withdrawing [their] motion to dismiss" the SAC and would instead file a "third-party action against Eagle" Trading USA, LLC ("Eagle"), a company affiliated with Plaintiff.  (Doc. 31.)  In a May 5, 2020 letter, Defendants requested a briefing schedule for opposing the motion for sanctions, as well as an extension of time to answer the SAC.  (Doc. 35.)  I endorsed this request on May 6, 2020.  (Doc. 36.)

Defendants filed their Answer and Counterclaims on May 22, 2020.  (Doc. 37.)  Plaintiff answered the counterclaims on June 12, 2020.  (Doc. 39.)  Thereafter, on July 31, 2020, Chen, referring to herself as "May Yan Chen d/b/a Ability Customs Brokers," filed her Third-Party Complaint against Third-Party Defendants Eagle, Xiyan Zhang, and Shiping Jia.  (Doc. 41.)  On October 20, 2020, Third-Party Defendants filed a motion to dismiss the Third-Party Complaint.  (Doc. 59.)  Chen never filed papers in opposition to Third-Party Defendants' motion to dismiss.

On December 30, 2020, Chen requested that I hold a conference because "[w]e have not yet set a schedule for responsive briefs or the return date" for papers on the motion to dismiss the Third-Party Complaint, as well as to resolve discovery disputes.  (Doc. 60.)  Plaintiffs responded

by letter the same day to say that Chen's time to respond to the motion had expired and that "Chen's letter [wa]s an improper attempt to resolve discovery disputes caused by Chen's lack of document production." (Doc. 61.) On December 31, 2020, Chen filed a letter responding to Plaintiffs' letter. (Doc. 63.)

On January 5, 2021, I entered an endorsement denying Chen's request and directing the parties to submit a joint letter on their discovery disputes, as is required by my Individual Rules. (Doc. 63.) On February 5, 2021, the parties submitted their joint letter on the outstanding discovery issues. (Doc. 66 ("Joint Letter").) On May 4, 2021, I entered a stipulation sought by the parties allowing that all discovery would be postponed for specific periods until after the discovery disputes raised in the Joint Letter were resolved. (Doc. 68.)

In light of the foregoing, it is hereby ORDERED

The open motion to dismiss the amended complaint at docket number 19 is DENIED as moot because it has been superseded by the SAC, and "motions addressed to the original complaint are generally regarded as moot upon the filing of an amended complaint." *Thompson v. Pallito*, 949 F. Supp. 2d 558, 582 (D. Vt. 2013) (collecting cases). It is further

ORDERED that the motion for sanctions at docket number 30 is DENIED. Among other things, it seeks redress for a motion that was never properly filed and which Chen subsequently withdrew. *See, e.g.*, *Jermosen v. Coughlin*, No. 89 CIV. 1866 (RJW), 1992 WL 131786, at *9 (S.D.N.Y. June 3, 1992) (denying motion for sanctions over interposed defense where the "defense" was later "withdrawn." (footnote omitted)). It is further

ORDERED that the motion to dismiss the Third-Party Complaint is deemed unopposed. Not only did Chen's time to respond to the motion expire well before she submitted her December 30, 2020 letter about a briefing schedule, she never provided any "justification" in

satisfaction of the standard for showing "good cause" to extend time within the meaning of "Federal Rule of Civil Procedure 6(b)." *See Girotto v. Andrianna Shamaris Inc.*, 19-CV-913 (JPO), 2019 WL 5634199, at *1–2 (S.D.N.Y. Oct. 31, 2019) ("strik[ing] . . . untimely opposition[] and deem[ing] [d]efendants' motions unopposed").  It is further

ORDERED that the conference scheduled for October 14, 2021 is CANCELLED given that the Joint Letter has not be resolved.

In light of the foregoing, the Clerk of Court is respectfully directed to close the open motions at docket numbers 19 and 30 as moot.

SO ORDERED.

Dated: October 7, 2021
      New York, New York

_____
Vernon S. Broderick
United States District Judge