```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
AMERIWAY CORPORATION,                                       :
                                                            :
                         Plaintiff,                         :
                                                            :           19-CV-9407 (VSB)
            - against -                                     :
                                                            :              OPINION & ORDER
                                                            :
MAY YAN CHEN and ABILITY CUSTOMS,                           :
INC.,                                                       :
                                                            :
                         Defendants.                        :
                                                            :
------------------------------------------------------------X
                                                            :
MAY YAN CHEN, d/b/a/ ABILITY                                :
CUSTOMS BROKERS,                                            :
                                                            :
                         Third-Party                        :
                         Plaintiff,                         :
                                                            :
            - against -                                     :
                                                            :
                                                            :
EAGLE TRADING USA, LLC, XIYAN                               :
ZHANG, and SHIPING JIA,                                     :
                                                            :
                         Third-Party                        :
                         Defendants.                        :
                                                            :
------------------------------------------------------------X
```

Appearances:

William Shayne
Shayne Law Group, P.C.
New York, New York
*Counsel for Third-Party Plaintiff*

Richard Eric Schrier
Schrier, Fiscella & Sussman, LLC
Garden City, New York
*Counsel for Third-Party Plaintiff*

Peter Scott Wolfgram
Xiyan Zhang
Stratum Law LLC
Philadelphia, Pennsylvania
*Counsel for Third-Party Defendants*

VERNON S. BRODERICK, United States District Judge:

Before me is the motion to dismiss the Third-Party Complaint filed by Defendant and Third-Party Plaintiff May Yan Chen ("Chen") against Third-Party Defendants Eagle Trading USA, LLC ("Eagle Trading"), Xiyan Zhang ("Zhang"), and Shiping Jia ("Jia") (collectively, "Third-Party Defendants").  Because Chen has failed to assert facts sufficient to support her claims for relief, Third-Party Defendants' motion to dismiss is GRANTED.

### I.      **Factual Background**[1]

Chen, a licensed customs broker who does business under the name "Ability Customs Brokers," maintains offices in San Leandro, California.  (*See* TPC ¶¶ 1, 10.)  Eagle Trading is a limited liability company organized under Delaware law with offices in Philadelphia, Pennsylvania and Wilmington, Delaware.  (*Id.* ¶¶ 2–4.)  Zhang and Jia are both members and officers of Eagle Trading.  (*See id.* ¶¶ 5–9.)  Zhang served as the Chief Operating Officer of Eagle Trading and as the Chief Executive Officer ("CEO") of Eagle Trading's related entity, Ameriway Corporation ("Ameriway").  (*See id.* ¶¶ 5–6.)  Jia was the CEO of Eagle Trading.  (*Id.* ¶ 8.)

On or about April 11, 2017, Zhang executed a Power of Attorney on behalf of Eagle

---

[1] This factual background is derived from the allegations in Chen's Third-Party Complaint (Doc. 41 ("TPC")), as well as documents properly before me because they are either referenced in or integral to the Third-Party Complaint. I assume the allegations set forth in the Third-Party Complaint to be true for purposes of this motion.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." (citation omitted)); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")  However, my references to these allegations should not be construed as a finding as to their veracity, and I make no such findings in this Opinion & Order.

2

Trading that authorized Chen to act as Eagle Trading's customs broker in connection with the import of goods into the United States. (*Id.* ¶¶ 10–12.) Pursuant to her authority as Eagle Trading's customs broker, Chen cleared cargo imported to the United States, and she would occasionally send invoices to Eagle Trading for her services as a customs broker, as well as for costs incurred in the course of handling the goods Eagle Trading imported. (*See id.* ¶¶ 15–21.) Zhang and Jia caused Eagle Trading to pay the invoices Chen sent from around April 11, 2017 until March 12, 2019. (*Id.* ¶ 30.)

