# STRATUMLAW LLC

2424 E. York St. Ste. 223  (215) 621-8008
Philadelphia, PA 19125  www.stratumlaw.com

*Via ECF*  March 14, 2022

Hon. Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:      **Case # 19-cv-09407 - Ameriway Corp. v. May Yan Chen and Ability Customs Inc. - LETTER MOTION TO COMPEL REPRESENTATIVE SAMPLES OF CARGO PURSUANT TO FED. R. CIV. P. 34, AND REQUEST FOR ATTORNEYS' FEES UNDER FED. R. CIV. P. 37**

Dear Judge Freeman:

Plaintiff respectfully requests the Court to enter an Order compelling Defendants to produce representative samples of certain items within the five cargo containers at issue, which the parties inspected between March 9-11, 2022, and in support thereof would respectfully show unto the Court as follows:

After several months of negotiations, Defendants allowed Plaintiff to conduct its Rule 34 inspection of the subject cargo at a warehouse facility in Kearny, NJ pursuant to Plaintiff's Discovery Request Nos. 10 and 41. At the Court's direction, the parties reached an agreement on an inspection protocol. The protocol, first drafted by Defendants' counsel (in all caps), allows each party to take representative samples of the subject cargo "should they so choose":

> "THIS WILL CONFIRM MY UNDERSTANDING OF THE DISCUSSIONS AND AGREEMENTS REACHED BY THE PARTIES ON THE CONFERENCE CALL IN THE AMERIWAY V CHEN LAWSUIT PENDING IN THE USDC-SOUTHERN DISTRICT OF NEW YORK…**ALSO THE PARTIES HAVE AGREED THAT EITHER OR BOTH PARTIES CAN TAKE SAMPLES FROM THE CONTAINERS SHOULD THEY SO CHOOSE**."

> Ex. A, bolded emphasis added.

On March 9, the parties met in New Jersey for the inspection, which lasted three days. However, Defendants' counsel refused to allow Plaintiff to take a representative sample in breach of the agreement and Fed. R. Civ. P. 34. When Plaintiff's counsel argued multiple times that the protocol allowed for taking samples, Defendants' counsel repeatedly stated, "go get a court order," without explaining *why* an order would be needed in the first place. Therefore, the parties' efforts to reconcile their differing positions on this issue have been unavailing, and Plaintiff now seeks appropriate relief from the Court.

As explained in numerous conference calls, representative samples of the inventory are critical for calculating Plaintiff's damages under the conversion claim. While the parties each took pictures of the products, for obvious reasons, physical samples convey a more accurate representation of the items' value to an expert or jury. In some cases, photographic images of the products are partially obscured by the packaging. Furthermore, the samples are needed so Plaintiff's damages expert can take additional photos and incorporate them into her report.

WHEREFORE, Plaintiff respectfully requests the Court to enter an Order compelling Defendants to produce one sample of each representative product, identified in the attached inventory list. Ex. B. Further, Defendants have pointlessly frustrated the discovery process by violating the inspection protocol, and forced Plaintiff to draft the instant motion. In addition, Plaintiff also had to schedule an additional attorney to participate in the inspection with the anticipation that sampling was to be conducted. Plaintiff is thus requesting attorneys' fees pursuant to Fed. R. Civ. P. 37, which provides that the Court *must*… require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37, emphasis added.

Respectfully submitted,

By:_____
Xiyan Zhang
Attorney for Plaintiff
STRATUM LAW LLC

## RULE 37(a)(1) CERTIFICATION

      I, Xiyan Zhang, certify that I have in good faith conferred or attempted to confer with Defendants' counsel about the referenced discovery dispute in an effort to obtain the production without Court action. Specifically, the parties met in-person between March 9-11, 2022, during which Defendants' counsel refused to produce the product samples on at least two separate occasions.

By: _____
Xiyan Zhang
Attorney for Plaintiff
STRATUM LAW LLC