# Ex. A

| | |
|---|---|
| **Subject:** | (none) |
| **Date:** | Friday, November 12, 2021 at 11:53:05 AM Eastern Standard Time |
| **From:** | RICHARD E. SCHRIER |
| **To:** | xzhang@stratumlaw.com, pwolfgram@stratumlaw.com |
| **CC:** | wshayne@shaynelawgroup.com, RICHARD E. SCHRIER |
| **Attachments:** | ABILITY INVOICES FOR 5 CONTAINERS.pdf |

PETER/ZHANG;

THIS WILL CONFIRM MY UNDERSTANDING OF THE DISCUSSIONS AND AGREEMENTS REACHED BY THE PARTIES ON THE CONFERENCE CALL IN THE AMERIWAY V CHEN LAWSUIT PENDING IN THE USDC- SOUTHERN DISTRICT OF NEW YORK.

1.  THE PARTIES ALL AGREED THAT THE FIVE (5) CONTAINERS THAT ARE BEING HELD UNDER DEFENDANT'S CONTROL ARE AS FOLLOWS:

A.  CONTAINER # BMOU4738454
B.  CONTAINER # OOCU6964350
C.   CONTAINER # BMOU5390536
D.  CONTAINER # APHU7253481
E.  CONTAINER #HLXU8057236

ALSO DEFENDANT HAS BEEN DIRECTED  TO SOME PAGES IN PLAINTIFF'S DISCOVERY RESPONSES THAT ARE "PACKING LISTS" OF ITEMS- BUT THE PACKING LISTS DO NOT HAVE ANY ENTRY AS TO WHICH CONTAINER THE LIST OF ITEMS WAS PACKED INTO.

TO CONDUCT THE REQUESTED DISCOVERY OF THE CONTENTS OF THE CONTAINERS UNDER DEFENDANT'S CONTROL, THE PARTIES HAVE AGREED THAT WHICH PACKING LIST REFLECTS THE ITEMS ACTUALLY CONTAINED IN THE 5 CONTAINERS IS NECESSARY TO CONDUCT A MEANINGFUL INSPECTION AND DEFENDANT HAS BEEN UNABLE TO CONNECT WHICH DOCUMENTS PRODUCED BY PLAINTIFF IS ASSOCIATED WITH WHICH CONTAINER.

IN THAT "SPIRIT" DEFENDANT IS ATTACHING A COPY OF DEFENDANT'S INVOICES, WHICH REFLECTS THE INVOICING FOR EACH OF THE ABOVE 5 CONTAINERS AND PLAINTIFF HAS AGREED TO IDENTIFY WHICH PACKING LIST PRODUCED BY PLAINTIFF (BY BATES #) IS ASSOCIATED WITH EACH INVOICE OR IN THE ALTERNATIVE SUPPLY A COPY OF THE

PACKING LIST. SEE ATTACHED INVOICES.

ALTHOUGH THERE ARE OTHER DOCUMENTS THAT DEFENDANT SEEKS PRODUCTION OF, ONCE THE PACKING LISTS FOR EACH OF THE ATTACHED INVOICES IS IDENTIFIED BY PLAINTIFF, THE PARTIES HAVE AGREED THAT THE DISCOVERY OF THE CONTENTS OF THE CONTAINERS CAN GO FORWARD.

