UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Ameriway Corporation**<br><br>                                   Plaintiff,<br>               v.<br><br>**May Yan Chen**,<br><br>**Ability Customs, Inc.**,<br><br>                                   Defendants. | **19-cv-09407 (VSB) (DCF)** |
| **May Yan Chen d/b/a Ability Customs Brokers**<br><br>                                   Third-Party<br>                                   Plaintiff,<br>               v.<br><br>**Eagle Trading USA, LLC, Xiyan Zhang, and Shiping Jia**<br><br>                                   Third-Party<br>                                   Defendants. | **19-cv-09407 (VSB) (DCF)** |

**THIRD-PARTY DEFENDANTS' RESPONSE TO THIRD-PARTY PLAINTIFFS'
MOTION UNDER FED. R. CIV. P. 60(b) AND 42(a), AND THIRD-PARTY
DEFENDANTS' REQUEST FOR ATTOREYS' FEES UNDER FED. R. CIV. P. 11(b)**

I

**TABLE OF CONTENTS**

I. PROCEDURAL HISTORY……………………………………………………….……1

II. CHEN'S MOTION IS UNTIMELY AND FAILS
TO SATISFY THE STRICT REQUIREMENTS OF RULE 60(b)………………………4

    A. Chen's Motion Fails Because She Did Not Appeal
the Court's 12(b)(6) Dismissal Order………………………………………………....4

    B. Chen's Motion for Reargument is Untimely Under
Local Civil Rule 6.3………………………………………………………….……..6

    C. Rule 60(b) Does Not Apply……………………………………………..……..7

III. THE SECOND EAGLE ACTION IS NOT A "PENDING"
CASE UNDER RULE 42(a), AND IS BARRED BY *RES JUDICATA* ……………..11

    CONCLUSION………………………………………………………….……….14

# TABLE OF AUTHORITIES

Cases

Gonzalez v. Crosby, 545 U.S. 524 (2005)……………………………………………...3

Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338 (9th Cir. 1981)……………….3

Servants of Paraclete v. Does, 204 F.3d 1005 (10th Cir. 2000)…………………………………..4

Van Skiver v. United States, 952 F.2d 1241(10th Cir. 1991)……………………………………4

Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d at 1291(9th Cir. 1982)……………………………..5

Federated Department Stores, Inc. v. Moitie, 452 U.S. 394 (1981)……………………………....5

Catlin v. United States, 324 U.S. 229 (1945)……………………………………………………..5

International Audiotext Network, Inc. v. AT&T, 62 F. 3d 69 (2nd Cir. 1995)……………..……..5

In re 310 Assocs., 346 F.3d 21(2nd Cir. 2002)……………………………………………...6,11

Coucci v. Beth Israel Med. Ctr., 785 F. Supp. 2d 303 (S.D.N.Y. 2013)……………………………..6

Klapprott v. United States, 335 U.S. 601 (1949)…………………………………………………10

Ackermann v. United States, 340 U.S. 193 (1950)……………………………………………...10

Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)…………………………………………………..10

Liljeberg v. Health Svcs. Acq. Corp., 486 U.S. 847 (1988)……………………………………..10

Brien v. Kullman Indus., 71 F.3d 1073 (2d Cir. 1990)…………………………………………..10

Goldstein v. State of New York, 2001 WL 893867, at *1 (S.D.N.Y. Aug.7, 2001)…………....10

Texas v. United States, 523 U.S. 296 (1998)……………………………………………………11

Allen v. McCurry, 449 U.S. 90 (1980)…………………………………………………………..12

Burgos v. Hopkins, 14 F.3d 787 (2d Cir.1994)………………………………………………….12

NLRB v. United Technologies Corp., 706 F.2d 1254 (2d Cir. 1983)…………………………..13

Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394 (1981) …………………………………...13

Carter v. Norfolk Cmty. Hosp. Ass'n, 761 F.2d 970 (4th Cir.1985)…………………………….13

U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220 (1st Cir. 2004)……………...13

Jones v. United Parcel Service, Inc., 460 F.3d 1004 (8th Cir. 2006)……………………………14

Come now Third-Party Defendants, by and through their undersigned counsel, and file this Brief in Opposition to Third-Party Plaintiffs' Rule 60(b) Motion for "Reargument," or, in the alternative, Rule 42(a) motion for consolidation. As discussed below, Plaintiffs' motion (Dkt. No. 99) is frivolous, should be denied, and Third-Party Defendants awarded the amount of costs and fees incurred in responding to it.

