

**RICHARD E. SCHRIER, ESQ.**

March 15, 2022

Via ECF:
Magistrate Judge Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    **Ameriway Corp. v. May Yan Chen and Ability Customs Inc.
            Case # 19-cv-09407 (VSB) (DCF)**

Dear Magistrate Judge:

    This letter is being sent in response to Plaintiff's letter motion of March 14, 2022.

    Plaintiff has totally misrepresented to this Court the circumstances of what took place at the discovery and inspection of the five (5) containers of cargo and the agreement between the parties.

    First, I would like to address the so called oral agreement with regard to discovery set forth in my November 12, 2021 email (the "email") (ECF #102-1) confirming the parties agreement with regard to discovery. Per the so called "agreement" between the parties, Plaintiff has not provided the information agreed to memorialized in the email nor provided even one (1) page of the documentation that was promised.

    For perspective, you will recall that the underlying facts of this case is as follows:

1. Defendant, who is a licensed customs broker, claims that she was retained by Third-Party Defendant, Eagle Trading USA, LLC ("Eagle") to clear the import of products from China and arrange for some supply chain services. In connection with that retention, Eagle executed a power of attorney with Chen. The power of attorney ("POA") was signed on April 11, 2017 by its Chief Operating Officer (COO), Xiyan Zhang, one of the named attorneys for Plaintiff.

2. Over the next two and a half (2 ½) year period, Defendant cleared approximately 480 containers of products in which Eagle was the Importer of Record. In doing so Defendant advanced customs duties and other out of pocket expenses on behalf of Eagle. By the summer of 2019 Chen claims that Eagle had failed to pay $29,966 in customs brokers fees, $92,413 in advanced payment of customs duties and $284,990 of advanced out-of-pocket expenses which include trucking expenses, terminal fees, storage fees, demurrage fees, chassis rental fees, agent fees, document fees and customs examination fees.

3. As a result of the failure to Eagle to pay the outstanding money owed to Chen, Chen exerted lien rights to five (5) containers of products which designated Eagle as the Importer of Record and which Chen had cleared customs and advanced expenses and fees. Those containers are being held in New Jersey and were the subject of the inspection held from March 9-11, 2022.

Defendant has taken the position that Ameriway lacks standing to bring this lawsuit in that it is not the owner of the cargo, is not the importer of record of the cargo (who we know is Eagle confirmed by all the customs documents) and has no authority to even possess the cargo. Further, Defendant, as the customs broker is a "bailee" and has the obligation of only releasing the cargo to an owner of the cargo or a party who has the right of possession (unless Defendant is subject to a court order directing the release of cargo).

With regard to the "agreement" between the parties set forth in my email of November 12, 2021 (ECF 102-1) that "…the parties have agreed that either or both parties can take samples from the containers should they so choose…"; that "agreement" had many parts to it including the production of documentation that verified that Ameriway was either the owner of the cargo being held or had the right of possession of the cargo, the specifics of which are also set forth in the email. At that time, Ameriway represented that it had the right of possession of the cargo but at that time it was unclear as to the proof of ownership.

Approximately 4000 cartons of cargo were made available last week for inspection, Plaintiff selected the boxes that they wanted inspected, opened each box and took photos of a sample of each item inspected. Plaintiff then stated that they wanted to take a sample from each box. We advised Plaintiff's counsel that they had not provided the documentation that substantiated that Plaintiff was either the owner of the cargo or had the right to possess the cargo. [The Court's attention is respectfully directed to paragraph number 4, 5 and 6 of my November 12, 2021 email (ECF #102-1) which documentation was sought for the exact purpose of confirming Ameriway's right of ownership or right of possession. The email confirmed that Plaintiff had agreed to produce the following:

