RE: MAY Y CHEN d/b/a Ability Customs Brokers

Todd Scholey, being duly sworn deposes and says:

1. I am the owner of DRO PROS, with offices at 4992 Allison Parkway, Vacaville, California 95688. We are in the business of selling magnetic scales, and other digital machinery such as milling machines, lathes and grinders. Some of the products and components we sell are imported into the United States.

2. Over the years we have utilized the services of May Yan Chen and her company, Ability Customs Brokers to oversee the clearance of imported products through U.S. Customs and other U.S. agencies. It was and is my understanding that May Yan Chen is a licensed Customs Broker by the United States.

3. When we began utilizing Ability Customs Brokers we signed a power of attorney authorizing May Yan Chen to represent DRO PROS in the importation of products into the United States. I recall when we first began utilizing Ability Customs Brokers, we received in the mail a one (1) page terms and conditions that was referred to in the power of attorney we signed.

4. I have been provided with a copy of terms and conditions, which is attached, and based upon my recollection, the attached terms and conditions is a copy of the terms and conditions that was sent to me in the mail when we first began using Ability Customs Brokers.

DRO PROS / TODD SCHOLEY

_____
By: Todd Scholey

Sworn to before me this ___ Day of June 2022,

See attached jurat 6/10/22

_____
Notary

## TERMS AND CONDITIONS OF SERVICE
(Please Read Carefully)

All shipments to or from the Customer which term shall include the exporter, import, sender, receiver, owner, consignor, consignee transferor, or transferee of the shipments, will be handled by the customs broker, "May Y Chen dba Ability Customs Brokers" (hereinafter called the "Company") on the following terms and conditions:

1. **Services by Third Parties.** Unless the Company carries, stores or otherwise physically handles the shipment, and loss, damage, expense or delay occurs during such activity, the Company assume no liability as a carrier and is not to be held responsible for any loss, damage, expense or delay to the goods to be forwards or imported except as provided in paragraph 8 and subject to limitations of paragraph 9 below but undertakes only to use reasonable care in the selection of carriers, truckmen, lightermen, forwarders, customs brokers, agents, warehousemen and other to whom it may entrust the goods for transportation cartage, handling and/or delivery and/or storage or otherwise. When the Company carries, stores or otherwise physically handles the shipment, it does so subject to the limitation of liability set forth in paragraph 8 below unless a separate bill of lading, air waybill or other contract of carriage is issued by the Company, in which event the terms thereof shall govern.

2. **Liability Limitations of Third Parties.** The Company is authorized to select and engage carriers, truckmen, lightermen, forwards, customs brokers, agents, warehousemen and others, as required, to transport store, deal with and deliver the goods, all of whom shall be considered as the agents of the Customer, and the goods may be entrusted to such agencies subject to all conditions as to limitation of liability for loss, damage, expense or delay and to all rules, regulations, requirements and conditions, whether printed, written or stamped, appearing in bills of lading, receipts or tariffs issued by such carriers, truckmen, lightermen, forwarders, customs brokers, agents, warehousemen and others. The Company shall under no circumstances be liable for any loss, damage, expense or delay to the goods for any reason whatsoever when said goods are in custody possession or control of third parties selected by the Company to forward, enter and clear, transport or render other services with respect to such goods.

3. **Choosing Routes or Agents.** Unless express instructions in writing are received from the Customer, the Company has complete freedom in choosing the means, route and procedure to be followed in the handling, transportation and delivery of the goods. Advice by the Company to the Customer that a particular person or firm has been selected to render services with respect to the goods shall not be construed to mean that the Company warrants or represents that suck person or firm will render such services.

4. **Quotations Not Binding.** Quotations as to fees, rates of duty, freight charges, insurance premiums or other charges given by the Company to the Customer are for informational purposes only and are subject to change without notice and shall not under any circumstances be binding upon the Company unless the Company in writing specifically undertakes the handling or transportation of the shipment at specific rate.

5. **Duty to furnish Information.** (a) On an import at a reasonable time prior to entering of the goods for U.S. Customs, the Customer shall furnish to the Company invoices in proper form and other documents necessary or useful in the preparation of the U.S. Customs entry and also such further information as may be sufficient to establish, inter alia, the dutiable value, the classification, the county of origin, the genuineness of the merchandise and any mark or symbol associated with it, the Customer's right to import and/or distribute the merchandise, and the merchandise's admissibility, pursuant to U.S. law or regulation. If the Customer fails in a timely manner to furnish such information or documents, in whole or in part, as may be required to complete U.S Customs entry or comply with U.S. laws or regulations, or if the information or documents furnished are inaccurate or incomplete, the Company shall be obligated only to use its best judgment in connection with the shipment and in no instance shall be charged with knowledge by the Customer of the true circumstances to which such inaccurate, incomplete, or omitted information or document pertains. Where a bond is required by U.S. Customs to be given for the production of any document or the performance of any act, the Customer shall be deemed bound by the terms of the bond notwithstanding the fact that the bond has been executed by the Company as principal, it being understood that the Company entered into such undertaking at the instance and on behalf of the Customer, and the Customer shall indemnify and hold the Company harmless for the consequences of any beach of the terms of the bond. (b) On an export at a reasonable time prior to the exportation of the shipment the Customer shall furnish to the Company the commercial invoice in proper form and number, a proper consular declaration weights, measures, values and other information in the language of and as mas be required by the laws and regulations of the U.S. and the country of destination of the goods. (c) On an export or import the Company shall not in any way be responsible or liable for increased duty, penalty, fine or expense unless caused by the negligence or other fault of the Company, in which event its liability to be Customer shall be governed by the provisions of paragraph 8-9 below. The Customer shall be bound by and warrant the accuracy of all invoices, documents and information furnished to the Company by the Customer or its agent for export,

