# EXHIBIT "L"

**STRATUM**_LAW_ LLC

2424 E. York St. Ste. 223                                    (215) 621-8008
Philadelphia, PA 19125                                      www.stratumlaw.com

*Via ECF*                                                    November 1, 2021

Hon. Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

> Re:    Case # 19-cv-09407 - Ameriway Corp. v. May Yan Chen and Ability
>        Customs Inc., Dkt. No. 66 Discovery Dispute

Dear Judge Freeman:

This letter is filed as a follow-up to the October 19 hearing and in response to
Defendants' letter filed on October 28, 2021. D.I. 72.

**Discussion Between Counsel Since the Oct. 19 Hearing**

Plaintiff's counsel reached out to Defendants through email right after the October 19,
2021 hearing.  Specifically, Plaintiff proposed to streamline its pending discovery
requests into two specific production actions by the Defendant.

1. **To resolve issues regarding Plaintiff's Request Nos. 34, 35, and 40, under
   Dkt. No. 66:** Defendant to fill in a spreadsheet, including 1) the Bates No. for
   each invoice issued by Ability ("Ability Invoices") corresponding to a container
   number, and 2) the Bates Nos. for all receipts and third-party vendor invoices
   corresponding to each Ability Invoice and referencing the specific container
   number.

2. **To resolve issues regarding Plaintiff's Request Nos. 10 and 41, under Dkt.
   No. 66:** Plaintiff to accept an earlier proposal by the Defendant to empty the
   containers at a warehouse and return the truck chassis and **Plaintiff's Counsel
   will take pictures/video of the inventory at Defendant's warehouse**.

*See* Ex. A.

In addition to the email communication, both Plaintiff's Counsel Pete Wolfgram and
Xiyan Zhang requested a teleconference with Defendants' Counsel. *See* Ex. B.

However, rather than addressing Plaintiff's emails and teleconference requests, on
October 28, 2021, Defendants' Counsel sent a letter to Mr. Wolfgram enumerating
several new document requests, and then filed this letter with the Court before the parties
could discuss the items in detail.  D.I. 72.

**Stratum**_Law_ LLC

After filing the letter, Defendant agreed to a teleconference call which was held on November 1, 2021.  During the call, Defendants' Counsel refused to discuss its specific document requests, and generally demanded that Ameriway give a simple "yes or no" answer whether it would produce *all* the documents listed in the October 28 letter or not. Plaintiff was unwilling to make such a broad statement, and affirmed it has already produced the relevant documents in its custody and control.  The parties then ended the call without resolving the discovery disputes.

**Plaintiff's Document Request Nos. 34, 35, and 40:  Defendants Still Have Not Produced All Receipts and Third-Party Carrier Invoices**

In an email dated December 22, 2020, Ameriway identified, by container number, 180 missing carrier invoices from Washington Transportation and Sarcoma necessary to complete damage assessments pursuant to its fraud and RICO claims (Counts V, and VII, respectively).

Defendants made another production, dated January 21, 2021, which still did not include the carrier invoices.  On October 28, 2021, Defendant submitted a letter to the Court, stating Plaintiff did not send the list of the missing invoices.  *Id.*  However, Plaintiff emailed the missing invoice list to Defendants two days prior on Wednesday, October 27, 2021.  Exhibit A.  Defendants are currently directing their client to search for the missing invoices.

However, to avoid further confusion and to ensure all invoices are accounted for, Plaintiff requests that Defendant be ordered to identify the specific Bates number for 1) each Ability invoice and 2) the corresponding third-party invoices, and related receipts.

If Defendants contracted a carrier other than Washington/Sarcoma to handle a given container, they should provide a Bates No. for that carrier's invoice.  Plaintiff created a spreadsheet to facilitate this task for Defendants.  Defendants undoubtedly have the missing invoices and receipts, which can be located easily by container number, in their possession and control.

**Plaintiff's Request No. 41:  Defendants' Objections for Withholding the Cargo Evidence are Unreasonable**

Defendants' counsel has intentionally refused to grant Plaintiff access to the five cargo containers at issue until Plaintiff produces *all* the documentation requested in their October 28 letter, or makes a formal declaration these materials are unavailable to Plaintiff:

> "So there is no room for a misunderstanding, Defendant is most willing to arrange for the inspection of the containers, and in fact has already reached out to the warehouse to make such arrangements, *once that is, Defendant [Plaintiff] produces*

> *the following documentation, which is clearly under Plaintiff's custody or control*." Dkt. No. 72 at p. 3, emphasis added.

