# Ex. B

Chen's Response to Plaintiff's First Set of Interrogatories

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AMERIWAY CORPORATION**<br>       **Plaintiff,**<br>  v.<br>**MAY YAN CHEN, and**<br>**ABILITY CUSTOMS INC.**<br>       **Defendants** | 19 -cv-09407 (VSB) (DCF)<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| **MAY YAN CHEN**<br>       **Third-Party Plaintiff,**<br><br>  v.<br>**EAGLE TRADING LLC,**<br>**XIAN ZHANG, and**<br>**JOHN DOE Members of EAGLE TRADING LLC**<br>       **Third-Party**<br>        **Defendants** | |

  Defendant. May Y Chen d/b/a Ability Customs Brokers (hereinafter "Defendant", "Chen" or "Ability") hereby responds to Plaintiff Ameriway Corp. (hereinafter "Plaintiff" or Ameriway") Interrogatories made pursuant to pursuant to Fed. R. Civ. P. Rules 26 and 33, as follows:

1

12. Defendant objects to the Interrogatories to the extent that a request contained therein is vague, ambiguous, overly broad, unduly burdensome, harassing, not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and/or seek the production of documents beyond the bounds of permissible discovery.

13. To the extent that defendant objects to a request contained in the Interrogatories, defendant's objections are deemed to pertain to the entirety of that request.

14. The foregoing objections are incorporated into defendant's response to each and every Interrogatory. Defendant's responses are made without waiver of, or prejudice to, these or any additional objections that defendant may make. All such objections are preserved, as is the right to move for a protective order.

## ANSWER TO FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:** Provide the current status of the containers identified as OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, and APHU7253481 in Exhibit A, including:

    a. Each container's current location.
    b. The condition of each of the boxes in the containers as listed in Exhibit B.
    c. The facility/company/individual currently in possession of the containers.
    d. The dates when Defendants arranged the transport of each subject container out of CBP custody to said facility/company/individual.
    e. The facility/company/individual who removed the containers on behalf of Defendants.

Subject to the foregoing general objections, and without waiving same, Defendant provides the following responses.

**Answer:**

1(a)  All containers are maintained at 252 and 504 Doremus Avenue, Newark, New Jersey;

1(b)  The containers remain sealed with the original seals;

1(c)  See 1(c) See 1(a) above;

1(d)  The containers were picked up between August 3, 2019 through August 22, 3019 (see response to Plaintiff's Demand for Documents at Pages 2298-2310).

1(e)  L & H Trucking Inc.

Notwithstanding the foregoing, the defendant expressly reserves the right to supplement and/or amend these responses and/or objections at any time prior to the trial and/or hearing of this matter, or any other proceeding.

**Interrogatory No. 2:** Provide a detailed list of all inventory in container nos. OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, and APHU7253481(*see* Exhibit A) by the identification numbers marked on the boxes therein (*see* Exhibit B), including:

    a. A description of the items in each box by category.

    b. Number of units in each box by category.

    c. Photos of each item in the relevant category.

**Answer:**

Defendant objects to this interrogatory in so much as it seeks information and details already in plaintiff's possession.

Additionally, defendant objects to this interrogatory in so much as it seeks documents that are in the possession of third-party Defendant, Eagle Trading USA LLC.

Notwithstanding the foregoing, the containers remain sealed with the original seals and therefore Defendant does not have any first-hand knowledge of the contents of the containers nor any photographs of the contents of the containers.

**Interrogatory No. 3:** By category, provide a detailed account of every invoice issued by Defendants on the containers identified in Exhibit A, including:
   a. Total amount the Defendants invoiced for each container.
   b. Itemized breakdown of charges for each container.
   c. Detailed explanation of the charges in each category.
   d. Amount invoiced in each category.

**Answer:**

Defendant has produced every invoice identified in Exhibit A, all of which were issued to Eagle Trading USA, LLC as the importer of record and each invoice has an itemized breakdown and explanation of charges for each container.

**Interrogatory No. 4:** By category, provide a detailed account of all out-of-pocket expenses invoiced by Defendants on every container identified in Exhibit, including:
   a. Amount of out-of-pocket expenses Defendants invoiced for each container.
   b. Categories of out-of-pocket expenses invoiced by Defendants for each container.   c.   Detailed explanation of each category of out-of-pocket expense.
   d. Amount of out-of-pocket expense invoiced in each category.

**Answer:**

Defendant has produced every invoice identified in Exhibit A, all of which were issued to Eagle Trading USA, LLC as the importer of record and each invoice has an itemized breakdown and explanation of charges for each container.

**Interrogatory No. 5:** By category, provide a detailed account of all invoices received by Defendants from third-party vendors for every container identified in Exhibit A, including:

a. Total amount of invoices received by Defendants for each container. b. Categories of charges in each invoice.

c. Detailed explanation of the charges in each category. d. Amount invoiced in each category for each container.

