# Ex. D

**Examples of the 2017 POA with Attorney Shayne's Terms and Conditions of Service (TCS)**

Defendants and Counsel filed the attached document six (6) times on the Docket starting on November 1, 2021, and represented to the Court that the TCS was part of the original POA executed in April, 2017. Shayne did not the TCS until July, 2020.

1:19-cv-09407-VSB-VF:

Dkt. No. 74-1 (November 1, 2021)

Dkt. No. 77 (December 14, 2021)

Dkt. No. 83-9 (February 1, 2022)

Dkt. No. 100-7 (March 7, 2022)

1:22-cv-00658-VSB-VF (Third-Party Action Against Eagle Trading USA, LLC):

Dkt. No. 1-8 (January 25, 2022)

Dkt. No. 3-9 (February 4, 2022)

# POWER OF ATTORNEY

Department of the Treasury
U.S. Customs & Border Protection
C.F. 19    141.32

**Check appropriate Box**
Individual      Partnership
Corporation    Sole Proprietorship
Limited Liability Company

IRS or SSN NO: (1)   47-5534724 .

KNOW ALL MEN BY THESE PRESENTS: That, (2) Eagle Trading USA LLC doing business as a'an (3) LLC
_____ organized under the laws of the State or Province of (4) Delaware
_____ residing or having a principal place of business at (5) 2424 E. York Street Ste.
300, Philadelphia PA 19125, constitutes and appoints May Y Chen DBA Ability Customs Brokers., Its officers, employees, and/or specifically
authorized agents, to act for and on its behalf as a true and lawful agent and attorney of the grantor for and in the name, place and stead of said
grantor, from this date, in the United State (the "territory") either in writing, electronically, or by other authorized means, to: make, endorse, sign,
declare, or swear to any Customs entry, withdrawal, declaration,, certificate, bill of lading, carnet or any other documents required by law or
regulation in connection with the importation, exportation, transportation, of any merchandise in or through the Customs territory, shipped or
consigned by or to said grantor:

Perform any act or condition which may be required by law or regulation in connection with such merchandise deliverable to said grantor; to
receive any merchandise;
Make endorsements on bills of lading conferring authority to transfer title; make entry or collect drawback; and to make, sign, declare, or swear
to any statement or certificate required by law or regulation for drawback purposes, regardless of whether such document is intended for filling
with Customs;
To sign, seal, and deliver for and as the act of said grantor any bond required by law or regulation in connection with the entry or withdrawal of
imported merchandise, or merchandise exported with or without benefit of drawback, or in connection with the entry, clearance, lading, unlading,
or navigation of any vessel or other means of conveyance owned or operated by said grantor, and any and all bonds which may be voluntarily
given and accepted under applicable laws and regulations, consignee's and owner's declarations provided for in section 485, Tariff Act of 1930,
as amended, or affidavits or statements in connection with the entry of merchandise;
Sign and swear to any document and to perform any act that may be necessary or required by law or regulation in connection with the entering,
clearing, lading, unlading, or operation of any vessel or other means of conveyance owned or operated by said grantor;
Authorize other Customs Brokers duly licensed within the territory to act as grantor' agent; to receive, endorse and collect checks issued for
Customs duty refunds in grantor's name drawn on the Treasurer of the United States; If the grantor is a nonresident of the United States, to accept
service of process on behalf of the grantor;
And generally to transact Customs business, Including filing of claims or protests under section 514 of the Tariff Act of 1930, or pursuant to the
other laws if the territories, in which said grantor is or may be concerned or interested and which may property be transacted or performed by an
agent and attorney;
Giving to said agent and attorney full power and authority to do anything whatever requisite and necessary to be done in the premises as fully as
said grantor could do if present and acting, herby ratifying and confirming all that the said agent and attorney shall lawfully do by virtue of these
presents;
This power of attorney to remain in full force and effect until revocation in writing is duly given to and received by grantee (if the donor of this
power of attorney is a partnership, the said power shall in no case have any force or effect in the United States after the expiration 2 years from
the date of its execution):
Grantor acknowledges receipt of May Y Chen DBA Ability Customs Brokers' Terms and Condition of Service governing all transactions
between the parties. If the Grantor is a Limited Liability Company, the signatory certifies that he/she has full authority to execute this power on
behalf of the Grantor.
IN WITNESS WHEREOF, the said (6) Xiyan Zhang    Caused these presents to be sealed and signed: (7)
_____ (8) COO (9) 4/11/2017
If you are the importer of record, payment to the broker will not relieve you of liability for U.S. Customs charges (duties, taxes or other debts
owed Customs) in the event the charges are not paid by the broker. Therefore, if you pay by check, Customs charges may be paid with a separate
check payable to the "U.S. Customs and Border protection" which shall be delivered to Customs by the broker. Importers who wish to utilize this
procedure must contact our office in advance to arrange timely receipt of duty checks.

