# Ex. E

**Examples of Chen and Counsel Using the Shayne's Terms and Conditions of Services (TCS) in support of their briefs and pleadings**

# Sworn Affidavit by Defendant Chen in Support of Her Motion for Reargument
# (Dkt. No. 100)

| HLXU8057236 | 9NK-0010498-2 |
| --- | --- |
| | Importer of Record: Eagle Trading LLC |
| | Invoice Purchaser: Eagle Trading LLC |
| | Bill of Lading Consignee: Eagle Trading LLC |
| OOCU6964350 | 9NK-0010377-8 |
| | Importer of Record: Eagle Trading LLC |
| | Invoice Purchaser: Eagle Trading LLC |
| | Bill of Lading Consignee: Eagle Trading LLC |

Annexed as Exhibit E is a summary of total amount unpaid pursuant to the invoices in Exhibit D as of August 2019 with a breakdown of amount owed for Customs Broker services, unpaid customs duties advanced by my company, and other supply chain expenses incurred and charged, with a further breakdown for the five (5) containers being held pursuant to our lien rights per the POA.

Zhang, in executing the POA as COO and on behalf of Eagle Trading USA, LLC, acknowledge receipt of Chen's terms and condition and not having made any timely objection, they became the operative terms of the agreement between Eagle and Chen.

> "Grantor acknowledges receipt of May Y Chen DBA Ability Customs Brokers' Terms and Conditions of Service between the parties. If the Grantor is a Limited Liability Company, the signatory certifies that he/she has full authority to execute this power on behalf of the Grantor."

See Exhibit "G" annexed hereto.

Paragraph 11 of the Terms and Conditions of the Power of Attorney entered into by Eagle (Exhibit G) provides as follows:

> "...11. <u>Indemnification/Hold Harmless</u>.
> The Customer agrees to indemnify, defend, and hold the Company harmless from any claims and/or liability arising from the importation or exportation of

5

> Customer's merchandise and/or any conduct of the Customer, including but not limited to the inaccuracy of entry, export or security data supplied by Customer or its agent or representative which violates any Federal, State and/or other laws, and further agrees to indemnify and hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims; in the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail at its address on file with the Company…"
>
> Paragraph 13 of the Terms and Conditions of the Power of Attorney entered into by Eagle (Exhibit G) provides as follows:
>
> "…13. <u>Costs of Collection.</u>
> In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and interest at 15% per annum or the highest rate allowed by law, whichever is less, unless a lower amount is agreed to by Company…"

By reason of Eagle's failure to pay the foregoing invoices (Exhibits B, C and D), I exercised my lien rights with respect to the five (5) Containers listed above both with respect to services and expenses associated with those 5 containers as well as amounts outstanding with respect to 131 additional containers, which Eagle and Zhang had failed to pay as of that time, all of which are the subject of the now dismissed Third-Party Complaint in this action and the complaint filed in the case of <u>May Yan Chen d/b/a Ability Customs Brokers -v- Eagle Trading USA, LLC, Xiyan Zhang and Shiping Jia</u> (22-cv- 658).

Of note is the fact that Ameriway does not appear as the owner or purchaser of the goods nor as the shipper or consignee on the bills of lading with respect to any of the entries identified by Ameriway in its Second Amended Complaint, (ECF #21).

Zhang went out of his way to keep the two companies Eagle Trading LLC and Plaintiff,

# Signed Brief in Support of Motion for Reargument by Counsel William Shayne
# Dkt. No. 101

Party in Interest as the Importer of Record (see copies of all the unpaid invoices and customs entry documents at Exhibit "D" submitted in support of this motion, all of which identify Eagle as the Importer of Record). Moreover, since the motion to dismiss the Third-Party Complaint was filed 15 months ago, despite numerous demands by Chen in the present case for proof of ownership or possessory rights from Ameriway, Ameriway has failed/refused to produce the demanded documentation, even to this day, which issue is presently being addressed by the appointed Magistrate Judge.

By reason of the foregoing, the proper party to enforce any claims with regard to the containers/cargo Chen cleared through customs pursuant to the Power of Attorney that gave Chen the authority to do so would be Eagle and its principals, Xiyan Zhang and Shiping Jia.

**POINT II: CHEN HAD THE RIGHT TO LIEN THE CONTAINERS & CARGO PURSUANT TO THE TERMS AND CONDITIONS OF THE POWER OF ATTORNEY**

Zhang, executed the Power of Attorney as COO on behalf of Eagle Trading USA, LLC (see Exhibit "G" in support of this motion). The Power of Attorney Zhang signed with Chen (Exhibit "G") provides as follows:

> "Grantor acknowledges receipt of May Y Chen DBA Ability Customs Brokers' Terms and Conditions of Service between the parties. If the Grantor is a Limited Liability Company, the signatory certifies that he/she has full authority to execute this power on behalf of the Grantor."

(See copy of Power of Attorney with Terms and Conditions at Exhibit "G" annexed hereto).

