# Ex. F

Chen's Response to Plaintiff's February 4, 2022 Interrogatories

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AMERIWAY CORP,**  Plaintiff<br><br>v<br><br>**MAY Y CHEN,**<br>**ABILITY CUSTOMS BROKERS, INC.**<br>Defendants. | 19-CV-09047 (VSB) (DCF) |

**DEFENDANT'S RESPONSE TO AMERIWAY CORPORATION'S SECOND SET OF INTERROGATORIES (NOS. 15-20)**

As and for Defendant's Response to Plaintiff Ameriway Corporation (hereinafter "Ameriway") Second set of Interrogatories (Nos. 15-20), Defendant May Yan Chen d/b/a Ability Customs Brokers responds as follows:

**Interrogatory No. 15.** Describe in detail how the "Terms and Conditions of Service"

("Terms and Conditions") identified in Exhibits A, B and C were created including:

a. Date on which the "Terms and Conditions" was first created.

Terms and conditions identified in Exhibits A, B, and C are updates to 1994 terms and conditions previously used by Defendant. The basic text of Exhibits A, B and C was first issued in 2009. The version presented was first created in June 2017.

b. Date on which the "Terms and Conditions" was first sent to Defendants' customers.

The exact date that Defendant sent out copies of terms and conditions to clients is unknown, however, upon information and belief copies of the then current terms and conditions were sent to clients beginning in 2011.

b.  Name(s) of the person(s) who worked on the "Terms and Conditions."

   Upon information and belief Harvey Issacs was the attorney who was responsible for the formulation of the revised and now utilized industry-wide accepted terms and conditions

c.  How the "Terms and Conditions" was created.

   Industry-standard Terms and Conditions were originally created by the New York Customs Brokers and Freight Forwarders Association, then the largest association representing Customs Brokers, and then adopted and updated by the NCBFAA.  The NCBFAA issued a version in June 1994 which was subsequently updated in June 2009 which version is an industry wide accepted terms and conditions.

d.  What software was used to create the "Terms and Conditions."

   Defendant has no knowledge of the software used to create the terms and conditions.

f.  The serial number of the computer on which the "Terms and Conditions" was created.

   Defendant has no knowledge of the serial number of the computer used to create the terms and conditions.

g.  The email address from which the "Terms and Conditions" was first sent.

   Defendant has no knowledge of the email address from which the terms and conditions were first sent.

.h.  The email address to which the "Terms and Conditions" was first sent.

   Defendant has no knowledge of the email address to which the terms and conditions were first sent.

**Interrogatory No. 16.**   Describe in detail how the webpage "Terms and Conditions of Services" at http://abilitycb.com/?page_id=2508 was first created including:

a.  Date on which the webpage was first created.
   Unknown

   b. Name(s) of the person(s) who created the webpage.

      Philip Chin

   b. Name(s) of the person(s) who worked and updated the webpage.

      Philip Chin

   c. The webhosting service used by Defendants for the webpage.

      Namecheap

   e. Software used to create the webpage.

      WordPress

   f. Documents used to create the webpage.

      None

**Interrogatory No. 17.** Provide the full name and contact information of all customers, contractors, and vendors to whom the "Terms and Conditions" identified in Exhibits A, B and C were sent to prior to April 11, 2017 including:

   a. All customers for whom Defendants provided customs clearance services.

      OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24.

   b. All customers for whom Defendants provided trucking and freight services.

      OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24.

   c. All customers for whom Defendants provided warehousing services.

      OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24.

d. All customers for whom Defendants provided any type of services for fees.

   OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24.

**Interrogatory No. 18.** Provide the full name and contact of all customers, contractors, vendors to whom the "Terms and Conditions" identified in Exhibits A, B and C were sent from April 11, 2017 to present including:

e. All customers for whom Defendants provided customs clearance services.

   OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24.

f. All customers for whom Defendants provided trucking and freight services.

   OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24.

g. All customers for whom Defendants provided warehousing services.

   OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24.

h. All customers for whom Defendants provided any type of services for fees.
   OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24.

**Interrogatory No. 19.** Describe in detail Defendants' membership status with the National Customs Brokers & Forwarders Association (NCBFAA) of America, Inc. including:

   Defendant, like most Customs Brokers, is not a direct member of the NCBFAA and is instead a member of Customs Brokers and Forwarders Association of Northern California ("CB&FANC") , an affiliate association to the NCBFAA.

a. Date on which Defendants first joined the NCBFAA.

   Not applicable

b. Defendants' membership status for years 2016-2019.

   Defendant was a member of CB&FANC during the period 2016-2019.

**Interrogatory No. 20.** Describe in detail all occasions when Defendants asserted a general and/or specific lien against Defendants' customers other than Ameriway based on the "Terms and Conditions" identified in Exhibits A, B and C since April 11, 2017 including:

a. Name and contact information of the customer against whom the liens were asserted.

   None.

b. Date on which any lien was asserted.

   Not applicable.

c. Reasons why the liens were asserted.

   Never required as other clients paid their bills when due.

                 Shayne Law Group

Dated: April 28, 2022          By: _s/Richard E. Schrier_
                   Richard E. Schrier, esq.
                   *Attorney for Plaintiff Ameriway Corporation*
                   *595 Stewart Avenue*
                   *Garden City , New York 11530*
                   *516-739-8000*

# CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2022, I caused a copy of Defendant's Responses to Ameriway Corporation's SECOND SET OF INTERROGATORIES to be served via electronic mail upon:

Pete Wolfgram, Esq. and Xiyan Zhang, Esq. of the law firm of Stratum Law.

Shayne Law Group

By: _s/Richard E. Schrier_
Richard E. Schrier, esq.
*Attorney for Plaintiff Ameriway Corporation*
*595 Stewart Avenue*
*Garden City , New York 11530*
*516-739-8000*