# Ex. L

Excerpt of Transcript of Conference with Judge Figueredo on May 23, 2022

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK


In re:                              :
                                         Docket #17cv8834
 AMERIWAY CORPORATION,              :    1:17-cv-08834-AT-VF

              Plaintiff,            :

  - against -                       :

 CHEN, et al.,                      :    New York, New York
                                         May 23, 2022
              Defendants.           :

------------------------------------ :   TELEPHONE CONFERENCE

                      PROCEEDINGS BEFORE
              THE HONORABLE VALERIE FIGUEREDO,
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          STRATUM LAW FIRM
                        BY:  PETER WOLFGRAM, ESQ.
                        S76-W19896 Prospect Drive
                        Muskego, Wisconsin 53150

                        STRATUM LAW FIRM
                        BY:  XIYAN ZHANG, ESQ.
                        150 Monument Road, Suite 207
                        Bala Cynwyd, Pennsylvania 19083

For Defendants:         SCHRIER, FISCELLA & SUSSMAN, LLC
                        BY:  RICHARD SCHRIER, ESQ.
                        825 East Gate Boulevard, Suite 320
                        Garden City, New York 11530

Transcription Service:  Carole Ludwig, *Transcription Services*
                        155 East Fourth Street #3C
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Email:  Transcription420@aol.com

Proceedings conducted telephonically and recorded by
electronic sound recording;
Transcript produced by transcription service.
```

APPEARANCES (CONTINUED):

For Defendants:          SHAYNE LAW GROUP P.C.
                         BY:  WILLIAM SHAYNE, ESQ.
                         64 Fulton Street, Suite 1000
                         New York, New York 10038

```
 1                                                               6
 2  you a little perspective, and I take the hit on this, Judge,
 3  when they first, there was terms and conditions that Mr.
 4  Shayne whose specialty is import/export, I do litigation,
 5  but Mr. Shayne in the regular course of his business, when
 6  he gets a client he looks at the, he knows that the terms
 7  and conditions have been evolving over the years because of
 8  different decisions in the Customs Court. And what he
 9  does whenever he gets a new client, he does, he
10  presents them with the terms and conditions and they
11  usually accept because it asks (inaudible) had before
12  and updates things.  And he did that after he was
13  retained by the defendant in this case, and they then
14  proceeded to put it on the website. That was not the
15  terms and conditions, that was done after this case
16  was started. Those are not the terms and conditions
17  that would apply in this case.
18          I, it's actually my staff, when plaintiff
19  asked for copies of the, of the power of attorney
20  which has terms and conditions, it refers to it in
21  there, we were, we just inadvertently under the
22  impression that it was the three-page version which is
23  what was added by Mr. Shayne, and it was put in
24  initially downloaded into our system, so whenever they
25  asked for terms and conditions we spit it out and we
```

2  gave them, you know, the power of attorney terms and
3  conditions.  When plaintiff raises and issue and we
4  got into it, I realized our mistake and the
5  plaintiffs, I'm sorry, the defendant Chen was working
6  for another company before she got her license as a
7  customs broker. When she got her license and she
8  started her own company she took the terms and
9  conditions that they were using at her old job and
10 gave it to the printer and said, you know, put my name
11 in instead of the prior employer's names and those are
12 the terms and conditions that she was using and that's
13 a one page version.  Both of them, they happened to be
14 different numbered paragraphs, I think it's 13 and 14,
15 respectively, but they both referred to a general, a
16 general lien. I don't want to insult the Court's
17 intelligence with this but a specific lien will allow
18 you to assert a lien against property that you have in
19 possession. In this case when there is nonpayment by
20 the --
21         THE COURT:  Sorry, can I just interrupt you
22 just so that we don't go on at length. So my
23 understanding of the dispute is that the plaintiffs
24 want these native documents of the terms and
25 conditions or at least documents that predated April,

```
 1                                            23
 2  from his client, the old document, so we can compare
 3  the timelines here?
 4           MR. SHAYNE:  Your Honor, I have no problem
 5  with taking a look, however, what I actually said was
 6  when I get, when I take on a client, I don't, I review
 7  their power of attorney, I do not review their terms
 8  and conditions, I just give them their updated terms
 9  and conditions, that's all I do.  So the date of, of
10  receipt or review, there is no review of earlier terms
11  and conditions, it's just not done.
12           MR. WOLFGRAM:  You said you updated and
13  revised them, how would you know what you're updating
14  then, sir?
15           MR. SHAYNE:  Well if you want to testify for
16  me, that's okay.
17           MR. WOLFGRAM:  You're going to --
18           MR. SHAYNE:  I'm telling you that the way that
19  I do it is I review and revise the power of attorney,
20  okay, but the terms and conditions I do not review and
21  revise, the terms and conditions I simply provide them
22  with what I consider to be the updated version in the
23  industry, that's it, okay.  So the fact of the matter
24  is I will be more than happy to look, Your Honor, in
25  terms of when I got that, but I will tell you I did
```

not review them.

        THE COURT: Well, Mr. Shayne --

        MR. WOLFGRAM: Your Honor, he said he was -- pardon. Sorry.

        THE COURT: No, I was just going to say would it be fine for, would it be okay for Mr. Shayne to provide an affidavit to that effect or a declaration, something under oath?

        MR. SCHRIER: Absolutely.

        THE COURT: Okay, so would that satisfy plaintiffs?

        MR. WOLFGRAM: Your Honor --

        THE COURT: In addition to those searches that we've discussed, obviously.

        MR. WOLFGRAM: It would be a starting point, Your Honor, I just think it is very, number one, defendants cannot produce any electronic versions of the prior terms and conditions and, number two, Mr. Shayne said he never received the document from his client. He received the power of attorney but he never received this new terms and conditions of service sheet. And he just took it upon himself to create evidence in a federal case and probably made himself, he most certainly made himself a fact witness, him and Mr. Shayne, because this is essential evidence --

```
 1                                                      40
 2
 3
 4                    C E R T I F I C A T E
 5
 6        I, Carole Ludwig, certify that the foregoing
 7   transcript of proceedings in the case of Ameriway
 8   Corporation versus Chen, et al., Docket #19cv9407, was
 9   prepared using digital transcription software and is a true
10   and accurate record of the proceedings.
11
12
13
14   Signature_____*Carole Ludwig*_____
15                 Carole Ludwig
16   Date:    June 2, 2022
17
18
19
20
21
22
23
24
25
```