# Ex. N

Excerpt of Transcript for Conference with Judge Freeman on April 8, 2022 - Chen's Counsel Falsely Represented to the Court that Shayne's TCS was on the Back of the Original POA

```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF NEW YORK


In re:                              :
                                        Docket #17cv8834
 AMERIWAY CORPORATION,              :  1:17-cv-08834-AT-VF

              Plaintiff,            :

  - against -                       :

 CHEN, et al.,                      :  New York, New York
                                       April 8, 2022
              Defendants.           :

------------------------------------ :  TELEPHONE CONFERENCE

                   PROCEEDINGS BEFORE
            THE HONORABLE DEBRA FREEMAN,
            UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:         STRATUM LAW FIRM
                       BY:  PETER WOLFGRAM, ESQ.
                       S76-W19896 Prospect Drive
                       Muskego, Wisconsin 53150

                       STRATUM LAW FIRM
                       BY:  XIYAN ZHANG, ESQ.
                       150 Monument Road, Suite 207
                       Bala Cynwyd, Pennsylvania 19083

For Defendants:        SCHRIER, FISCELLA & SUSSMAN, LLC
                       BY:  RICHARD SCHRIER, ESQ.
                       825 East Gate Boulevard, Suite 320
                       Garden City, New York 11530

Transcription Service: Carole Ludwig, *Transcription Services*
                       155 East Fourth Street #3C
                       New York, New York 10009
                       Phone:  (212) 420-0771
                       Email:  Transcription420@aol.com


Proceedings conducted telephonically and recorded by
electronic sound recording;
Transcript produced by transcription service.
```

APPEARANCES (CONTINUED):

For Defendants:         SHAYNE LAW GROUP P.C.
                        BY:  WILLIAM SHAYNE, ESQ.
                        64 Fulton Street, Suite 1000
                        New York, New York 10038

          THE COURT: All right, now with respect to the
other issue that was put in front of me, which relates to
this document called Terms and Conditions of Services,
which was filed by Mr. Schrier in November, plaintiff is
suggesting that there's an authenticity issue with that
document, has given reasons why there is an authenticity
issue with that document or why they have a good faith
basis for believing that, and say they have served
discovery requests aimed at getting at I guess electronic
information to try to show when the document was created
and also statements by defendant going toward when and
how that document was created. And defendants' position
with respect to responding to these document requests and
interrogatories, do you want to explain your position on
this record?
          MR. SCHRIER: I think it's really the notice to
admit. Counsel served notice to admit --
          THE COURT: Well, wait, wait, wait. No, I have
a second set of interrogatories, I have a second set of
requests for admissions. I also have a third set of
requests for production of documents. I've been given as
attachments three sets of discovery demands.
          MR. SCHRIER: The - with regard to the notice to
admit, from my understanding, the penalty for, on the

```
 1                                              25
 2          MR. SCHRIER:  You're asking about my litigation
 3   strategy I think, Judge, (indiscernible) correct that I
 4   do not have to answer that question.  But I understand
 5   what you - you've pinpointed an issue that we discussed
 6   over here and we made certain litigation decisions.  So,
 7   yes, I understand that, what you're saying.  I
 8   respectfully request that I don't have to answer that.
 9          THE COURT:  All right, well, let's turn to the
10   discovery demands then where --
11          MR. SCHRIER:  If I could --
12          THE COURT:  -- the plaintiff is seeking to
13   compel responses.
14          MR. SCHRIER:  If I could.  Here's the problem
15   that we're having, Judge, we're trying to figure it out
16   ourselves.  On the power of attorney, on the reverse side
17   of the power of attorney, there are terms and conditions.
18   Those terms and conditions are on the client's website
19   with the power of attorney.  So anyone can just go to it.
20   The question is when that website was started and what
21   the procedure was before it was started in terms of hard
22   copies, what was done and not done in a normal regular
23   course of business.  I, frankly, had a vacation in
24   between when this witness came down, so I've been, I've
25   definitely been tardy on this, so I - but the fact is I'm
```

26

trying to figure it out myself, and I don't have the answer right now.

    We've been in communication with the client as recently as yesterday on this issue, and we're trying to determine when - we know that the terms and conditions have existed for 15, 20 years. What we don't know is procedurally how it was communicated to the clients and more specifically to this client, meaning Eagle not to, not to Ameriway, but to Eagle. They're the one who signed the power of attorney.

    So I'm endeavoring to do that. I hope to get that squared away hopefully in the next week or two. We're trying, we're really trying to figure it out. It's not an easy task, unfortunately. It's not so readily available.

    THE COURT: When you say these were in existence for years --

    MR. SCHRIER: Yes.

    THE COURT: -- in existence electronically for years?

    MR. SCHRIER: Well, the answer is yes, but they were also - procedurally the powers of attorney were sent, signed and sent back, and the ones that were sent would have on the rear of the power of attorney this term

| | 27 |
|---|---|

2  and conditions.  That's what the document was set up as.
3  Whether – when things started to get emailed and not hard
4  copies back and forth, I don't know and I'm trying to
5  determine because the people that were doing this in my
6  client's company are no longer there and we're trying –
7  we know what the intended procedure is.  We're trying to
8  determine whether it was done in this particular case.
9         It's our understanding, just so, it's that
10 whenever anything was sent, the terms and conditions were
11 also sent.  We're trying to find proof of that so we can
12 satisfy the plaintiff's request.  We know what the terms
13 and conditions say, we've produced that already.  We've
14 given copies to them.  It's not a matter of we don't know
15 what the terms and conditions say; what they're trying
16 to, what they would be arguing if I were they is we never
17 got that, and we believe they did get that, and I can't,
18 and I'm trying to find the proof that they were provided
19 with those terms and conditions.  That's the issue at
20 hand.
21        THE COURT:  That's a narrow issue, but the
22 document requests and interrogatories ask for a lot of
23 specific information.  So even if you can't quite figure
24 out the answer to what you think is the bottom line
25 question, you could still produce native files of a

```
                                                        60
                      C E R T I F I C A T E


        I, Carole Ludwig, certify that the foregoing
transcript of proceedings in the case of Ameriway
Corporation versus Chen, et al., Docket #19cv9407, was
prepared using digital transcription software and is a
true and accurate record of the proceedings.



Signature_____*Carole Ludwig*_____
             Carole Ludwig
Date:    June 7, 2022
```