# EXHIBIT "J"

**From:** resincourtt@aol.com,
**To:** xzhang@stratumlaw.com, pwolfgram@stratumlaw.com,
**Cc:** resincourt@aol.com, wshayne@shaynelawgroup.com, jaimohaque@gmail.com,
**Subject:** Re: Ameriway v Chen
**Date:** Thu, Apr 28, 2022 10:11 am
**Attachments:** CHEN RESPONSE TO Ameriway's Third Request for Production 4-28-22.pdf (112K),
CHEN RESPONSES TO Ameriway Second Set of Interrogatories- 4-28-29.pdf (114K)

Per Judge Freeman's order, attached please find:
1. Defendant, Chen's Response to Plaintiff's Third Request for Production of Documents and

2. Defendant Chen's Response to Plaintiff's Second Set of Interrogatories.

Defendant would like to take Mr. Zhang's deposition on May 5, 2022. Please advise if you are available.

SCHRIER SHAYNE KOENIG SAMBERG & RYNE P.C.
RICHARD E. SCHRIER, ESQ
595 STEWART AVENUE
GARDEN CITY, NEW YORK 11530
516-739-8000
F: 516-739-8004
C: 516-578-8999
resincourt@aol.com
richardschrier@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERIWAY CORP,<br><br>                      Plaintiff<br><br>v<br><br>MAY Y CHEN,<br>ABILITY CUSTOMS BROKERS, INC.<br>                      Defendants. | 19-CV-09047 (VSB) (DCF) |

**DEFENDANT'S RESPONSE TO AMERIWAY CORPORATION'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS (NOS. 42-63)**

As and for Defendants Response to Ameriway Corp.'s ("Ameriway") Third Set of Requests of Production of Documents states as follows:

**REQUEST FOR PRODUCTION NO. 42:**

All native files of the "Terms and Conditions of Service" as shown in Exhibits A, B and C created prior to April 10, 2019.

Defendant does not understand what the term "native files" refers to and therefore objects to this demand. Notwithstanding the foregoing, Defendant does not recall where or exactly when the copy of the terms and conditions was first obtained when she began business operations.

**REQUEST FOR PRODUCTION NO. 43:**

All native files of the "Terms and Conditions of Service" as shown in Exhibits A, B and C created between April 10, 2019 and August 22, 2019.

Defendant does not understand what the term "native files" refers to and therefore objects to this demand. Notwithstanding the foregoing, Defendant does not recall where or when the copy of the terms and conditions were first obtained that were in force and effect during the period April 10, 2019 and August 22, 2019.

**REQUEST FOR PRODUCTION NO. 44:**

All native files of the "Terms and Conditions of Service" as shown in Exhibits A, B and C created between August 22, 2019 and present.

Defendant does not understand what the term "native files" refers to and therefore objects to this demand. Further, Defendant objects to this demand as it calls for the production of attorney's work product.

**REQUEST FOR PRODUCTION NO. 45:**

All native files of the email including attachments sent from Defendants to Ameriway on April 10, 2017, as shown in Exhibit D.

Defendant does not understand what the term "native files" refers to and therefore objects to this demand. Notwithstanding the foregoing, Defendant has searched her records and is unable to locate the above mentioned email that is attached as Exhibit D.

**REQUEST FOR PRODUCTION NO. 46:**

All email communications, including attachments sent from Defendants to their customers containing the "Terms and Conditions of Service," as attached in Exhibits A, B and C, prior to April 11, 2017.

OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24

**REQUEST FOR PRODUCTION NO. 47:**

All email communications including attachments sent from Defendants to its customers containing the "Terms and Conditions of Service" shown in Exhibits A, B and C from April 11, 2017 to August 22, 2019.

OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24

**REQUEST FOR PRODUCTION NO. 48:**

All email communications including attachments sent from Defendants to its customers containing the "Terms and Conditions of Service" shown in Exhibits A, B and C from August 22, 2019 to present.

OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24

**REQUEST FOR PRODUCTION NO. 49:**

All email communications including attachments between Defendants' employees relating to the "Terms and Conditions of Service" shown in Exhibits A, B and C prior to April 11, 2017.

OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24

**REQUEST FOR PRODUCTION NO. 50:**

All email communications including attachments between Defendants' employees relating to the "Terms and Conditions" shown in Exhibits A, B and C from April 11, 2017 to August 22, 2019.

OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24

**REQUEST FOR PRODUCTION NO. 51:**

All email communications including attachments between Defendants' employees relating to the "Terms and Conditions of Service" shown in Exhibits A, B and C from August 22, 2019 to the present.

OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24

**REQUEST FOR PRODUCTION NO. 52:**

All documents relating to the creation and update of the "Terms and Conditions of Services" webpage at http://abilitycb.com/?page_id=2508.

Upon information and belief, no such documents exist.

**REQUEST FOR PRODUCTION NO. 53:**

All communications between Defendants and the person who created and updated the webpage "Terms and Conditions of Services" at http://abilitycb.com/?page_id=2508.

