# EXHIBIT "K"

**From:** pwolfgram@stratumlaw.com,
**To:** resincourtt@aol.com,
**Cc:** xzhang@stratumlaw.com, wshayne@shaynelawgroup.com, jaimohaque@gmail.com, resincourt@aol.com,
**Subject:** Re: Ameriway v Chen
**Date:** Tue, May 3, 2022 1:23 pm

Richard,

Plaintiff's Document Demand Nos. 46-51 seeks all documents, emails, and attachments relating to the "Terms and Conditions of Service" document purportedly in force and effect when the parties executed the 2017 POA, identified in Exs. A, B, and C of our Third Document Request, dated February 4, sent between Chen and her customers and employees. You claimed these documents are protected from disclosure by 19 CFR Sec. 111.24, which states the records shall not be shared with "<u>persons</u> other than those clients, their surety on a particular entry, and the Field Director, Office of International Trade, Regulatory Audit, the special agent in charge, the <u>port director</u>, *or other duly accredited* <u>officers</u> *or agents of the United States, except on subpoena by a court of competent jurisdiction.*"

Plaintiff's counsel are licensed to practice in the Court of the Southern District of New York; they are thus theoretically and actually officers of that federal Court. Our document requests operate as subpoenas "by a court of competent jurisdiction." Further, the Court's April 8 written **ORDER** mandating the production of these documents operates as a "subpoena" of far greater authority. That Chen's customer records would somehow be beyond the reach of a federal court is an unfounded argument, and we repeat that you are likely in contempt of the Court's Order by refusing to turn over the documents.

You also incorrectly asserted privilege based on 19 CFR Sec. 111.24 with respect to Interrogatory Nos. 17-18, in which we are seeking the names of any customers whom Chen allegedly sent the Terms and Conditions of Service document in the course of her business. We are seeking underlying facts here, not records, in this interrogatory request. Your objection is thus invalid.

It is a basic tenant of discovery that production logs must be provided for every document being withheld based on any type of privilege, even if the requested documents are part of a "statutorily prohibited class," which is certainly not the case here. I am not even sure what you mean by this term. In any event, the Court must assess the merits of your privilege claim on a document-by-document basis. Your blanket privilege objections indicate that you did not even search for the documents, and is tantamount to a non-answer.

With respect to Document Demands 42-45, you claimed that Chen does not know what "native files" refer to and "therefore objects to this demand." We expressly described what native files were in our Motion to Compel, and you should have instructed her on this point as her counsel pursuant to your obligations under the federal rules. Also, any practicing litigator would understand this commonly used term in discovery. You cannot simply state that Chen "doesn't know" what 'native files' are to avoid your discovery obligations.

Document Demand 44 sought "[a]ll native files of the "Terms and Conditions of Service" as shown in Exhibits A, B and C created between August 22, 2019 and present." You responded that "Defendant does not understand what the term "native files" refers to and therefore objects to this demand. Further, Defendant objects to this demand as it calls for the production of attorney's work product."

Again, you need to support your work-product objection with a sufficiently detailed production log, detailing on a document-by-document basis which materials are being withheld and the nature of the privilege. For each document withheld, the party asserting privilege must identify the nature of the privilege, the type of document, its subject matter, date, author, addressees, and any other recipients, and where not otherwise apparent, the relationship of the author, addressees, and other recipients to each other.

Your work product claim indicates that Chen's counsel, Attorney William Shayne, created native files related to the 'Terms and Conditions of Service' document as shown in Exhibits A, B, and C of our Document Requests during litigation, or in advance thereof -- specifically that he formatted the footers, inserted the California Jurisdictional Clause and Chen's company name into the preexisting Terms and Conditions of Service form. The work product privilege requires that you must disclose whether Attorney

Shayne created this document in a privilege log. Further, Chen published the 'Terms and Conditions of Service' document on her website, which clearly constitutes a waiver for the underlying native files. We will raise this specific matter with the Court in the following days.

With respect to Interrogatory No. 15, we requested specific information about the Terms and Conditions of Service *document purportedly attached* to the 2017 POA and used by Chen during the course of her business; again, this *document* includes Chen's company name, a California Jurisdictional Clause, and unique footers. Our Motion to Compel, in which we expressly informed the Court that we had grave doubts about the Terms and Conditions of Service document's authenticity, clearly indicated that we wanted specific information about the document's creation date, among other things. Our questions clearly related to Chen's use of the document. We obviously did not request a general history about the "basic text" of the "industry-wide" terms adopted by NCBFAA. As if this wasn't clear enough, Interrogatory No. 15 (d-h) requests specific information about what software was used to create the Terms and Conditions of Service document, the email address from which it was first sent to Chen, and the serial number of the computer on which the document was first created, etc.. That is why we labeled your responses "evasive" in our earlier email. You are required to make a conscientious effort to understand the question, and provide full and complete answers in good-faith. We do not believe you have come close to this standard.

We will not table this issue until Chen's deposition, as you suggested. In fact, we won't be able to conduct Chen's deposition until the compelled discovery requests are resolved. (See Freeman's order on April 8.)

Moreover, you failed to provide a privilege log for Document Demand 54, which seeks "[a]ll written communication relating to the 'Terms and Conditions of Service' shown in Exhibits A, B and C between Defendants and any third party," for which you asserted attorney-client privilege. You already waived privilege twice, and the Court ordered you to turn over all written communication between Chen and any third party, *including her counsel*, relating to the Terms and Conditions of Service document. You must therefore produce all written communication between Chen and her counsel related to the 'Terms and Conditions' of service document purportedly in force and effect when the 2017 POA was executed.

