# EXHIBIT "U"

# Attachment B - Part 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AMERIWAY CORPORATION**<br><br>                              **Plaintiff,**<br><br>                 **v.**<br><br>**MAY YAN CHEN, and**<br><br>**ABILITY CUSTOMS INC.**<br><br>                              **Defendants** | **19 -cv-09407 (VSB) (DCF)**<br><br>**DEFENDANTS DEMAND**<br>**FOR THE PRODUCTION**<br>**OF DOCUMENTS** |
| **MAY YAN CHEN**<br><br>                    **Third-Party Plaintiff,**<br><br><br>                 **v.**<br><br>**EAGLE TRADING LLC,**<br><br>**XIAN ZHANG, and**<br><br>**JOHN DOE Members of EAGLE TRADING**<br>**LLC**<br><br>                    **Third-Party**<br>                    **Defendants** | |

**PLEASE TAKE NOTICE** that, pursuant to FRCP Rule 34, Defendants, May Yan Chen (hereinafter "Chen") and Ability Customs, Inc. by and through their attorneys, Shayne Law Group, P.C. hereby demands that Plaintiff produce the following documents or other tangible items on or before November 15, 2020 and do so at the offices of Shayne Law Group, 64 Fulton Street, New York, New York 11038.

- 1 -

## DEFINITIONS

In responding to these document demands, the following instructions and definitions apply:

### I.     Definitions

A.  As used herein the term "Plaintiffs" unless otherwise specified within the body of the discovery demand, shall refer to **AMERIWAY CORPORATION**

B.     As used herein the term "Defendants" unless otherwise specified within the body of the discovery demand, shall refer to **MAY YAN CHEN, individually and doing business as Ability Customs Broker.**

C.     As used herein, the term "you" or "your" shall refer to the Plaintiff, including where applicable, any of their past or present corporate parents, partners, divisions, subsidiaries, officers, directors, representatives, trustees, agents, employees, affiliates, predecessors, successors, and all other persons acting or purporting to act on behalf of Plaintiff.

D.     As used herein, the terms "person" or "persons" shall mean each and every individual, corporation, partnership, joint venture, social or political organization or any other entity, whether real or judicial or incorporated or unincorporated, encompassed within the usual and customary meaning of "person" or "persons" or otherwise encompassed within this definition.

E.     The "acts" of a person are defined in these document demands so as to include the acts of directors, officers, owners, members, employees, agents, or attorneys acting on the person's behalf.

F.     The terms "subsidiary" and "related" as used in these definitions and these document demands means a business enterprise, the operations of which are subject to another person's control through whole or partial ownership of the capital stock or as more specifically described in any questions or request.

- 2 -

G.    The term "affiliate" as used in these definitions and these document demands means a company effectively controlled by another person but associated with another person under common ownership or control.

H.    **Ameriway Corporation,** (also sometimes referred to as "Ameriway") refers to **Ameriway** and its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, affiliates, assignees, employees, attorneys, and any other person acting on its behalf.

I.    The conjunctions "and" and "or" shall be interpreted to mean "and/or" and construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside its scope.

J.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

K.    The term "oral communication" as used in these definitions and these document demands shall mean any utterance heard by any other person, whether in person, by telephone or otherwise.

L.    The "Complaint" means the Second Amended Complaint filed in this action.

M.    As used herein, the term "Document" or "Documentation" means and includes the original, and every copy of any original or copy which any way from any original, of, every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means whatever, including without limitation, e-mails, text messages, so called "IM" messages, books, records, papers, pamphlets, brochures, catalogs, manuals, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, laboratory or

engineering reports, correspondence, electronic mails, communications, telegrams, telexes, memoranda, analyses, summaries, abstracts, tariffs, tax returns, financial statements, profit and loss statements, cash flow statements, books of account, balance sheets, reviews, annual or other periodic reports, estimates, prospectuses, registration solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, drafts, work papers, projections, studies, transcriptions, notations of meeting, notations of telephone conversations, computer tapes, computer data storage material (including disks and CD-Rom), printouts, transaction tapes, microfilm, microfiche, magnetic tape, discs, data cells, appointment book agenda diaries, telephone bills and toll call records, expense reports, checkbooks, cancelled checks, bills, bank statements, confirmations, receipts, invoices, contracts, agreements, directives, bulletins, instruments, assignments, applications, offers, acceptance, proposals, financing statements, documents of title, appraisals, purchase orders, bills of lading, U.S. Customs documents, shipping orders, freight bills, delivery tickets, way bills, manifest lists, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, video tapes, films, or filmstrips.

N.    The term "thing" as used in these definitions and these document demands and means any physical object, other than a document.

O.    The term "relating to" as used in these definitions and these document demands means relating to, pertaining to, referring to, constituting, evidencing, containing, describing, or involving.

P.    The singular form of any word used herein includes the plural form, and vice versa, when necessary to include any information otherwise within the scope of any request.

Q.    "Agreement" refers to any agreement entered by and between Plaintiff and Defendant

R.    "Zhang" shall mean the Third-Party Defendant, Xiyan Zhang.

S.    "Eagle" shall mean the Third-Party Defendant, **EAGLE TRADING LLC.**

T.    "Chen" shall mean Defendant **May Yan Chen, individually and doing business as Ability Customs Brokers.**

U.  "Cargo" shall mean any item imported into the United States in which Plaintiff, Ameriway claims to have an interest in which Defendant Chen's/Ability Custom Brokers' services were utilized including but not limited to as a customs broker, freight forwarder, warehouseman, NOV, etc.

V.    "Containers" shall mean the list of containers identified in Exhibit "A" attached to this Demand for Documents.

W.    "Transactions" or "open invoices" shall mean the list of open invoices Defendant, Chen claims were unpaid by the Third-Party Defendant, Eagle, a list of which is identified in Exhibit "B" attached to this Demand for Documents.

## II.    Instructions

1.    If production of any document covered by this request is refused on the grounds of any claim of privilege, including, without limitation, a claim of "work product," a list is to be furnished identifying each document for which the privilege is claimed, together with the following information stated separately with respect to each document identified:

a.    The date of the documents;

b.    The name, address, and relationship to you of each person who authored, prepared, or signed the document;

c.    The name, address, and relationship to you of each person who was sent or furnished with the document;

- 5 -

d.      The present location of the document;

e.      A brief description of the document; and

f.      A statement of the basis for the claim of privilege. In the case of any document relating in any way to a meeting or other conversation, all persons involved in the meeting or conversation are to be identified.

2.      In the event that any document covered by this request has been destroyed, a list of such documents is to be furnished, together with the following information stated separately with respect to each such document:

a.      The date of the document;

b.      The name, address, and relationship to you of each person who authored, prepared, or signed the document;

c.      The name, address, and relationship to you of each person who was sent or furnished with the document, or received, viewed, or had custody of the document;

d.      A description of the document, including, but not limited to, its subject matter, number of pages, and any attachments thereto;

e.      The date of destruction;

f.      The manner of destruction;

g.      The reason for destruction;

h.      The name, address, and relationship to you of the person authorizing destruction; and

i.      The name, address, and relationship to you of the person destroying the document.

3.      This request is a continuing one and requires further and supplemental production by you as and whenever you acquire or create additional documents between the time of the initial production hereunder and the time of the trial in this matter.

4.      The documents requested shall be produced as they are maintained by Plaintiff in the usual course of business or be organized and labeled to correspond with the categories and numbers in the request.

5.      Any response to these requests shall set forth the request in full before each response. Separate responses shall be provided with respect to each request. If, after a good faith search, you conclude that there have never been documents responsive to a particular request, so state.

6.      The singular of any word used herein shall be deemed to include the plural of such word and the plural shall include the singular.

7.      The relevant time period applicable to these discovery demands is the period beginning from January 1, 2006 until the present date, unless otherwise specified within the discovery demand.


## **DOCUMENT DEMANDS**

1.      All documents upon which Plaintiff relied upon in support of Plaintiff's claims and defenses in this matter including but not limited to all documents relied on, used, considered, reviewed, or consulted by you to respond to any interrogatories or requests for admission propounded by Defendant in this litigation.

2.      **SUBSTANTIALLY PROVIDED** All documents identified in your Rule 26(a)(1) initial disclosures or any supplements or amendments thereto.

3.    **PROVIDED** Copies of all correspondence, including but not limited to: documents, memoranda, letters, agreements, contracts, e-mails, text messages, and faxes between Plaintiffs and Defendants regarding any of the issues raised by Plaintiffs in this lawsuit. With respect to each of the following containers, OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, APHU7253481, OOLU9537235 and as identified in Exhibit "A" and as were covered by the Transactions identified in Exhibit "B".

4.    **NOTHING PRODUCED** All documentation or correspondence with any employee or agent of Ameriway setting forth operational procedures with respect to consolidation of export shipments from foreign ports and the preparation and handling of commercial invoices or other documents in the name of Eagle Trading USA LLC.

5.    **NOTHING PRODUCED** Any written contracts or agreements between Ameriway and Eagle Trading USA LLC. including but not limited to the import, sale, transfer of ownership, storage or any other action taken with respect to any cargo/products/goods imported.

6.    **NOTHING PRODUCED** Ameriway Corp accounting ledgers showing amounts paid to, received from, or still owed to or from:

    a.    Eagle Trading LLC.

    b.    Each of the sellers or suppliers for the goods identified in container OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, APHU7253481, OOLU9537235 and as identified in Exhibit "A" and as were covered by the Transactions identified in Exhibit "B".

7.    **NOTHING PRODUCED** Records and documents regarding the purchase of the goods/cargo that are contained in the containers that Plaintiff claims Defendant improperly refused and/or is refusing to release to Plaintiff.

8.    **NOTHING PRODUCED** Records and documents regarding the actual cost of the goods/cargo from the manufacturer of those goods/cargo that are contained in the containers that Plaintiff claims Defendant improperly refused and/or is refusing to release to Plaintiff.

9.    **SOME PRODUCED** The following corporate documents relating to Ameriway Corp.:

 a. Corporate formation documents;

 b. Shareholders agreements; **PRODUCED.**

 c. Company bylaws;

 d. Documents identifying the shareholders, directors, and officers of Ameriway; **SOME PRODUCED**

 e. Business licenses permitting Ameriway to do business in the United States; **PRODUCED**

 f. Dissolution documents, to the extent that they exist; and

 g. Any and all terminations, cancellations, or revocations of any business licenses or approvals. **PRODUCED** and

10.    **SOME PRODUCED.**  Documents identifying any employees and third-party contractors who worked for and/or on behalf of Plaintiff between February 1, 2017 and October 31, 2019 with respect to the import, sale or transfer of any goods or cargo imported into the United States and for each such person or entity provide documentation which contains the contact information for each said person or entity including their name, title if an individual, last known address, phone and email.

- 9 -

11.    **SOME PRODUCED** All documents identifying any business transactions Plaintiff conducted with respect to the goods/cargo in the containers identified in Exhibit "A" between February 1, 2017 and October 31, 2019 including but not limited to:

    a.    Ameriway purchase order to any supplier other than Eagle for each of the goods contained in the container identified in Exhibit "A";

        a.    Invoice from any supplier other than Eagle to Ameriway from whom goods contained in

the containers identified in Exhibit "A" were obtained, and backup for payments of those invoices;

    b.    Ameriway Purchase order to Eagle for each of the goods contained in the containers identified in Exhibit "A";

    c.    Invoice from Eagle to Ameriway for each of the goods contained in the container identified in Exhibit A and backup for payment of that invoice.

12.    **NOTHING PRODUCED** All documents relating to business transactions Plaintiff conducted with respect to containers identified as OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, APHU7253481, OOLU9537235, including but not limited to correspondence with foreign suppliers, invoices from foreign suppliers, payments to foreign suppliers, any documents used to effectuate importations into the United States, correspondence with Eagle Trading USA LLC, and payments to Eagle Trading USA, LLC or other parties.

