# Ex. V

Chen's Response to Ameriway's Third
Set of Requests for Production

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AMERIWAY CORP,

Plaintiff

v

**19-CV-09047 (VSB) (DCF)**

MAY Y CHEN,
ABILITY CUSTOMS BROKERS, INC.

Defendants.

**DEFENDANT'S RESPONSE TO AMERIWAY CORPORATION'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS (NOS. 42-63)**

As and for Defendants Response to Ameriway Corp.'s ("Ameriway") Third Set of

Requests of Production of Documents states as follows:

**REQUEST FOR PRODUCTION NO. 42:**

All native files of the "Terms and Conditions of Service" as shown in Exhibits A, B and C

created prior to April 10, 2019.

Defendant does not understand what the term "native files" refers to and therefore objects to this demand. Notwithstanding the foregoing, Defendant does not recall where or exactly when the copy of the terms and conditions was first obtained when she began business operations.

**REQUEST FOR PRODUCTION NO. 43:**

All native files of the "Terms and Conditions of Service" as shown in Exhibits A, B and C

created between April 10, 2019 and August 22, 2019.

Defendant does not understand what the term "native files" refers to and therefore objects to this demand. Notwithstanding the foregoing, Defendant does not recall where or when the copy of the terms and conditions were first obtained that were in force and effect during the period April 10, 2019 and August 22, 2019.

**REQUEST FOR PRODUCTION NO. 44:**

All native files of the "Terms and Conditions of Service" as shown in Exhibits A, B and C

created between August 22, 2019 and present.

Defendant does not understand what the term "native files" refers to and therefore objects to this demand. Further, Defendant objects to this demand as it calls for the production of attorney's work product.

**REQUEST FOR PRODUCTION NO. 45:**

All native files of the email including attachments sent from Defendants to Ameriway on April 10, 2017, as shown in Exhibit D.

Defendant does not understand what the term "native files" refers to and therefore objects to this demand. Notwithstanding the foregoing, Defendant has searched her records and is unable to locate the above mentioned email that is attached as Exhibit D.

**REQUEST FOR PRODUCTION NO. 46:**

All email communications, including attachments sent from Defendants to their customers containing the "Terms and Conditions of Service," as attached in Exhibits A, B and C, prior to April 11, 2017.

OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24

**REQUEST FOR PRODUCTION NO. 47:**

All email communications including attachments sent from Defendants to its customers

containing the "Terms and Conditions of Service" shown in Exhibits A, B and C from April

11, 2017 to August 22, 2019.

OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24

**REQUEST FOR PRODUCTION NO. 48:**

All email communications including attachments sent from Defendants to its customers containing the "Terms and Conditions of Service" shown in Exhibits A, B and C from August 22, 2019 to present.

OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24

**REQUEST FOR PRODUCTION NO. 49:**

All email communications including attachments between Defendants' employees relating to the "Terms and Conditions of Service" shown in Exhibits A, B and C prior to April 11, 2017.

OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24

**REQUEST FOR PRODUCTION NO. 50:**

All email communications including attachments between Defendants' employees relating to the "Terms and Conditions" shown in Exhibits A, B and C from April 11, 2017 to August 22, 2019.

OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24

**REQUEST FOR PRODUCTION NO. 51:**

All email communications including attachments between Defendants' employees relating to the "Terms and Conditions of Service" shown in Exhibits A, B and C from August 22, 2019 to the present.

OBJECT – Disclosure precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24

**REQUEST FOR PRODUCTION NO. 52:**

All documents relating to the creation and update of the "Terms and Conditions of Services" webpage at http://abilitycb.com/?page_id=2508.

Upon information and belief, no such documents exist.

**REQUEST FOR PRODUCTION NO. 53:**

All communications between Defendants and the person who created and updated the webpage "Terms and Conditions of Services" at http://abilitycb.com/?page_id=2508.

Upon information and belief, no such documents exist.

**REQUEST FOR PRODUCTION NO. 54:**

All written communication relating to the "Terms and Conditions of Service"
shown in Exhibits A, B and C between Defendants and any third party.

