# Ex. W

**Ameriway Counsel's Email to Chen's Counsel on May 3, 2022**

**Subject:** email to richard

**Date:** Tuesday, May 3, 2022 at 11:39:03 AM Eastern Daylight Time

**From:** Pete Wolfgram

**To:** Xiyan Zhang(Xiyan)

Richard,

Plaintiff's Document Demand Nos. 46-51 seeks all documents, emails, and attachments relating to the "Terms and Conditions of Service" document purportedly in force and effect when the parties executed the 2017 POA, identified in Exs. A, B, and C of our Third Document Request, dated February 4, sent between Chen and her customers and employees.  You claimed these documents are protected from disclosure by 19 CFR Sec. 111.24, which states the records shall not be shared with "persons other than those clients, their surety on a particular entry, and the Field Director, Office of International Trade, Regulatory Audit, the special agent in charge, the port director, *or other duly accredited officers or agents of the United States, except on subpoena by a court of competent jurisdiction.*"

Xiyan is licensed to practice in the Court of the Southern District of New York; he is thus theoretically and actually an officer of that federal Court.  Our document request thus operates as a subpoena "by a court of competent jurisdiction."  Further, the Court's April 8 written **ORDER** mandating the production of these documents operates as a "subpoena" of far greater authority.  That Chen's customer records would somehow be beyond the reach of a federal court is an unfounded argument, and we repeat that you are likely in contempt of the Court's April 8 Order by refusing to turn over the documents.

You also incorrectly asserted privilege based on 19 CFR Sec. 111.24 with respect to Interrogatory Nos. 17-18, in which we are seeking the names of any customers whom Chen allegedly sent the Terms and Conditions of Service document in the course of her business.  We are seeking underlying facts here, not records, in this interrogatory request.  Your objection is thus invalid.

It is a basic tenant of discovery that production logs must be provided for every document being withheld based on any type of privilege, even if the requested documnts are part of a "statutorily prohibited class," which is certainly not the case here.  I am not even sure what you mean by this term.  In any event, the Court must assess the merits of your privilege claim on a document-by-document basis.  Your blanket privilege objections indicate that you did not even search for the documents, and is tantamount to a non-answer.

With respect to Document Demands 42-45, you claimed that Chen does not know what "native files" refer to and "therefore objects to this demand."  We expressly described what native files were in our Motion to Compel, and you should have instructed her on this point as her counsel.

Document Demand 44 sought "[a]ll native files of the "Terms and Conditions of Service" as shown in Exhibits A, B and C created between August 22, 2019 and present."  You responded that "Defendant does not understand what the term "native files" refers to and therefore objects to this demand.  Further, Defendant objects to this demand as it calls for the production of attorney's work product."

Again, you need to support your work-product objection with a sufficiently detailed production log, detailing on a document-by-document basis which materials are being withheld and the nature of the privilege.  For each document withheld, the party asserting privilege must identify the nature of the privilege, the type of document, its subject matter, date, author, addressees, and any other recipients, and where not otherwise apparent, the relationship of the author, addressees, and other recipients to each other.

Your work product assertion indicates that Chen's counsel, Attorney William Shayne, created native files related to the 'Terms and Conditions of Service' document as shown in Exhibits A, B, and C of

our Document Requests during litigation, or in advance thereof -- specifically that he formatted the footers, inserted the California Jurisdictional Clause and Chen's company name into the preexisting Terms and Conditions of Service form.  The work product privilege requires that you must disclose whether Attorney Shayne created this document in a privilege log.  We will raise this specific matter with the Court in the following days.

With respect to Interrogatory No. 15, we requested specific information about the Terms and Conditions of Service *document* purportedly attached to the 2017 POA and used by Chen during the course of her business; again, this *document* includes Chen's company name, a California Jurisdictional Clause, and unique footers. Our Motion to Compel, in which we expressly informed the Court that we had grave doubts about the Terms and Conditions of Service document's authenticity, clearly indicated that we wanted specific information about the document's creation date, among other things.  Our questions clearly related to <u>Chen'</u>s use of the document.  We certainly did not request a general history about the "basic text" of the "industry-wide" terms adopted by NCBFAA. As if this wasn't clear enough, Interrogatory No. 15 (d-h) requests specific information about what software was used to create the Terms and Conditions of Service document, the email address from which it was first sent to Chen, and the serial number of the computer on which the document was first created, etc..  That is why I labeled your responses "evasive" in my earlier email.  You are required to make a conscientious effort to understand the question, and provide full and complete answers in good-faith.  We do not believe you have come close to that standard.

We will not table this issue until Chen's deposition, as you suggested.

Moreover, you failed to provide a privilege log for Document Demand 54, which seeks "[a]ll written communication relating to the 'Terms and Conditions of Service' shown in Exhibits A, B and C between Defendants and any third party," for which you asserted attorney-client privilege.  You already waived privilege twice, and the Court ordered you to turn over all written communication between Chen and any third party, *including her counsel*, relating to the Terms and Conditions of Service document.

Therefore, please provide **all** the requested documentation and complete answers to our discovery requests pursuant to the Court's April 8 Order by Friday, May 3, or we will be forced to file a Motion for Contempt early next week.  To be clear, we do not recognize any of your asserted privileges.

If you wish to discuss this matter over the phone on Wednesday or Thursday of this week, please let us know.  Otherwise Xiyan can discuss with Bill in-person at the warehouse on Friday.

**Pete Wolfgram | Stratum Law**
150 Monument Road Ste. 207
Bala Cynwyd, PA 19125

************************************************************
The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Stratum Law LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@stratumlaw.com, and destroy this communication and all copies thereof, including all attachments.