

# RICHARD E. SCHRIER, ESQ.

August 16, 2022

Via ECF:
Magistrate Judge ValerieFigueredo
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    **Ameriway Corp. v. May Yan Chen and Ability Customs Inc.
Case # 19-cv-09407 (VSB) (DCF)-counter status letter per ECF 143**

Dear Magistrate Judge:

    As you recall, this office represents the Defendant in the above referred case. The Court directed that the parties to consult and comply on various outstanding discovery issues.

    Plaintiff's counsel has written to you stating that Defendant has not produced documentation showing that she sent clients copies of Terms and Conditions (Plaintiff claims that Plaintiff never received a copy of the Terms and Conditions notwithstanding a representation in the Power of Attorney that both Attorney Zhang and Attorney Wolfgram signed on behalf of Eagle Trading USA, LLC the confirmed receipt of a copy of the Power of Attorney).

    For context, you may recall that five of Defendant's clients produced affidavits verifying receipt of the terms and conditions from Defendant (all with the provision giving Defendant the right to exert a general lien against the goods being held at the New Jersey warehouse). Further, Defendant has been searching through literally tens of thousands of pages of documents that Defendant has stored and found a number of hard copy of faxes to clients in which a clear reference was made to the transmission of a copy of the terms and conditions.

    In an effort to comply with the Court's direction, Defendant has made a diligent search of its electronic records to the extent available. Further, Defendant has dedicated time on virtually a daily basis to complete the search for "hard copies" of documents responsive to Defendant's request with some success (see the attached with the names redacted pursuant to 19 CFR 111.24). However, when the client thought the search had been timely completed, a number of additional boxes were located. I anticipate the complete search will be completed well before the September 13, 2022 conference.

With respect to the documentation that Defendant has requested from Plaintiff, Plaintiff still has failed to produce the following documentation (which has been the subject of multiple requests dating back to October 2020):

1. **DEMAND FOR PRODUCTION OF CONTRACTS BETWEEN AMERIWAY AND ANY OWNERS OF THE CARGO CONTAINED IN CONTAINERS 1-5 (the cargo that was inspected by the parties in March 2022 and that is being held in a New Jersey warehouse).**
    a. Plaintiff has asserted that they had provided the contracts between Ameriway and cargo owners as requested within the 89,000 pages of documents it produced, which Plaintiff claims is the basis for it to have standing to bring this lawsuit;
    b. In as much as Defendant could not identify the owners of the cargo being held pursuant to Defendant's lien rights, Defendant requested Plaintiff to identify the documents by Bates Number. Plaintiff declined to do so. The court finally ordered Plaintiff to identify the documents by Bates Numbers.
    c. Plaintiff finally identified two contracts by Bates Number AMERIWAY – 0077379 to AMERIWAY – 0077391 neither of which applied to the cargo being held by Defendants.
    d. Despite Plaintiff's representation as to the content of the contracts:
        i. Neither of the contracts produced identified Ameriway Corp as a contracting party.
        ii. Nor did the contracts identify Eagle Trading USA LLC as a contracting party.
        iii. Nor did the contracts identify the shippers/sellers of the goods contained in the 5 containers as a contracting party.
    e. The primary contracting party identified in the contracts was Shenzhen Liante International Logistics Co., Ltd.
    f. Shenzhen Liante International Logistics Co., Ltd. is identified in Ameriway's Shareholder Agreement, Bates AMERIWAY 0077171 – AMERIWAY 0077186, as a wholly owned Chinese subsidiary of Ameriway Corp.
    g. Ameriway Corp, being the parent of Shenzhen Liante International Logistics Co., Ltd., Ameriway had the obligation pursuant to FRCP 37(e) to instruct Shenzhen Liante International Logistics Co., Ltd. to retain electronic documents necessary to support its action.
    h. Plaintiff has represented that Shenzhen Liante International Logistics Co., Ltd. is out of business and no further documentation is available .

As the Court is aware, **FRCP 37 (e) addresses the Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party

failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

> **(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice;** or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>>
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>> (C) dismiss the action or enter a default judgment.

Defendant is prejudiced by the failure of Ameriway Corp and its wholly owned subsidiary Shenzhen Liante International Logistics Co., Ltd. to maintain the evidence of the relationship between the shippers/owners of the cargo and Shenzhen Liante International Logistics Co., Ltd. Further, Ameriway Corp has not produced and documentation that it had any contractual interest in any of the goods contained in the five containers.

2. **DEMAND FOR FINANCIAL STATEMENTS AND CONTRACTS WHICH WOULD ESTABLISH THE FINANCIAL ARRANGEMENTS BETWEEN AMERIWAY AND EAGLE WITH RESPECT TO SERVICING OF GOODS IMPORTED BY EAGLE AND DAMAGES CLAIMED BY AMERIWAY:**

    a. Defendant has requested copies of Ameriway's financial statements and records which would presumably be evidence of the claimed damages by Plaintiff. This was first demanded in Defendant's First Demand for the Production of Documents dated October 12, 2020,

    b. Plaintiff provided bank statements for the period of January 1, 2019 through November 22, 2019 as Bates AMERIWAY 0077618 through AMERIWAY 077643.(Note the power of attorney giving Defendant to represent Eagle in the importation of goods was signed in March 2017 and Defendant ceased clearing cargo through customs for Eagle in August 2019);

    c. Defendant made a second request for the production of those financial statements on June 16, 2022. Dkt 142-3.

    d. To date no documents have been received nor have Bates numbers for the documents been provided.

    e. Wherefore, pursuant to FRCP 37(b)(2)(A)(I) Defendant requests an order that there is no financial record pertaining to the period of February 1, 2017 through 1/2/2019 that any payments were made to Ameriway from any cargo owner, from Ameriway to any of the owners of cargo contained within the five containers, and from

Ameriway to Eagle except a one-time payment of $25,000 as identified by Bates AMERIWAY – 0077622.

 f. In Ameriway's supplemental response dated April 11, 2022 it states that

> **Response:** As plainly stated in Ameriway's pleading and numerous other filings, Ameriway is a third-party logistics company and Eagle agreed to serve as Ameriway's importer of record. No invoices were issued from Ameriway to Eagle for serving as its importer of record. No payments were made from Ameriway to Eagle for such services.
>
> The only payment Eagle made to Ameriway is a one-time payment of $25,000 to Ameriway for freight services rendered by Ameriway to its goods unrelated to being the IOR. AMERIWAY – 0077622.

Based upon the foregoing, bank statements, general ledgers, income statements, copies of cancelled checks, income statements and balance sheets should be produced for the years 2016 to the present or in the alternative, Plaintiff should be precluded from proving damages utilizing any of those records.

**3. DEMAND FOR EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF EAGLE TRADING USA LLC.**

 a. Defendant demanded in its second demand for production of documents dated January 26, 2021 that Plaintiff provide documentary evidence that Plaintiff's counsel and President, Zhang, had the authority to represent Eagle Trading LLC as its COO. Dkt 142-3

 b. To date no documents have been received nor have Bates numbers for the documents been provided.

 c. Wherefore pursuant …37(b)(2)(ii) that Plaintiff be precluded from offering any evidence of Zhang's authority to represent himself as COO or any other officer position of Eagle Trading USA LLC.

       Respectfully,

**SHAYNE LAW GROUP, P.C.**

S/ Richard E. SCHRIER   (electronic signature)

 Richard E. SCHRIER, Esq

Cc: Peter Wolfgram,
Xiyan Zhang, Esq.
Stratum Law LLC
150 Monument Road, Suite 207
Bala Cynwyd, PA  19004