

2424 E. York St. Ste. 223  (215) 621-8008
Philadelphia, PA 19125  www.stratumlaw.com

*Via ECF*  September 9, 2022

Hon. Magistrate Judge Valerie Figueredo
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:    Case # 19-cv-09407 - Ameriway Corp. v. May Yan Chen and Ability Customs Inc. – PLAINTIFF'S LETTER MOTION FOR POSTPONEMENT OF THE SEPTEMBER 13, 2022 DISCOVERY CONFERENCE

Dear Judge Figueredo:

Plaintiff Ameriway Corporation requests a postponement of the upcoming discovery conference scheduled for September 13 until Judge Broderick rules on Plaintiff's Letter Motion to Stay Discovery Based on New Evidence, filed September 9, 2022. *See* Dkt. No. 158. Plaintiff requested a complete discovery stay because Defendant Chen recently submitted to the Court as substantive evidence three fabricated email exhibits in support of her purported lien over the five cargo containers at the center of this case. Plaintiff already has a sanctions motion pending for default judgment and dismissal, submitted June 24, which could have dispositive effect.

On August 16, Chen's counsel submitted a "Status Report" to the Court, which includes three "Exhibit email[s] to New Client[s]" "clear[ly] referenc[ing]…the transmission of a copy of the terms and conditions" (the '94 Terms lien document) as early as 2013. Dkt. No. 157. However, the email exhibits are not in native file format, as repeatedly requested by Plaintiff. They are scanned .PDF files of <u>hardcopies</u> that Chen claims to have recently found in storage "boxes." Id. Chen alleges she cannot find any emails containing the '94 Terms on her server. Id.

While the email exhibits purport to authenticate the '94 Terms, Plaintiff's forensic experts presented substantial electronic evidence the PDF email files have been digitally manipulated to support Chen's claim. Dkt. No. 158, pp. 4-8. Further, Chen's email, purportedly sent January 2013, contains specific date information that was not publically available until six months later, on June 7, 2013. Id., pp. 2-3.

This is now the **second** fabricated lien document Chen and her counsel knowingly submitted to the Court. The first one was indisputably manufactured by Chen's lead counsel, Mr. William Shayne, which they allegedly filed with the Court by "mistake" on six different occasions, and which was the original basis of Plaintiff's sanctions motion for "fraud on the Court." Nevertheless, Chen claims the '94 Terms is the "real" lien document she meant to rely on all along.

In any event, the upcoming discovery conference will be unnecessary if Judge Broderick grants Plaintiff's motion to stay document discovery. Plaintiff thus respectfully submits there is good cause to indefinitely postpone Tuesday's hearing until Judge Broderick rules on the matter.

Respectfully submitted,

By: _____
Xiyan Zhang
Attorney for Plaintiff
STRATUM LAW LLC