

**RICHARD E. SCHRIER, ESQ.**

September 12, 2022

Via ECF:
Magistrate Judge Valerie Figueredo
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    Ameriway Corp. v. May Yan Chen and Ability Customs Inc.
            Case # 19-cv-09407 (VSB) (DCF)

Dear Magistrate Judge:

    As you may recall, this office represents the Defendant in this action. This letter is being written in response to the letter application of the Plaintiff dated September 9, 2022 in which the Plaintiff has requested a postponement of the conference scheduled for tomorrow, September 13, 2022 based upon an application Plaintiff made to Judge Broderick in which Plaintiff claims that three (3) emails Defendant produced in discovery were "fraudulently" produced (in what Defendant views is an attempt by Plaintiff to influence Judge Broderick regarding Plaintiff's motion to recuse Defendant's attorneys).

    First and foremost, I want it on record that to the best of counsel's knowledge, the emails in question are true and accurate copies of the original emails and are not fraudulent. Further, Defendant is in the process of compiling evidence that will contradict Plaintiff's claim that the documents were fraudulent.

    Having said that, as you may recall, both Plaintiff and Defendant have submitted motions to Judge Broderick in which it is requested that present counsel should be recused from further representation. Although Judge Broderick stayed depositions in the case as well as other proceedings pending his order on the recusal applications, he directed that document discovery continue.

    With regard to document discovery, Plaintiff still has not produced documentation as follows:

1. Documentary proof that Plaintiff had the right of possession of the five (5) containers of cargo that are being held by Defendant in furtherance of her lien rights for outstanding monies owed for services rendered and expenses advanced (including customs tariffs/duties paid) {Through discovery we now know that Plaintiff was not the seller of the cargo being held, was not the owner of the cargo being held, was not the

purchaser or contract vendee of the cargo being held, nor the importer of record of the cargo being held};

2. Documentary proof that Plaintiff had the right (the standing) to sue for the damages allegedly incurred for overcharging for services and/or out of pocket expenses incurred on all the cargo that Defendant cleared through customs pursuant to the power of attorney with Eagle USA as claimed in the complaint in this case;

3. Plaintiff provided its financial records (including bank records) for 2019 but failed to produce the same records for 2018 and 2017 (which is essential regarding the claims of damages asserted);

4. Correspondence with Defendant or anyone on behalf of Defendant with regard to the Power of Attorney that gave Defendant the authority to act as a customs broker on behalf of Eagle in connection with the import of approximately 500 containers of cargo during the period 2017 through 2019. More specifically, the correspondence from Defendant in which the "form" Power of Attorney was transmitted and the correspondence to Defendant in which the signed Power of Attorney was transmitted back to Defendant (as well as any other correspondence in which the Power of Attorney was the subject of the correspondence). [Presumably, the correspondence was with either or both of Plaintiff's counsels: Peter Wolfgram and/or Xiyan Zhang].

These were going to be the issues raised by Defendant at the conference tomorrow in addition to giving the Court an update on the searches for further correspondence Defendant had with additional customers in which a copy of the proposed Power of Attorney and terms and conditions were sent by Defendant in the regular course of its business.

Having said the foregoing, it was Defendant's position when the recusal motions were made that all discovery should be stayed pending the Judge Broderick's decision on the recusal motions. In light of that position and the issue raised by Plaintiff regarding the allegedly falsified emails, Defendant has no objection to delaying further discovery until the recusal motions are addressed.

                                  Respectfully,

                              **SHAYNE LAW GROUP, P.C.**

                    S/ Richard E. Schrier  (electronic signature)

                      Richard E. Schrier, Esq

Cc: Peter Wolfgram
Xiyan Zhang
Stratum Law LLC
150 Monument Road, Suite 207
Bala Cynwyd, PA  19004
(via ECF)