

**SHAYNE**
LAW GROUP, P.C.

RICHARD E. SCHRIER, ESQ.                                    RESINCOURT@AOL.COM

January 4, 2023

*Via ECF*

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

**Re:    Ameriway Corp. v. May Yan Chen and Ability Customs Inc.**
**Case # 19-cv-09407 (VSB) (DCF)**

Dear Judge Broderick:

This office represents the Defendant May Yan Chen d/b/a Ability Customs Brokers (hereinafter "Chen") in the above referred action. This letter is being submitted in connection with Plaintiff's letter motion to stay all proceedings in this action (ECF # 158).

By way of background, Defendant is a customs broker who was retained by Eagle Trading USA, LLC ("Eagle") to assist in the import of containers of cargo from China. Plaintiff's attorney Xiyan Zhang, esq. signed the power of attorney as the COO of Eagle in 2017. Plaintiff is allegedly a logistics company that allegedly assisted Eagle (who was the importer of record) in arranging for the transport of the containers of cargo. Zhang is the President of Ameriway and one of four (4) shareholders, but is neither the owner or purchaser of the goods.

During the period March 2017 through August 2019, Defendant, Chen was the customs broker of almost 500 containers of cargo which was imported by Eagle. During that time, Chen advanced customs duties and expenses on Eagle's behalf as well as performed customs broker's services for which it billed Eagle. Notwithstanding the fact that Eagle was the actual "customer", all of Defendant's invoices that were paid, were paid by Plaintiff, Ameriway.

In the summer of 2019, Defendant's invoices went unpaid and by August 2019, the outstanding balance owed to Defendant by Eagle was over $400,000. The Power of Attorney that was signed by Zhang on behalf of Eagle (which is now believed to be only a "shell company") specifically acknowledged that Zhang had received and reviewed Defendant's terms and conditions, which contained a provision that allowed Defendant to assert not only a specific lien on cargo in its possession, but also a "general Lien" for all moneys owed by Eagle.

64 FULTON STREET, SUITE 1000, NEW YORK, NY 10038-2409
TEL: 212 566-4949  FAX: 212 202-5423  EMAIL: MAIL@SHAYNELAWGROUP.COM

SHAYNE
LAW GROUP

When Eagle failed to pay the outstanding invoices to Defendant, Defendant exerted a general lien against five (5) Eagle containers that were in transit. The cargo from those 5 Eagle containers have been inspected by all parties and are presently being held in a New Jersey warehouse pending resolution of this case. On inspection of the contents of the containers, labels on each package in the containers identify the owner and the purchaser (or consignment party) of the contents of each separate parcel. None of the individual parcels identify Plaintiff, Ameriway nor Eagle as the owner or purchaser/consignee of the cargo.

Plaintiff, Ameriway claims it has the right of possession of the cargo and claims that despite the fact that when Zhang, an attorney, signed the Power of Attorney on behalf of Eagle and that in doing so he expressly acknowledges receipt of the terms and conditions referred to in the power of attorney, he now claims that never received them and thus Defendant has no right to exert a general lien on the cargo being held.

Defendant has contested Ameriway's standing in this case (in which Ameriway claims it was damaged due to overbilling by Defendant [which Defendant denies]) and contests Defendant's assertion of a general lien over the cargo for the full unpaid amount due.

The Court may recall that motions by both parties are pending to disqualify counsel (which motions have been fully briefed and submitted for decision). Pending this Court's decision with respect to the motions to disqualify, this Court ordered that document discovery shall proceed but stayed depositions pending its decision on the motions to disqualify.

Plaintiff demanded that Defendant produce proof that in the regular course of Defendant's business, that when a power of attorney is sent to a potential client, a copy of the terms and conditions is also sent with the proposed power.

In response, Plaintiff supplied affidavits from a number of past and present customers who attested to the fact that a copy of the terms and conditions were sent to those customers when they received the power of attorney to be signed which appointed Defendant their agent to import cargo on their behalf. Additionally, Defendant supplied copies of some emails to customers in which it was clearly indicated that a copy of the terms and conditions were sent via email with the proposed power of attorney.

Plaintiff claims that the emails produced were fabricated. Plaintiff retained a "graphic designer" who provided Plaintiff with a letter in which he claimed that the submitted emails were fabricated with the specific opinion that:

1. The font size and spacing in the heading of three (3) of the emails provided by Defendant were not consistent, which supposedly indicated that the document was fabricated; and

2.      On the bottom of an email dated January 8, 2013 there is reference to the enforcement of a custom regulation effective July 9, 2013 on the bottom of the email which the "graphic designer" opined was further proof that the email is a fabrication.

