# Ex. Z



**In the matter of Case # 19-cv-09047 – Ameriway v. May Yan Chen and Ability Customs Inc.**

# Declaration of James R. Holbein, Esq.

I, James R. Holbein, declare as follows:

### A. Background and Experience

1. I am an attorney licensed to practice law in the District of Columbia and have been a member in good standing of the DC Bar since January 10, 2000, Member Number 427600.  I am over the age of eighteen and make this declaration from personal knowledge, unless otherwise indicated below. I make this declaration in support of Plaintiff's Second Motion for Entry of Default Judgment and Dismissal.

2. Prior to joining the DC Bar, I was a member of the State Bar of Arkansas from my admission in 1979.

3. I have held numerous positions in the areas of international trade and customs law in government and the private sector for more than 40 years, including, but not limited to, to the following:

    a. Of Counsel to Braumiller Law Group, PLLC, a highly respected boutique law firm focused on international trade compliance and proven strategies to optimize global trade business practices since March 2020.

    b. Director of the Office of Tariff Affairs and Trade Agreements, U.S. International Trade Commission.

    c. Adjunct Assistant Professor of Law for 15 years in the International Masters Program, Washington College of Law, American University.

    d. U.S Secretary, NAFTA Secretariat, U.S. Department of Commerce.

    e. Trade Negotiator, US-Canada Free Trade negotiations.

    f. Service on five binational panels in the U.S. and Mexico to resolve appeals of final determinations of the governmental investigating authorities in the U.S. and Mexico in complicated antidumping and countervailing duty investigations.

    g. Service on the Board of Directors of the International Trade Data System (ITDS), the steering group with more than 40 federal agencies represented responsible for developing and deploying the Automated Customs Environment (ACE).  ACE is managed by Customs and Border Protection (CBP) to provide a single automated portal for all documentation related to imports to and exports from the United States.

B. **Assignment**

1. I have been requested to provide an expert declaration by the Plaintiff's attorney, Peter Wolfgram, Stratum Law LLC, concerning the date of notice of an impending change to the filing requirements for the Import Security Filing (ISF) in 2013. This Expert Declaration is intended to be filed in the matter of Case # 19-cv-09047 – Ameriway v. May Yan Chen and Ability Customs Inc.

2. I have researched the issue and provided the same level of expertise and knowledge that I provide for clients based upon my familiarity with international trade and customs law developed over more than 40 years working in that specialized area of law.

C. **Analysis of the Facts and Law**

1. The Importer Security Filing is one of the primary documents required by CBP to be electronically filed in the ACE system in order to enter goods into the United States. It contains critical information about the shipper and the importer of record or consignee. Failure to file the ISF prior to loading goods for shipment to the United States is a violation of law.

2. At issue is whether there was notice prior to June 7, 2013, of an impending update to the CBP filing requirements for ISF forms such that the Defendant in this matter could have placed a footnote in emails to clients as early as January 2012.

3. Plaintiff has provided the court with a CMS message posted on the CBP website dated June 7, 2013, that is the earliest reference by that agency of an impending change to the ISF rules for filing automated entries.

4. I utilized my expertise to search for other notices of the impending change to ISF filing requirements that would constitute public notice by the agency of the action. I searched the Federal Register for the dates January 1, 2012, through September 30, 2013, and found no notices of such an action.

5. The Federal Register constitutes the official notice of agency actions for all government agencies. I have used the Federal Register to provide such public notices on numerous occasions as both the Secretary to the NAFTA Secretariat and as the Secretary to the International Trade Commission, so I am quite familiar with the requirements for such public notice. I found no Federal Register notices relevant to the ISF between January 1, 2012 through September 30, 2013.

6. I also searched the ACE system, which provides notice from CBP to ACE users of impending actions or problems to be resolved. There were no other relevant messages between January 1, 2012 through September 30, 2013, that would enable anyone to provide a specific date for the change to ISF filing rules other than the June 7, 2013 notice provided by Plaintiff to the court.

7. I also researched any notices referring to the ISF in the Customs Bulletin, a specialized publication by CBP for providing notices of impending official actions and official rulings concerning imported goods. My search from January 1, 2012,

Page 2

5220 SPRING VALLEY RD., SUITE 200    DALLAS, TEXAS 75254    (214)348-9306 TEL.    (214) 217-9309 FAX    (877) 277-5987 TOLL-FREE
WWW.BRAUMILLERLAW.COM

through September 30, 2013, did not provide any results related to the question before the court.

8. As a further approach to identify any information that Defendant could have used to determine the date for the impending change in ISF filing procedures that occurred on July 9, 2013, I searched the media notices by CBP for January 1, 2012, through September 30, 2013, and found nothing to indicate that there was a specific date notified to the public or Customs Brokers about the change in filing procedures prior to the June 7, 2013, CMS notice submitted by Plaintiff.

9. To ensure that I fully understand the notice requirements of CBP, I also reviewed:
   a. 19 CFR Part 149, Importer Security Filing
   b. Tile 19 Customs Duties, United States Code
   c. CBP Decision No. 18-04; Definition of Importer Security Filing Importer, Final Rule issued on 04/12/2018 found at https://www.federalregister.gov/documents/2018/04/12/2018-07624/cbp-decision-no-18-04-definition-of-importer-security-filing-importer
   d. *Frequently Asked Questions, Importer Security Filing (ISF)*, November 2018 found at https://www.cbp.gov/sites/default/files/assets/documents/2018-Nov/Updated%20ISF%20FAQ%20FINAL%2011282018.pdf

**D. Conclusion**

I can find no basis for the claim that there was notice prior to June 7, 2013, provided to the public or customs brokers about the impending change to the ISF procedures that would warrant a statement by anyone that CBP was going to fully enforce ISF procedures on July 9, 2013. In addition, CBP fully enforced ISF filing requirements prior to the July 9, 2013, procedural change because the ISF is required was required to be filed in either paper or electronic form in order to enter goods into the U.S.

"I declare under penalty of perjury that the foregoing is true and correct

Executed June 9, 2023

DocuSigned by:

*JAMES R HOLBEIN*

C19C8A8BB437402...

James R. Holbein
Of Counsel
Braumiller Law Group PLLC
www.braumillerlaw.com
Cell: (703) 303-4375
Email: james@braumillerlaw.com