# STRATUM*LAW* LLC

2424 E. York St. Ste. 223  (215) 621-8008
Philadelphia, PA 19125  www.stratumlaw.com

*Via ECF*  July 8, 2023

Hon. Judge Broderick
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

Re: Related Case Notification Pursuant to LCR 1.6(a)

Dear Judge Broderick:

Pursuant to Local Civil Rule 1.6(a), Plaintiff is writing to inform the Court that Defendant May Yan Chen ("Chen") and her counsel, William Shayne and Richard Schrier, have filed a related case in the Southern District of New York on July 6, 2023 against Plaintiff's counsel, Pete Wolfgram and Xiyan Zhang, for defamation related to an article published by the online legal news service Law360 ("Law360 Article"). *See* 1:23-cv-05431-PAC ("Related Case"). The Law360 Article and Chen's new Complaint are attached as Exs. "A," and "B," respectively. The Related Case has been assigned to Judge Paul A. Crotty. Plaintiff's counsel have yet to be served with process.

The Law360 Article summarizes the allegations set forth in Plaintiff's Motion to Disqualify Defendants' Counsel, and for Default Judgment, Dismissal, and Attorneys' Fees for Fraud on The Court" ("First Sanctions Motion"), filed in this action ("the Main Case") on June 24, 2022. Dkt. No. 145. Plaintiff's First Sanctions Motion is currently pending. On June 11, Plaintiff filed a Second Sanctions Motion related to two sets of fabricated email printouts submitted by Chen to Judge Valerie Figueredo and Your Honor in August 2022 and January 2023. Chen's response is due July 14.

LCR 1.6(a) states:

> "(a)It shall be the continuing duty of each attorney appearing in any civil or criminal case to bring promptly to the attention of the Court all facts which said attorney believes are relevant to a determination that said case and one or more pending civil or criminal cases should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort. As soon as the attorney becomes aware of such relationship, said attorney shall notify the Judges to whom the cases have been assigned."

To avoid unnecessary motion practice with Judge Crotty, Plaintiff respectfully requests the Court to order Chen to file a Related Case Statement, so the new case may be reassigned to Your Honor.

**The Related Case and the Law360 Article**

The basis of Chen's defamation claim in the Related Case is that on June 28, 2022, Plaintiff's counsel "caused to be published" an article by Law360 titled "Distributor says Attys Faked a Lien Doc, Seeks DQ." *See* https://www.law360.com/articles/1506329/distributor-says-attys-faked-a-lien-claim-doc-seeks-dq. *See also* Ex. A. Other than filing the First Sanctions Motion itself with the Court, Chen does not state exactly how Plaintiff's counsel "caused to be published" the Law360 Article. Plaintiff's counsel never communicated with Law360 before publication. Law360 independently selected, wrote, and published the piece, as it does as a matter of routine. The Law360 Article expressly indicates this fact: "None of the parties involved responded Tuesday to requests for comment." Id. Further, Law360's senior reporter, Ryan Boysen, contacted Plaintiff's counsel two hours before deadline, asking for a comment: "I'm working on a quick story right now about Ameriway's filing on Friday, seeking dismissal of the Ameriway v. Chen lawsuit due to alleged fabrication of documents…I was wondering if either of you might have a statement about that latest filing, or any other comments about the case in general." *See* Ex. C. However, Plaintiff's counsel did not respond to this request.

The Law360 Article simply restates Plaintiff's claims in the First Sanctions Motion—that Chen, with the assistance of her counsel, deliberately created and used a false lien document titled "Terms and Conditions of Service" ("TCS") to establish her general lien defense over the five cargo containers at the center of this case, and then took purposeful steps to conceal the fabrication from the Court. For example, the Law360 Article states:

> "In the course of investigating the newly introduced TCS document, Ameriway said it discovered another document online that was nearly identical on the website of H.W. St. John and Co., an unrelated customs broker. The St. John's TCS document had "the exact same font, footers, margins, grammatical and typographical errors" as Chen's 2017 TCS document, Ameriway said, but it hadn't been published to St. John's website until 2019. After further sleuthing, Ameriway discovered that the metadata on the St. John's TCS document shows one of Chen's attorneys, William Shayne of Shayne Law Group PC, is its author…"Plaintiff thus concluded that Shayne also manufactured the TCS [in this case], which he simply attached to [other] 2017 [documents] to backdate a lien for Chen's affirmative defense," Ameriway said." Ex. A, p. 1.

> "Chen's other attorney in the case, Richard E. Schrier of Schrier Fiscella & Sussman LLC, has since told the court that the TCS documents were "fabricated" by Shayne but then said "It has nothing whatsoever to do with the issues in this case," according to Friday's motion. Id.

Statements made in a court filing are privileged under the well-established Judicial Proceedings Rule and N.Y. Civ. Rights Law § 74. Each of the allegedly defamatory statements listed in Chen's Complaint are either direct quotes or a paraphrase of the facts and allegations stated in the First Sanctions Motion, which is publically available on the Court's docket. The Related Action is therefore without merit, retaliatory, and designed to harass Plaintiff's counsel.

Further, Chen and her counsel have known about the Law360 Article for over a year—Boysen reached out to Chen's counsel for comment in June 2022—but they have waited until now, just one week before their response to Plaintiff's Second Sanctions motion is due, to file the defamation claim. In any event, the new action is undoubtedly "related" to the Main Case because the Law360 Article is essentially a summary of Plaintiff's First Sanctions Motion, which the Court is currently considering. Litigating these issues before two judges would be a waste of scarce judicial resources. Because the new case should be reassigned to Your Honor, Plaintiff respectfully requests the Court to order Chen to file a Related Case Statement.

Respectfully,

By: _____
Pete Wolfgram
Attorney for Plaintiff
STRATUM LAW LLC