# Ex. B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIAM SHAYNE, RICHARD SCHRIER,
 and MAY YAN CHEN
                                            *Plaintiffs,*

     -v-                                                **AMENDED VERIFIED COMPLAINT**
                                                        **PLAINTIFFS DEMAND A JURY**

XIYAN ZHANG, PETE WOLFGRAM, and         Civil Action No 23-cv-5431
STRATUM LAW, LLC.

                                                *Defendants.*
------------------------------------------------------------------X

Plaintiffs' William Shayne ("SHAYNE"), Richard Schrier ("SCHRIER"), and May Yan Chen ("Chen"), brings this action against Defendants' Xiyan Zhang ("Zhang"), Pete Wolfgram ("Wolfgram") and Stratum Law, LLC ("Stratum") alleges upon information and belief at all times hereinafter mentioned::

## PARTIES

1. Plaintiff William Shayne (hereinafter "Shayne") is a licensed attorney in the State of New York, is the co-owner of the law firm, Schrier Shayne P.C., and maintains an office at 64 Fulton Street New York, NY 10038.

2. Plaintiff Richard Schrier (hereinafter "Schrier") is a licensed attorney in the State of New York, is the co-owner of the law firm, Schrier Shayne P.C., and maintains an office at 2090 Front Street, East Meadow, New York 11554.

3. Plaintiff May Yan Chen (hereinafter "Chen") is a licensed customs broker and maintained & still maintains offices located at 7901 Oak Port Street, Oakland, California 94621.

Page 1 of 13

4. Defendant, Xiyan Zhang, (hereinafter "Zhang") is a licensed attorney in the state of Pennsylvania.

5. Zhang is a member of the law firm of Stratum Law, LLC (hereinafter "Stratum") with a principal place of business at 2424 East York Street Suite 223, Philadelphia, Pennsylvania, 19125.

6. Zhang is an employee of Stratum.

7. Stratum maintained and still maintains offices at 424 East York Street Suite 223, Philadelphia, Pennsylvania, 19125.

8. Defendant, Pete Wolfgram, (hereinafter "Wolfgram") is a licensed attorney in the state of Pennsylvania.

9. Wolfgram is employed at Stratum.

10. Wolfgram is a member of Stratum.

11. Stratum has brought a lawsuit in the United State District Court, Southern District of New York on behalf of Ameriway Corporation (hereinafter "Ameriway") against Chen under Case number 19-CV-09407 (hereinafter the "Ameriway Case").

12. Both Defendants Zhang and Wolfgang have appeared in the Ameriway Case on behalf of Ameriway.

**JURISDICTION AND VENUE**

13. The issues raised in this case arise out of the Defendants' actions related to the Ameriway Case.

14. This Court has diversity jurisdiction, pursuant to 28 U.S.C. 1332 over this case in that the parties there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

15. This Court has personal jurisdiction over Defendants Zhang, Wolfgram, and Stratum in that the Defendants have committed acts within New York State and or affecting Plaintiffs in the State of New York and this judicial district giving rise to this action and that by reason thereof, the Defendants have established minimum contacts with this forum such that the exercise of jurisdiction over Zhang, Wolfgram, and Stratum would not offend traditional notions of fair play and substantial justice.

16. Plaintiffs Shayne and Schrier have appeared on behalf of Chen in the now pending Ameriway Case.

17. Defendants, Zhang and Wolfgram have appeared as counsel for the Plaintiff in the Ameriway Case.

18. Stratum has appeared as counsel for the Plaintiff in the Ameriway Case.

19. Venue is proper in the Southern District of New York pursuant to 28 USC 1391 because Defendants Zhang, Wolfgram, and Stratum have subjected themselves to the jurisdiction of the United States District Court for the Southern District of New York and the actions complained of arise out of Defendants representation of the Plaintiff in the Ameriway Case.