After March 12, 2019, Eagle Trading allegedly stopped paying Chen's invoices. (*See id.* ¶ 32–39.) In total, Chen alleges that Eagle Trading has failed to pay her a total of $407,369.73. (*Id.* ¶ 37.) She also alleges that both Zhang and Jia are liable for this same amount, on the grounds that the "course of dealings" demonstrates that they each "acted as guarantor of payment" for the amounts Eagle Trading owed. (*Id.* ¶¶ 37–41.) Further, Chen alleges that Zhang is a guarantor of Eagle Trading's unpaid debt by virtue of an email stating, "It has always been our intention to make full payment of all of your outstanding invoices like we have been doing for over two years." (*Id.* ¶ 44.) The body of the Third-Party Complaint only contains an excerpt of this email. The email reads, in relevant part, as follows:

> It had always been our intention to make full payments of all your outstanding invoices like we have been doing for over two years. However, the detention of our container purportedly by your carrier because of a financial dispute between you and your carriers caught us by surprise. I recall having discussions with you communicating to you that it is difficult to have an accelerated payment to pay off all open invoices at once on such a short notice. We never had to do something like this in the past. I also recall that we discussed some possible payment plans such as a fixed amount per week. However, we did not reach any agreement. Primarily, I made repeated inquiries on whether such payment plan can guarantee the release of the one detained container (at the time) by your carrier, but you couldn't give me a straight answer and kept telling me that it will depend on the outcome of your negotiation with your carriers. Shortly, after that, a large number of our containers were practically stolen from the port by your carriers (which we now have strong evidence that it was actually done by you). . . . We intend to ask a Federal court to

3

> help us secure the release of our containers and also to recover damages of losing a valuable logistic business. . . . It is my understanding that our attorney . . . has sent multiple correspondences to your office and received no response. Please reach out to him if you want to discuss anything relating to this matter.

(TPC MTD Ex. A.)[2]

In total, Chen asserts eight causes of action, sounding in tort and contract, for which she seeks recovery of $407,369.73 from Third-Party Defendants. These causes of action are for "implied guarantee of payment," (TPC ¶¶ 1–42); guarantee of payment, (*id.* ¶¶ 43–47); misrepresentation, (*id.* ¶¶ 48–80); fraud in the inducement, (*id.* ¶¶ 81–94); declaratory judgment as to Zhang and Jia's liability under invoices issued to Eagle Trading, (*id.* ¶¶ 95–103); breach of contract, (*id.* ¶¶ 104–15); unjust enrichment, (*id.* ¶¶ 116–21); and account stated, (*id.* ¶¶ 122–37).

## II.     **Relevant Procedural History**

Original Plaintiff Ameriway commenced this action on October 10, 2019 and named Chen and Ability Customs, Inc. ("Ability," and with Chen, "Defendants") as Defendants. (Doc. 1.) Ameriway filed its Second Amended Complaint on January 21, 2020. (Doc. 21 ("SAC").) Defendants answered the Second Amended Complaint on May 22, 2020 and asserted counterclaims against Ameriway. (Doc. 37.) Chen subsequently filed her Third-Party Complaint against Eagle Trading on July 31, 2020, in which she refers to herself as "May Yan Chen d/b/a/ Ability Customs Brokers." (Doc. 41.)

As explained in my October 7, 2021 Order, (Doc. 70), Third-Party Defendants moved to dismiss the Third-Party Complaint on October 20, 2020, (Doc. 59), but Chen failed to file papers in opposition or to explain why good cause existed under Federal Rule of Civil Procedure 6(b) to

---

[2] "TPC MTD" refers to Third-Party Defendants' Motion to Dismiss Plaintiff's Complaint, (Doc. 59), and the exhibits attached thereto.

extend her time to respond to Third-Party Defendants' motion.  Accordingly, I ruled that I would consider Third-Party Defendants' motion unopposed.  (Doc. 70.)