2. WITH REGARD TO THE PROTOCOL FOR INSPECTING THE CONTENTS OF THE CONTAINERS, DEFENDANT'S COUNSEL HAS IDENTIFIED A WAREHOUSE IN BAYONNE NEW JERSEY WHERE THE CONTAINERS CAN BE TAKEN FOR INSPECTION. HOWEVER THERE ARE VARIOUS LIMITATIONS THAT MUST BE DEALT WITH TO WIT:
   A. THE WAREHOUSE IS A MULTI-STORY BUILDING AND EACH CONTAINER MUST BE TRANSPORTED TO THE PROPOSED WAREHOUSE, THE CONTENTS OFF-LOADED, BROUGHT INTO AN ELEVATOR, TAKEN TO AN UPPER FLOOR WHERE THE CONTENTS CAN BE LAID OUT AND INSPECTED, THEN REPACKED AND RE-LOADED INTO THE SAME CONTAINER, RESEALED AND THEN TRANSPORTED BACK TO THE YARD WHERE THE CONTAINERS ARE PRESENTLY BEING STORED.
   B. THE SAME PROCEDURE IS REQUIRED OF EACH CONTAINER SEPARATELY SO THAT THE INSPECTION OF THE CONTAINERS WILL HAVE TO BE SCHEDULED ON 5 SEPARATE DAYS.
C. PLAINTIFF TO ADVISE FOR EACH CONTAINER WHETHER THE CARGO IS "LOOSE" OR "PALETISED";

DEFENDANT HAS AGREED TO INCUR THE COST OF THE TRANSPORTATION OF THE CONTAINER TO AND FROM THE WAREHOUSE FOR INSPECTION, AND PLAINTIFF WOULD INCUR THE COST OF THE USE OF THE WAREHOUSE, AND UNLOADING AND RELOADING THE CONTENTS OF EACH CONTAINER.

FURTHER THE WAREHOUSE IDENTIFIED HAS TIME LIMITATIONS IN THAT IT WILL NOT BE AVAILABLE UNTIL JANUARY 2022 AND HAS COMMITMENTS STARTING IN MARCH 2022 REQUIRING THE INSPECTIONS TO TAKE PLACE IN JANUARY AND FEBRUARY 2022.

PLAINTIFF, AS A LOGISTICS COMPANY, WILL TRY TO FIND A WAREHOUSE IN A REASONABLE DISTANCE FROM WHERE THE CONTAINERS ARE NOW STORED WHERE THE COSTS OF INSPECTION MAY BE LESS AND WHICH IS MORE FLEXIBLE WITH TIME, HOWEVER, IF PLAINTIFF IS UNABLE TO IDENTIFY AN ALTERNATIVE WAREHOUSE, THE PARTIES HAVE AGREED TO

USE THE "BAYONNE WAREHOUSE" WITH THE FOREGOING PROTOCOL.

ALSO THE PARTIES HAVE AGREED THAT EITHER OR BOTH PARTIES CAN TAKE SAMPLES FROM THE CONTAINERS SHOULD THEY SO CHOOSE.

3. DEFENDANT HAS CONTINUED HER SEARCH TO IDENTIFY ANY FURTHER TRUCKING INVOICES RELATING TO ANY CONTAINER WHERE EAGLE TRADING LLC. IS THE IMPORTER OF RECORD AND HAS PRODUCED THOSE RECORDS YESTERDAY.  NOTWITHSTANDING YESTERDAY'S PRODUCTION, DEFENDANT WILL CONTINUE ITS SEARCH AND WILL SUPPLEMENT THE PRODUCTION IF ANY FURTHER INVOICES ARE IDENTIFIED.

4. FOR THE 5 CONTAINERS REFERRED TO IN THE ATTACHED ABILITY INVOICES:
   PLAINTIFF SHALL PRODUCE ALL DOCUMENTS IN ITS POSSESSION OR CONTROL THAT REFLECT THE COST OF THE CONTENTS OF EACH CONTAINER INCLUDING BUT NOT LIMITED TO:
   A. INVOICES REGARDING THE PURCHASE OF THE CARGO CONTAINED IN THE 5 CONTAINERS,
   B. SALES RECEIPTS REGARDING THE PURCHASE OF THE CARGO CONTAINED IN THE 5 CONTAINERS,,
   C. PURCHASE ORDERS REGARDING THE PURCHASE OF THE CARGO CONTAINED IN THE 5 CONTAINERS,,
   D. EMAILS,
   E. TEXT MESSAGES,
   F. LETTERS,
   G. NOTICES
   H. OR ANY OTHER FORM OF COMMUNICATION WHICH REFERS TO THE COST AND OR VALUE OF THE CONTENTS OF EACH OF THE 5 CONTAINERS,
   I. BILLING STATEMENTS REGARDING THE PURCHASE OF THE CARGO CONTAINED IN THE 5 CONTAINERS,,
   J. PAYMENT RECORDS REGARDING THE PURCHASE OF THE CARGO CONTAINED IN THE 5 CONTAINERS,,
   K. SHIPPING RECORDS;
   L. CONTRACTS BETWEEN AMERIWAY AND ANY OF THE CARGO OWNERS, SHIPPERS OR CONSIGNEES