## I. PROCEDURAL HISTORY

This Third-Party action against Eagle Trading USA, LLC ("Eagle"), Zhang, and Jia relates to the pending lawsuit filed by Ameriway Corporation ("Ameriway") against Defendants May Yan Chen and Ability Customs, Inc. ("Chen") on October 10, 2019. *See* Dkt. No. 1. In that suit, Ameriway asserted claims for conversion and fraud because Chen illegally detained five cargo containers possessed and controlled by Ameriway with an estimated value of at least $1.8 million and inflated invoices in an illegal freight brokering scheme. *See* Dkt. No 21, Ameriway's Second Amended Complaint.

Defendants filed several counterclaims for guaranty of payment and fraud, and brought a motion to dismiss Ameriway's claims under Fed. R. Civ. P. 12(b)6) for lack of standing, but did not specify which claims they were seeking to dismiss. Dkt. Nos. 26, 28. Chen generally claimed that Eagle was the real party in interest as the Importer of Record of the cargo at issue, whereas Ameriway's status as a third-party logistics company responsible for coordinating the movement of the cargo was insufficient to grant it standing.

Ameriway filed a response to Chen's 12(b)(6) motion on April 15, 2020. Dkt. No. 29. Hours before Chen's reply brief was due, her counsel decided to withdraw the motion "upon reflection and considering the legal and judicial time and effort involved in this present motion

practice" in favor of "rais[ing]" the appropriate affirmative defenses and assert[ing] a third-party action against Eagle." Dkt. No. 33-1.

On July 31, 2020, Chen brought the Third-Party action against Eagle *et al*, asserting "guaranty of payment" and "fraud in the inducement" claims, among others. Dkt. No. 41. Chen's claims essentially mirror her counterclaims in the Ameriway action and are based on the same underlying facts.

On October 20, 2020, Eagle filed a motion to dismiss all of Chen's claims under Fed. R. Civ. 12(b) and 9(b).

<u>Chen never responded to Eagle's motion, and nothing was filed on the Eagle docket for over fifteen months.</u>

On October 7, 2021, this Court issued an Order, stating that Chen failed to file papers in opposition or to explain why good cause existed under Federal Rule of Civil Procedure 6(b) to extend her time to respond to Eagle's 12(b)(6) motion. Dkt. No. 70. Accordingly, the Court ruled that Eagle's motion would be considered unopposed. Id.

However, Chen *still* did not object to this ruling.

Over three months later, on December 27, 2021, this Court "decid[ed]" Eagle's motion to dismiss "on its merits," dismissing Chen's Third-Party Complaint in its entirety. Dkt. No. 81, p. 8. More specifically, Section "B" of the Court's Order, called "***The Merits,***" thoroughly addressed each of Defendants' claims in turn, applying relevant law to the facts alleged in Chen's Third-Party Complaint.

The Court entered the judgment as Dkt. No. 81, and served Chen copies thereof through ECF.

<u>Still, Chen elected not to appeal this final ruling on the merits by the 30-day deadline under Fed. R. App. P. 4(a).</u>

On February 25, 2022, Defendants attempted to simply re-file their Third-Party Complaint against Eagle, *et. al*, (the "Second Eagle Action"), asserting essentially the same claims on the same underlying facts as the First Eagle action. *See* 1:22-cv-00658. But while Defendants filed the First Eagle Action as a "related," "Third-Party Action" to the Ameriway, Defendants inexplicably attempted to file the Second Eagle Action as a separate, new, and unrelated case without complying with Local Rules 1.6 and 13.