> "…4. FOR THE 5 CONTAINERS REFERRED TO IN THE ATTACHED ABILITY INVOICES:
> PLAINTIFF SHALL PRODUCE ALL DOCUMENTS IN ITS POSSESSION OR CONTROL THAT REFLECT THE COST OF THE CONTENTS OF EACH CONTAINER INCLUDING BUT NOT LIMITED TO:
> A. INVOICES REGARDING THE PURCHASE OF THE CARGO CONTAINED IN THE 5 CONTAINERS,
> B. SALES RECEIPTS REGARDING THE PURCHASE OF THE CARGO CONTAINED IN THE 5 CONTAINERS,,
> C. PURCHASE ORDERS REGARDING THE PURCHASE OF THE CARGO CONTAINED IN THE 5 CONTAINERS,,
> D. EMAILS,

E. TEXT MESSAGES,
F. LETTERS,
G. NOTICES
H. OR ANY OTHER FORM OF COMMUNICATION WHICH REFERS TO THE COST AND OR VALUE OF THE CONTENTS OF EACH OF THE 5 CONTAINERS,
I. BILLING STATEMENTS REGARDING THE PURCHASE OF THE CARGO CONTAINED IN THE 5 CONTAINERS,,
J. PAYMENT RECORDS REGARDING THE PURCHASE OF THE CARGO CONTAINED IN THE 5 CONTAINERS,,
K. SHIPPING RECORDS;
L. CONTRACTS BETWEEN AMERIWAY AND ANY OF THE CARGO OWNERS, SHIPPERS OR CONSIGNEES

5. WITH REGARD TO **ALL CONTAINERS** WHICH DEFENDANT PERFORMED SERVICES PURSUANT TO THE POWER OF ATTORNEY SIGNED BETWEEN EAGLE AND DEFENDANT, PLAINTIFF WILL PRODUCE ALL DOCUMENTS IN ITS POSSESSION OR CONTROL THAT REFLECT THE RELATIONSHIP BETWEEN EAGLE TRADING LLC AND PLAINTIFF INCLUDING BUT NOT LIMITED TO:
A. CONTRACTS,
B. POWERS OF ATTORNEY (TO OR FROM AMERIWAY AND EAGLE)
C. CONTRACTS TO PERFORM SERVICES (BY EAGLE FOR AMERIWAY AND/OR BY AMERIWAY FOR EAGLE);
D. EMAILS (TO OR FROM AMERIWAY AND EAGLE)
E. TEXT MESSAGES (TO OR FROM AMERIWAY AND EAGLE)
F. BILLS OF LADING;
G. PURCHASE ORDERS BETWEEN EAGLE AND AMERIWAY (TO OR FROM);
H. INVOICES FOR SERVICES RENDERED (BETWEEN AMERIWAY AND EAGLE)
I. BILLING STATEMENTS (BETWEEN AMERIWAY AND EAGLE)
J. PAYMENT RECORDS BETWEEN AMERIWAY AND EAGLE (I.E. CHECKS FROM OR TO AMERIWAY, WIRE TRANSFERS FROM OR TO AMERIWAY, A/P LEDGERS, A/R LEDGERS)

6. WITH REGARD TO THE BUSINESS/LEGAL RELATIONSHIP BETWEEN EAGLE AND AMERIWAY, PLAINTIFF WILL PRODUCE DOCUMENTS REFLECT THE RELATIONSHIP BETWEEN THE TWO BUSINESS ENTITIES INCLUDING BUT NOT LIMITED TO:
A. CONTRACTS OF ANY SORT (I.E. SHAREHOLDERS AGREEMENTS, MEMBER AGREEMENTS, JOINT VENTURE AGREEMENTS, ANY TYPE OF PERFORMANCE AGREEMENTS SUCH AS PROVIDING LOGISTICS SERVICES, SALES OF PRODUCTS, ETC.)
B. MINUTES OF CORPORATION,/LLC MEETINGS OF EITHER EAGLE OR AMERIWAY, BYLAWS WHICH INDICATES THE RELATIONSHIP BETWEEN THE PARTIES;
C. COPIES OF OWNERSHIP DOCUMENTS (SUCH AS STOCK CERTIFICATES) IN WHICH EAGLE HAS AN OWNERSHIP INTEREST IN AMERIWAY OR AMERIWAY HAS AN OWNERSHIP INTEREST IN EAGLE
D. DOCUMENTS IDENTIFYING THE SHAREHOLDERS, DIRECTORS AND OFFICERS OF AMERIWAY;
E. BUSINESS LICENSES OF ANY TYPE ISSUED TO AMERIWAY;