entry or other purposes and the Customer agrees to indemnity and hold harmless the Company against any increased duty, penalty, fine or expense including attorneys' fees, resulting from any inaccuracy incomplete statement, omission or any failure to make timely presentation, even if not due to any negligence of the Customer.

6. **Declaring Higher Valuation.** In as much as truckers, carriers, warehousemen and others to whom the goods are entrusted usually limit their liability for loss or damage unless a higher value is declared and a change based on such higher value is agreed to by said truckers, etc., the Company must receive specific written instructions from the Customer to pay such higher charge based on valuation and the truckers, etc., must accept such higher declared value otherwise the valuation placed by Customer on the goods shall be considered solely for export or customs purposes and the goods will be delivered to the trucker, etc., subject to the limitation of liability set forth herein in paragraphs 8-9 below with respect to any claim against the Company and subject to the provisions of paragraph 2 above.

7. **Insurance.** The Company will make reasonable efforts to effect marine, fire, theft, and other insurance upon the goods only after specific written instructions has been received by the Company in sufficient time prior to shipment from point of origin, and the Customer at the same time states specifically the kind and amount of insurance to be placed. The Company does not undertake or warrant that such insurance can or will be placed. Unless the Customer has its own open marine policy and instructs the Company to effect insurance under such policy, insurance is to be effected with one or more insurance companies or other underwriters to be selected by the Company. Any insurance placed shall be governed by the certificate or policy issued and will only be effective when accepted by such insurance companies or underwriters. Should an insurer dispute its liability for any reason, the insured shall have recourse against the insurer only and the Company shall not be under any responsibility of liability in relation thereto, notwithstanding that the premium upon the policy may not be at the same rates as that charged or paid to the Company by the Customer, or that the shipment was insured under a policy in the name of the Company. Insurance premiums and the charge of the Company for arranging the same shall be at the Customer's expense. If for any reason the goods are held in warehouse or elsewhere, the same will not be covered by any insurance unless the Company received written instructions from the Customer. Unless specifically agreed in writing, the Company assumes no responsibility to effect insurance on any export or import shipment which it does not handle.

8. **Limitation of Liability for Loss, etc.** (a) The Customer agrees that the Company shall only be liable for any loss, damage, expense or delay to the goods resulting from the negligence or other fault of the Company; such liability shall be limited to an amount equal to the lesser of fifty dollars ($50.00) per entry or shipment or the fee(s) charged for the services, provided that, in the case of partial loss, such amount will be adjusted pro rata;
(b) Where the Company issues its own bill of lading and receivers' freight charges as its compensation, Customer has the option of paying a special compensation and increasing the limit of Company's liability up to shipment's actual value; however, such option must be exercised by written agreement, entered into prior to any covered transaction(s), setting forth the limit of the Company's liability and the compensation received;
(c) In instances other than in (b) above, unless the Customer makes specific written arrangement with the Company to pay special compensation and declare a higher value and Company agrees in writing, liability is limited to the amount set forth in (a) above;
(d) Customer agrees that the Company shall, in no event, be liable for consequential, punitive, statutory or special damages in excess of the monetary limit provided for above.

9. **Presenting Claims.** Company shall not be liable under paragraph 8 for any claims not presented to it in writing within 90 days of either the date of loss or incident giving rise to be claim; no suit to recover for any claim or demand hereunder shall be maintained against the Company unless instituted with six (6) months after the presentation of the said claim or such longer period provided for under statue(s) of the State having jurisdiction of the matter.

10. **Advancing Money.** The Company shall not be obliged to incur any expense, guarantee payment or advance any money in connection with the importing, forwarding, transporting, insuring, storing or coopering of the goods, unless the same is previously provided to the Company by the Customer on demand. The Company shall be under no obligation to advance freight charges, customs duties or taxes on any shipment nor shall any advance by the Company be construed as a waiver of the provisions hereof.