However, this is not a proper objection for withholding responsive evidence under FRCP 34, and frustrates the discovery process. The shipping containers are undoubtedly relevant to Ameriway's conversion claim and are within Defendants' exclusive control.

**Defendants' New Discovery Requests Under Dkt. No. 72 are Untimely and Extraneous to the Instant Joint Letter Motion**

Defendants' October 28 letter includes several new requests for documents outside the scope of the discovery issues specifically briefed in the parties' joint-letter motion. *See* D.I. 66. These requests were also not included in Defendants' original discovery requests, dated October 12, 2020, and were submitted almost a year after fact discovery closed on December 31, 2020. Defendants' rolling production requests, listed below, are thus untimely.

- 2(b) "Documentation showing that Plaintiff had the right of possession at the time Defendant exerted its lien rights and took possession of the goods." D.I. 72, pp. 2.

- 2(c) "Documentation showing that Plaintiff has the right of possession of the goods at this time." Id.

- 2(d)(i) "Documentation showing that Eagle had the right to declare itself the IOR for the goods in question." Id.

- 3(i) "Documentation as to who the owner(s) or purchaser(s) of the cargo was as of August 2019." Id.

- 3(vii) "Documentation with regard to the payment to Ameriway with respect to the servicesit provided as the logistic provider regarding the five (5) containers at issue." Id.

- 3(viii) "Documentation showing any expenditures by Ameriway with respect to the five (5) containers which are the subject of this lawsuit." Id.

- 3(x) "All documentation evidencing any claims made by the owners of the cargo contained in the five (5) containers regardless of whether such claim was made to Ameriway, an insurance company, or any other party, and documentation if any of those claims were satisfied." Id.

    3(xii) "Other than this lawsuit, all documentation regarding any other lawsuits, arbitration proceedings, insurance claims and/or any other legal action in which the subject matter is any or all of the five (5) containers or their contents that are

the subject of this lawsuit (including pleadings, all correspondence and other communications related to the containers or the contents of the containers)." Id.

Additionally, the October 28 letter requests several more documents already produced by Plaintiff:

- 2(d)(i) "Documentation showing that Eagle had the right to declare itself the IOR for the goods in question." Id.

- 2(d)(ii) "Documentation between Ameriway and Eagle with regard to the containers/cargo contained in the five (5) containers at issue (including contracts, emails, text messages, or any other form of communication, bills of lading, Purchase orders ("PO's"), invoices, billing statements, payment records)." Id.

- 2(e) "Documentation between Ameriway and any other person or business entity or governmental entity with regard to the cargo contained in the five (5) containers at issue (including contracts, emails, text messages, letters, written notices, or any other form of communication, bills of lading, Purchase orders ("PO's"), invoices, billing statements, payment records, and shipping documentation including all records from the shipper regarding the transport of the five (5) containers." Id.

- 3(v) "Documentation with regard to the shipping of the five (5) containers at issue (including all contracts with the shipper of the containers, the overland documents issued before the containers were shipped to the United States and arrangements that had been made with respect to the goods in question)." Id.

- 3(xi) "Packing list for each container at issue in this case (the five [5] containers at issue)." Id.

Finally, Defendants continue to request documentation relating to the cargo's upstream "owners"/sellers/factories. _Id_., pp. 3-4, at Request Nos. 3(ii)-(iv), 3(ix). Plaintiff has represented to Defendants on multiple occasions that it has produced all responsive documents to these requests under its possession or control. Any additional documentation either does not exist or is not under the control or possession of Ameriway.

Additionally, the requested documents, if exant, would be under the possession of third-party company Shenzhen Liante International Logistics Co., Ltd. ("Liante") based in China, which handled the intake of all containers and inventories subject to this lawsuit. Further, Defendants are already in possession of documentation between Liante and Ameriway, including shipping invoices, emails, and cargo packing lists, among other materials.

**Stratum***Law* LLC
November 01, 2021
Page 5 of 5

However, Liante ceased operating shortly after Defendants detained the containers in August, 2019. Ameriway has made several good-faith efforts to contact ex-Liante employees, but has so far been unsuccessful in obtaining additional documents related to Defendants' requests. Ameriway will continue to search for foreign documents that are clearly identified by Defendants.

Respectfully submitted,


STRATUM LAW LLC



By: S/Pete Wolfgram
Pete Wolfgram
Attorney for Plaintiff