**Answer:**

Defendant has produced every invoice identified in Exhibit A, all of which were issued to Eagle Trading USA, LLC as the importer of record and each invoice has an itemized breakdown and explanation of charges for each container.

**Interrogatory No. 6:** Identify all employees and/or agents who has ever worked on any of the containers identified in Exhibit A including:

a. State the name, address, and telephone number of each identified person.
b. Relationship between each identified person and Defendant May Yan Chen.
c. Relationship between each identified person and Defendant Ability Customs Inc.
d. Nature of work performed by each identified person.

**Answer:**

The following employees of Defendant, in different capacities worked on all or some of the containers identified in Exhibit A:

Lily Chen - Accounting Department

Carrie Chen - Logistic department

Dan/ Da Huang - Data Entry /Import Department

Jenny/ Yingxin Ye - Data Entry /Import Department

Ling/ Meiling Li - Office Assistance

All the foregoing identified individuals continue to be employees of Defendant at Defendant's offices located at 13910 Doolittle Drive, San Leandro, Calif. 94577

**Interrogatory No. 7:** Describe how Defendants asserted a specific or general lien right when they took possession of Container Nos. OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, and APHU7253481 including:

a. The date on which Defendants formally asserted the lien.
b. Identifying the contract creating said enforceable lien, identifying any terms therein for exercising the lien.
c. The **title** under which Defendants asserted the lien e.g. a carrier, freight forwarder, or customs broker.
d. Identify any federal, New York or California statutory authority granting the asserted specific/general lien rights.
e. The procedural steps taken to assert the lien prior to taking control over the subject containers.
f. Identify all written notices of the asserted lien to Ameriway or Eagle prior to taking possession of the subject containers.
g. Identify all preliminary or final lien notice was filed with the port authorities, CBP, or clerk of courts at any point; if so, please state the date and filing number thereof.

**Answer:**

Defendants asserted both a general and specific lien under the laws of the applicable jurisdiction as well as pursuant to the Terms and Conditions of the Power of Attorney between Defendant and Eagle Trading USA, LLC, receipt of which was acknowledge by Eagle Trading in the Power of Attorney. More specifically Plaintiff is referred to the common law of the State of California as well as California Civil Statutes §§ 3051, 3051.5 and 3052.

Defendant complied with all legal requirements for asserting both a general and specific lien.

Notwithstanding the foregoing, Ameriway was not the Importer of Record on any container identified in Exhibit A nor identified as the owner of any of the goods contained in any of said containers and therefore there was no requirement to give Ameriway notice of the assertion of any lien.

In addition to the foregoing, upon information and belief, the importer of record, Eagle Trading USA, LLC was dissolved as a business entity prior to the date Defendant acquired legal possession of the Containers, upon which a lien

has been asserted and therefore, any notice requirement could not be satisfied as a matter of law.

**Interrogatory No. 8**: Provide a detailed description of Defendants' communication with Mr. **Jimmy Wen**, a customs broker contracted by Ameriway to process container no. APHU7253481, including:

   a. The date on which Defendants initially contacted Mr. Wen.
   b. What Defendants did to cause Mr. Wen to withdraw his entry form so that Defendants could process the referenced container.
   b. Defendants' stated basis for inducing Mr. Wen to withdraw his entry form for the referenced container.
   c. The steps taken by Defendants within CBP's database, or any similar database, to remove Mr. Wen's entry form and/or replace said form with their own entry form.

**Answer:**

Defendant did not have any communications with Mr. Wen.

**Interrogatory No. 9:** Provide a detailed description of Defendants' communication with UQI CHB Inc, a customs broker contracted by Ameriway to process container nos. BMOU4739454 and HLXU8057236, including:

   a. The date on which Defendants initially contacted UQI CHB Inc.
   b. What Defendants did to cause UQI CHB Inc. to withdraw his entry form so that Defendants could process the referenced container.
   d. Defendants' stated basis for inducing UQI CHB Inc. to withdraw its entry form for the referenced containers.
   e. The steps taken by Defendants within CBP's database, or any similar database, to remove the UQI CHB Inc. entry forms and/or replace said forms with their own entry forms.

**Answer:**

   a. 8/16/2019 per instruction from CBP with respect to duplicate entry filed by UQI

    b. Defendant did not do anything to cause UQI CHB Inc. to withdraw its entry so that Defendants could process the referenced container. Upon information and belief, UQI filed the entry which Customs flagged as duplicative of the 9NK entry already on file with Customs which was filed by Defendant.

    c. Defendant did not induce UQI CHB Inc. to withdraw its entry form for the referenced containers. Upon information and belief, UQI withdrew the entry because it could not verify the client as required under Customs guidelines.

    d. Defendant did not take any steps within CBP's database, or any similar database, to remove the UQI CHB Inc. entry forms and/or replace said forms with Defendant's entry forms.