## CORPORATE CERTIFICATION
(to be made by an officer other than the one who executes the power of attorney)
I, (10) Pete Wolfgram, certify that I am the (11) Counsel of (12) Eagle Trading USA LLC, organized under the laws of the State
or Province of (13) Delaware that (14) Xiyan Zhang, who signed this power of attorney on behalf of the donor, is the (15) COO
of said corporation: and that said power of attorney was duly signed, and attested for and in behalf of said corporation by
authority of its governing body as the same appears in a resolution of the Board of Directors passed at a regular meeting held on
the (16) 10th day of April, 2017 now in my possession or custody. I further certify that the resolution is in accordance with the
articles of incorporation and bylaws of said corporation and was executed in accordance with the laws of the State or Country of
Incorporation. Second corporate officer's

Signature:            effective date 4/11/2017

# TERMS AND CONDITIONS OF SERVICE

**These terms and conditions of service constitute a legally binding contract between the "Company" and the "Customer". In the event the Company renders services and issues a document containing Terms and Conditions governing such services, the Terms and Conditions set forth in such other document(s) shall govern those services.**

## 1. Definitions.

(a) "Company" shall mean May Y Chen DBA Ability Customs Brokers. as is appropriate to the services provided, its/their subsidiaries, related companies, agents and/or representatives.

(b) "Customer" shall mean the person for which the Company is rendering service, as well as its principals, agents and/or representatives, including, but not limited to, shippers, importers, exporters, carriers, secured parties, warehousemen, buyers and/or sellers, shipper's agents, insurers and underwriters, break-bulk agents, consignees, etc. It is the responsibility of the Customer to provide notice and copy(s) of these terms and conditions of service to all such agents or representatives;

(c) "Documentation" shall mean all information received directly or indirectly from Customer, whether in paper or electronic form;

(d) Ocean Transportation Intermediaries" ("OTI") shall include an "ocean freight forwarder" and a "non-vessel operating common carrier;"

(e) "Third parties" shall include, but not be limited to, the following: "carriers, truckmen, cartmen, lightermen, forwarders, OTI's, customs brokers, agents, warehousemen and others to which the goods are entrusted for transportation, cartage, handling and/or delivery and/or storage or otherwise."

## 2. Company As Agent.

The Company acts as the "agent" of the Customer for the purpose of performing duties in connection with the entry and release of goods, post entry services, the securing of export licenses, the filing of export and security documentation on behalf of the Customer and other dealings with Government Agencies. As to all other services, Company acts as an independent contractor.

## 3. Limitation of Actions.

(a) Unless subject to a specific statute or international convention, all claims against the Company for a potential or actual loss, must be made in writing and received by the Company, within ninety (90) days of the event giving rise to claim; the failure to give the Company timely notice shall be a complete defense to any suit or action commenced by Customer.

(b) All suits against Company must be filed and properly served on Company as follows:

(i) For claims arising out of ocean transportation, within one (1) year from the date of the loss;

(ii) For claims arising out of air transportation, within two (2) years from the date of the loss;

(iii) For claims arising out of the preparation and/or submission of an import entry(s), within seventy five (75) days from the date of liquidation of the entry(s);

(iv) For any and all other claims of any other type, within two (2) years from the date of the loss or damage.