Paragraph 11 of the Terms and Conditions of the Power of Attorney entered into by Defendant, Eagle with Plaintiff, Chen provide as follows:

> "...11. Indemnification/Hold Harmless.
> The Customer agrees to indemnify, defend, and hold the Company harmless from any claims and/or liability arising from the importation or exportation of Customer's merchandise and/or any conduct of the Customer, including but not limited to the inaccuracy of entry, export or security data supplied by Customer or its agent or representative which violates any Federal, State and/or other laws, and

further agrees to indemnify and hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims; in the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail at its address on file with the Company…"

Paragraph 13 of the Terms and Conditions of the Power of Attorney entered into by Defendant, Eagle with Plaintiff, Chen provide as follows:

"…13. Costs of Collection.
In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and interest at 15% per annum or the highest rate allowed by law, whichever is less, unless a lower amount is agreed to by Company…"

Paragraph 14 of the Terms and Conditions of the Power of Attorney entered into by Defendant, Eagle with Plaintiff, Chen provide as follows:

"…14. General Lien and Right To Sell Customer's Property.
(a) Company shall have a general and continuing lien on any and all property of Customer coming into Company's actual or constructive possession or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or both;
(b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any on-going storage or other charges; Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien.
(c) Unless, within thirty days of receiving notice of lien, Customer posts cash or letter of credit at sight, or, if the amount due is in dispute, an acceptable bond equal to 110% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, Company shall have the right to sell such shipment(s) at public or private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer…"

By reason of Eagle's failure to pay the foregoing invoices (Exhibits B, C and D), Chen exercised her general lien rights with respect to the five (5) Containers listed above both with respect to services and expenses associated with those 5 containers as well as with respect to the 126 containers, which Chen had already cleared through Customs and which Chen had

# Signed Pleading in Third-Party Lawsuit Against Eagle Trading USA LLC by Counsel Richard Schrier and William Shayne

(Case 1:22-cv-00658, Dkt. No. 3)

684. In August 2019 on behalf of Eagle, Chen had cleared Container #BMOU5390536 [hereinafter referred to as "Container E" or "Container #0536"] from customs but had not yet arranged for the delivery of the container into Eagle's custody or control. ;

685. By reason of the non-payment of the invoices sent to Defendant, Eagle, Plaintiff exercised her lien rights pursuant to the terms and conditions of the Power of Attorney entered into with Plaintiff on April 11, 2017, a copy of which is attached hereto as Exhibit "G".

686. More specifically, paragraph 11 of the Terms and Conditions of the Power of Attorney entered into by Defendant, Eagle with Plaintiff, Chen provide as follows:

> "…11. <u>Indemnification/Hold Harmless</u>.
> The Customer agrees to indemnify, defend, and hold the Company harmless from any claims and/or liability arising from the importation or exportation of Customer's merchandise and/or any conduct of the Customer, including but not limited to the inaccuracy of entry, export or security data supplied by Customer or its agent or representative which violates any Federal, State and/or other laws, and further agrees to indemnify and hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims; in the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail at its address on file with the Company…"

687. More specifically, paragraph 13 of the Terms and Conditions of the Power of Attorney entered into by Defendant, Eagle with Plaintiff, Chen provide as follows:

> "…13. <u>Costs of Collection.</u>
> In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and interest at 15% per annum or the highest rate allowed by law, whichever is less, unless a lower amount is agreed to by Company…"

688. More specifically, paragraph 14 of the Terms and Conditions of the Power of Attorney entered into by Defendant, Eagle with Plaintiff, Chen provide as follows:

> "…14. <u>General Lien and Right To Sell Customer's Property</u>.
> (a) Company shall have a general and continuing lien on any and all property of Customer coming into Company's actual or constructive possession or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or both;
> (b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any on-going storage or other charges; Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien.
> (c) Unless, within thirty days of receiving notice of lien, Customer posts cash or letter of credit at sight, or, if the amount due is in dispute, an acceptable bond equal to 110% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, Company shall have the right to sell such shipment(s) at public or private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer…"

689. By reason of Defendant, Eagle's failure to pay the foregoing invoices, Plaintiff, Chen exercised her lien rights pursuant to the Terms and Conditions of the Power of Attorney with respect to Container A [Container #4350"].

690. By reason of Defendant, Eagle's failure to pay the foregoing invoices, Plaintiff, Chen exercised her lien rights pursuant to the Terms and Conditions of the Power of Attorney with respect to Container B ["Container #3481"].

691. By reason of Defendant, Eagle's failure to pay the foregoing invoices, Plaintiff, Chen exercised her lien rights pursuant to the Terms and Conditions of the Power of Attorney with respect to Container C ["Container #7236"].

692. By reason of Defendant, Eagle's failure to pay the foregoing invoices, Plaintiff, Chen exercised her lien rights pursuant to the Terms and Conditions of the Power of Attorney with respect to Container D ["Container #8454"].