Upon information and belief, no such documents exist.

## *REQUEST FOR PRODUCTION NO. 54:*

All written communication relating to the "Terms and Conditions of Service" shown in Exhibits A, B and C between Defendants and any third party.

Except as to communications between Defendant and counsel, which is subject to the Attorney-client privileged, Disclosure is precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24 and therefore this demand is objected to.

## REQUEST FOR PRODUCTION NO. 55:

All documents indicating the creation date of the "Terms and Conditions of Service" in Exhibits A, B and C.

Defendant does not have possession of documentation relating to the creation of terms and conditions that were utilized by Defendant in the regular course of her business.

## REQUEST FOR PRODUCTION NO. 56:

All documents indicating Defendants' membership status with the National Customs Brokers & Forwarders Association of America, Inc. prior to April 11, 2017.

Defendant has not been and is not a member of the National Customs Brokers & Forwarders Association of America, but rather has been and is a member in good standing of the Customs Brokers & Forwarders of Northern California for over 10 years.

## REQUEST FOR PRODUCTION NO. 57:

All documents indicating Defendants' membership status with the National Customs Brokers & Forwarders Association of America, Inc. from April 11, 2017 to August 22, 2019.

Defendant has not been and is not a member of the National Customs Brokers & Forwarders Association of America, but rather has been and is a member in good standing of the Customs Brokers & Forwarders of Northern California for over 10 years.

## REQUEST FOR PRODUCTION NO. 58:

All documents indicating Defendants' membership status with the National Customs Brokers & Forwarders Association of America, Inc. from August 22, 2019 to present.

Defendant has not been and is not a member of the National Customs Brokers & Forwarders Association of America, but rather has been and is a member in good standing of the Customs Brokers & Forwarders of Northern California for over 10 years.

**REQUEST FOR PRODUCTION NO. 59:**

All communications between Defendants and the National Customs Brokers & Forwarders Association of America, Inc. relating to the "Terms and Conditions of Service" shown in Exhibit A prior to April 11, 2017.

To Defendant's knowledge, no such documentation exists.

**REQUEST FOR PRODUCTION NO. 60:**

All communications between Defendants and the National Customs Brokers & Forwarders Association of America, Inc. relating to the "Terms and Conditions of Service" shown in Exhibit A from April 11, 2017 to August 22, 2019.

To Defendant's knowledge, no such documentation exists.

**REQUEST FOR PRODUCTION NO. 61:**

All communications between Defendants and the National Customs Brokers & Forwarders Association of America, Inc. relating to the "Terms and Conditions of Service" shown in Exhibit A from August 22, 2019 to the present.

To Defendant's knowledge, no such documentation exists.

**REQUEST FOR PRODUCTION NO. 62:**

All native files for letters sent to any party from January 1, 2014 to the present indicating Defendants' intent to exercise the general lien purportedly granted under ¶14 of the "Terms and Conditions of Service."

Defendant does not understand what the term "native files" refers to and therefore objects to this demand. Notwithstanding the foregoing, Defendant has never had the occasion or need to exert or exercise a lien against any other client. Eagle Trading USA LLC is the first client that has failed to pay so many of its bills.

**REQUEST FOR PRODUCTION NO. 63:**

All emails from January 1, 2014 to the present between Defendants and any party relating to Defendants' intent to exercise the general lien provisions purportedly granted under ¶14 of the "Terms and Conditions of Service."

Defendant has never had the occasion or need to exert or exercise a lien against any other client. Eagle Trading USA LLC is the first client that has failed to pay so many of its bills.

Shayne Law Group

Dated: April 28, 2022  
Garden City, New York

By: _s/Richard E. Schrier_____  
Richard E. Schrier, esq.  
*Attorney for Plaintiff Ameriway Corporation*  
*595 Stewart Avenue*  
*Garden City, New York 11530*  
*516-739-8000*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of April, 2022, I caused a copy of Defendant's Response to Ameriway Corporation's THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS to be served via electronic mail upon: Pete Wolfgram, Esq. and Xiyan Zhang, Esq. of the law firm of Stratum Law LLC

                                        Shayne Law Group

Dated: April 28, 2022                By: _s/Richard E. Schrier_
       Garden City, New York         Richard E. Schrier, esq.
                                              *Attorney for Plaintiff Ameriway Corporation*
                                              *595 Stewart Avenue*
                                              *Garden City, New York 11530*
                                              *516-739-8000*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERIWAY CORP,<br><br>Plaintiff<br><br>v<br><br>MAY Y CHEN,<br>ABILITY CUSTOMS BROKERS, INC.<br>Defendants. | 19-CV-09047 (VSB) (DCF) |

## DEFENDANT'S RESPONSE TO AMERIWAY CORPORATION'S SECOND SET OF INTERROGATORIES (NOS. 15-20)

As and for Defendant's Response to Plaintiff Ameriway Corporation (hereinafter "Ameriway") Second set of Interrogatories (Nos. 15-20), Defendant May Yan Chen d/b/a Ability Customs Brokers responds as follows:

**Interrogatory No. 15.** Describe in detail how the "Terms and Conditions of Service" ("Terms and Conditions") identified in Exhibits A, B and C were created including:

    a. Date on which the "Terms and Conditions" was first created.