Therefore, please provide **all** the requested documentation and complete interrogatory answers pursuant to the Court's April 8 Order by Friday, May 3, or we will be forced to file a Motion for Contempt early next week and seek related fees. To be clear, we do not recognize any of your asserted privileges.

Again, we'd like to meet-and-confer over the phone on Wednesday or Thursday of this week, please let us know when.

**Pete Wolfgram | Stratum Law**
150 Monument Road Ste. 207
Bala Cynwyd, PA 19125

*************************************************************

The information contained in this communication is confidential and is intended only for the use of the intended addressee. It is the property of Stratum Law LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@stratumlaw.com, and destroy this communication and all copies thereof, including all attachments.

---- On Mon, 02 May 2022 19:14:13 -0700 **RICHARD E. SCHRIER <resincourtt@aol.com>** wrote ----

XIYAN;

THE PRIVILEDGE THAT WAS ASSERTED WAS WITH REGARD TO YOUR IMPROPER DEMAND FOR INFORMATION REGARDING OTHER CLIENT'S OF DEFENDANT, WHICH AS IDENTIFIED IN THE RESPONSE, IS STATUTORILY PROHIBITED.

WHAT IS YOUR AUTHORITY THAT WE ARE REQUIRED TO PRODUCE A PRIVILEDGE LOG WHEN THE OBJECTION IS RELATED TO A STATUTORILY PROHIBITED CLASS OF DOCUMENTS.

I BELIEVE YOU ARE CONFUSING THE REQUIREMENT WHEN A SPECIFIC DOCUMENT IS OBJECTED TO, SUCH AS AN ATTORNEY-CLIENT PRIVILEDGE OBJECTION TO A SPECIFIC DEMAND.

WITH RESPECT TO THE INTERROGATORIES, PLEASE BE MORE SPECIFIC AS TO HOW THE PROVIDED ANSWERS WERE EVASIVE. I SUGGEST THAT WE DEAL WITH THAT ISSUE AT THE DEPOSITION.


SCHRIER SHAYNE KOENIG SAMBERG & RYNE P.C.
RICHARD E. SCHRIER, ESQ
595 STEWART AVENUE
GARDEN CITY, NEW YORK 11530
516-739-8000
F: 516-739-8004
C: 516-578-8999
resincourt@aol.com
richardschrier@gmail.com


-----Original Message-----
From: Xiyan Zhang <xzhang@stratumlaw.com>
To: RICHARD E. SCHRIER <resincourtt@aol.com>; pwolfgram@stratumlaw.com <pwolfgram@stratumlaw.com>
Cc: RICHARD E. SCHRIER <resincourt@aol.com>; wshayne@shaynelawgroup.com <wshayne@shaynelawgroup.com>; jaimohaque@gmail.com <jaimohaque@gmail.com>
Sent: Mon, May 2, 2022 10:24 am
Subject: Re: Ameriway v Chen


Richard:

We have several issues with your April 28 response to our discovery requests. You raised blanket privileges based on several grounds (AC/WP/19 CFR), but the Court already ordered you to produce these documents on April 8. Thus, You are likely now in contempt of the Courts order.

Also, you did not provide a privilege log of the documents you purportedly reviewed, which is a basic requirement for asserting privilege. This is another ground for waiver.

Your responses to our interrogatories were also evasive, specifically with respect to the Terms and Conditions of Service document, which Chen allegedly used in 2017.

We need to discuss these issues ASAP. What time works for you this week? Please give us your availability for Tuesday, Wednesday or Thursday. We will do our best to accommodate your schedule.

Thanks,

Xiyan Zhang | Stratum Law LLC

*********************************************

The information contained in this communication is confidential and is intended only for the use of the intended addressee. It is the property of Stratum Law LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@stratumlaw.com, and destroy this communication and all copies thereof, including all attachments.

**From:** "RICHARD E. SCHRIER" <resincourtt@aol.com>
**Reply-To:** "RICHARD E. SCHRIER" <resincourtt@aol.com>
**Date:** Thursday, April 28, 2022 at 10:11 AM
**To:** "xzhang@stratumlaw.com" <xzhang@stratumlaw.com>, "pwolfgram@stratumlaw.com" <pwolfgram@stratumlaw.com>
**Cc:** "RICHARD E. SCHRIER" <resincourt@aol.com>, "wshayne@shaynelawgroup.com" <wshayne@shaynelawgroup.com>, "jaimohaque@gmail.com" <jaimohaque@gmail.com>
**Subject:** Re: Ameriway v Chen

Per Judge Freeman's order, attached please find:
1. Defendant, Chen's Response to Plaintiff's Third Request for Production of Documents and

2. Defendant Chen's Response to Plaintiff's Second Set of Interrogatories.

Defendant would like to take Mr. Zhang's deposition on May 5, 2022. Please advise if you are available.

SCHRIER SHAYNE KOENIG SAMBERG & RYNE P.C.
RICHARD E. SCHRIER, ESQ
595 STEWART AVENUE
GARDEN CITY, NEW YORK 11530
516-739-8000
F: 516-739-8004
C: 516-578-8999
resincourt@aol.com
richardschrier@gmail.com