13.    **NOTHING PRODUCED** All documents related to payments made by Ameriway Corp to or on behalf of Eagle Trading USA LLC for the period of February 1, 2017 and October 31, 2019 including but not limited to:

    a.    all invoice from Eagle to Ameriway for reimbursement of expenses associated with the

importation of goods by Eagle;

    b.  each check or other instrument or record of payment for reimbursement of any expenses associated with the importation of goods by Eagle;

    c.  Each invoice from Eagle to Ameriway for services or other expenses relating to the goods contained in the containers identified in Exhibit "A" or in containers identified as OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, APHU7253481, OOLU9537235;

    d.  Copy of each check or other instruments of payment, whether issued by Plaintiff or received by Plaintiff with respect to goods/cargo in the containers identified as OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, APHU7253481, OOLU9537235;

    e.  Copy of any Ability invoice paid by Eagle for which Ameriway reimbursed Eagle with the cargo/goods contained in the containers identified in exhibit "A" or in containers identified as OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, APHU7253481, OOLU9537235;

    f.  Copy of any Ability invoice paid by either Eagle or Ameriway with respect to the containers identified as OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, APHU7253481, OOLU9537235;

    g.  Copy of each check or other instruments or record of payment with respect to any expense related to the goods, cargo or any other expense related to containers identified as OCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, APHU7253481, OOLU9537235;

    h.  All documents related to operating expenses paid by Ameriway Corp on behalf of Eagle Trading USA LLC for the period of February 1, 2017 and October 31, 2019 including but not limited to Rent, Phone, Internet, Payroll, Payroll taxes and/or other operating expenses;

14.    **SOME PRODUCED.** All documents related to communications between Plaintiff and any third-party contractors, Customs Brokers, and persons relating to containers identified as OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, APHU7253481, OOLU9537235 in Plaintiff's second amended complaint, including but not limited to all email communications made by Defendants and Defendants' employees.

15.    **NOTHING PRODUCED** Any drawings, literature, or samples of each good shipped in containers identified as OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, and APHU7253481 along with the cover communications from the supplier to Ameriway, to the extent that they were received prior to the commencement of this action.

16.    **NOTHING PRODUCED** All documents related to communications between Ameriway Corp and any Ameriway customers, clients, and vendors, including all communications made or received by Plaintiff's employees pertaining to OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, and APHU7253481.

17.    **NOTHING PRODUCED** All documents including contracts, correspondence, and proof of payment or collection of insurance with respect to each of the foreign entities who supplied cargo that was contained in containers identified as OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, and APHU7253481.

18.    **NOTHING PRODUCED** All documents identifying any business entity, foreign or domestic, related to Ameriway Corp by common ownership, membership, or combination of the same, common officers, or undertaking of expenses of one entity by another, including but not limited to LTA Ameriway and Eagle Trading USA LLC.

19.    NOTHING PRODUCED All documents related to the marketing of Ameriway

Corp business or services including advertising materials, promotional materials and any

electronic communications related to the promotion, advertising of Defendants' business.

20.    NOTHING PRODUCED Copies of all contracts between Ameriway and any of

the sellers, shippers, and/or suppliers of the goods contained in containers identified in Exhibit

"A".

21.    NOTHING PRODUCED All documents and communications relating to the

promotion and advertising of http://www.ameriwaycorp.com/ and

https://www.linkedin.com/company/ameriwaycorp/ .

22.    NOTHING PRODUCED All documents evidencing any payments made to

May Y Chen d/b/a Ability Customs Brokers with respect to containers identified as

OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, and APHU7253481.

23.    NOTHING PRODUCED All documents evidencing any payments made to

Defendant May Y Chen d/b/a Ability with respect to each of the invoices identified in

Exhibit "B".

24.    NOTHING PRODUCED All documents related to communications between

Plaintiff and any insurance carriers with respect to any shipment identified in Exhibit "A".

25.    NOTHING PRODUCED All documents evidencing the issuance and/or

revocation of a Power of Attorney issued on behalf of Ameriway to any Customs Broker or

Freight Forwarder that would have been effective at any point during the period of February 1,

2017 and October 31, 2019 regardless of whether they were executed or revoked during the

period.

26.    NOTHING PRODUCED All documentation with respect to Ameriway's claim that it paid greater than "fair consideration" for any of the services allegedly provided by Defendant regarding the goods contained in the containers identified in Exhibit "A".

27.    NOTHING PRODUCED All documentation with respect to Ameriway's claim that it paid greater than "fair consideration" for any of the expenses paid to Chen regarding the goods contained in the containers identified in Exhibit "A".

28.    NOTHING PRODUCED Copies of all English translations of any documents that are responsive to one or more of the proceeding requests.

29.    NOTHING PRODUCED Any and all documentation that supports Plaintiff's cause of action against Defendant for "conversion".

30.    NOTHING PRODUCED Any and all documentation that supports Plaintiff's cause of action against Defendant for "tortious interference with business relationships".

31.    NOTHING PRODUCED Any and all documentation that supports Plaintiff's cause of action against Defendant for "Defamation"

32.    NOTHING PRODUCED Any and all documentation that supports Plaintiff's cause of action against Defendant for "Fraud".

33.    NOTHING PRODUCED Any and all documentation that supports Plaintiff's cause of action against Defendant for "Unfair Business Practices".

34.    NOTHING PRODUCED Any and all documentation that supports Plaintiff's cause of action against Defendant under the federal "RICO" statute (18 USC 1962(c).

35.    NOTHING PRODUCED Any and all documentation that supports Plaintiff's claims for damages as demanded in the "Second Amended Complaint".

36.    NOTHING PRODUCED Any and all documentation in which Plaintiffs did or attempted to mitigate its alleged damages.

37.    NOTHING PRODUCED Copies of any and all documentation Plaintiffs provided to or will provide to any expert witness Plaintiff intends to call as a testifying expert at the trial of the above-captioned action.

38.    NOTHING PRODUCED A copy of any and all documents that Plaintiff intends to offer into evidence at the trial of the above-captioned action.


**THE FOREGOING DEMANDS ARE CONTINUING AND PLAINTIFF IS HEREBY PLACED ON NOTICE THAT DEFENDANT SHALL SEEK PRECLUSION OF ANY DOCUMENT WHICH PLAINTIFF FAILS TO TIMELY PROVIDE TO DEFENDANT PURSUANT TO THE FRCP.**

Dated: New York, New York
          October 12, 2020

                                        Yours, etc.,
                                        SHAYNE LAW GROUP P.C.


                                        By:  WILLIAM SHAYNE ESQ. WS5672
                                        64 Fulton Street
                                        New York, New York 11038
                                        Tel.: (212) 566-49498
                                        Fax: (212) 202-5423
                                        *Attorneys for the Defendants*


To:    Xiyan Zhang, Esq.
       Peter Wolfgram, Esq.
       **Stratum Law LLC**
       *Attorney for Plaintiff Ameriway Corporation*
       150 Monument Rd., Suite 207

- 15 -

Bala Cynwyd, PA  19004
Tel:  215-621-8008 Ext. 102

# Attachment B - Part 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AMERIWAY CORPORATION** <br><br>          **Plaintiff,** <br><br>    **v.** <br><br> **MAY YAN CHEN, and** <br><br> **ABILITY CUSTOMS INC.** <br><br>          **Defendants** | **19 -cv-09407 (VSB) (DCF)** <br><br> **DEFENDANTS 2ⁿᵈ** <br> **DEMAND FOR THE** <br> **PRODUCTION OF** <br> **DOCUMENTS** |
| **MAY YAN CHEN** <br><br>         **Third-Party Plaintiff,** <br><br>    **v.** <br><br> **EAGLE TRADING LLC,** <br><br> **XIAN ZHANG, and** <br><br> **JOHN DOE Members of EAGLE TRADING** **LLC** <br><br>         **Third-Party** <br>         **Defendants** | |

      **PLEASE TAKE NOTICE** that, pursuant to FRCP Rule 34, Defendants, May Yan Chen

(hereinafter "Chen") and Ability Customs, Inc. by and through their attorneys, Shayne Law

Group, P.C. hereby demands that Plaintiff produce the following documents or other tangible

items on or before February 26, 2021 and do so at the offices of Shayne Law Group, 64 Fulton

Street, New York, New York 10038.

## DEFINITIONS

In responding to these document demands, the following instructions and definitions apply:

### I.    Definitions

A.  As used herein the term "Plaintiffs" unless otherwise specified within the body of the

discovery demand, shall refer to **AMERIWAY CORPORATION**

B.     As used herein the term "Defendants" unless otherwise specified within the body of the

discovery demand, shall refer to **MAY YAN CHEN, individually and doing business as**

**Ability Customs Broker.**

C.     As used herein, the term "you" or "your" shall refer to the Plaintiff, including where

applicable, any of their past or present corporate parents, partners, divisions, subsidiaries,

officers, directors, representatives, trustees, agents, employees, affiliates, predecessors,

successors, and all other persons acting or purporting to act on behalf of Plaintiff.

D.     As used herein, the terms "person" or "persons" shall mean each and every individual,

corporation, partnership, joint venture, social or political organization or any other entity, whether

real or judicial or incorporated or unincorporated, encompassed within the usual and customary

meaning of "person" or "persons" or otherwise encompassed within this definition.

E.     The "acts" of a person are defined in these document demands so as to include the acts of

directors, officers, owners, members, employees, agents, or attorneys acting on the person's

behalf.

F.     The terms "subsidiary" and "related" as used in these definitions and these document

demands means a business enterprise, the operations of which are subject to another person's

control through whole or partial ownership of the capital stock or as more specifically described

in any questions or request.

- 2 -

G.      The term "affiliate" as used in these definitions and these document demands means a company effectively controlled by another person but associated with another person under common ownership or control.

H.      Ameriway Corporation, (also sometimes referred to as "Ameriway") refers to Ameriway and its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, affiliates, assignees, employees, attorneys, and any other person acting on its behalf.

I.      The conjunctions "and" and "or" shall be interpreted to mean "and/or" and construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside its scope.

J.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

K.      The term "oral communication" as used in these definitions and these document demands shall mean any utterance heard by any other person, whether in person, by telephone or otherwise.

L.      The "Complaint" means the Second Amended Complaint filed in this action.

M.      As used herein, the term "Document" or "Documentation" means and includes the original, and every copy of any original or copy which any way from any original, of, every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means whatever, including without limitation, e-mails, text messages, so called "IM" messages, books, records, papers, pamphlets, brochures, catalogs, manuals, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, laboratory or

- 3 -

engineering reports, correspondence, electronic mails, communications, telegrams, telexes, memoranda, analyses, summaries, abstracts, tariffs, tax returns, financial statements, profit and loss statements, cash flow statements, books of account, balance sheets, reviews, annual or other periodic reports, estimates, prospectuses, registration solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, drafts, work papers, projections, studies, transcriptions, notations of meeting, notations of telephone conversations, computer tapes, computer data storage material (including disks and CD-Rom), printouts, transaction tapes, microfilm, microfiche, magnetic tape, discs, data cells, appointment book agenda diaries, telephone bills and toll call records, expense reports, checkbooks, cancelled checks, bills, bank statements, confirmations, receipts, invoices, contracts, agreements, directives, bulletins, instruments, assignments, applications, offers, acceptance, proposals, financing statements, documents of title, appraisals, purchase orders, bills of lading, U.S. Customs documents, shipping orders, freight bills, delivery tickets, way bills, manifest lists, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, video tapes, films, or filmstrips.

N.      The term "thing" as used in these definitions and these document demands and means any physical object, other than a document.

O.      The term "relating to" as used in these definitions and these document demands means relating to, pertaining to, referring to, constituting, evidencing, containing, describing, or involving.