Except as to communications between Defendant and counsel, which is subject to the Attorney-client privileged,  Disclosure is precluded pursuant to Customs Confidentiality rules, 19 CFR 111.24 and therefore this demand is objected to.

**REQUEST FOR PRODUCTION NO. 55:**

All documents indicating the creation date of the "Terms and Conditions of Service"
in Exhibits A, B and C.

Defendant does not have possession of documentation relating to the creation of terms and conditions that were utilized by Defendant in the regular course of her business.

**REQUEST FOR PRODUCTION NO. 56:**

All documents indicating Defendants' membership status with the National Customs
Brokers & Forwarders Association of America, Inc. prior to April 11, 2017.

Defendant has not been and is not a member of the National Customs Brokers & Forwarders Association of America, but rather has been and is a member in good standing of the Customs Brokers & Forwarders of Northern California for over 10 years.

**REQUEST FOR PRODUCTION NO. 57:**

All documents indicating Defendants' membership status with the National Customs
Brokers & Forwarders Association of America, Inc. from April 11, 2017 to August
22, 2019.

Defendant has not been and is not a member of the National Customs Brokers & Forwarders Association of America, but rather has been and is a member in good standing of the Customs Brokers & Forwarders of Northern California for over 10 years.

**REQUEST FOR PRODUCTION NO. 58:**

All documents indicating Defendants' membership status with the National Customs
Brokers & Forwarders Association of America, Inc. from August 22, 2019 to present.

Defendant has not been and is not a member of the National Customs Brokers & Forwarders Association of America, but rather has been and is a member in good standing of the Customs Brokers & Forwarders of Northern California for over 10 years.

**REQUEST FOR PRODUCTION NO. 59:**

All communications between Defendants and the National Customs Brokers & Forwarders Association of America, Inc. relating to the "Terms and Conditions of Service" shown in Exhibit A prior to April 11, 2017.

To Defendant's knowledge, no such documentation exists.

**REQUEST FOR PRODUCTION NO. 60:**

All communications between Defendants and the National Customs Brokers & Forwarders Association of America, Inc. relating to the "Terms and Conditions of Service" shown in Exhibit A from April 11, 2017 to August 22, 2019.

To Defendant's knowledge, no such documentation exists.

**REQUEST FOR PRODUCTION NO. 61:**

All communications between Defendants and the National Customs Brokers & Forwarders Association of America, Inc. relating to the "Terms and Conditions of Service" shown in Exhibit A from August 22, 2019 to the present.

To Defendant's knowledge, no such documentation exists.

**REQUEST FOR PRODUCTION NO. 62:**

All native files for letters sent to any party from January 1, 2014 to the present indicating Defendants' intent to exercise the general lien purportedly granted under ¶14 of the "Terms and Conditions of Service."

Defendant does not understand what the term "native files" refers to and therefore objects to this demand. Notwithstanding the foregoing, Defendant has never had the occasion or need to exert or exercise a lien against any other client. Eagle Trading USA LLC is the first client that has failed to pay so many of its bills.

**REQUEST FOR PRODUCTION NO. 63:**

All emails from January 1, 2014 to the present between Defendants and any party relating to Defendants' intent to exercise the general lien provisions purportedly granted under ¶14 of the "Terms and Conditions of Service."

Defendant has never had the occasion or need to exert or exercise a lien against any other client. Eagle Trading USA LLC is the first client that has failed to pay so many of its bills.

Shayne Law Group

Dated:  April 28, 2022
        Garden City, New York

By: _s/Richard E. Schrier_____
            Richard E. Schrier, esq.
*Attorney for Plaintiff Ameriway Corporation*
*595 Stewart Avenue*
*Garden City , New York 11530*
*516-739-8000*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of April, 2022, I caused a copy of Defendant's Response to Ameriway Corporation's THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS to be served via electronic mail upon: Pete Wolfgram, Esq. and Xiyan Zhang,Esq. of the law firm of Stratum Law LLC

Shayne Law Group

Dated: April 28, 2022                                By: _s/Richard E. Schrier_____
      Garden City, New York                              Richard E. Schrier, esq.
*Attorney for Plaintiff Ameriway Corporation*
*595 Stewart Avenue*
*Garden City , New York 11530*
*516-739-8000*