Plaintiff, in a apparent attempt to influence this Court's decision in connection with the pending motions to disqualify, provided a copy of Plaintiff's so called "expert" (the opinion



letter from the "graphic designer") **AFTER THE RETURN DATE OF THE MOTION**- which set forth the foregoing.

In response, Defendant retained Linda L. Mitchell, D-ABFDE, a Certified Forensic Document Examiner to refute the "graphic designer's" opinion as to the typographical anomalies. A copy of Ms. Mitchell's opinion letter is attached hereto for the Court's ready reference. The Court will note that the identity of Defendant's customers has been redacted based upon the fact that 19 C.F.R. 111.24 precludes a custom broker from releasing any details related to the Customs Business of a customer including their identity.  However, should the Court wish to have an in-camera inspection of the report and exhibits without the redactions, Defendant will make that available as may be requested.

Of note is that Ms. Mitchell has been confirmed as a competent expert witness in the California Superior Courts in San Diego, Orange County, Los Angeles, Riverside, and San Bernardino Counties, as well as the United States Bankruptcy Court. Ms. Mitchell is the designated examiner for voter fraud in the state of California for the period 2016 through 2023.

Ms. Mitchell's research has been published in the Journal of the American Society of Forensic Document Examiners and she is a contributing author and technical advisor for two textbooks used in forensic document examination. She has been a diplomat of the American Board of Forensic Document Examiners since 2014, and a member of the American Academy of Forensics Sciences (question document section), the American Society of Question Document Examiners, and the Southwestern Association of Forensic Document Examiners

Besides handwriting identification, Ms Mitchell's training included many aspects of document production, printing processes, software manipulation, and anomalies created by office machines in which she has been called to provide evidence in hundreds of cases, many involving office machine output questions.

Ms. Mitchell, in her attached opinion letter commented that many printers/scanners are embedded with automatic optical character recognition software that "reads" a physical copy of the document and prints what it perceives as the characters represented in the image. Ms Mitchell opined as a Certified Forensic Document Examiner, that the email printout in dispute is not a result of manipulation or fabrication. Instead, it is a manifestation of an office machine misinterpreting the existing file, converting it to electronic form, and reprinting what it senses using the type styles embedded in its system, resulting in different font output. Ms. Mitchell further noted that it is a common anomaly that the visible output from OCR devices is fraught with digital misinterpretations.  She further noted that software often compresses an image to save computer space or saves the image at a low resolution. Then, when the device retrieves the digital image, there is not enough data to recreate it properly. As a result, fonts can become inconsistent simply by using a different file format. See Exhibit B of Ms. Mitchell's report.


As a result, Ms. Mitchell opined that the opinion of the "graphic designer" retained by Plaintiff that the so called "anomalies" were purposely cut-and-pasted, in an effort to fabricate the documents is unreasonable.



Defendant provided samples of emails unrelated to this case from 2012 through 2017 (when Eagle first retained Defendant via the signing of the power of attorney), all of which had the statement referring to the enforcement of a custom regulation effective July 9, 2013 on the bottom of each of the emails.

Based thereon, Ms. Mitchell opined that the statement in reference to the enforcement of a custom regulation effective July 9, 2013 on the bottom of the email was affixed to outgoing emails in the regular course of Defendant's business, was not an anachronistic fabrication, but was instead a part of the day-to-day transmissions during the period examined..."

Based upon the foregoing, Plaintiff's attempt to "bolster" it's argument that Defendant and/or Defendant's counsel has made intentional misrepresentations to the Court by way of fabricating documents should be disregarded and further, if this Court elects to take into consideration Plaintiff's letter with a copy of its so-called expert [the "graphic designer"] opinion letter in connection with the motion to disqualify Defendant's counsel, that this Court also take into consideration this letter and the attached opinion of Ms. Mitchell, who is Certified Forensic Document Examiner with over a decade of experience analyzing and identifying fabricated documents.

Thanking you in advance for your consideration of this matter.

Very truly yours,

Richard E. Schrier, Esq.
Shayne Law Group, P.C.
64 Fulton St, Suite 1000
New York, NY, 10038
Tel: 212-566-4949
Fax: 212-202-5423
wshayne@shaynelawgroup.com

TO:    Stratum Law LLC via ECF
       2424 E. York Street
       Suite 223
       Philadelphia, Pa. 19125
       Attn: Xiyan Zhang, Esq.
       xzhang@stratumlaw.com