**FACTUAL BACKGROUND**

20. Plaintiff, May Yan Chen d/b/a Ability Customs Brokers (hereinafter "Chen") is a licensed customs broker with offices located at 13910 Doolittle Drive, San Leandro, California 94577.

21. Ameriway is a third-party logistics company primarily providing transportation and import services for exporters in China through a partnership with Shenzhen Liante International Logistics Co., Ltd. ("Liante"), based in Shenzhen, China.

22. Eagle Trading USA LLC (hereinafter "Eagle") was at all times relevant to this action a limited liability company organized under the laws of the State of Delaware.

23. Eagle maintained and still maintains offices at 2424 E. York Street, Ste 300, Philadelphia, PA. 19125.

24. Eagle maintained and still maintains offices at 717 North Union Street, Ste 98, Wilmington, DE 19805.

25. Defendant, Zhang was the Chief Executive Officer (hereinafter "CEO") of Ameriway.

26. Defendant, Zhang was the Chief Operating Officer (hereinafter "COO") of Eagle.

27. Zhang is a member of Eagle.

28. On or about April 11, 2017, Zhang as an officer of Eagle executed a Power of Attorney (the "POA") in which Eagle gave Chen the authority to act on its behalf as a customs broker in connection with the import of products into the United States.

29. Zhang in his capacity as the COO of Eagle executed the Power of Attorney on behalf of Eagle.

30. Zhang had the authority to execute the Power of Attorney on behalf of Eagle at the time the Power of Attorney was executed.

31. All the services, disbursements incurred and customs duties that were advanced pursuant to the Power of Attorney executed by Eagle were incurred in connection with the import of cargo in which Eagle was the Importer of Record ("IOR").

32. From time to time during the period beginning from the date of the issuance of the Power of Attorney on April 11, 2017, until August 2019 Chen cleared cargo on behalf of Eagle as the "Importer of Record" that originated in China and arrived in the Port of New York.

33. From time-to-time Chen issued invoices to Eagle in connection with the services provided by Chen pursuant to the Power of Attorney with respect to cargo on behalf of Eagle that originated in China and arrived in the Port of New York.
34. From time-to-time Chen issued invoices to Eagle in connection with the disbursements advanced by Chen pursuant to the Power of Attorney.
35. From time-to-time Chen issued invoices to Eagle in connection with the customs duties advanced which were cleared by Chen pursuant to the Power of Attorney.
36. Upon information and belief some of those invoices issued by Chen to Eagle in connection with the services provided by Chen pursuant to the Power of Attorney were paid by Ameriway.
37. Upon information and belief some of the invoices issued by Chen to Eagle in connection with the disbursements advanced by Chen pursuant to the Power of Attorney were paid by Ameriway.
38. Upon information and belief some of the invoices issued by Chen to Eagle in connection with the customs duties advanced by Chen pursuant to the Power of Attorney were paid by Ameriway.
39. In reliance upon the foregoing representation, Chen filed Customs Entries on behalf of Eagle.
40. In reliance upon the foregoing representation, Chen advanced Customs Duties and other monies on behalf of Eagle.
41. For the period beginning from the date of the issuance of the Power of Attorney from April 11, 2017, until March 12, 2019, the invoices issued by Chen to Eagle were paid.

42. Since March 12, 2019 Eagle has failed to pay Chen custom brokers fees in the total sum of $29,966.70.

43. Since March 12, 2019 Eagle has failed to reimburse Chen for customs duties advanced by Chen on Eagle's behalf in the total sum of $92,413.18.

44. Since March 12, 2019 Eagle has failed to reimburse Chen out-of-pocket expenses advanced by Chen on Eagles' behalf in a in excess of $350,000.00, which out-of-pocket expenses include expenses for Trucking (drayage and cartage), terminal fees, storage fees, demurrage fees, chassis rental fees, agent fees, document fees and customs examination fees.