### III.   Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  This standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  "Plausibility . . . depends on a host of considerations:  the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor.  *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  "A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (internal quotation marks omitted).  A court "may also consider matters of which judicial notice may be taken" in ruling on a motion to dismiss.  *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)).  A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of

action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

### IV.  Discussion

#### A.  *Subject Matter Jurisdiction*

As an initial matter, I consider the threshold issue of whether I have subject matter jurisdiction over the claims alleged in the Third-Party Complaint.  *See Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) ("Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it.");  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Whether subject matter jurisdiction exists can be raised sua sponte or by parties at any stage of a litigation.  *See id.*

Here, I address the question of my subject matter jurisdiction because (1) the Third-Party Complaint nowhere asserts the basis for subject matter jurisdiction over its causes of action, and (2) the only causes of action contained in the Third-Party Complaint are state law claims sounding in contract and in tort.  (*See generally* TPC.)

I do not have jurisdiction over the Third-Party Complaint on the basis of diversity of citizenship under 28 U.S.C. § 1332, because Chen has not alleged facts sufficient to establish diversity of citizenship.  "[I]t is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete."  *Hoguet Newman Regal & Kenney, LLP v. Lowe*, 21-CV-1048 (VSB), 2021 WL 4638539, at *1 (S.D.N.Y. Oct. 6, 2021) (quoting *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001)).

Chen fails to allege, among other things, facts tending to show that she and all the Third-Party Defendants are citizens of different states. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Indeed, she alleges neither her own citizenship nor that of any of the Third-Party Defendants. Rather, she pleads that she maintains "offices" in "San Leandro, California," (TPC ¶ 1); that Eagle Trading is a "limited liability company organized under the laws of the State of Delaware," (*id.* ¶ 2); and that Zhang and Jia are among Eagle Trading's members, but does not state their citizenships (*see id.* ¶¶ 7, 9). These allegations are insufficient establish citizenship. *See, e.g.*, *Winslowet-Alps v. Harris*, 20-CV-5358 (LLS), 2020 WL 4719106, at *2 (S.D.N.Y. Aug. 13, 2020) (plaintiff fails to establish citizenship when he "does not plead facts about where any defendant is domiciled, but" only "lists addresses for himself and one of the defendants in Connecticut"); *Zimak Co. v. Kaplan*, No. 98 CIV. 3176(DAB)NRB, 1999 WL 38256, at *3 (S.D.N.Y. Jan. 28, 1999) ("an averment" of an address "is insufficient for the purpose of establishing defendant's citizenship"); *see also Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) ("[F]or purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership." (citation omitted)).

Because Chen fails to allege a federal cause of action or a basis for diversity jurisdiction, there is no independent basis for subject matter jurisdiction over the Third-Party Complaint. However, I may hear this action on the basis of supplemental jurisdiction. The supplemental jurisdiction statue provides, in relevant part, that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Ameriway's Second Amended Complaint asserts a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–

1968.  (SAC ¶¶ 110–28.)  I have "jurisdiction" over civil RICO claims.  § 1964(a).  Claims "form part of the same case or controversy" if they "derive from a common nucleus of operative fact."  *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004).  Here, Chen's "state law" claims and Ameriway's "RICO claim[]" arise from a common nucleus of operative fact."  *See Peralta v. Peralta*, 16-cv-8890 (ALC), 2018 WL 1384509, at *11 (S.D.N.Y. Mar. 16, 2018).  Both concern the course of dealing among Chen, Ameriaway, and Eagle Trading.  (*See, e.g.*, SAC ¶¶ 116–18 (arguing a RICO claim is demonstrated based on Chen's billing practices); TPC ¶ 34–36 (asserting that Eagle Trading has failed to pay Chen customs brokers fees and other invoiced costs).)  Therefore, I will exercise supplemental jurisdiction over the Third-Party Complaint.  I next turn to the merits.

    **B.**  *The Merits*

  Even though Third-Party Defendant's Rule 12(b)(6) motion is unopposed, I must still decide the motion on its merits.  *See McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000); *Capitelli v. Riverhouse Grill, Inc.*, *Barrios v. Bello*, 20 CIV. 5228 (JPC), 2021 WL 1630594, at *4 n.3 (S.D.N.Y. Apr. 27, 2021).  Here, it is clear that Chen's Third-Party Complaint fails to allege facts sufficient to demonstrate her entitlement to relief.