5. WITH REGARD TO **ALL CONTAINERS** WHICH DEFENDANT PERFORMED SERVICES PURSUANT TO THE POWER OF ATTORNEY SIGNED BETWEEN EAGLE AND DEFENDANT, PLAINTIFF WILL PRODUCE ALL

DOCUMENTS IN ITS POSSESSION OR CONTROL THAT REFLECT THE RELATIONSHIP BETWEEN EAGLE TRADING LLC AND PLAINTIFF INCLUDING BUT NOT LIMITED TO:

   A.   CONTRACTS,
   B.   POWERS OF ATTORNEY (TO OR FROM AMERIWAY AND EAGLE)
   C. CONTRACTS TO PERFORM SERVICES (BY EAGLE FOR AMERIWAY AND/OR BY AMERIWAY FOR EAGLE);
     D.  EMAILS (TO OR FROM AMERIWAY AND EAGLE)
    E.  TEXT MESSAGES (TO OR FROM AMERIWAY AND EAGLE)
   F.  BILLS OF LADING;
   G.  PURCHASE ORDERS BETWEEN EAGLE AND AMERIWAY (TO OR FROM);
   H.  INVOICES FOR SERVICES RENDERED (BETWEEN AMERIWAY AND EAGLE)
   I. BILLING STATEMENTS (BETWEEN AMERIWAY AND EAGLE)
   J.  PAYMENT RECORDS BETWEEN AMERIWAY AND EAGLE (I.E. CHECKS FROM OR TO AMERIWAY, WIRE TRANSFERS FROM OR TO AMERIWAY, A/P LEDGERS, A/R LEDGERS)


6.    WITH REGARD TO THE BUSINESS/LEGAL RELATIONSHIP BETWEEN EAGLE AND AMERIWAY, PLAINTIFF WILL
PRODUCE DOCUMENTS REFLECT THE RELATIONSHIP BETWEEN THE TWO BUSINESS ENTITIES INCLUDING BUT NOT LIMITED TO:
    A. CONTRACTS OF ANY SORT (I.E. SHAREHOLDERS AGREEMENTS, MEMBER AGREEMENTS, JOINT VENTURE AGREEMENTS, ANY TYPE OF PERFORMANCE AGREEMENTS SUCH AS PROVIDING LOGISTICS SERVICES, SALES OF PRODUCTS, ETC.)
    B.   MINUTES OF CORPORATION,/LLC MEETINGS OF EITHER EAGLE OR AMERIWAY, BYLAWS WHICH INDICATES THE RELATIONSHIP BETWEEN THE PARTIES;
    C.  COPIES OF OWNERSHIP DOCUMENTS (SUCH AS STOCK CERTIFICATES)  IN WHICH EAGLE HAS AN OWNERSHIP INTEREST IN AMERIWAY OR AMERIWAY HAS AN OWNERSHIP INTEREST IN EAGLE
    D.  DOCUMENTS IDENTIFYING THE SHAREHOLDERS, DIRECTORS AND OFFICERS OF AMERIWAY;
    E.   BUSINESS LICENSES OF ANY TYPE ISSUED TO AMERIWAY;


RICHARD E. SCHRIER ESQ
 SHAYNE SHAYNE LAW GROUP
595 STEWART AVENUE

GARDEN CITY, NEW YORK 11530
O: 516-739-8000
C: 516-578-8999
F: 516-739-8004
email: resincourt@aol.com