On January 26, 2022, the Court issued a docketing error requiring Chen to file the Second Eagle action, along with an accompanying related case statement pursuant to Local Rule 13.

Chen, now realizing the new Eagle action would be assigned to the same Judge who dismissed the first case, filed their "Motion for Reargument" and consolidation under Fed. R. Civ. P. 60(b) and 42(a), respectively on March 7, 2022, over two months after the Court entered the dismissal order. Dkt. Nos. 99-101.

Chen's motion is untimely and barely explains why the First Eagle action would fall under Rule 60; it is a blatant attempt to circumvent the appeals process and re-litigate the first decided action.

### I. CHEN'S MOTION IS UNTIMELY AND FAILS TO SATISFY THE STRICT REQUIREMENTS OF RULE 60(b)

### <u>LEGAL STANDARD</u>

Relief under Rule 60(b), Fed. R. Civ. P. is at the expense of the finality of judgments; hence relief is considered "extraordinary." See *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (noting that Rule 60(b)'s "whole purpose is to make an exception to finality"). Rule 60(b) is not a substitute for appeal. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341,

(9th Cir. 1981.) Moreover, it is not appropriate in a Rule 60(b) motion to rehash arguments previously made, or advance arguments that could have been raised in prior briefing. *Servants of Paraclete v. Does*, 204 F.3d 1005 (10th Cir. 2000), citing *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991).

As a general matter, it is difficult to determine which of the six grounds of relief under Rule 60(b) Chen is claiming relief; while the rule's subdivisions are mutually exclusive, she appears to blend them together in her analysis. Further, all of Chen's exhibits attached to her motion predate the judgment, and were or could have been considered prior to its entry. Chen is not entitled to relief based upon these previously available arguments and exhibits.

## DISCUSSION

### A. Chen's Motion Fails Because She Did Not Appeal the Court's 12(b)(6) Dismissal Order

At the outset, it should be noted that Chen decided not to appeal the Court's December 12(b)(6) dismissal Order, entered December 27, by the 30-day deadline under Fed. R. App. P. 4(a). "Allowing motions to vacate pursuant to Rule 60(b) after a deliberate choice has been made not to appeal, would allow litigants to circumvent the appeals process and would undermine greatly the policies supporting finality of judgments." *Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d at 1293.

Chen claims the Court's Order "has not yet been entered and therefore the time in which to file a notice of appeal has not yet elapsed." Dkt. No, 101, p. 28. This is incorrect. In *Federated Department Stores, Inc. v. Moitie*, the Supreme Court stated that "dismissal for failure to state a claim under … [Rule] 12(b)(6) is a `judgment on the meri'".'" *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 399, 101 S. Ct. 2424, 2428, 69 L. Ed. 2d 103, 109 (1981). Further, the Supreme Court, in *Catlin v. United States*, ruled that a final judgment is a decision

4

by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). A 12(b)(6) dismissal order is "final" when it is on the merits and there are no pending claims. *See International Audiotext Network, Inc. v. AT&T*, 62 F. 3d 69 (2nd Cir. 1995), wherein the Appeals Court affirmed the district court's 12(b)(6) dismissal order was a "thoroughly considered" final judgment on the merits, thereby granting jurisdiction to hear the appeal since there were no pending claims.

Further, in a civil case, "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment." Fed. R. Civ. P. 4(a)1(A). A "judgment is entered when it is noted on the docket." Fed. R. Civ. Proc. 36(a), emphasis added.

Here, there is no question the December 27 dismissal order was a final judgment on the merits – Section "B" is titled "***The Merits***," and provided a detailed analysis for each of Chen's claims. Chen's entire complaint was dismissed, leaving no pending claims or monetary issues to be resolved. The clerk entered the signed dismissal order into the docket on December 27, 2021, and served Chen with a copy of the same via the automatic ECF mailing system.