Plaintiff's counsel finally admitted at the inspection last week that Ameriway was not the owner of the cargo. (This was clearly evident at the inspection since every box inspected had a sticker on the outside of each box which identified the owner/seller of the cargo and the recipient/buyer of the cargo…that is the two (2) parties that had the right of possession. Not one of the boxes identified either Ameriway, Ameriway's wholly owned Chinese subsidiary nor Eagle USA Trading LLC as the owner/seller or the recipient/buyer of any box of cargo inspected). However, Plaintiff's counsel continued to insist that Ameriway had the right of possession of the cargo, without any documents that would substantiate that claim.

With the foregoing as background, Defendant's counsel advised Plaintiff's counsel that without any documentation that substantiates Plaintiff's right to possess any of the cargo, other than inspecting the cargo and taking photos, Defendant would not consent to the release of any cargo without a court order. Plaintiff's counsel argued that we had agreed to permit Plaintiff to take a sample and Plaintiff's counsel was "reminded" that part of the agreement was that Plaintiff had agreed to produce documentation verifying its right of ownership or possession of the cargo, which was not forthcoming. The parties thus agreed to take those boxes that were inspected (approximately 200 boxes) and place those boxes on separate "pallets" for ease in re-identification if necessary after the Court addressed the issue.

Of further note, the list of items that Plaintiff "promised/agreed" to produce as outlined in my November 12, 2021 email (ECF 102-1) are all the same items that Defendant has been trying to

get from Plaintiff for now almost 1 ½ years, and is the basis of Defendant's objection to Plaintiff's partial motion for summary judgment, in that those documents are necessary to oppose Plaintiff's motion (The Court's attention is directed to ECF Doc # 66, ECF Doc #72, ECF # 74, and ECF # 78 in which all the same category of documents have been sought without Plaintiff providing the demanded proof of the right of possession).

Further, the Court may recall that Defendant had served additional notices for the production of documents and at the conference held on February 3, 2022, upon application by Defendant for an order directing Plaintiff to produce those documents, the Court held: "…As stated on the record of the case management conference held before this Court on 2/3/2022, all pending applications to compel discovery are denied without prejudice…)[ECF #91].

For all the foregoing reasons, Defendant requests that Plaintiff be ordered to produce all the documents it "agreed" to produce as confirmed in my November 12, email (ECF #102-1) and in the event no documents exist that confirm Ameriway's ownership or right of possession of the five (5) containers being held by Defendant, that Ameriway so state and further that an order giving Plaintiff the right to take a sample of each box of cargo inspected be conditioned upon the production of documentation verifying its right to possess the cargo in question in which it wishes to take a sample. Of note, Plaintiff has made many "general" representations that it has produced documents showing that it had the right of possession, however Defendant has not been able to locate said documents and demands have been made for Plaintiff to identify the "Bate stamped" numbers of those documents which Plaintiff has refused/failed to do.

Finally, it is respectfully submitted that Plaintiffs requests for legal fees for making this letter motion, would not be appropriate under the circumstances set forth herein.

Respectfully,

**SHAYNE LAW GROUP, P.C.**

S/ Richard E. Schrier  (electronic signature)

Richard E. Schrier, Esq

Cc: via ECF
Peter Wolfgram,
Xiyan Zhang, Esq.
Stratum Law LLC
150 Monument Road, Suite 207
Bala Cynwyd, PA  19004