11. **Indemnification for Freight, Duties.** In the event that a carrier, other person or any government agency makes a claim or institutes legal action against the Company for ocean or other freight duties, fine, penalties, liquidated damages or other money due arising from a shipment of goods or the Customer, the Customer agrees to indemnify and hold harmless the Company for any amount the Company may be required to pay such carrier, other person or governmental agency together with reasonable expenses, including attorney fee, incurred by the Company in connection with defending such claim or legal action and obtaining reimbursement from the Customer. The confiscation or detention of the goods by ty any governmental authority shall not affect or diminish the liability of the Customer to the Company to pay all charges or other money due prompt on demand.

12. **C.O.D. Shipments.** Goods received with Customer's or other person's instructions to "Collect on Delivery" (C.O.D) by drafts or otherwise, or to collect on any specified terms by time drafts or otherwise are accepted by the Company only upon the express understanding that it will exercise reasonable care in the selection of a bank, correspondent, carrier or agent to whom it will send such item for collection, and the Company will not be responsible for any act, omission, default, suspension, insolvency or want of care, negligence, fault of such bank, correspondent, carrier or agent, nor for any delay in remittance lost in exchange, or loss during transmission, or while in the course of collection.

13. **General Lien on Any Property.** The Company shall have a general lien on any and all (and documents relating thereto) of the Customer, in its possession, custody or control or enroute, for all claims for charges, expenses or advances incurred by the Company in connection with any shipments of the Customer and if such claim remains unsatisfied for thirty (30) days after demand for its payment is made, the Company may sell at public auction or private sale upon ten (10) days written notice registered mail (R.R.R.) to the Customer, the goods, wares and/or merchandise, or so much thereof as may be necessary to satisfy such lien, and apply the net proceeds of such sale to the payment of the amount due to the Company. Any surplus from such sale shall be transmitted to the Customer, and the Customer shall be liable for any deficiency in the sale.

14. **Compensation of Company.** The compensation of the Company for its services shall be included with and is in addition to the rates and charges of all carriers and other agencies selected by the Company to transport and deal with the goods and such compensation shall be exclusive of any brokerage, commissions, dividends or other revenue received by the Company from carriers, insurers and others in connection with the shipment. On ocean exports, upon request, the Company shall provide a detailed breakout of the components of all charges assessed and a true copy of each pertinent document relating to these charges. In any referral for collection or action against the Customer for monies due to the Company, upon recovery by the Company, the Customer shall pay the expenses of collection and/or litigation, including a reasonable attorney fee.

15. **No Responsibility For Governmental Requirements.** It is the responsibility of the Customer to know and comply with the marking requirements of the U.S. Customs Service, the regulations of the U.S. Food and Drug Administration and all other requirements, including regulations of federal, state and/or local agencies pertaining to the merchandise. The Company shall not be responsible for action taken or fines, or penalties assessed by any government agency against the shipment because of the failure of the Customer to comply with the law of the requirements or regulations of any government agency or with a notification issued to the Customer by any such agency.

16. **Indemnity Against Liability Arising From The Importation of Merchandise.** The Customer agrees to indemnity and hold the Company harmless from any claims and/or liability arising from the importation of merchandise which violates any federal, state and/or other laws or regulations and further agrees to indemnify and hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including but not limited to attorney's fee, which the Company may hereafter incur, suffer or be required to pay by reason of claims by any government agency or private party. In the event that any action, suit or proceeding is brough against the C company by any government agency or any private party, the Company shall give notice in writing to the Customer by mail at its address on file with the Company. Upon receipt of such notice, the Customer at its own expense shall defend against such action and take all steps as may necessary or proper to prevent the obtaining of a judgment and/or order against the Company.

17. **Loss, Damage or Expense Due To Delay.** Unless the services to be performed by the Company on behalf of the Customer are delayed by reason of the negligence or other fault of the Company, the Company shall not be responsible for any loss, damage or expense incurred by the Customer because of such delay. In the event the Company is at fault, as aforesaid, its liability is limited in accordance with the provisions of paragraphs 8-9 above.

Based on National Customs Brokers & Forwarders Association of America, Inc (Revised 6/94)

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**  GOVERNMENT CODE § 8202

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], not Notary)

1. ~~~~
2. ~~~~
3. ~~~~
4. ~~~~
5. ~~~~
6. ~~~~

_Signature of Document Signer No. 1_   _Signature of Document Signer No. 2 (if any)_

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Solano_

Subscribed and sworn to (or affirmed) before me on this _10_ day of _June_, 20_22_, by
(1) _____
(and 2) _____,
Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
Signature of Notary Public

JEANNIE BUBPALA
Notary Public - California
Solano County
Commission # 2340011
My Comm. Expires Dec 9, 2024

_Place Notary Seal and/or Stamp Above_

---- OPTIONAL ----

_Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document._

**Description of Attached Document**
Title or Type of Document: _Letter Re: May when d/b/a Ability Custom Brokers_
Document Date: _6/10/2022_   Number of Pages: _2_
Signer(s) Other Than Named Above: _NA._

©2019 National Notary Association

M1304-08 (09/19)