**Interrogatory No. 10:** Describe in detail Defendants' communication with any officials and/or agents employed by the Federal Bureau of Investigation, CBP, the New York Police Department, and NY Port Authority relating to the transactions and events which are subject of the pleadings including the address and telephone number of said officials or agents.

**Answer:**

Defendant did not have any communications with respect to Federal Bureau of Investigation, the New York Police Department, and NY Port Authority relating to the transactions and events which are subject of the pleadings.

Defendant did have communications with CBP, copies of which have already been produced to Plaintiff in response to Plaintiff's First Request for Production of Documents and Things

**Interrogatory No. 11:** Provide a detailed list of all bank accounts used to conduct business with Ameriway and/or Eagle Trading, LLC ("Eagle"), including:
    a. The bank's name
    b. The account number

    c. Account holder's name

    d. Date the account was opened

    e. Date the account was closed.

**Answer:**

Defendant objects to this interrogatory as it is not reasonably related or relevant to the issues raised in the complaint.

**Interrogatory No. 12:** Provide a detailed list of assets owned and/or jointly owned by May Yan

Chen including:

    a. Bank accounts
    b. Real Estate Properties
    c. Stock accounts
    d. Vehicles
    e. Retirement accounts such as 401K, IRA accounts

    f. Any other personal property with value over $1000.

**Answer:**

Defendant objects to this interrogatory as it is not reasonably related or relevant to the issues raised in the complaint.

**Interrogatory No. 13**: Describe in detail the sales or transfer of Defendants' property located at

3738 La Costa Ave, Castro Valley, CA 94546 including:

    a. Names and current addresses of all parties to the transaction. b. The closing date of the transaction.

    c. The relationship between the buyer and Defendant Chen.

    d. Reasons for listing the property for sale on or around November, 2019. e. Name of the real estate agent who sold the property.

    f. Price at which the property was sold.

**Answer:**

Defendant objects to this interrogatory as it is not reasonably related or relevant to the issues raised in the complaint.

**Interrogatory No. 14:** Describe in details Defendants' business relationship with WA Transportation with respect to any transactions involving containers identified in Exhibit A, including:

a. The date on which Defendants initially contacted WA Transportation relating to any transactions relating to the containers.
b. Details relating to the payment structure between Defendants and WA Transportation with respect to the containers.
c. Details relating to how WA Transportation compensated Defendants for any other services relating to shipments involving the containers.

**Answer:**

a. Plaintiff is referred to the delivery orders provided to Plaintiff in response to Plaintiffs First Request for Production of Documents and Things for the dates of each transaction
b. Plaintiff is referred to the invoices provided to Plaintiff in response to Plaintiffs First Request for Production of Documents and Things for the details of each transaction
c. To the extent that any such compensation every occurred, said information would be contained in the invoices for each container in Exhibit A provided to Plaintiff in response to Plaintiffs First Request for Production of Documents and Things for the dates of each transaction

**Interrogatory No. 15:** Describe in detail Defendants' business relationship with Sarcona Management Inc. with respect to any transactions involving containers identified in Exhibit A, including:

a. The date on which Defendants initially contacted Sarcona relating to any transactions relating to the containers.
b. Details relating to the payment structure between Defendants and Sarcona Management Inc. with respect to the containers.

      c. Details relating to how Sarcona Management Inc. compensated Defendants for any other services relating to shipments involving the containers.

**Answer:**
      a. Plaintiff is referred to the delivery orders provided to Plaintiff in response to Plaintiffs First Request for Production of Documents and Things for the dates of each transaction;

      b. Plaintiff is referred to the invoices provided to Plaintiff in response to Plaintiffs First Request for Production of Documents and Things for the details of each transaction

      c. To the extent that any such compensation every occurred, said information would be contained in the invoices for each container in Exhibit A provided to Plaintiff in response to Plaintiffs First Request for Production of Documents and Things for the dates of each transaction.

Defendant expressly reserves the right to supplement and/or amend these responses and/or objections at any time prior to the trial and/or hearing of this matter, or any other proceeding.

**-Signature on next page -**

Dated: New York, New York
October 23, 2020

                              Yours, etc.,
                              SHAYNE LAW GROUP P.C.

                              By: WILLIAM SHAYNE ESQ. WS5672
                              64 Fulton Street
                              New York, New York 11038
                              Tel.: (212) 566-49498
                              Fax: (212) 202-5423
                              *Attorneys for the Defendant*

Xiyan Zhang, Esq.
Peter S. Wolfgram, Esq.
**Stratum Law LLC**
*Attorney for Plaintiff Ameriway Corporation*