## 4. No Liability For The Selection or Services of Third Parties and/or Routes.

Unless services are performed by persons or firms engaged pursuant to express written instructions from the Customer, Company shall use reasonable care in its selection of third parties, or in selecting the means, route and procedure to be followed in the handling, transportation, clearance and delivery of the shipment; advice by the Company that a particular person or firm has been selected to render services with respect to the goods, shall not be construed to mean that the Company warrants or represents that such person or firm will render such services nor does Company assume responsibility or liability for any action(s) and/or inaction(s) of such third parties and/or its agents, and shall not be liable for any delay or loss of any kind, which occurs while a shipment is in the custody or control of a third party or the agent of a third party; all claims in connection with the Act of a third party shall be brought solely against such party and/or its agents; in connection with any such claim, the Company shall reasonably cooperate with the Customer, which shall be liable for any charges or costs incurred by the Company.

## 5. Quotations Not Binding.

Quotations as to fees, rates of duty, freight charges, insurance premiums or other charges given by the Company to the Customer are for informational purposes only and are subject to change without notice; no quotation shall be binding upon the Company unless the Company in writing agrees to undertake the handling or transportation of the shipment at a specific rate or amount set forth in the quotation and payment arrangements are agreed to between the Company and the Customer.

## 6. Reliance On Information Furnished.

(a) Customer acknowledges that it is required to review all documents and declarations prepared and/or filed with the Customs and Border Protection, other Government Agency and/or third parties, and will immediately advise the Company of any errors, discrepancies, incorrect statements, or omissions on any declaration or other submission filed on Customer's behalf;

(b) In preparing and submitting Customs entries, export declarations, applications, documentation and/or other required data, the Company relies on the correctness of all documentation, whether in written or electronic format, and all information furnished by Customer; Customer shall use reasonable care to ensure the correctness of all such information and shall indemnify and hold the Company harmless from any and all claims asserted and/or liability or losses suffered by reason the Customer's failure to disclose information or of any incorrect or false statement by the Customer or its agent, representative or contractor upon which the Company reasonably relied. The Customer agrees that the Customer has an affirmative non-delegable duty to disclose any and all information required to import, export or enter the goods.

## 7. Declaring Higher Value To Third Parties.

Third parties to whom the goods are entrusted may limit liability for loss or damage; the Company will request excess valuation coverage only upon specific written instructions from the Customer, which must agree to pay any charges therefore: in the absence of written instructions or the refusal of the third party to agree to a higher declared value, at Company's discretion, the goods may be tendered to the third party, subject to the terms of the third party's limitations of liability and/or terms and conditions of service.

## 8. Insurance.

Unless requested to do so in writing and confirmed to Customer in writing, Company is under no obligation to procure insurance on Customer's behalf; in all cases, customer shall pay all premiums and costs in connection with procuring requested insurance.

## 9. Disclaimers; Limitation of Liability.

(a) Except as specifically set forth herein, Company makes no express or implied warranties in connection with its services;

(b) Subject to (d) below, Customer agrees that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and proximate cause of any injury to Customer, including loss or damage to Customer's goods, and the Company shall in no event be liable for the acts of third parties;

(c) In connection with all services performed by the Company, Customer may obtain additional liability coverage, up to the actual or declared value of the shipment or transaction, by requesting such coverage and agreeing to make payment therefore, which request must be confirmed in writing by the Company prior to rendering services for the covered transaction(s).

(d) In the absence of additional coverage under (c) above, the Company's liability shall be limited to the following:

(i) where the claim arises from activities other than those relating to customs brokerage, $50.00 per shipment or transaction, or

(ii) where the claim arises from activities relating to "Customs business," $50.00 per entry or the amount of brokerage fees paid to Company for the entry, whichever is less;

(e) In no event shall Company be liable or responsible for consequential, indirect, incidental, statutory or punitive damages even if it has been put on notice of the possibility of such damages.

## 10. Advancing Money.

All charges must be paid by Customer in advance unless the Company agrees in writing to extend credit to customer; the granting of credit to a Customer in connection with a particular transaction shall not be considered a waiver of this provision by the Company.

## 11. Indemnification/Hold Harmless.

The Customer agrees to indemnify, defend, and hold the Company harmless from any claims and/or liability arising from the importation or exportation of Customer's merchandise and/or any conduct of the Customer, including but not limited to the inaccuracy of entry, export or security data supplied by Customer or its agent or representative which violates any Federal, State and/or other Laws, and further agrees to indemnify and hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims; in the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail at its address on file with the Company.