> Terms and conditions identified in Exhibits A, B, and C are updates to 1994 terms and conditions previously used by Defendant. The basic text of Exhibits A, B and C was first issued in 2009. The version presented was first created in June 2017.

    b. Date on which the "Terms and Conditions" was first sent to Defendants' customers.

> The exact date that Defendant sent out copies of terms and conditions to clients is unknown, however, upon information and belief copies of the then current terms and conditions were sent to clients beginning in 2011.

1

b. Name(s) of the person(s) who worked on the "Terms and Conditions."

Upon information and belief Harvey Issacs was the attorney who was responsible for the formulation of the revised and now utilized industry-wide accepted terms and conditions

c. How the "Terms and Conditions" was created.

Industry-standard Terms and Conditions were originally created by the New York Customs Brokers and Freight Forwarders Association, then the largest association representing Customs Brokers, and then adopted and updated by the NCBFAA. The NCBFAA issued a version in June 1994 which was subsequently updated in June 2009 which version is an industry wide accepted terms and conditions.

d. What software was used to create the "Terms and Conditions."

Defendant has no knowledge of the software used to create the terms and conditions.

f. The serial number of the computer on which the "Terms and Conditions" was created.

Defendant has no knowledge of the serial number of the computer used to create the terms and conditions.

g. The email address from which the "Terms and Conditions" was first sent.

Defendant has no knowledge of the email address from which the terms and conditions were first sent.

.h. The email address to which the "Terms and Conditions" was first sent.

Defendant has no knowledge of the email address to which the terms and conditions were first sent.

**Interrogatory No. 16.** Describe in detail how the webpage "Terms and Conditions of Services" at http://abilitycb.com/?page_id=2508 was first created including:

a. Date on which the webpage was first created.
Unknown

2

b. Name(s) of the person(s) who created the webpage.
Philip Chin

b. Name(s) of the person(s) who worked and updated the webpage.

Philip Chin

c. The webhosting service used by Defendants for the webpage.

Namecheap

e. Software used to create the webpage.
WordPress

f. Documents used to create the webpage.
None

**Interrogatory No. 17.**   Provide the full name and contact information of all customers, contractors, and vendors to whom the "Terms and Conditions" identified in Exhibits A, B and C were sent to prior to April 11, 2017 including:

a. All customers for whom Defendants provided customs clearance services.

OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24.

b. All customers for whom Defendants provided trucking and freight services.

OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24.

c. All customers for whom Defendants provided warehousing services.

OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24.

3

d.  All customers for whom Defendants *provided any type of services for fees.*

   OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24.

**Interrogatory No. 18.**   Provide the full name and contact of all customers, contractors, vendors to whom the "Terms and Conditions" identified in Exhibits A, B and C were sent from April 11, 2017 to present including:

e.  All customers for whom Defendants provided customs clearance services.

   OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24.

f.  All customers for whom Defendants provided trucking and freight services.

   OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24.

g.  All customers for whom Defendants provided warehousing services.

   OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24.

h.  All customers for whom Defendants provided any type of services for fees.
   OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24.

**Interrogatory No. 19.**   Describe in detail Defendants' membership status with the National Customs Brokers & Forwarders Association (NCBFAA) of America, Inc. including:

   Defendant, like most Customs Brokers, is not a direct member of the NCBFAA and is instead a member of Customs Brokers and Forwarders Association of Northern California ("CB&FANC"), an affiliate association to the NCBFAA.

4

a. Date on which Defendants first joined the NCBFAA.

Not applicable

b. Defendants' membership status for years 2016-2019.

Defendant was a member of CB&FANC during the period 2016-2019.

**Interrogatory No. 20.**   Describe in detail all occasions when Defendants asserted a general and/or specific lien against Defendants' customers other than Ameriway based on the "Terms and Conditions" identified in Exhibits A, B and C since April 11, 2017 including:

a. Name and contact information of the customer against whom the liens were asserted.

None.

b. Date on which any lien was asserted.

Not applicable.

c. Reasons why the liens were asserted.

Never required as other clients paid their bills when due.

Shayne Law Group

Dated: April 28, 2022

By: _s/Richard E. Schrier_
Richard E. Schrier, esq.
*Attorney for Plaintiff Ameriway Corporation*
*595 Stewart Avenue*
*Garden City, New York 11530*
*516-739-8000*

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2022, I caused a copy of Defendant's Responses to Ameriway Corporation's SECOND SET OF INTERROGATORIES to be served via electronic mail upon:

Pete Wolfgram, Esq. and Xiyan Zhang, Esq. of the law firm of Stratum Law.

Shayne Law Group

By: _s/Richard E. Schrier_
Richard E. Schrier, esq.
*Attorney for Plaintiff Ameriway Corporation*
595 Stewart Avenue
Garden City, New York 11530
516-739-8000

6