P.      The singular form of any word used herein includes the plural form, and vice versa, when necessary to include any information otherwise within the scope of any request.

Q.      "Agreement" refers to any agreement entered by and between Plaintiff and Defendant

R.      "Zhang" shall mean the Third-Party Defendant, Xiyan Zhang.

S.      "Eagle" shall mean the Third-Party Defendant, Eagle Trading LLC.

T.      "Chen" shall mean Defendant May Yan Chen, individually and doing business as Ability Customs Brokers.

U. "Cargo" shall mean any item imported into the United States in which Plaintiff, Ameriway claims to have an interest in which Defendant Chen's/Ability Custom Brokers' services were utilized including but not limited to as a customs broker, freight forwarder, warehouseman, NOV, etc.

V.      "Containers" shall mean the list of containers identified in Exhibit "A" attached to this Demand for Documents.

W.      "Transactions" or "open invoices" shall mean the list of open invoices Defendant, Chen claims were unpaid by the Third-Party Defendant, Eagle, a list of which is identified in Exhibit "B" attached to this Demand for Documents.

II.      **Instructions**

1.      If production of any document covered by this request is refused on the grounds of any claim of privilege, including, without limitation, a claim of "work product," a list is to be furnished identifying each document for which the privilege is claimed, together with the following information stated separately with respect to each document identified:

        a.      The date of the documents;

        b.      The name, address, and relationship to you of each person who authored, prepared, or signed the document;

    c.      The name, address, and relationship to you of each person who was sent or furnished with the document;

    d.      The present location of the document;

    e.      A brief description of the document; and

    f.      A statement of the basis for the claim of privilege. In the case of any document relating in any way to a meeting or other conversation, all persons involved in the meeting or conversation are to be identified.

2.     In the event that any document covered by this request has been destroyed, a list of such documents is to be furnished, together with the following information stated separately with respect to each such document:

    a.      The date of the document;

    b.      The name, address, and relationship to you of each person who authored, prepared, or signed the document;

    c.      The name, address, and relationship to you of each person who was sent or furnished with the document, or received, viewed, or had custody of the document;

    d.      A description of the document, including, but not limited to, its subject matter, number of pages, and any attachments thereto;

    e.      The date of destruction;

    f.      The manner of destruction;

    g.      The reason for destruction;

    h.      The name, address, and relationship to you of the person authorizing destruction; and

        i.      The name, address, and relationship to you of the person destroying the document.

3.      This request is a continuing one and requires further and supplemental production by you as and whenever you acquire or create additional documents between the time of the initial production hereunder and the time of the trial in this matter.

4.      The documents requested shall be produced as they are maintained by Plaintiff in the usual course of business or be organized and labeled to correspond with the categories and numbers in the request.

5.      Any response to these requests shall set forth the request in full before each response. Separate responses shall be provided with respect to each request. If, after a good faith search, you conclude that there have never been documents responsive to a particular request, so state.

6.      The singular of any word used herein shall be deemed to include the plural of such word and the plural shall include the singular.

7.      The relevant time period applicable to these discovery demands is the period beginning from January 1, 2006 until the present date, unless otherwise specified within the discovery demand.

## DOCUMENT DEMANDS

39. **NOTHING PRODUCED** Any corporate minutes or similar documentation which purport to authorize Xiyan Zhang to represent Ameriway Corp in any capacity including as its "CEO".

40. **NOTHING PRODUCED** Any minutes or operating agreements or similar documentation which purport to authorize Xiyan Zhang to represent Eagle Trading USA, LLC in any capacity including as its "COO".

41. **NOTHING PRODUCED** All documentation including but not limited corporate resolutions, bank resolutions, tax returns, or state filings which identifying the officers, directors, shareholders, and owners of Ameriway Corp for the period of January 1, 2017 to the present including but limited to those identified in Ameriway Corp's Shareholders Agreement. Bate Stamped "AMERIWAY – 0077171"

42. **NOTHING PRODUCED** All documentation including but not limited to operating agreements, resolutions, bank resolutions, tax returns, or state filings which identifying the officers, directors, members, and owners of Eagle Trading USA, LLC for the period of January 1, 2017 to date.

43. **NOTHING PRODUCED** All documentation including but not limited shareholder agreements, operating agreements, resolutions, bank resolutions, tax returns, or state filings which identifying the officers, directors, shareholders, members, and owners of LT Ameriway Corp. for the period of January 1, 2017 to date.

44. **NOTHING PRODUCED** All documentation including but not limited shareholder agreements, operating agreements, resolutions, bank resolutions, tax returns, or state filings which identifying the officers, directors, shareholders, members, and owners of Lante Ameriway Corp. for the period of January 1, 2017 to date.


THE FOREGOING DEMANDS ARE CONTINUING AND PLAINTIFF IS HEREBY PLACED ON NOTICE THAT DEFENDANT SHALL SEEK PRECLUSION OF ANY DOCUMENT WHICH PLAINTIFF FAILS TO TIMELY PROVIDE TO DEFENDANT PURSUANT TO THE FRCP.

Dated: New York, New York
January 26, 2021

Yours, etc.,
SHAYNE LAW GROUP P.C.

By:  WILLIAM SHAYNE ESQ. WS5672
64 Fulton Street
New York, New York 11038
Tel.:  (212) 566-4949
Fax:  (212) 202-5423
*Attorneys for the Defendants*

To:    Xiyan Zhang, Esq.
       Peter Wolfgram, Esq.
       **Stratum Law LLC**
       *Attorney for Plaintiff Ameriway Corporation*
       150 Monument Rd., Suite 207
       Bala Cynwyd, PA  19004
       Tel:  215-621-8008 Ext. 102

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERIWAY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MAY YAN CHEN,<br>ABILITY CUSTOMS INC.,<br><br>Defendants. | Case No.  19-CV-09407-VSB |

### JOINT LETTER ON DISCOVERY DISPUTES

Dear Judge Broderick:

Plaintiff Ameriway Corporation. ("Ameriway"), and Defendants May Yan

Chen/Ability Customs Inc., ("Chen") through their undersigned counsel, submit this joint

letter to seek the Court's help to resolve certain discovery disputes.

Respectfully submitted,

s/Xiyan Zhang_____
Xiyan Zhang
Pete Wolfgram
Stratum Law LLC

Counsel for Plaintiff

s/_ William Shayne_____
William Shayne
Richard Schrier
Schrier Shayne Koenig Samberg &
Ryne P.C.
Counsel for Defendants

**PLAINTIFF AMERIWAY'S PORTION:**

On behalf of Plaintiff Ameriway Corp. ("Plaintiff") in the above-referenced matter, our office requests an order compelling Defendants May Yan Chen and Ability Customs Inc. to produce documents listed in Attachment A. Counsel for both parties, Mr. Schrier and Mr. Shayne (for Defendants)/Mr. Zhang and Mr. Wolfgram (for Plaintiff), met-and-conferred about the discovery disputes on January 27, 2021 for roughly one hour, but were unable to resolve the discovery issues.

Ameriway brought this action seeking damages in fraud and conversion, among other claims, resulting from Defendants' illegal invoicing scheme and conversion of five cargo containers rightfully possessed by Ameriway. Ameriway retained Defendant Chen as its customs broker to file entries for at least 487 containers. Chen arranged trucking service for most of these containers, offered to advance certain "out-of-pocket" expenses to her third-party trucking carriers on behalf of Ameriway, and invoiced Ameriway for reimbursement. However, a large amount of these out-of-pocket expenses were inflated or wholly fabricated by Chen in an illegal invoicing scheme. Additionally, in an attempt to force Ameriway to immediately make a significant lump sum payment to cover her own financial losses, Chen detained Ameriway's containers from the Port of Newark without notice or valid lien rights.

> **Document Request Nos. 34, 35, and 40: Defendants did not produce direct invoices from their third-party carriers and vendors**

Defendants failed to provide a complete set of direct invoices from the third-party carriers Sarcona Management Inc. and WA Transportation Corp. In an exceedingly simple invoicing fraud scheme over a two-year period, Defendants received direct invoices from Sarcona/WA Transportation for certain "out-of-pocket" fees including "Cartage," "Transloading," "Chassis Rental," and "Terminal" fees. Defendants would then transfer these charges to its own invoice— but at a significantly higher rate—present the inflated invoices to Ameriway, and pocket the difference. In many cases, out-of-pocket expenses such as "Terminal fees" were wholly manufactured by Defendants and systematically passed onto Ameriway in hundreds of invoices within Defendants' normal course of business.

Defendants only produced 307 of the 487 direct carrier invoices from Sarcona/WA Transportation, nearly all of which contain inflated charges totaling approximately $75,000. In an email dated December 22, 2020, Ameriway identified, by container number, 180 missing carrier invoices necessary to complete damage assessments pursuant to its fraud and RICO claims (Counts V, and VII, respectively). Yet Defendants insisted that all the Sarcona/WA Transportation invoices in its possession have been produced.

This is untrue, since even Defendants' counsel, Mr. Schrier, stated the "only truckers utilized by Chen on behalf of Eagle as the Importer of Record was Washington Transport and Sarcona." The vast majority of Chen's invoices for the 487 containers listed trucking fees purportedly advanced on Ameriway's behalf—Chen must therefore have receipts for these "out-of-pocket" expenses in her possession. If Chen fronted funds to carriers other than Sarcona/WA Transportation, contrary to Mr. Schrier's belief, she should disclose their name and provide receipts and proof of the charges for the remaining 180 containers.

**Request No. 32:  All documents related to Defendants' communications and business dealings with those trucking companies or individuals that removed and/or detained the subject containers.**

Defendants only produced a partial correspondence between Defendant Chen and the third-party carrier, L&H Trucking, LLC, a/k/a Golden Silver Express, Inc., which was contracted to detain Plaintiff's containers at the port without Ameriway's authorization. For example, on August 22, 2019, Chen asks L&H to identify which trucking company removed one of the subject containers from the terminal.  L&H affirmed, "noted," but the record cuts off at this point until October 9th, when the parties discussed an unrelated chassis rental fee issue.  Clearly there are missing emails between August 22 and October 9 related to this issue.  Chen's arrangements with L&H to unilaterally detain the subject containers are directly relevant to Ameriway's conversion claim; Ameriway needs to know the circumstances leading up to the containers being taken from the port.  A complete correspondence related to this matter should thus be produced.

**Requests Nos. 10 and 41: Samples/Photos of the Detained Inventory, or Access to Inspect the Inventory at Defendants' Warehouse**

The inventory held within the five detained containers has an estimated fair market value of $1.8 million, the amount Ameriway is seeking in its conversion claim.  A detailed examination of the inventory is thus highly relevant to assess Ameriway's damages base.  Additionally, Ameriway only possesses information relating to general inventory categories (e.g., artificial flowers) for the purposes of filing entry summaries with CBP.  But assessing the FMV requires detailed product information (what *kind* of artificial flowers), requiring Defendant to provide photos and/or samples of the inventory, which is within Defendants' exclusive control.

Alternatively, since Defendants refuse to unseal the containers without a court order, fearing spoliation of the inventory, they should be compelled to make the inventory readily available for Plaintiff's inspection under Rule 34(a)(2) at Defendants' warehouse at 252 and 504 Doremus Avenue, Newark, New Jersey.  The inventory is not privileged, and "constitutes or contain[s] evidence relating to any of the matters within the scope of the examination permitted by Rule 26," notably Ameriway's conversion claim.  Further, the value of the inspection far outweighs any burdens imposed on Defendants—Chen would simply instruct her warehouse to unseal the containers and make the contents readily available to Ameriway's counsel. *Teer v. Law Eng'g & Envtl. Servs.*, 176 F.R.D. 206 (E.D.N.C. 1997).

**Ameriway's Production Is Responsive to Defendants' Production Requests**

While Ameriway requested specific documents in writing and during the parties' meet-and-confer conference, Defendants argued—without citing any specific documents and only twelve days before the Court's February 5th discovery deadline—that Ameriway's production was *generally* deficient and not organized by request category.