45. Eagle has failed to pay Chen the unpaid invoices.

46. Zhang has failed to pay Chen the unpaid invoices.

47. Pursuant to the terms and conditions of the Power of Attorney, Eagle agreed to pay Chen for out-of-pocket expenses incurred on Eagle's behalf upon invoice for each entry performed.

48. Pursuant to the terms and conditions of the Power of Attorney, Eagle agreed to pay Chen for all customs duties advanced by Chen on behalf of Eagle upon invoice for each entry performed.

49. During the period February 1, 2019, through August 31, 2019, Chen, pursuant to the Power of Attorney that was executed on April 11, 2017, by Eagle continued to provide customs broker services and advance monies including, but not limited to, Customs Duties and out-of-pocket expenses regarding multiple entries of cargo.

50. For entries made during the period February 1, 2019, through August 31, 2019, Eagle has failed to pay Chen custom brokers fees in the total sum of $29,966.70.

51. For entries made during the period February 1, 2019, through August 31, 2019, Eagle has failed to reimburse Chen for customs duties advanced by Chen on Eagle's behalf in the total sum of $92,413.18.

52. For entries made during the period February 1, 2019, through August 31, 2019, Eagle has failed to reimburse Chen's out-of-pocket expenses advanced by Chen on Eagle's behalf in a sum in excess of $350,000.00 out-of-pocket expenses including expenses for Trucking (drayage and cartage), terminal fees, storage fees, demurrage fees, chassis rental fees, agent fees, document fees and custom examinations fees.

53. Prior to the institution of the Ameriway Case, Chen pursuant to the terms and conditions of the POA signed by Zhang on behalf of Eagle, Chen asserted a lien with respect to five (5) containers of cargo that were in transit in August 2019 (hereinafter the "5 containers").

54. Chen took possession of five (5) containers of cargo pursuant to her lien rights as set forth in the POA.

55. Ameriway was not the importer of record of any of the cargo that Chen cleared through customs pursuant to the POA executed by Zhuang.

56. Ameriway was not the owner of any of the cargo that Chen cleared through customs pursuant to the POA executed by Zhuang.

57. Ameriway was not the purchaser of any of the cargo that Chen cleared through customs pursuant to the POA executed by Zhuang.

58. Ameriway was not the consignee of any of the cargo that Chen cleared through customs pursuant to the POA executed by Zhuang.

59. Notwithstanding the foregoing lack of standing by Ameriway to assent claims against Chen with respect to the 5 containers, Ameriway instituted the "Ameriway Case" against Chen.

60. In the course of the Ameriway Case, Ameriway claimed that it never received a copy of the "Terms and Conditions" of the POA signed by Zhang notwithstanding a written admission by Zhang in the POA that he in fact did acknowledge receipt of the terms and conditions.

61. The Terms and Conditions of the POA specifically gave Chen the right to exert a "general lien" over any cargo in her possession with respect to any and all outstanding money owed to Chen.

62. During the course of discovery Zhang and Wolfgram as attorneys for Ameriway claimed that the terms and conditions produced by Chen in discovery were not the terms and conditions used by Chen in the regular course of her business.

63. Upon investigation, Plaintiffs Shayne and Schrier realized that in fact the "updated" form terms and conditions were produced instead of the form of terms and conditions that were utilized by Chen in the regular course of her business in March 2017, when the POA was executed by Zhang on behalf of Eagle.

64. Both the updated terms and conditions and the terms and conditions utilized by Chen in March 2017 had a provision which permitted Chen to assert a general lien against any cargo in her possession for all moneys owed Chen for services rendered, disbursements advanced and customs duties paid on behalf of the client/customer.

65. Notwithstanding the foregoing, Ameriway claimed that the terms and conditions disclosed in discovery was "fabricated", which issue became the subject of motion practice in the Ameriway case.