  The First, Second, and Fifth Causes of Action of the Third-Party Complaint all relate to alleged breaches of an agreement under which Third-Party Defendants supposedly guaranteed payment owed to Chen.  "In order to survive a motion to dismiss on a breach of guaranty claim in New York, a plaintiff must plausibly plead '(1) that it is owed a debt from a third party; (2) that the defendant made a guarantee of payment of the debt; and (3) that the debt has not been paid by either the third party or the defendant.'"  *Greenlight Reinsurance, Ltd. v. Appalachian Underwriters, Inc.*, 958 F. Supp. 2d 507, 521 (S.D.N.Y. 2013) (quoting *Chemical Bank v.*

*Haseotes,* 13 F.3d 569, 573 (2d Cir.1994)).[3] Moreover, a guaranty must be in writing "and state *all* the essential or material terms of the contract." *See Foresco Co. v. Oh*, 696 F. App'x 550 (2d Cir. 2017) (mem.) (citations omitted). None of these causes of action state a claim for breach of a guaranty as a matter of law.[4] Chen attempts to show an "[i]mplied [g]uarantee" based on a course of conduct, (*see* TPC 1 & ¶ 33 (arguing that Chen incurred costs "in reliance on Ameriway's implied agreement to act as a guarantor")), which is inconsistent with the requirement that a guaranty must be in writing. Moreover, the only writing Chen identifies—Zhang's email—cannot be considered a "guarantee of payment," as it states at length exactly why Third-Party Defendants would not be paying Chen. (TPC MTD Ex. A.)

The Sixth Cause of Action, for breach of contract, and Eighth Cause of Action, for account stated, also fail. "At the pleading stage, a plaintiff alleging breach of contract must, at a minimum, allege the terms of the contract, each element of the alleged breach and the resultant damages in a plain and simple fashion." *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, No. 17-CV-307(PKC), 2021 WL 4460547, at *15 (S.D.N.Y. Sept. 29, 2021) (quoting *Lan Sang v. Ming Hai*, 951 F. Supp. 2d 504, 527 (S.D.N.Y. 2013)). Chen's Third-Party Complaint does not include such allegations. Instead, Chen claims that she is owed money "[p]ursuant to the terms of the Power of Attorney" between her and Eagle Trading, (TPC ¶ 106), but nowhere does

---

[3] I find that it is proper to apply New York law to each of Chen's causes of action. The Third-Party Defendants' brief on their motion to dismiss only cites New York law; therefore, I infer that the Third-Party Defendants believe that New York law controls, which constitutes "implied consent sufficient to establish choice of law." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 61 (2d Cir. 2004) (alterations omitted) (quoting *Krumme v. WestPoint Stevens, Inc.*, 238 F.3d 133, 138 (2d Cir. 2000)); *see also Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 323 (S.D.N.Y. 2014) (noting that "conduct indicating the parties' consent to a given state's substantive law can consist of the cases cited and relied upon by the parties in their briefs" (collecting cases)). Chen's failure to oppose the motion means that the "application of New York law is uncontested" and proper. *New York Life Ins. Co. v. Brown*, 1:19-cv-09437-MKV, 2021 WL 325857, at *4 (S.D.N.Y. Feb. 1, 2021) (citation omitted) (collecting cases).

[4] The Third-Party Complaint uses the term "guarantee," whereas the case law generally uses the term "guaranty." Therefore, for the purposes of this opinion, the terms "guarantee" and "guaranty" are used synonymously.