Accordingly, Chen's time to appeal the Court's Order has elapsed, rendering her 60(b) motion wholly inappropriate, as Chen expressly concedes. *See* Dkt. No. 101, p. 21, wherein Chen states, "relief [under Rule 60(b)(1)] may not be requested after the time for appeal has elapsed." Dkt. No. 101, p. 27, emphasis added, citing *in re 310 Assocs*., 346 F.3d at 35)(citations omitted), *see also Coucci v. Beth Israel Med*. Ctr., No. 12-cv-3694, at *2( 2d Cir. Aug. 27, 2013))." Therefore, Chen's failure to appeal the dismissal order precludes her 60(b) motion.

> **B. Chen's Motion for Reargument and Reconsideration is Untimely Under Local Civil Rule 6.3 and Fed. R. Civ. Proc. 6.**

SDNY Local Civil Rule 6.3, providing for "Motions for Reconsideration or Reargument," states, in relevant part:

> "[A] notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment."  SDNY Local Civil Rule 6.3[1]

As noted, the Court entered the dismissal order on the docket on December 27, 2021 but Chen did not file the instant motion until March 7, 2022.  Dkt. No. 99.  Chen's motion is therefore untimely by almost two months, and should be denied.  She offers no reasonable excuse for the delay.  Importantly, this deadline is final and cannot be extended according to Fed. R. Civ. Proc. 6(b)(2): "A court must not extend the time to act under Rule[]… 60(b)."

### C. Rule 60(b) Does Not Apply

Chen seems to argue that she is entitled to relief under Rule 60(b)(6) "as a matter of equity between the parties," and essentially blames the Court for not inviting her to oppose Eagle's 12(b)(6) motion or amend her complaint.

> "As a matter of equity between the parties, instead of granting the motion to dismiss as "unopposed," it is respectfully submitted that Chen should have been given the opportunity to amend the Third-Party Complaint (as this Court ordered Plaintiff to do when Chen made a motion to dismiss the Amended Complaint (ECF 19 and 20)) or oppose the motion rather than dismissing the action against the Third-Party Defendants as 'unopposed.'"
>
> Dkt. No. 101, p. 15.

---

[1] Local Civil Rule 6.3 is necessary because the Federal Rules of Civil Procedure do not specify the time periods governing a motion for reconsideration or reargument.  *See* Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Committee Note, p. 24, available at https://www.nysd.uscourts.gov/sites/default/files/local_rules/rules-2018-10-29.pdf.

Rule 60(b)(6) provides that the court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment."  Relief under Rule 60(b)(6) is circumscribed in that district courts may grant a motion thereunder only in "extraordinary circumstances" and only when such action is necessary to accomplish justice.  *Klapprott v. United States*, 335 U.S. 601 (1949); *Ackermann v. United States*, 340 U.S. 193 (1950); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Liljeberg*, 486 U.S. at 863 (Rule 60(b)(6) "should only be applied in 'extraordinary circumstances.'")  Chen has failed to even allege, much less establish, the requisite "extraordinary circumstances" justifying relief under Rule 60(b)(6).

The record shows Chen failed to prosecute her case for <u>fifteen months</u> after Eagle filed its motion to dismiss.  Chen was undoubtedly aware of the deadlines for responsive briefings set under the federal and local rules.  That the Court would be expected to invite the non-moving party to file a response is not contemplated by the rules, as this would be completely impractical.

 As noted by the Court, Chen failed to file papers in opposition or to explain why good cause existed under Federal Rule of Civil Procedure 6(b) to extend her time to respond to Eagle's motion.  Dkt. No. 70.  Accordingly, on October 7, 2021, the Court ruled that Eagle's motion would be considered unopposed.  *Still,* Chen did nothing.  And when the Court entered the final dismissal order almost three months later, she elected not to appeal.  Thus, Chen made the deliberate choice to stop prosecuting her case, and now files an inappropriate motion to reopen it.