## 12. C.O.D. or Cash Collect Shipments.

Company shall use reasonable care regarding written instructions relating to "Cash/Collect" on "Deliver (C.O.D.)" shipments, bank drafts, cashier's and/or certified checks, letter(s) of credit and other similar payment documents and/or instructions regarding collection of monies but shall have no liability if the bank or consignee refuses to pay for the shipment.

## 13. Costs of Collection.

In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and interest at 15% per annum or the highest rate allowed by law, whichever is less, unless a lower amount is agreed to by Company.

## 14. General Lien And Right To Sell Customer's Property.

(a) Company shall have a general and continuing lien on any and all property of Customer coming into Company's actual or constructive possession or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or both;

(b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any on-going storage or other charges; Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien.

(c) Unless, within thirty days of receiving notice of lien, Customer posts cash or letter of credit at sight, or, if the amount due is in dispute, an acceptable bond equal to 110% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, Company shall have the right to sell such shipment(s) at public or private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer'

## 15. No Duty To Maintain Records For Customer.

Customer acknowledges that pursuant to Sections 508 and 509 of the Tariff Act, as amended, (19 USC §1508 and §1509) it has the duty and is solely liable for maintaining all records required under the Customs and/or other Laws and Regulations of the United States; unless otherwise agreed to in writing, the Company shall only keep such records that it is required to maintain by Statute(s) and/or Regulation(s), but not act as a "recordkeeper" or "recordkeeping agent" for Customer.

## 16. Obtaining Binding Rulings, Filing Protests, etc.

Unless requested by Customer in writing and agreed to by Company in writing, Company shall be under no obligation to undertake any pre- or post- Customs release action, including, but not limited to, obtaining binding rulings, advising of liquidations, filing of petition(s) and/or protests, etc.

## 17. Preparation and Issuance of Bills of Lading.

Where Company prepares and/or issues a bill of lading, Company shall be under no obligation to specify thereon the number of pieces, packages and/or cartons, etc.; unless specifically requested to do so in writing by Customer or its agent and Customer agrees to pay for same, Company shall rely upon and use the cargo weight supplied by Customer.

## 18. No Modification or Amendment Unless Written.

These terms and conditions of service may only be modified, altered or amended in writing signed by both Customer and Company; any attempt to unilaterally modify, alter or amend same shall be null and void.

## 19. Compensation of Company.

The compensation of the Company for its services shall be included with and is in addition to the rates and charges of all carriers and other agencies selected by the Company to transport and deal with the goods and such compensation shall be exclusive of any brokerage, commissions, dividends, or other revenue received by the Company from carriers, insurers and others in connection with the shipment. On ocean exports, upon request, where Company acts as a forwarder, upon request, the Company shall provide a detailed breakout of the components of all charges assessed and a true copy of each pertinent document relating to these charges. In any referral for collection or action against the Customer for monies due the Company, upon recovery by the Company, the Customer shall pay the expenses of collection and/or litigation, including reasonable attorneys' fees.

## 20. Severability.

In the event any Paragraph(s) and/or portion(s) hereof is found to be invalid and/or unenforceable, then in such event the remainder hereof shall remain in full force and effect. Company's decision to waive any provision herein, either by conduct or otherwise, shall not be deemed to be a further or continuing waiver of such provision

## 21. Governing Law; Consent to Jurisdiction and Venue.

These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of California, without giving consideration to principles of conflict of law. Customer and Company

(a) irrevocably consent to the jurisdiction of the United States District Court;

(b) agree that any action relating to the services performed by Company, shall only be brought in said court;

(c) consent to the exercise of in personam jurisdiction by said courts over it, and

(d) further agree that any action to enforce a judgment may be instituted in any jurisdiction.


*Approved by: NATIONAL CUSTOMS BROKERS AND FORWARDERS ASSOCIATION OF AMERICA, INC. (REVISED 7/2009)*

## 22. Per Diem.

The Customer will be liable for trucker's wait time, demurrage and per diem or per day charges and/or detention charges.

## 23. Free Time.

The free time of the cargo will be as per underlying carrier's policy.

## 24. Telex Release.

Shipments will be released unless a written hold request is received. The Company cannot warranty that a telex or express release will be held.