However, Defendants' First Set of Production of Documents, dated October 12, 2020, expressly gives Ameriway the option of producing documents "as they are maintained in the usual course of business…" Rule 34(E)(I); see also Rule 37(b)(2).  Accordingly, Ameriway's electronic document production is text-searchable, containing "information about emails…including the custodian for the email, information to link emails with attachments, and the date and time the email was sent or received. *See Heartland Food Prods., LLC v. Fleener*, No. 18-cv-2250-JAR-

TJJ, 2019 U.S. Dist. LEXIS 101113, at *3 (D. Kan. June 17, 2019), defining the standards of "maintained in the usual course of business," and citing *The Federal Judges' Guide to Discovery Edition 3.0* 186, 189 (The Electronic Discovery Institute, 2017). Further, Defendants' accusations of "document dumping" are false, since they specifically requested *all* correspondence between Ameriway's third-party vendors over a two-year period, which is necessarily comprised of tens of thousands of documents. Chen's Request No. 16. Additionally, Ameriway provided a production log indicating, by Bates range, where the responsive documents are located. Documents in each distinctive category are grouped together and produced in consecutive Bates numbers. For example, Defendants' claim, noted in their Jan 26th letter, that "none of the documents provided are responsive" to Def. Request 9 is false. Ameriway did produce corporate formation documents, a shareholders agreement and other corporate documents. Bates number AMERIWAY-0077053-0077187. Ameriway has always been willing to accommodate reasonable requests for production, and will continue to work diligently with Defendants' counsel to complete the discovery process.

## DEFENDANT CHEN'S PORTION:

### Defendant Chen alleges Plaintiff is deficient in document production as follows:

**BACKGROUND:** May Y Chen ("Chen") is a customs broker that was retained by Eagle Trading USA, Inc. ("Eagle") between 2017-2019 to perform services with regard to the import into the U.S. of containers of goods as the "Importer of Record" ("IOR"). In virtually all cases, Plaintiff, Ameriway Corp ("Ameriway") acted as a logistics provider and paid/reimbursed Chen on behalf of Eagle the out-of-pocket expenses incurred (such as customs duties, trucking & storage expenses incurred, etc.) and paid Chen for customs broker services rendered. In August 2019, when unreimbursed expenses reached $377,403.03 and unpaid fees for services rendered reached $29,966.70, Chen demanded payment and asserted a lien against five (5) containers in transit, which continue to be held by Chen. Ameriway sued, not as Eagle's agent, but in their own name claiming ownership of the cargo against which a lien has been asserted and Chen has asserted a 3rd party claim against Eagle and Xiyan Zhang ("Zhang") and Shiping Jia, both of whom are believed to be principals of both Eagle and Ameriway. Zhang, a Pennsylvania licensed attorney, has appeared as attorney for Plaintiff and Third-Party Defendant, Eagle.

## DOCUMENTS NOT PRODUCED BY PLAINTIFF, AMERIWAY:

Chen served two (2) "Demand For Production of Documents" (attached as Schedule "B" in 2 parts). In response, Ameriway produced approximately 89,000 pages of documents (the majority of which were produced between December 24 and December 31, 2020) in no apparent order and without identifying/matching the documents produced with any of the demands made in Defendant's "Demand for Production of Documents". (Of note is that Chen's production correlated the production of documents to specific demands.) As a result, Chen's counsel has spent literally dozens of hours matching the documents produced and the demanded documents. Upon review, most of the documents produced are unresponsive to the documents demanded by Chen and those produced that were responsive or only partially responsive related only to a small number of the documents demanded. The demanded documents that Ameriway has failed to produce in whole or part fall into the following categories (and are noted on Attachment "B" parts 1 and 2):

1. Documents identifying orders, purchases and payments for imported goods by Eagle as the IOR over which Ameriway claims an interest. (Demands # 5, 7, 8, 11 and 20);

2. Documents identifying the business functions and operations of Ameriway. (Demands #4, 19, and 21);

3. Documents detailing the relationship between Ameriway and Eagle including mutual employees, owners, officers, and directors and transactions between Eagle and Ameriway with regard to the goods in which Chen performed services or advanced expenses/duties. (Demands # 9, 18, 39, 40, 41, 42, 43, and 44);

4. Documents which Ameriway intends to introduce and rely upon to establish their causes of action. (Demands # 1, 26, 27, 28, 29, 30, 31, 32, 33, 34, and 35);

5. Documents specifically relating to the cargo contained in containers OOCU6964350, BMOU5390536, BMOU4739454, HLXU8057236, APHU7253481, OOLU9537235 (the containers which Chen is holding and against which Chen has asserted liens and for which  Ameriway is claiming damages), including identification of the cargo, price paid for the goods, payments to Chen, payments made with regard to the purchase of the cargo, any claims asserted by other parties with respect to these goods, and any efforts by Ameriway to mitigate any claimed damages. (Demands # 6, 12, 13, 14, 15, 16, 17, 22, 23, 24, 25, and 36); (Note: the containers being held have their original seal and have not been opened).

Two (2) other issues Chen requests the Court to address:

1. Many documents that were produced by Ameriway are in Chinese. Chen's Demand #28 requests "Copies of all English translations of any documents that are responsive to one or more of the proceeding requests." No such translations were provided nor did Ameriway represent that no such translations exists.

2. ALL documents produced by Ameriway are marked "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY". Most of the documents produced that are relevant relate to communications between Ameriway, Eagle and Chen. Therefore, the confidentiality statement is overbroad and renders the review of documents more difficult since it effectively precludes knowledgeable persons associated with Defendant, Chen from being able to review the discovery production. Defendant requests that Ameriway review its document production and limit its use of the ATTORNEY'S EYES ONLY to only those documents that contain actual confidential trade information.

## CHEN HAS SUBSTANTIALLY COMPLIED WITH AMERIWAY'S DOCUMENT DEMAND

With regard to the demand for documents requested by Ameriway, to the best of Chen's knowledge, Chen has produced all documents in its possession or control except the following:

1. Some back-up documents to some of the invoices that were already produced by Chen which Ameriway has recently requested. Chen is in the process of locating that back-up documentation and expects to produce same within the next few weeks [Ameriway Demand # 40];

2. Documentation with regard to Chen's personal assets (such as Chen's tax returns, business financial statements, personal banking documentation, accounting records, ownership of assets both regarding real and personal property, transfer of assets, copy of driver's license and passport, etc. [Ameriway's Demands # 3, 13, and 15). All the foregoing are not relevant to the issues raised in this action and clearly relate to "Post Judgment" information that Ameriway would only be entitled to should it obtain a money judgment. Chen has objected to these demands and requests a protective order.

## EFFECT OF DEFICIENIES IN PRODUCTION BY PLAINTIFF:

The documents that Plaintiff failed to produce are directly related to Ameriway's lack of standing to bring the action asserted, the damages Ameriway is claiming, Plaintiff's failure to specifically identify the documents that support the causes of action asserted against Defendant, Chen, and Plaintiff's ability to establish a prima facia case for each of the claimed causes of action.

By reason of the foregoing, Chen requests that this Court issue an order: (1) directing Plaintiff to produce the documents demanded by Defendant as outlined above, (2) directing Plaintiff to correlate each document produced with the specific demand made by Defendant (3) direct Plaintiff to identify only those documents that should properly be designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY", and (4) issue a protective order with respect to demands for documents related to Chen's personal assets which are not relevant to the issues raised in this case and would only be discoverable in the event Plaintiff obtained a money judgment against Chen.



**SHAYNE**
**LAW GROUP, P.C.**

RICHARD E. SCHRIER, ESQ.

October 28, 2021

Via email and ECF:
Peter Wolfgram, Esq.
Xiyan Zhang, Esq.
Stratum Law LLC
150 Monument Road, Suite 207
Bala Cynwyd, PA  19004

   **Re:** **Ameriway Corp. v. May Yan Chen and Ability Customs Inc.**
     **Case # 19-cv-09407 (VSB) (DCF)**

Dear Mr. Wolfgram/Mr. Zhang:

   This is being sent as a follow up to the attached email sent this past Tuesday (a copy of which is attached as Exhibit "A" for your ready reference).

   In December you requested supply chain documentation with respect to over 400 containers that you claim were owned by Plaintiff and have now represented to the Court that you did not receive documents with respect to 180 of the identified containers.  My client has advised us that a thorough search was performed and you were provided with all the documentation that was located in its files.  However, if you could identify specific invoice numbers pertaining to those containers that you believe you did not receive the requested documentation, I will direct our client to search further.

   Notwithstanding the fact that we have not received the specific list of invoiced numbers relative to the 180 containers that Plaintiff claims documents have not been produced, we have again asked our client to continue a search of their files for any trucking or other supply chain documentation with respect to all the containers handled by Chen d/b/a Ability Customs Brokers pursuant to the power of attorney with Eagle.

   However, notwithstanding the foregoing, as I suspect will be developed at depositions, I have been advised that Defendant did not arrange for all supply chain contractors (including trucking) for **ALL THE CONTAINERS that were cleared through customs by Defendant on behalf of Eagle as the importer of record**

**(IOR). Further, as you are aware, no containers were cleared by Defendant in which Plaintiff, Ameriway was the importer of record.**

With respect to Defendant's demand for specific documents with respect to the five (5) containers that are the subject of the lawsuit, Defendant is at a complete loss as to what reason Plaintiff has for refusing to voluntarily provide the requested documentation. You are asking the Defendant to act in good faith, and I assure you Defendant has dedicated literally "days" of manpower searching the records regarding all 400+ containers cleared customs by Defendant, yet the Plaintiff has effectively stonewalled all of Defendant's efforts to obtain the most basic documentation with regard to only the five (5) containers that are at issue in this case.

To repeat, Defendant requests that Plaintiff produce the following:

1. At paragraph 8 of the Amended Complaint, Plaintiff, Ameriway represents that it executed a Power of Attorney with Defendant authorizing Defendant to conduct custom filings on its behalf with U.S. Customs & Border Protection Agency: Please provide a copy of that Power of Attorney;

2. It is still unclear to Defendant whether Plaintiff claims that it is the "owner" of the goods in the five (5) containers at issue or just has the right of possession. Therefore, please provide the following:

    a. Documentation showing that Plaintiff is the owner of the goods in the containers at issue;

    b. Documentation showing that Plaintiff had the right of possession at the time Defendant exerted its lien rights and took possession of the goods;

    c. Documentation showing that Plaintiff has the right of possession of the goods at this time;

    d. In that the import records show that Eagle Trading USA, LLC ("Eagle") was the Importer of Record ("IOR"),

        i. Documentation showing that Eagle had the right to declare itself the IOR for the goods in question;

        ii. Documentation between Ameriway and Eagle with regard to the containers/cargo contained in the five (5) containers at issue (including contracts, emails, text messages, or any other form of communication, bills of lading, Purchase orders ("PO's"), invoices, billing statements, payment records);

    e. Documentation between Ameriway and any other person or business entity or governmental entity with regard to the cargo contained in the five (5) containers at issue (including contracts, emails, text messages, letters, written notices, or any other form of communication, bills of lading, Purchase orders ("PO's"), invoices, billing statements, payment records, and shipping

documentation including all records from the shipper regarding the transport of the five (5) containers;

(Note: If Plaintiff does not have the possession or control any of the documentation requested hereinabove, including and particularly with respect to the five (5) containers at issue in this case, please identify any persons that would have knowledge as to who the owner(s) and/or purchaser(s) of the goods).