66. On June 28, 2022, Defendants Xiyan Zhang, Pete Wolfgram, and Stratum caused to be published a Press Release ("The Press Release"), which many major media outlets distributed including but not limited to the Law360's database which upon information and belief is read by hundreds of thousands of individuals.

67. The Press Release is titled "Distributor says Attys Faked a Lien Claim Doc, Seeks DQ."

68. A copy of the Press Release is attached hereto as Exhibit "1" and made a part hereof.

69. The Press Release stated that "Two New York attorneys falsified lien documents to rescue a client's shipping dispute lawsuits according to their opponents in the litigation who want this case dismissed now that the "Fraud of the Court" has come to light."

70. The foregoing statement was false.

71. The Press Release stated that "Ameriway Corp and its attorneys at Stratum Law, LLC, say they've caught May Yan Chen's attorneys red-handed in the scheme to fabricate "crucial evidence for their clients.""

72. The foregoing statement is false.

73. The Press Release stated that Ameriway claims its opponents "drafted and then introduced into evidence a backdated terms and conditions of service agreement intended to address a gaping hole in Chen's case: "The lack of valid lien documentation of the five shipping containers at the heart of the dispute."

Page 9 of 13

74. This foregoing statement is false.

75. The Press Release stated that "Their documented misrepresentations and omissions have put Plaintiff in the difficult position of impeaching their credibility during discovery conferences, depositions and at trial.

76. The foregoing statement is false.

77. The forgoing false statement improperly charges Plaintiff Shayne, who is an attorney representing Chen in the Ameriway case with improper conduct or lack of skill and integrity in his profession.

78. The forgoing false statement improperly charges Plaintiff Schrier, who is an attorney representing Chen in the Ameriway Case with improper conduct or lack of skill and integrity in his profession.

79. This misrepresentation improperly charges Plaintiff Chen, who is a licensed customs broker with improper conduct or lack of skill and integrity in her profession.

80. The statements are of such a nature that they are calculated to cause injury to Shayne in his profession or business.

81. The statements are of such a nature that they are calculated to cause injury to Schrier, in his profession or business.

82. The statements are of such a nature that they are calculated to cause injury to Chen, in her profession or business.

83. The Press Release was distributed to Law360, a publication commonly read and trusted within the industry in which Schrier and Shayne do business.

84. The forgoing statements made in the Press Release were false.

85. Defendants knew or should have known that the statements that were made were false.

86. The foregoing statements were made with intent to injure Plaintiffs in their profession and trade.

87. The foregoing statements improperly charged Plaintiffs with committing criminal acts including but not limited to making false statements in a court of law, fabricating documents in a court of law, committing perjury in a court of law, and committing a "Fraud on the Court".

88. The forgoing statements were made with malice with the intent to harm Plaintiffs' character and reputation in the community.

89. The forgoing statements were made with malice with the intent to harm Plaintiffs in their respective businesses and professions.

90. By reasons of the foregoing Plaintiffs have been defamed.

91. By reasons of the foregoing Plaintiffs have sustained a loss of business.

92. By reasons of the forgoing Plaintiffs have incurred mental anguish and mental suffering.

93. By reason of the forgoing Plaintiffs have been libeled.

94. By reason of the foregoing Plaintiffs have been libeled "per se" as a matter of law.

**WHEREFORE**,

A. By reason of the foregoing each of the Plaintiffs demand damages in the form of Loss Profits in excess of $2 Million Dollars each;

**B.** By reason of the foregoing each of the Plaintiffs demand General Damages in excess of $2 Million Dollars each;

**C.** By reason of the foregoing each of the Plaintiffs demand Special Damages in excess of $1 Million Dollars each;

**D.** By reason of the foregoing each of the Plaintiffs demand Compensatory Damages in excess of $5 Million Dollars each;

**E.** By reason of the foregoing each of the Plaintiffs demand Punitive Damages in the sum of $10,000,000.00.

Plus Attorney Fees, Cost and Disbursement of this case plus statutory interest that may apply.