9

she include a copy of that "Power of Attorney" or state its terms.  Moreover, the account stated claim fails because it requires a plaintiff to plead facts regarding "an agreement between the parties to an account based upon prior transactions between them."  *LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 64 (2d Cir. 1999) (citation omitted).  Not only has Chen failed to include in her pleadings the supposed terms of payment to which Third-Party Defendants agreed, she incorporated into her pleadings an email showing that Third-Party Defendants disagreed with Chen's accounting as to the payments owed.  (TPC ¶ 44; TPC MTD Ex. A.)[5]  An account stated claim cannot stand where the defendant "object[s] to [the account] within a reasonable time," *LeBouef*, 185 F.3d at 64 (citation omitted), as Third-Party Defendants appear to have done here.

       The Seventh Cause of Action, for unjust enrichment, requires facts showing "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered."  *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011) (internal quotation marks and alteration marks omitted).  Chen does not plead anything tending to show why equity and good conscience require payment here.  Rather, the email between Chen and Zhang shows that Third-Party Defendants stopped paying Chen after Chen "practically stole[]" their goods and refused to "guarantee the release of the one detained container" even if Third-Party Defendants acceded to Chen's demanded "accelerated payment."  (TPC MTD Ex. A.)  Chen's allegations do not establish that she had "reasonable basis for believing she would receive compensation" in the absence of actually providing cargo to Third-Party Defendants, and as such "it cannot be said

---

[5] The full email is properly before me pursuant to Second Circuit precedent and Federal Rule of Civil Procedure 10(c).  *See supra* note 1.

that principles of equity" support her claim.  *Leibowitz v. Cornell Univ.,* 584 F.3d 487, 509–10 (2d Cir. 2009).  Separately, it is not clear how Third-Party Defendants were enriched at Chen's expense.  Again, the email Chen quotes shows that Third-Party Defendants stopped paying her when she stopped delivering the cargo they hired her to process.

Finally, Chen's Third and Fourth Causes of Action attempt to hold Third-Party Defendants liable for the same amounts they allegedly owe on the invoices under legal theories of "misrepresentation" and "fraud in the inducement."  (*See* TPC ¶¶ 48–94.)  These causes of action are subject to Federal Rule of Civil Procedure 9(b) and must be supported by pleadings that "state with particularity the circumstances constituting fraud or mistake."  *Loong Chee Min v. Longfin Corp.*, 18cv10635 (DLC), 2019 WL 1585143, at *1 (S.D.N.Y. Apr. 12, 2019) (quoting *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016)).  "The elements of fraud under New York law are:  [1] a misrepresentation or a material omission of fact which was false and known to be false by defendant, [2] made for the purpose of inducing the other party to rely upon it, [3] justifiable reliance of the other party on the misrepresentation or material omission, and [4] injury."  *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (citation omitted) (alterations in original).  Chen fails to allege with particularity what Third-Party Defendants' supposed misrepresentations were; she only offers vague and conclusory statements such as that "Zhang represented to Chen that he would pay and reimburse Chen" for services rendered.  (*See, e.g.*, TPC ¶ 53; *see also id.* ¶ 82 ("By reason of the foregoing, Jia fraudulently induced Chen to perform services . . . .").)  This does not satisfy Rule 9(b)'s requirements.

Moreover, Chen's Third and Fourth Causes of Action are duplicative, as both are in essence fraud claims for which she seeks the same recovery as she seeks through her contractual

11

causes of action.  "[A] fraud claim may not be used as a means of restating what is, in substance, a claim for breach of contract," and "general allegations that defendant entered into a contract while lacking the intent to perform it are insufficient to support a fraud claim." *Wall v. CSX Transp., Inc.*, 471 F.3d 410, 416 (2d Cir. 2006) (internal quotation marks and alteration marks omitted).  Yet Chen's pleadings on these counts are merely that Third-Party Defendants "represented that [they] would pay . . . Chen" and that these "representations . . . were false." (*See, e.g.*, TPC ¶¶ 50–60.)

### V.     Conclusion

For the foregoing reasons, the motion to dismiss Chen's Third-Party Complaint is GRANTED.  The Clerk of Court is directed to terminate the open motion at docket number 59.  SO ORDERED.

Dated: December 27, 2021
      New York, New York

Vernon S. Broderick
United States District Judge