Additionally, Chen boldly claims relief is justified under Rule 60(b)(1) because the Court supposedly made several procedural errors depriving her of the opportunity to pursue her case.  These arguments have no merit.  First, Chen suggests Eagle's motion was defective because it was filed "without a Notice of Motion identifying a return date for the motion or any affidavits setting forth evidence as to why the allegations in the Third-Party Complaint were defective."

Dkt. No. 101, p. 8. It is unclear what rule Chen is referring to since her assertion is unsupported by law, but the federal rules do not require the moving party or Court to issue a "Notice of Motion identifying a return date for the [12(b)(6)] motion." Certainly 12(b)(6) motions do not require accompanying affidavits stating why the allegations in the complaint are defective.

Second, Chen argues the Court failed to provide a "notice of hearing" pursuant to Fed. R. Civ. P. 6(c)(1): "no notice of a hearing date was ever served, therefore without the Court setting a briefing schedule and a return date, there was no way to know what the return date of the motion to dismiss was." Id.

Setting aside the obvious fact that Chen failed to inquire about the "briefing schedule and a return date" in the Third-Party action for *fifteen months* after Eagle filed its motion, rendering her argument baseless, it is well-known that the Court does not hold hearings for every motion to dismiss, and Chen likely knows this. Rule 6(c)(1) provides that "[*p*]*arties may* request oral argument by letter at the time their moving or opposing or reply papers are filed. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date." Fed. R. Civ. Proc. 6(c)(1.) Therefore, it was Chen's responsibility to request oral argument had she filed a response, which *may* have resulted in a "notice of hearing" if the Court thought it necessary to hold one.

Chen also claims she couldn't know when to respond to Eagle's motion because the Court failed to set a "briefing schedule."

> "Chen's counsel requested that the Court address the discovery deadline [in the Ameriway case] and set a briefing schedule for the motion to dismiss the Third-Party Complaint (ECF #60)…the Court never addressed the request for a briefing schedule, nor indicated to the parties that the Court had set a return date for the motion to dismiss or that the Court had deemed the motion unopposed."

Dkt. No. 101, p. 14.

8

Chen's referenced "request" for a briefing schedule in the Ameriway case was submitted on December 30, 2020, *two months after* her response was due. Dkt. No. 60, p. 2. She never offered a reasonable excuse for missing the deadline then. She then let an entire year pass before mentioning the briefing schedule again in her instant motion, more than a month after the Court dismissed the case. When the Court ruled that Eagle's motion was unopposed on October 7, she still did not request a briefing schedule. In any event, parties shouldn't expect the Court to "set a return date" for motions to dismiss; briefing deadlines are clearly stated in the federal and local rules. Counsel is expected to follow them without the Court's constant guidance.

Significantly, the Court already advised Chen and her counsel in the Ameriway case that the only way to obtain an extension is to make a written request with the Court after conferring with opposing counsel. *See* Dkt. No. 34, denying Chen's request for a briefing schedule, and ordering her to confer with Ameriway regarding an extension. In the Ameriway case, Ameriway agreed to Chen's written request for an extension with respect to a pending sanctions motion. Dkt. No. 35-36. Therefore, Chen knew the rules; there's no legitimate reason why she did not reach out to Eagle for an extension to respond to the 12(b)(6) motion, or would expect the Court to issue a briefing schedule. She simply decided not to respond to the motion.

Moreover, Chen cites a line of cases for the proposition that "reargument should be granted" because her conduct was not 'willful,' she had a meritorious defense, and Eagle would not suffer prejudice if relief is granted. "[T]he *default* was not willful and Chen has a meritorious action against Eagle, Zhang, and Jia…courts prefer that disputes be resolved on the merits." Dkt. No. 101, p. 20, emphasis added, citing *Brien v. Kullman Indus.*, 71 F.3d 1073, 1077 (2d Cir. 1990), applying Rule 60(b) in the context of default judgments.