3.   You have represented to the Court and claimed in the pleadings that Ameriway was operating as a logistics provider.  Based thereon consistent with that roll, please provide:

i.      Documentation as to who the owner(s) or purchaser(s) of the cargo was as of August 2019;

ii.     Documentation identifying the underlying sellers prior to August 2019, including but not limited to their invoices, and payment records as of August 2019;

iii.    Documentation as to who the owner or purchaser of the cargo was since August 2019, including but not limited to the invoices, and payment records for the cargo as of August 2019;

iv.    Documentation identifying the underlying sellers, their invoices, or payment records since August 2019, including but not limited to their invoices, payment records;

v.     Documentation with regard to the shipping of the five (5) containers at issue (including all contracts with the shipper of the containers, the overland documents issued before the containers were shipped to the United States and any arrangements that had been made with respect to the goods in question);

vi.    Documentation between Ameriway and the owner of the cargo contained in the five (5) containers at issue in this lawsuit, showing what logistics services it was providing to those owners;

vii.   Documentation with regard to the payment to Ameriway with respect to the services it provided as the logistic provider regarding the five (5) containers at issue;

viii.  Documentation showing any expenditures by Ameriway with respect to the five (5) containers which are the subject of this lawsuit;

ix.    Documentation between Ameriway and the owner(s) of the goods contained in the five (5) containers at any time, with regard to the contents of the five (5) containers, which are the subject of this lawsuit;

x.  All documentation evidencing any claims made by the owners of the cargo contained in the five (5) containers regardless of whether such claim was made to Ameriway, an insurance company, or any other party, and documentation if any of those claims were satisfied;

xi.  Packing list for each container at issue in this case (the five [5] containers at issue);

xii.  Other than this lawsuit, all documentation regarding any other lawsuits, arbitration proceedings, insurance claims and/or any other legal action in which the subject matter is any or all of the five (5) containers or their contents that are the subject of this lawsuit (including pleadings, all correspondence and other communications related to the containers or the contents of the containers);

I request that you advise us whether Plaintiff will be sending the list of invoices related to the containers that it claims supply chain documentation was not sent by Defendant and whether Plaintiff intends to provide the documents requested above.

Both Bill Shayne and I are available at 10:30 A.M. tomorrow to discuss these issues. Otherwise I am available most of the day and on Monday, November 1, 2021.

I await your reply.

Very truly yours,

**SHAYNE LAW GROUP, P.C.**

S/ Richard E. Schrier  (electronic signature)

Richard E. Schrier, Esq

**EXHIBIT "A"**

----- Original Message -----
**From:** Billie Shayne <wshayne@shaynelawgroup.com>
**To:** Xiyan Zhang <xzhang@stratumlaw.com>, "pwolfgram@stratumlaw.com"
<pwolfgram@stratumlaw.com>
**Sent:** 10-26-2021 17:15
**Subject:** Case No. 19-cv-09407 Ameriway v. Chen

Dear Zhang;

This is in response to your email of October 21, 2021 and October 22, 2021.

With respect to the approximately 180 containers that you say you have not been provided with documentation regarding trucking and other related activities, you made the representation to the Court that you provided Defendant with a list of those 180 containers that documentation had not been provided. However, we have searched our records and all communications with you and we have been unable to find that list that you refer to. Please provide that list so that we can match the invoices issued by Chen to the various logistic expenses associated with those specific containers. (As an aside, we did locate a list of over containers that you sent to us on December 22, 2020, however since that time, we are under the impression that Defendant has already provided the information with respect to the containers on the list to you. Therefore, for Defendant to comply with your request, we need you to specifically identify just the containers you referred to at the telephone conference with the Court). If you can identify the Chen/Ability invoice numbers that correspond to the containers that you are seeking more information, that would expedite the process
significantly.

The emails between Chen and L&H/Golden Silver, that were referred to at our conference with the Court will be sent to you tomorrow under separate cover.

With respect to your "suggestion" that Plaintiff need not provide the documents demanded before the inspection of the contents of the containers, as I am sure you expected, is totally unacceptable to Defendant. You have made it clear that you want documentation, that is not even related to the five (5) containers in question, yet you want to deprive Defendant of documentation directly related to the contents of the containers until after the inspection.   From Defendant's standpoint, that seems both unfair and "hypocritical".

So there is no room for a misunderstanding, Defendant is most willing to arrange for the inspection of the containers, and in fact has already reached out to the warehouse to make such arrangements, once that is, Defendant produces the following documentation, which is clearly under Plaintiff's custody or control:

1. At paragraph 8 of the amended Complaint, Plaintiff represents that it executed a Power of Attorney with Defendant authorizing Defendant to conduct custom filings on its behalf with U.S. Customs & Border Protection Agency: Please provide a copy of that Power of Attorney;

2. It is still unclear to Defendant whether Plaintiff claims that it is the "owner" of the goods in the 5 containers at issue or just has the right of possession. Therefore, please provide the following: Documentation showing that Plaintiff is the owner of the goods in the containers at issue; Documentation showing that Plaintiff had the right of possession at the time Defendant exerted its lien rights and took possession of the goods;

   i.   Documentation showing that Plaintiff has the right of possession of the goods at this time;

   ii.  In that the import records show that Eagle Trading USA, LLC ("Eagle") was the Importer of Record ("IOR"), Documentation showing that Eagle had the right to declare itself the IOR for the goods in question;

   iii. Documentation that Documentation between Ameriway and Eagle with regard to the containers/cargo contained in the five (5) containers at issue (including contracts, emails, text messages, or any other form of communication, bills of lading, Purchase orders ("PO's"), invoices, billing statements, payment records;

   iv.  Documentation between Ameriway and any other person or business entity or governmental entity with regard to the containers/cargo contained in the five (5) containers at issue (including contracts, emails, text messages, letters, written notices, or any other form of communication, bills of lading, Purchase orders ("PO's"), invoices, billing statements, payment records, shipping documentation including all records from the shipper regarding the transport of the five (5) containers;

3. You have represented to the court and in the pleadings that Ameriway was operating as a logistics provider; therefore, please provide documentation as to:

   i. Documentation as to who the owner or purchaser of the cargo was as of August 2019;

   ii. Documentation identifying the underlying sellers prior to August 2019, including but not limited to their invoices, and payment records as of August 2019;

   iii. Documentation as to who the owner or purchaser of the cargo was since August 2019; including but not limited to their invoices, and payment records as of August 2019;

   iv. Documentation identifying the underlying sellers, their invoices, or payment records since August 2019 Â Â including but not limited to their invoices, payment records;

   v. Documentation with regard to the shipping of the five (5) containers at issue (including all contracts with the shipper of the containers, the overland documents issued before the

containers were shipped to the United States and any arrangements that had been made with respect to the goods in question;

v. Documentation with regard to the payment to Ameriway with respect to the services it provided as the logistic provider regarding the five (5) containers at issue;

vi. Documentation showing any expenditures by Ameriway with respect to the five (5) containers which are the subject of this law suit;



vii. Documentation between Ameriway and the owner(s) of the goods contained in the five (5) containers at any time, with regard to the contents of the five (5) containers, which are the subject of this law suit;

viii. Packing list for each container at issue in this case (the five [5] containers at issue);

ix. Other than this lawsuit, all documentation regarding any other lawsuits, arbitration proceedings, insurance claims and/or any other legal action in which the subject matter is any or all of the five (5) containers or their contents that are the subject of this lawsuit (including pleadings, all correspondence and other communications related to the containers or the contents of the containers);

Upon receipt of the requested documents OR in the alternative a concise statement that the requested documents are not under Plaintiff's control, AND that none of any of Plaintiff's officers, directors or attorneys, and further Plaintiff is unaware of who might be in control of each of said demanded documents, Defendant will arrange for a discovery and inspection of the containers at a mutually convenient time.

I await your reply,

RICHARD E. SCHRIER ESQ
SHAYNE LAW GROUP
595 STEWART AVENUE
GARDEN CITY, NEW YORK 115300
516-739-8000C: 516-578-8999 F: 516-739-8004
email: resincourt@aol.com


**SHAYNE**
**LAW GROUP, P.C.**

RICHARD E. SCHRIER, ESQ.

November 1, 2021

Via ECF:
Magistrate Judge Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   **Re:**  **Ameriway Corp. v. May Yan Chen and Ability Customs Inc.**
       **Case # 19-cv-09407 (VSB) (DCF)**

Dear Magistrate Judge:

   This letter is being sent in advance of the telephone conference scheduled for tomorrow, November 2, 2021 at 2:00 P.M. in an effort to expedite the conference and narrow the issues to be discussed

   As the Court may recall from our conference call on October 19, 2021, this office represents the Defendant/Third-Party Plaintiff May Yan Chen d/b/a Ability Customs Brokers (Ability Customs, Inc. is no longer in existence).

   As you may recall, Defendant, who is a licensed customs broker, claims that she was retained by Eagle Trading USA, LLC ("Eagle") to clear the import of products from China and arrange for some supply chain services. In connection with that retention, Eagle executed a power of attorney with Chen. The power of attorney ("POA") was signed on April 11, 2017 by its Chief Operating Officer (COO), Xiyan Zhang, one of the named attorneys for Plaintiff. The Power of Attorney was certified by Peter Wolfgram, Esq., the other attorney that has appeared on behalf of Plaintiff in which Mr. Wolfgram certified that the POA was being issued in accord with Eagles' Articles of Incorporation and By-laws. Further, Mr. Wolfgram signed the Certification as the "Second Corporate Officer" (a copy of the POA is attached as Exhibit "A" for the Court's ready reference).

   Over the next two and a half (2½) year period, Defendant cleared approximately 400 containers of products in which Eagle was the Importer of Record. In doing so Defendant advanced customs duties and other out of pocket expenses on behalf of Eagle. By the summer of 2019 Chen claims that Eagle had failed to pay $29,966 in customs brokers fees, $92,413 in advanced payment of customs duties and $284,990 of advanced out-of-pocket expenses which include trucking expenses, terminal fees, storage fees, demurrage fees, chassis rental fees, agent fees, document fees and customs examination fees.

As a result of the failure to Eagle to pay the outstanding money owed to Chen, Chen exerted lien rights to five (5) containers of products which designated Eagle as the Importer of Record and which Chen had cleared customs and advanced expenses and fees. Those containers are being held in New Jersey.

Plaintiff claims in its Second Amended Complaint that it is a logistics company providing transportation and logistics services for exporters in China (see Paragraph 7 at ECF Doc #21) and Plaintiff claims that all of the bills that were paid to Defendant were paid by Ameriway, not Eagle. Further Plaintiff claims that it, not Eagle, signed a POA with Defendant (See Paragraph 8 of the Second Amended complaint at ECF Doc #21).

In its Second Amended Complaint (ECF Doc # 21), Plaintiff has asserted the following causes of action against Defendant:

> **First Cause**: Conversion
> **Second Cause**: Tortious interference with Business Relationships
> **Third Cause**: Unfair Business Practices
> **Fourth Cause**: Defamation (related to the reporting of the possible undervalued cargo)
> **Fifth Cause**: Fraud
> **Sixth Cause**: Breach of Fiduciary Duty'
> **Seventh Cause**: RICO (18 USC §1962(c))
> **Eighth Cause**: Fraud

Besides the failure of Defendant to release the cargo in the five (5) containers at issue, Plaintiff claims that the expenses billed (to Eagle) were inflated in that all work in connection with arranging for supply chain services (for which Defendant advanced the cost of those supply chain services) was merely an "accommodation" by Chen and that the expenses advanced by Defendant should have merely been a "pass through" without any mark-up (which is the basis for Plaintiff seeking all supply chain invoices-in connection with all 400 containers). Defendant denies that the arrangement of various supply chain services and advancing money on Eagle's behalf was an "accommodation" and in fact it was entitled to be compensated for performing those services. However, nevertheless Defendant has provided (and is continuing to provide) documentation as to the actual costs incurred by Defendant for those services.