**Dated: New York, New York
June 27, 2023**

    <u>/s/ **Richard E. Schrier**</u>
**Schrier Shayne P.C.**
*Co-Attorney for Plaintiffs*
2090 Front Street
East Meadow, NY 11554
Tel: 516-739-8000
Fax: 516-739-8004
By: Richard Schrier (9985)

    <u>/s/ **William Shayne**</u>
**Shayne Law Group, P.C.**
*Co-Attorney for Plaintiffs*
64 Fulton Street, Suite 1000
New York, NY 10038
Tel: 212 566-4949

## VERIFICATION

STATE OF NEW YORK )
                  )ss.
COUNTY OF NASSAU  )

RICHARD E. SCHRIER, attorney duly admitted to practice in the State of New York and admitted to the United States District Court for the Southern District of New York, hereby affirm under the penalties of purjery that I am one of the Plaintiffs in the above action and have read the annexed complaint and know the statements contained therein to be true to the best of my knowledge with the exception of those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
RICHARD E. SCHRIER, ESQ.

# Exhibit 1

Law360 Media, Inc. | 111 West 19th Street, 5th Floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Distributor Says Attys Faked A Lien Claim Doc, Seeks DQ

By Ryan Boysen

Law360 (June 28, 2022, 3:18 PM EDT) -- Two New York attorneys falsified lien documents to rescue a client's shipping dispute lawsuit, according to their opponents in the litigation, who want the case to be dismissed now that the "fraud on the court" has come to light.

In a motion Friday in New York federal court, Ameriway Corp. and its attorneys at Stratum Law LLC say they've caught defendant May Yan Chen's attorneys red-handed in a scheme to fabricate "crucial evidence for their clients."

Specifically, Ameriway claims its opponents drafted and then introduced into evidence a backdated terms and conditions of service agreement intended to address a gaping hole in Chen's case: The lack of valid lien documentation on the five shipping containers at the heart of the dispute.

"Their documented misrepresentations and omissions have put plaintiff in the difficult position of impeaching their credibility during discovery conferences, depositions and at trial," Ameriway said. "Plaintiff is forced to openly accuse both Chen and her counsel of fraud on the court."

Ameriway asked that the case be dismissed and Chen be forced to pay its attorneys fees as a sanction, or that Chen's two attorneys be disqualified from the case, due to both the nature of their alleged actions and the fact that they'll now be fact witnesses if the case continues.

Chen's attorneys, for their part, have claimed it's a mix-up due to clerical errors and simple misunderstandings, but Ameriway hotly disputes that contention.

Ameriway is a logistics company primarily involved in shipping goods from China to the U.S., according to court documents, and Chen is a customs broker first retained by Ameriway in 2017. Ameriway claims that in 2019 Chen directed a trucking company to drop five shipping containers at a New Jersey warehouse without Ameriway's permission, "because she believed [Ameriway] owed her a past due balance" on earlier shipments.

Ameriway sued Chen for conversion — essentially the civil version of theft — a few months later in the fall of 2019.

Ameriway said Chen's primary defense in the case was that she had a valid lien on the shipping containers, but for two years she was never able to provide documentation to prove it. Then, in 2021, Chen's counsel filed a terms and conditions of service agreement with the court and implied "the document physically existed in 2017." That TCS agreement contained provisions that bolstered Chen's lien defense, Ameriway said.

In the course of investigating the newly introduced TCS document, Ameriway said it discovered another document online that was nearly identical on the website of H.W. St. John and Co., an unrelated customs broker.

The St. John's TCS document had "the exact same font, footers, margins, grammatical and typographical errors" as Chen's 2017 TCS document, Ameriway said, but it hadn't been published to St. John's website until 2019. After further sleuthing, Ameriway discovered that the metadata on the St. John's TCS document shows one of Chen's attorneys, William Shayne of Shayne Law Group PC, is its author.