However, the cited cases only apply within the context of <u>default</u> judgments, which did not occur here; Eagle never requested a default judgment, and none was entered by the clerk pursuant to Fed. R. Civ. P. 55. Rather, the Court's dismissal order was a final judgment on the merits, as noted *supra*. That the Court considered Eagle's motion 'unopposed' does not turn the subsequent dismissal order into a default judgment.

Additionally, Chen's assertion that Eagle was 'dissolved' in 2019 is false; Eagle was temporarily 'inactive' (not dissolved) due to a late franchise tax payment, and then reinstated. In any event, Chen offers no explanation how her "newly discovered evidence" through "independent investigation," which was available on a public website since June 2019, could not have been discovered had she simply decided to prosecute her case and seek discovery from Eagle. Dkt. No. 101, p. 24. A motion for reconsideration under Rule 60(b)(1) should not be used "to put forward additional arguments which the movant could have made, but neglected to make before judgment." *Goldstein v. State of New York*, No. 00 Civ. 7463, 2001 WL 893867, at *1 (S.D.N.Y. Aug.7, 2001). Therefore, Chen's Motion is inappropriate because it exclusively relies on previously existing law and facts.

Chen also gives a long recitation of case law out of the Second and Seventh Circuits for the general proposition that relief is available under Rule 60(b)(1) to correct 'legal errors' by the court. Dkt. No. 101, p. 22. But Chen fails to apply facts to law or even state what substantive legal errors the Court supposedly made—she doesn't even address the Court's analysis in the dismissal order, and her procedural arguments are meritless.

But again, Chen's argument is moot anyways, for as her own cited case law expressly states: "Rule 60(b)(1) may not be requested after the time for appeal has elapsed." *In re 310 Assocs., 346 F.3d at 35.*)

## II. THE SECOND EAGLE ACTION IS NOT A "PENDING" CASE UNDER RULE 42(a), AND IS BARRED BY *RES JUDICATA*

Chen requests the Court to consolidate the Second Eagle action with the Ameriway case under Fed. R. Civ. P. 42(a), which applies when an "action involving a common question of law or fact are *pending* before the court…" Fed. R. Civ. P. 42(a). As an initial matter, it is inappropriate to request consolidation of the Second Eagle Action in a motion pertaining to the First Eagle Action. Defendants should be required to file their Rule 42 request in the Second Eagle Action.

In any event, the Second Eagle action is barred by *res judicata*, since it plainly relies on the same facts and series of transactions as the first action, the 131 invoices Eagle allegedly owes Defendants from 2018-2019. Since Eagle intends to oppose the new complaint on *res judicata* grounds in a timely manner, even a cursory review confirms the case should be barred. Chen's Rule 42 request is thus not ripe for review: "a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300–01 (1998).

"The doctrine of *res judicata,* or claim preclusion, holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* *285 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Burgos v. Hopkins,* 14 F.3d 787, 789 (2d Cir.1994).

As noted, the Court's December 27 dismissal order constituted a final judgment on the merits. Chen deliberately decided not to advance her case for fifteen months; she had a full and fair opportunity to seek discovery from Eagle but chose not to.

Both of Chen's complaints rely on the same alleged facts, that "Ameriway paid all of the invoices sent to Eagle and Zhang until Ameriway [allegedly] stopped making any payments for

containers that had cleared customs in March 2019 and thereafter...by August 2019 there were 131 unpaid invoices." Dkt. No. 101, p. 7. The new breach of contract and fraud theories are just laid onto these same transactions, which occurred a <u>year</u> before Chen filed her First Complaint.