Defendant on the other hand is seeking a copy of the POA that Plaintiff claims it signed with Defendant, documentation as to the identity of the owner of the cargo in the five (5) containers being held (since all Defendant's records show Eagle, not Ameriway as the Importer of Record) (which would go to the issue of whether Ameriway even has standing to assert any of the causes of action set forth in the Second Amended Complaint).

Further, since Plaintiff has asserted a defamation claim against Defendant based upon statements made by Defendant to U.S. Customs and Border Protection as to potential undervaluation of cargo declared by the Importer of Record (Eagle not Ameriway) for which Ameriway is claiming damages, the identity of the "owner" of the cargo, the value of the cargo (particularly the documentation showing the purchase price of the cargo) goes to the heart of whether Defendant made a false statement regarding the value of the cargo claimed by the

Importer of Record as well as the issue of damages claimed by Plaintiff. These are all essential documents with respect to the claims and defenses asserted in this case.

As a result of a discovery dispute, Judge Broderick directed the parties to confer and file a Joint Letter on Discovery Disputes, which was filed on February 5. 2021 (ECF Doc. # 66). Exhibit 2 to ECF Doc #66 is a Copy of Defendant's Demand for Documents.

As advised on our October 19, 2021 conference call, since the filing of the Joint Letter on Discovery Disputes, Defendant had produced documents raised by Plaintiff. In a December 22, 2020 letter from Plaintiff's counsel, Plaintiff claimed that 180 Sarcona/WA Transportation invoices were missing from the previous production. Since the filing of the Joint Letter on Discovery Disputes, Defendant has made good faith efforts to comply with discovery. Prior to the October 19, 2021 conference with this Court, Defendant produced:

> 297 documents on or about March 11, 2021;
> 122 documents on or about June 1, 2021;
> 169 documents on July 2, 2021; and
> 10 documents on October 27, 2021 (these documents were mentioned at the conference call).

While Defendant was under the impression that it had complied with Plaintiff's request for documents, notwithstanding Plaintiff's claimed that it was still missing documentation regarding approximately 180 containers referred to in its December 22, 2020 letter, as promised on the October 19, 2021 conference call, Defendant agreed to conduct further searches. As of this morning, we have received copies of 62 folders of documents, much of which contains documents that are redundant to documents already produced, but after a "cursory inspection" it appears that there may be some documentation that relates to information not previously produced. Our office is cross referencing the newly received folders, once the previously unexchanged documents are identified, Defendant will "bate stamp" the previously unexchanged documents and provide Plaintiff with a copy of same. It is estimated that the further production will be made by the end of next week or early the following week.

As per this Court's instructions at our October 19. 2021 conference call, the parties have communicated via email and via telephone calls regarding the outstanding discovery each party is seeking. Plaintiff has been advised of the 62 folders referred to above and the above referenced estimated production time.

Unfortunately, Plaintiff has not been forthcoming with **ANY** of the documents demanded by Defendant. When Plaintiff refused to even address the documents demanded by Defendant, Mr. Shayne sent an email on October 26, 2021 specifically outlining what documents Defendant is seeking (mostly a reiteration of the items in the Joint Letter on Discovery Disputes [ECF Doc # 66]). After a further telephone call on October 28, 2021 with Mr. Zhang, a detailed letter was sent to Defendant's counsel with a copy of the October 26, 2021 email seeking to be as clear as possible as to what specific documents Defendant is seeking, which letter and attached email was filed (see: ECF Doc #72).

I have just reviewed the letter filed earlier today by Plaintiff's counsel (ECF Doc # 73) and must address some of the misleading statements made. First, counsel does not mention the fact that Defendant has produced 598 documents in response to its December 22, 2020 letter, but rather "infers" that Defendant has made no effort to comply with Plaintiff's request. Further, Plaintiff's counsel was advised that 62 files were just located by Defendant and that a further production was going to be made in short order. Defendant does not understand what Plaintiff is "complaining" about in that each document produced from third party vendors (such as trucking companies) had a notation as to a specific container number. Therefore, to match the invoice from a third-party vendor to Defendant's invoice merely requires someone to spend the time to match the two documents. Plaintiff will have to take each of the invoices sent by Defendant to Eagle and match the document with the vendor's document, which Plaintiff apparently has not done. However, that does not mean that Defendant has failed to produce all the third party vendor documents in its possession, as asserted by Plaintiff.

Earlier today Mr. Zhang and Mr. Wolfgam on behalf of Plaintiff/Third-Party Defendant and Mr. Shayne and I as attorneys for Defendant/Third-Party Plaintiff had a conference call and again Plaintiffs refused to commit to producing any of the documentation demanded. In Plaintiff's letter to the Court Mr. Wolfgram states that:

> "…During the call, Defendant's counsel refused to discuss its specific document requests, and generally demanded that Ameriway give a simple "yes or no" answer whether it would produce *all* the documents listed in the October 28 letter or not…".

The foregoing is not only ingenuous and misleading, it is a misstatement of what I said. In each of the prior communications from Defendant, we addressed Plaintiff's demands but also requested what, if any documents demanded by Defendant was Plaintiffs willing to voluntarily produce without a Court Order. In its October 22, 2021 email response, Plaintiff stated its position that it was not necessary to provide any documentation until after the inspection of the containers. In the October 26, 2021 email, Defendant advised Plaintiff that the withholding of documents until after the inspection was not acceptable (see the 4th paragraph of Exhibit "A" [the October 26, 2021 email to Plaintiff] attached to the October 28, 2021 letter at ECF Doc # 72).

Thereafter in that October 26, 2021 email, Defendant, in an effort to more succinctly identify the documents that were demanded in the Demand for Documents attached to the Joint Letter on Discovery Disputes (Exhibit "B" at Document #66), listed the documents already demanded with greater particularity). That same list of documents was reiterated in the October 28, 2021 letter to Plaintiff (ECF Doc #72) and which Defendant again lists hereinbelow.

When the issue was raised in the telephone conference this morning, Plaintiff's counsel stated that it had fully complied with Plaintiff's demands, which is untrue, and then stated that the demands in the email and letter were "new" demands and therefore did not have to be answered yet (which is the same argument Plaintiff sets forth in its letter to the Court filed earlier today (ECF Doc #73).

I then asked the Plaintiff's counsel whether there were **ANY** DOCUMENTS DEMANDED THAT PLAINTIFF WAS WILLING TO VOLUNTARILY PRODUCE (**not all documents as related by Plaintiff's counsel**) . Instead of giving a direct answer, or advising

Defendant what documents, if any would be produced, counsel kept repeating that the demands in the list were new and that Plaintiff had produced everything that was previously demanded, which was clearly not the case.

I then raised the issue of Mr. Zhang's continuation as counsel for Ameriway in that he is clearly a critical witness in the case, an officer of Eagle and upon information and belief a principal and officer of Ameriway as well.

When I advised Mr. Wolfgram that unless we could come to some resolution as to both the issues of Mr. Zhang's continuation as counsel and the production of the documents sought by Defendant, I would be forced to make a motion to compel and disqualify. Mr. Wolfgram's response was: "…Go make your motion…".

The Court is respectfully referred to demands number 1, 3, 4, 5, 6, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 24, 25, 29, 30, 31, 32, 34, 35, and 36 in Defendants Demand for the Production of Documents (a copy of which is attached as Exhibit "B" to the Joint Letter on Discovery Disputes at ECF Doc #66). All the items demanded in the October 26, 2021 email to Plaintiff's counsel and the October 28, 2021 letter to Plaintiff's counsel (ECF Doc # 72) are demanded in the foregoing listed demands contained in the Joint Letter on Discovery Disputes.

By reason of the foregoing, Defendant respectfully requests that the Court issue an order directing the Plaintiff to produce the following:

1. In that paragraph 8 of the Second Amended Complaint, Plaintiff, Ameriway represents that it executed a Power of Attorney with Defendant authorizing Defendant to conduct custom filings on its behalf with U.S. Customs & Border Protection Agency, Defendant seeks production of a copy of that Power of Attorney or in the alternative a statement/admission that no such power of attorney was ever executed [Def Req 25];

2. In that Plaintiff claims that it is the "owner" of the cargo in the five (5) containers to which Defendant has asserted its lien rights for failure to pay Defendant over $400,000 in outstanding invoices as set forth above, Defendant seeks an order directing Plaintiff to produce the following:

    a. Documentation showing that Plaintiff is the owner of the goods in the containers at issue and if not Plaintiff, the identity of the owner;

    b. Documentation showing that Plaintiff had the right of possession at the time Defendant exerted its lien rights and took possession of the goods;

    c. Documentation showing that Plaintiff has the right of possession of the goods at this time;

    d. In that the import records show that Eagle Trading USA, LLC ("Eagle") was the Importer of Record ("IOR"),

        i. Documentation showing that Eagle had the right to declare itself the IOR for the goods in question;

ii.    Documentation between Ameriway and Eagle with regard to the containers/cargo contained in the five (5) containers at issue (including contracts, emails, text messages, or any other form of communication, bills of lading, Purchase orders ("PO's"), invoices, billing statements, payment records);

e.    Documentation between Ameriway and any other person or business entity or governmental entity with regard to the cargo contained in the five (5) containers at issue (including contracts, emails, text messages, letters, written notices, or any other form of communication, bills of lading, Purchase orders ("PO's"), invoices, billing statements, payment records, and shipping documentation including all records from the shipper regarding the transport of the five (5) containers);

(Note: If Plaintiff does not have the possession or control any of the documentation requested hereinabove, including and particularly with respect to the cargo contained in the five (5) containers at issue in this case, an order directing the Plaintiff to produce any documentation that would identify any person that would have knowledge as to who the owner(s) and/or purchaser(s) of the cargo in the five (5) containers in which the Defendant's lien rights have been asserted).

3.    In that Ameriway has claimed in the pleadings (as set forth above) that Ameriway was operating as a logistics provider with respect to all the cargo at issue, Defendant requests that an order be issued directing Plaintiff produce:

i.      Documentation as to who the owner(s) or purchaser(s) of the cargo was as of August 2019;

ii.     Documentation identifying the underlying sellers prior to August 2019, including but not limited to their invoices, and payment records as of August 2019;

iii.    Documentation as to who the owner or purchaser of the cargo was since August 2019, including but not limited to the invoices, and payment records for the cargo as of August 2019;

iv.    Documentation identifying the underlying sellers, their invoices, or payment records since August 2019, including but not limited to their invoices, payment records;

v.     Documentation with regard to the shipping of the five (5) containers at issue (including all contracts with the shipper of the containers, the overland documents issued before the containers were shipped to the United States and any arrangements that had been made with respect to the goods in question) [Def Req 16];

vi.    Documentation between Ameriway and the owner of the cargo contained in the five (5) containers at issue in this lawsuit, showing what logistics services it was providing to those owners[Def Req 12 & 20];

vii.    Documentation with regard to the payment to Ameriway with respect to the services it provided as the logistic provider regarding the five (5) containers at issue[Def Req 13(d), 19, 21];

viii.    Documentation showing any expenditures by Ameriway with respect to the five (5) containers which are the subject of this lawsuit [Def Req 13(g)];



ix.    Documentation between Ameriway and the owner(s) of the goods contained in the five (5) containers at any time, with regard to the contents of the five (5) containers, which are the subject of this lawsuit [Def Req 15,24];

x.    All documentation evidencing any claims made by the owners of the cargo contained in the five (5) containers regardless of whether such claim was made to Ameriway, an insurance company, or any other party, and documentation if any of those claims were satisfied [Def Req 17];

xi.    Packing list for each container at issue in this case (the five [5] containers at issue);

xii.    Other than this lawsuit, all documentation regarding any other lawsuits, arbitration proceedings, insurance claims and/or any other legal action in which the subject matter is any or all of the five (5) containers or their contents that are the subject of this lawsuit (including pleadings, all correspondence and other communications related to the containers or the contents of the containers) [Def Req 17,24];

Respectfully,

**SHAYNE LAW GROUP, P.C.**

S/ Richard E. Schrier  (electronic signature)

Richard E. Schrier, Esq

Cc: Peter Wolfgram,
Xiyan Zhang, Esq.
Stratum Law LLC
150 Monument Road, Suite 207
Bala Cynwyd, PA  19004



**SHAYNE**
**LAW GROUP, P.C.**

RICHARD E. SCHRIER, ESQ.