Chen presents no new evidence in the Second Complaint that was previously unavailable during the first action. She claims to have asserted a proper lien over the cargo pursuant to the 'terms and conditions of service' allegedly contained in the customs power of attorney executed between the parties in April, 2017, but fails to explain why she never even attached the customs power of attorney to her First Complaint or cited to any specific provisions granting her lien rights. Eagle expressly raised this issue in its 12(6) motion:

> "Instead of specifying a single provision of the Power of Attorney which it believes was breached by Eagle, Plaintiff relies on conclusory assertions regarding obligations vaguely contained in the "terms and conditions of the Power of Attorney," ("Services Agreement") but never identified."
>
> "The POA itself contains no payment provisions, but only states "Grantor acknowledges receipt of May Y Chen DBA Ability Customs Brokers' Terms and Conditions of Service governing all transactions between the parties."
> <u>"However, this Agreement was never issued to Eagle, Zhang, or Jia, and no such document currently exists on Ability's website, strongly indicating Ability never created a Terms and Condition of Services Agreement in the first place—which is why it cannot identify a single provision therein as the basis for its breach of contract claim.</u>"

Dkt. No. 59 at 19.

Further, Chen's Second Complaint, attempting to pierce Eagle's corporate veil (again) to hold Zhang and Jia personally liable for the allegedly unpaid invoices, relies on data obtained from the Delaware Division of Corporations website, which was publically available in 2019-2020. "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction of series of transactions is at issue, whether the same evidence is needed to

support both claims, and whether the facts essential to the second were present in the first." *NLRB v. United Technologies Corp.,* 706 F.2d 1254, 1260 (2d Cir. 1983) (citations omitted).

Finally, Chen argues that consolidation is appropriate because the First Eagle Action was allegedly dismissed "without prejudice." Dkt. No, 101, p. 22. While Chen doesn't explain how this relates to Rule 42(a), Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir.1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice."); *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir.2004) ("[I]n the absence of a clear statement to the contrary, a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is presumed to be with prejudice.")

## CONCLUSION

Chen's motion is nothing more than an effort to re-litigate those issues already argued and decided by this Court. Chen's conclusory allegations that the Court made procedural and legal errors are not supported by the facts, the law, and are wholly insufficient to warrant relief under Rule 60(b), Fed. R. Civ. P. Specifically, her argument that the Court failed to issue a "notice of hearing date" is a glaring misreading of Civ. P. 6(c)(1). Her characterization of the Court's dismissal order as a "default" judgment solely to fit the cases cited out of the Second and

Seventh Circuits is baseless. Her motion contains long, irrelevant legal quotations simply cut and pasted for no apparent reason.

Further, Chen knew that her motion was untimely, filed anyways, and forced Eagle to respond. She originally filed the instant motion on February 1, 2022. Eagle filed a response on February 14, expressly stating that Chen's motion was time-barred under the federal and local rules. The clerk then issued Chen a defective filing error, instructing her to refile her motion on February 15. Knowing that her motion was untimely, Chen did not take the opportunity to withdraw her motion, but simply elected to refile the *same motion without alteration*, forcing Eagle to refile its response.

Chen can point to nothing that this Court overlooked. Most of her brief is spent repeating previous arguments and facts, which are largely false, and which could have easily been discovered in the first action had Chen elected to prosecute her case. And her attempt to consolidate the Second Eagle Action with the Ameriway case under Fed. R. Civ. P. 42 is just an attempt to circumvent the Court's dismissal order in the first action, and completely ignores the obvious *res judicata* obstacles.

In situations such as this the Court is empowered by Rule 11, on its own initiative, to impose sanctions after issuance of an order directing Chen to show cause why she has not violated Rule 11(b) by filing her current motion. Rule 11(b), Fed. R. Civ. P.; *Jones v. United Parcel Service, Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006). Respectfully, Third-Party Defendants request that this Court deny Third-Party Plaintiffs' Rule 60(b) and 42(a) Motion. Further, Third-Party Defendants request an award of costs and fees incurred in responding to the frivolous motion.

Dated: March 14, 2022


Pete Wolfgram

**Stratum Law LLC**
2424 E. York St. Ste. 223
Philadelphia, PA 19125
Email: pwolfgram@stratumlaw.com
*Attorney for Third-Party Defendant*
*EAGLE TRADING USA, LLC*