December 14, 2021

Via ECF:
Magistrate Judge Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

     **Re:**    **Ameriway Corp. v. May Yan Chen and Ability Customs Inc.**
            **Case # 19-cv-09407 (VSB) (DCF)**

Dear Magistrate Judge:

     This letter is being sent in response to the letter filed by plaintiff's counsel in advance of the telephone conference scheduled for tomorrow, December 15, 2021 at 10:00 A.M. in an effort to expedite the conference and narrow the issues to be discussed

     As the Court may recall from our prior conference call, this office represents the Defendant/Third-Party Plaintiff May Yan Chen d/b/a Ability Customs Brokers (Ability Customs, Inc. is no longer in existence).

     As you may recall, Defendant, who is a licensed customs broker, claims that she was retained by Eagle Trading USA, LLC ("Eagle") to clear the import of products from China and arrange for some supply chain services. In connection with that retention, Eagle executed a power of attorney with Chen. The power of attorney ("POA") was signed on April 11, 2017 by its Chief Operating Officer (COO), Xiyan Zhang, one of the named attorneys for Plaintiff. The Power of Attorney was certified by Peter Wolfgram, Esq., the other attorney that has appeared on behalf of Plaintiff in which Mr. Wolfgram certified that the POA was being issued in accord with Eagles' Articles of Incorporation and By-laws. Further, Mr. Wolfgram signed the Certification as the "Second Corporate Officer"

     Over the next two and a half (2½) year period, Defendant cleared over 400 containers of products in which Eagle was the Importer of Record. In doing so Defendant advanced customs duties and other out of pocket expenses on behalf of Eagle. By the summer of 2019 Chen claims that Eagle had failed to pay $29,966 in customs brokers fees, $92,413 in advanced payment of customs duties and $284,990 of advanced out-of-pocket expenses which include trucking expenses, terminal fees, storage fees, demurrage fees, chassis rental fees, agent fees, document fees and customs examination fees.

     As a result of the failure to Eagle to pay the outstanding money owed to Chen, Chen exerted lien rights to five (5) containers of products which designated Eagle as the Importer of

Record and which Chen had cleared customs and advanced expenses and fees. Those containers are being held in New Jersey.

With the foregoing as a background, I would like to address each of the discovery issues addressed by plaintiff's counsel in the letter filed earlier today (document #76 on docket sheet).

We agree that the documents demanded by plaintiff related to defendant's communications and business dealings with trucking companies has been resolved.

With respect to the issue of producing samples or photos of the contents of the 5 containers being held by defendant pursuant to her lien rights for failure to pay the fees and expenses related to the import and processing of those containers, since the containers have the original seals and have not been opened, that demand will be complied with when the plaintiff performs its inspection of the contents of the containers.

With respect to the protocol for the production of the containers, the parties have agreed upon the methodology of the inspection (Defendant, at defendants cost and expense, will transport the 5 containers to a location of Plaintiff's choosing where Plaintiff will make arrangement to unload, inspect and reload the containers, after which the defendant, again at defendant's cost and expense will return the containers to the present location for storage until further order of the court or agreement by the parties).

However, notwithstanding the longstanding procedure that the party wishing to inspect any evidence shall do so at its own cost and expense, Plaintiff has taken the position that it wants Defendant to incur this cost as well, which is objected to by defendant. Should the Court elect to even consider Plaintiffs request, Defendant requests that the parties be ordered to submit briefs on the issue after which the Court will decide who shall incur the costs (which costs in this case will likely by thousands of dollars).

With regard to Plaintiffs' "complaint" that Defendant has not followed CBP rules regarding the maintenance of documents "relating to customs transactions", and therefore has not produced documents in as "organized" a fashion as Plaintiff would like, respectfully to Plaintiff's counsel, he has misstated the rules or lacks full understanding of customs requirements. With respect to documents for the import of cargo (i.e. bills of lading, customs entry documents, etc.) those documents are required and were kept in a coordinated filing system, all of which were produced to Plaintiff in that fashion. However, other documents such as trucking invoices, storage invoices and other similar documents related to expenses incurred AFTER THE CARGO has cleared customs are not subject to the same rules (i.e. truckers often send invoices for multiple transports on the same invoice for different customers).

Defendant spent numerous hours locating and producing every document that we believe is related to all the almost 500 containers cleared by Defendant on behalf of Eagle. Notwithstanding Plaintiff's claims to the contrary, Defendant has made exhaustive searches and produced every document in its files that relate to the requests made by Plaintiff.

What Plaintiff wants is for Defendant to do is its job to organize the documents already produced into a format that it wants, which Defendant is not willing to do. What I can represent to

the Court is that the documents produced were not just haphazardly produced but produced in the fashion and manner that was/is maintained in Defendant's files.

With regard to Defendant's outstanding requests of Plaintiff, we still have not gotten the information requested, and Plaintiff continues to insist that all documents responsive to Defendant's demands have been produced or do not exist.

To be more specific, Plaintiff claims in its Second Amended Complaint that it is a logistics company providing transportation and logistics services for exporters in China (see Paragraph 7 at ECF Doc #21) and Plaintiff claims that all of the bills that were paid to Defendant were paid by Plaintiff, Ameriway, not Eagle Trading USA, LLC, the company identified on all the import documents as the "Importer of Record". Further Plaintiff claims that it, not Eagle, signed a POA with Defendant (See Paragraph 8 of the Second Amended complaint at ECF Doc #21). However, at the last telephone conference, Plaintiff's counsel admitted that the only Power of Attorney authorizing Defendant to act as a customs broker was signed by Plaintiff's attorney, Xiyan Zhang, in his capacity as "COO" of Eagle Trading USA, LLC and he further admitted that Eagle was listed as the Importer of Record on all the containers entered by Defendant as the customs broker.

By reason of the foregoing, Defendant had requested that the Court issue an order directing the Plaintiff to produce the following:

1. In that paragraph 8 of the Second Amended Complaint, Plaintiff, Ameriway represents that it executed a Power of Attorney with Defendant authorizing Defendant to conduct custom filings on its behalf with U.S. Customs & Border Protection Agency, Defendant seeks production of a copy of that Power of Attorney or in the alternative a statement/admission that no such power of attorney was ever executed [Def Req 25]; (No such admission was every voluntarily provided despite Plaintiff's admission at the last conference.)

2. In that Plaintiff claims that it is the "owner" of the cargo in the five (5) containers to which Defendant has asserted its lien rights for failure to pay Defendant over $400,000 in outstanding invoices as set forth above, Defendant requested that Plaintiff produce the following:

    a. Documentation showing that Plaintiff is the owner of the goods in the containers at issue and if not Plaintiff, the identity of the owner;

    b. Documentation showing that Plaintiff had the right of possession at the time Defendant exerted its lien rights and took possession of the goods;

    c. Documentation showing that Plaintiff has the right of possession of the goods at this time;

    d. In that the import records show that Eagle Trading USA, LLC ("Eagle") was the Importer of Record ("IOR"),

        i.  Documentation showing that Eagle had the right to declare itself the IOR for the goods in question;

        ii. Documentation between Ameriway and Eagle with regard to the containers/cargo contained in the five (5) containers at issue (including contracts, emails, text messages, or

any other form of communication, bills of lading, Purchase orders ("PO's"), invoices, billing statements, payment records);

e. Documentation between Ameriway and any other person or business entity or governmental entity with regard to the cargo contained in the five (5) containers at issue (including contracts, emails, text messages, letters, written notices, or any other form of communication, bills of lading, Purchase orders ("PO's"), invoices, billing statements, payment records, and shipping documentation including all records from the shipper regarding the transport of the five (5) containers);

(Further, if Plaintiff claims it does not have the possession or control any of the documentation requested hereinabove, including and particularly with respect to the cargo contained in the five (5) containers at issue in this case, Defendant requested that Plaintiff produce any documentation that would identify any person that would have knowledge as to who the owner(s) and/or purchaser(s) of the cargo in the five (5) containers in which the Defendant's lien rights have been asserted).

3.  In that Ameriway has claimed in the pleadings (as set forth above) that Ameriway was operating as a logistics provider with respect to all the cargo at issue, Defendant requested that Plaintiff produce:

    i.    Documentation as to who the owner(s) or purchaser(s) of the cargo was as of August 2019;

    ii.   Documentation identifying the underlying sellers prior to August 2019, including but not limited to their invoices, and payment records as of August 2019;

    iii.  Documentation as to who the owner or purchaser of the cargo was since August 2019, including but not limited to the invoices, and payment records for the cargo as of August 2019;

    iv.   Documentation identifying the underlying sellers, their invoices, or payment records since August 2019, including but not limited to their invoices, payment records;

    v.    Documentation with regard to the shipping of the five (5) containers at issue (including all contracts with the shipper of the containers, the overland documents issued before the containers were shipped to the United States and any arrangements that had been made with respect to the goods in question) [Def Req 16];

    vi.   Documentation between Ameriway and the owner of the cargo contained in the five (5) containers at issue in this lawsuit, showing what logistics services it was providing to those owners[Def Req 12 & 20];

    vii.  Documentation with regard to the payment to Ameriway with respect to the services it provided as the logistic provider regarding the five (5) containers at issue[Def Req 13(d), 19, 21];



viii.   Documentation showing any expenditures by Ameriway with respect to the five (5) containers which are the subject of this lawsuit [Def Req 13(g)];

ix.   Documentation between Ameriway and the owner(s) of the goods contained in the five (5) containers at any time, with regard to the contents of the five (5) containers, which are the subject of this lawsuit [Def Req 15,24];

x.   All documentation evidencing any claims made by the owners of the cargo contained in the five (5) containers regardless of whether such claim was made to Ameriway, an insurance company, or any other party, and documentation if any of those claims were satisfied [Def Req 17];

xi.   Packing list for each container at issue in this case (the five [5] containers at issue;

xii.   Other than this lawsuit, all documentation regarding any other lawsuits, arbitration proceedings, insurance claims and/or any other legal action in which the subject matter is any or all of the five (5) containers or their contents that are the subject of this lawsuit (including pleadings, all correspondence and other communications related to the containers or the contents of the containers) [Def Req 17,24];

Plaintiff responded to Defendant's demands without producing even one (1) page of documentation. Instead, Plaintiff responded:

a.   "...all relevant documents in Ameriway's possession have already been produced..." or

b.   "...the documents demanded are in defendant's possession..." or

c.   "...the documents demanded are in the possession of third parties..." (presumably Eagle Transport USA, LLC, the importer of record, which Plaintiff's counsel Zhang is a principal and officer and which Plaintiff's counsel Wolfgram represented in connection with retaining Defendant's services).

In its letter to this Court, Plaintiff argues that Defendant did not object to Plaintiff's responses and therefore Defendant should not be entitled to production of any further documentation.

In an attempt at avoid the "smoke and mirrors" of whether documents are in the possession of Ameriway or Eagle, Defendant has filed a very comprehensive Notice to Admit pursuant to FRCP Rule 36 (ECF doc #77), which Defendant expects will clarify many of the issues for which documents are sought. After Plaintiff responds to the Notice to Admit, depending upon the responses, it is expected that more specific requests for documents will be possible and would therefore request that the Court schedule a conference for a date after January 14, 2022, the date by which Plaintiff is obligated to respond to the Notice to Admit.

Respectfully,

**SHAYNE LAW GROUP, P.C.**

<u>S/ Richard E. Schrier</u>  (electronic signature)

Richard E. Schrier, Esq

Cc: Peter Wolfgram,
Xiyan Zhang, Esq.
Stratum Law LLC
150 Monument Road, Suite 207
Bala Cynwyd, PA  19004



**SHAYNE**
**LAW GROUP, P.C.**

RICHARD E. SCHRIER, ESQ.

March 15, 2022

Via ECF:
Magistrate Judge Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   **Re: Ameriway Corp. v. May Yan Chen and Ability Customs Inc.**
      **Case # 19-cv-09407 (VSB) (DCF)**

Dear Magistrate Judge:

   This letter is being sent in response to Plaintiff's letter motion of March 14, 2022.

   Plaintiff has totally misrepresented to this Court the circumstances of what took place at the discovery and inspection of the five (5) containers of cargo and the agreement between the parties.

   First, I would like to address the so called oral agreement with regard to discovery set forth in my November 12, 2021 email (the "email") (ECF #102-1) confirming the parties agreement with regard to discovery. Per the so called "agreement" between the parties, Plaintiff has not provided the information agreed to memorialized in the email nor provided even one (1) page of the documentation that was promised.

   For perspective, you will recall that the underlying facts of this case is as follows:

1. Defendant, who is a licensed customs broker, claims that she was retained by Third-Party Defendant, Eagle Trading USA, LLC ("Eagle") to clear the import of products from China and arrange for some supply chain services. In connection with that retention, Eagle executed a power of attorney with Chen. The power of attorney ("POA") was signed on April 11, 2017 by its Chief Operating Officer (COO), Xiyan Zhang, one of the named attorneys for Plaintiff.

2. Over the next two and a half (2 ½) year period, Defendant cleared approximately 480 containers of products in which Eagle was the Importer of Record. In doing so Defendant advanced customs duties and other out of pocket expenses on behalf of Eagle. By the summer of 2019 Chen claims that Eagle had failed to pay $29,966 in customs brokers fees, $92,413 in advanced payment of customs duties and $284,990 of advanced out-of-pocket expenses which include trucking expenses, terminal fees, storage fees, demurrage fees, chassis rental fees, agent fees, document fees and customs examination fees.

3. As a result of the failure to Eagle to pay the outstanding money owed to Chen, Chen exerted lien rights to five (5) containers of products which designated Eagle as the Importer of Record and which Chen had cleared customs and advanced expenses and fees. Those containers are being held in New Jersey and were the subject of the inspection held from March 9-11, 2022.

Defendant has taken the position that Ameriway lacks standing to bring this lawsuit in that it is not the owner of the cargo, is not the importer of record of the cargo (who we know is Eagle confirmed by all the customs documents) and has no authority to even possess the cargo. Further, Defendant, as the customs broker is a "bailee" and has the obligation of only releasing the cargo to an owner of the cargo or a party who has the right of possession (unless Defendant is subject to a court order directing the release of cargo).

With regard to the "agreement" between the parties set forth in my email of November 12, 2021 (ECF 102-1) that "…the parties have agreed that either or both parties can take samples from the containers should they so choose…"; that "agreement" had many parts to it including the production of documentation that verified that Ameriway was either the owner of the cargo being held or had the right of possession of the cargo, the specifics of which are also set forth in the email. At that time, Ameriway represented that it had the right of possession of the cargo but at that time it was unclear as to the proof of ownership.

Approximately 4000 cartons of cargo were made available last week for inspection, Plaintiff selected the boxes that they wanted inspected, opened each box and took photos of a sample of each item inspected. Plaintiff then stated that they wanted to take a sample from each box. We advised Plaintiff's counsel that they had not provided the documentation that substantiated that Plaintiff was either the owner of the cargo or had the right to possess the cargo. [The Court's attention is respectfully directed to paragraph number 4, 5 and 6 of my November 12, 2021 email (ECF #102-1) which documentation was sought for the exact purpose of confirming Ameriway's right of ownership or right of possession. The email confirmed that Plaintiff had agreed to produce the following:

> "…4.    FOR THE 5 CONTAINERS REFERRED TO IN THE ATTACHED ABILITY INVOICES:
> PLAINTIFF SHALL PRODUCE ALL DOCUMENTS IN ITS POSSESSION OR CONTROL THAT REFLECT THE COST OF THE CONTENTS OF EACH CONTAINER INCLUDING BUT NOT LIMITED TO:
> A.    INVOICES REGARDING THE PURCHASE OF THE CARGO CONTAINED IN THE 5 CONTAINERS,
> B.    SALES RECEIPTS REGARDING THE PURCHASE OF THE CARGO CONTAINED IN THE 5 CONTAINERS,,
> C.    PURCHASE ORDERS REGARDING THE PURCHASE OF THE CARGO CONTAINED IN THE 5 CONTAINERS,,
> D.    EMAILS,

E.   TEXT MESSAGES,

F.   LETTERS,

G.   NOTICES

H.   OR ANY OTHER FORM OF COMMUNICATION WHICH REFERS TO THE COST AND OR VALUE OF THE CONTENTS OF EACH OF THE 5 CONTAINERS,

I.   BILLING STATEMENTS REGARDING THE PURCHASE OF THE CARGO CONTAINED IN THE 5 CONTAINERS,,

J.   PAYMENT RECORDS REGARDING THE PURCHASE OF THE CARGO CONTAINED IN THE 5 CONTAINERS,,

K.   SHIPPING RECORDS;

L.   CONTRACTS BETWEEN AMERIWAY AND ANY OF THE CARGO OWNERS, SHIPPERS OR CONSIGNEES

5.   WITH REGARD TO **ALL CONTAINERS** WHICH DEFENDANT PERFORMED SERVICES PURSUANT TO THE POWER OF ATTORNEY SIGNED BETWEEN EAGLE AND DEFENDANT, PLAINTIFF WILL PRODUCE ALL DOCUMENTS IN ITS POSSESSION OR CONTROL THAT REFLECT THE RELATIONSHIP BETWEEN EAGLE TRADING LLC AND PLAINTIFF INCLUDING BUT NOT LIMITED TO:

A.   CONTRACTS,

B.   POWERS OF ATTORNEY (TO OR FROM AMERIWAY AND EAGLE)

C. CONTRACTS TO PERFORM SERVICES (BY EAGLE FOR AMERIWAY AND/OR BY AMERIWAY FOR EAGLE);

D.   EMAILS (TO OR FROM AMERIWAY AND EAGLE)

E.   TEXT MESSAGES (TO OR FROM AMERIWAY AND EAGLE)

F.   BILLS OF LADING;

G.   PURCHASE ORDERS BETWEEN EAGLE AND AMERIWAY (TO OR FROM);

H.   INVOICES FOR SERVICES RENDERED (BETWEEN AMERIWAY AND EAGLE)

I.   BILLING STATEMENTS (BETWEEN AMERIWAY AND EAGLE)

J.   PAYMENT RECORDS BETWEEN AMERIWAY AND EAGLE (I.E. CHECKS FROM OR TO AMERIWAY, WIRE TRANSFERS FROM OR TO AMERIWAY, A/P LEDGERS, A/R LEDGERS)

6.    WITH REGARD TO THE BUSINESS/LEGAL RELATIONSHIP
BETWEEN EAGLE AND AMERIWAY, PLAINTIFF WILL
PRODUCE DOCUMENTS REFLECT THE RELATIONSHIP
BETWEEN THE TWO BUSINESS ENTITIES INCLUDING BUT
NOT LIMITED TO:
A. CONTRACTS OF ANY SORT (I.E. SHAREHOLDERS
AGREEMENTS, MEMBER AGREEMENTS, JOINT VENTURE
AGREEMENTS, ANY TYPE OF PERFORMANCE AGREEMENTS
SUCH AS PROVIDING LOGISTICS SERVICES, SALES OF
PRODUCTS, ETC.)
B.    MINUTES OF CORPORATION,/LLC MEETINGS OF EITHER
EAGLE OR AMERIWAY, BYLAWS WHICH INDICATES THE
RELATIONSHIP BETWEEN THE PARTIES;
C.    COPIES OF OWNERSHIP DOCUMENTS (SUCH AS STOCK
CERTIFICATES)  IN WHICH EAGLE HAS AN OWNERSHIP
INTEREST IN AMERIWAY OR AMERIWAY HAS AN
OWNERSHIP INTEREST IN EAGLE
D.  DOCUMENTS IDENTIFYING THE SHAREHOLDERS,
DIRECTORS AND OFFICERS OF AMERIWAY;
E.    BUSINESS LICENSES OF ANY TYPE ISSUED TO
AMERIWAY;

Plaintiff's counsel finally admitted at the inspection last week that Ameriway was not the owner of the cargo.  (This was clearly evident at the inspection since every box inspected had a sticker on the outside of each box which identified the owner/seller of the cargo and the recipient/buyer of the cargo…that is the two (2) parties that had the right of possession. Not one of the boxes identified either Ameriway, Ameriway's wholly owned Chinese subsidiary nor Eagle USA Trading LLC as the owner/seller or the recipient/buyer of any box of cargo inspected). However, Plaintiff's counsel continued to insist that Ameriway had the right of possession of the cargo, without any documents that would substantiate that claim.

With the foregoing as background, Defendant's counsel advised Plaintiff's counsel that without any documentation that substantiates Plaintiff's right to  possess any of the cargo, other than inspecting the cargo and taking photos, Defendant would not consent to the release of any cargo without a court order.  Plaintiff's counsel argued that we had agreed to permit Plaintiff to take a sample and Plaintiff's counsel was "reminded" that part of the agreement was that Plaintiff had agreed to produce documentation verifying its right of ownership or possession of the cargo, which was not forthcoming. The parties thus agreed to take those boxes that were inspected (approximately 200 boxes) and place those boxes on separate "pallets" for ease in re-identification if necessary after the Court addressed the issue.

Of further note, the list of items that Plaintiff "promised/agreed" to produce as outlined in my November 12, 2021 email (ECF 102-1) are all the same items that Defendant has been trying to

get from Plaintiff for now almost 1 ½ years, and is the basis of Defendant's objection to Plaintiff's partial motion for summary judgment, in that those documents are necessary to oppose Plaintiff's motion (The Court's attention is directed to ECF Doc # 66, ECF Doc #72, ECF # 74, and ECF # 78 in which all the same category of documents have been sought without Plaintiff providing the demanded proof of the right of possession).

Further, the Court may recall that Defendant had served additional notices for the production of documents and at the conference held on February 3, 2022, upon application by Defendant for an order directing Plaintiff to produce those documents, the Court held: "...As stated on the record of the case management conference held before this Court on 2/3/2022, all pending applications to compel discovery are denied without prejudice...)[ECF #91].

For all the foregoing reasons, Defendant requests that Plaintiff be ordered to produce all the documents it "agreed" to produce  as confirmed in my November 12, email (ECF #102-1) and in the event no documents exist that confirm Ameriway's ownership or right of  possession of the five (5) containers being held by Defendant, that Ameriway so state and further that an order giving Plaintiff the right to take a sample of each box of cargo inspected be conditioned upon the production of documentation verifying its right to possess the cargo in question in which it wishes to take a sample.  Of note, Plaintiff has made many "general" representations that it has produced documents showing that it had the right of possession, however Defendant has not been able to locate said documents and demands have been made for Plaintiff to identify the "Bate stamped" numbers of those documents which Plaintiff has refused/failed to do.

Finally, it is respectfully submitted that Plaintiffs requests for legal fees for making this letter motion, would not be appropriate under the circumstances set forth herein.

Respectfully,

**SHAYNE LAW GROUP, P.C.**

S/ Richard E. Schrier  (electronic signature)

Richard E. Schrier, Esq

Cc: via ECF
Peter Wolfgram,
Xiyan Zhang, Esq.
Stratum Law LLC
150 Monument Road, Suite 207
Bala Cynwyd, PA  19004