```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  AMERIWAY CORPORATION,                                     :
                                                            :
                              Plaintiff,                    :
                                                            :        19-CV-9407 (VSB)
                  - against -                               :
                                                            :        OPINION & ORDER
                                                            :
  MAY YAN CHEN and ABILITY CUSTOMS,                         :
  INC.,                                                     :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
                                                            :
  MAY YAN CHEN, d/b/a/ ABILITY                              :
  CUSTOMS BROKERS,                                          :
                                                            :
                              Third-Party                   :
                              Plaintiff,                    :
                                                            :
                  - against -                               :
                                                            :
                                                            :
  EAGLE TRADING USA, LLC, XIYAN                             :
  ZHANG, and SHIPING JIA,                                   :
                                                            :
                              Third-Party                   :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

Appearances:

William Shayne
Shayne Law Group, P.C.
New York, New York
*Counsel for Third-Party Plaintiff*

Quynh Chen
Q. Chen Law
Newark, California 94560
*Counsel for Third-Party Plaintiff*

Grace Pyun
GBP Law PLLC
Brooklyn, New York
*Counsel for Third-Party Plaintiff*

Richard Eric Schrier
Schrier, Fiscella & Sussman, LLC
Garden City, New York
*Counsel for Third-Party Plaintiff*

Peter Scott Wolfgram
Xiyan Zhang
Stratum Law LLC
Philadelphia, Pennsylvania
*Counsel for Third-Party Defendants*

VERNON S. BRODERICK, United States District Judge:

On October 7, 2021, I entered an Order in which I held, among other things, that a then-pending motion to dismiss Chen's Third-Party Complaint would be deemed unopposed because Chen failed to timely respond to the motion and never "provided any justification in satisfaction of the standard for showing good cause to extend time within the meaning of Federal Rule of Civil Procedure 6(b)."[1]  (Doc. 70.)  On December 27, 2021, I issued an Opinion & Order in which I granted Third-Party Defendants' Rule 12(b)(6) motion to dismiss Chen's Third-Party Complaint.  *Ameriway Corp. v. Chen*, 19-CV-9407 (VSB), 2021 WL 6113373 (S.D.N.Y. Dec. 27, 2021) (the "TPC Opinion").  Before me is Chen's motion for an order pursuant to Federal Rule of Civil Procedure ("FRCP") 60 to "reargue" the matters considered in the TPC Opinion or, in the alternative, for an order pursuant to FRCP 42 to consolidate this action with a separate action Chen filed against the Third-Party Defendants in which she asserts substantially the same

---

[1] Unless otherwise noted, this Opinion & Order uses terms as defined in my October 7, 2021 Order and in my December 27, 2021 Opinion & Order.  (Docs. 70, 81.)  Familiarity with both and with this action's procedural history is presumed.

claims that were dismissed in the TPC Opinion (the "Motion") (Doc. 99–101).[2] Because Chen's motion is untimely and fails to meet the standard for reconsideration, the motion is DENIED.

### I.     Legal Standard

"Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-2543 (JMF), 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)); *see also 24 Seven, LLC v. Martinez*, 19-CV-7320 (VSB), 2021 WL 276654, at *3 (S.D.N.Y. Jan. 26, 2021) (explaining that "Local Civil Rule 6.3" also governs motions for "reargument").  The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d

---

[2] That separate action is pending before me as *Chen v. Eagle Trading USA, LLC et al.*, 22-cv-658-VSB (S.D.N.Y.). A separate Opinion & Order is being issued simultaneously in the related case.

Cir. 2012) (internal quotation marks omitted); *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ("[A] party may not advance new facts, issues or arguments not previously presented to the Court." (internal quotation marks omitted)). "Rather, 'the standard for granting [the motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Survs.*, 684 F.3d at 52 (quoting *Shrader*, 70 F.3d at 257). Where the motion "merely offers substantially the same arguments . . . offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Silverman v. Miranda*, 06 Civ. 13222 (ER), 2017 WL 1434411, at *1 (S.D.N.Y. Apr. 10, 2017) (internal quotation marks omitted). The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

Local Civil Rule 6.3 mandates a motion for reconsideration shall be served within fourteen days after the entry of a court's determination of the original motion. *See Elgalad v. N.Y.C. Dep't of Educ.*, No. 17-CV-4849 (VSB), 2019 WL 4805669, at *3 (S.D.N.Y. Sept. 30, 2019). Courts "in this Circuit routinely deny untimely motions for reconsideration without considering their merits." *Id.* at *8 (quoting *Beckles v. City of New York*, No. 08 CIV. 3687(RJH)(JCF), 2010 WL 1841714, at *4 (S.D.N.Y. May 10, 2010)).

"Rule 60(b) permits a court to relieve a party or its legal representative from a final judgment for certain enumerated reasons," *Elsevier Inc.*, 2017 WL 1843298, at *7 (internal quotation marks omitted), including "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). "Rule 60(b) provides 'extraordinary judicial relief' and can be granted 'only

4

upon a showing of exceptional circumstances.'" *Kubicek v. Westchester County*, No. 08 Civ. 372(ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

**II.     Discussion**

As an initial matter, to the extent Chen's Motion is premised on anything but relief under Rule 60, it is untimely under Local Civil Rule 6.3 and must be denied.  Under Rule 6.3, "[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."  Loc. Civ. R. 6.3.  Here, the TPC Opinion was entered on December 27, 2021, (Doc. 81), but Chen did not make any filings seeking relief until February 1, 2022.  (Doc. 83.)  The Motion can be dismissed on this ground alone.  *See, e.g.*, *Zietek v. Pinnacle Nursing & Rehab Ctr.*, 21 Civ. 5488 (AT), 2022 WL 624881, at *2 (S.D.N.Y. Mar. 2, 2022) ("Plaintiff's motion is untimely" because "Rule 6.3 requires that a notice of motion for reconsideration be served within fourteen days after the entry of the Court's order."); *Bennett v. Care Correction Sol. Med. Contracted*, 15 Civ. 3746 (JCM), 2017 WL 4250519, at *2 (S.D.N.Y. Sept. 25, 2017) (collecting cases).

Here, as discussed in my October 7, 2021 Order, Third-Party Defendants filed a motion to dismiss the Third-Party Complaint on October 20, 2020, (Doc. 59), and Chen never filed opposition papers to that motion, nor did she seek an extension of time or attempt to show good cause for failing to timely oppose that motion.  (Doc. 70, at 2–3.)  Chen's Motion, and her failure to oppose the motion to dismiss her Third-Party Complaint, appear to stem from "ignorance of the . . . rules of the court," *Nemaizer*, 793 F.2d at 62, as her position is premised on a highly

5

questionable reading of Federal Rule of Civil Procedure 6(c).[3]  However, Chen's tortured reading of Federal Rule of Civil Procedure 6(c) is addressed and obviated by Local Civil Rule 6.1(b)'s clear indication of the time to file briefing opposing a motion—"within fourteen days."

To the extent Chen seeks relief under Rule 60(b), her Motion may be timely.  *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time" of "no more than one year after entry of the . . . order"); *Lawtone-Bowles v. Brown*, No. 21-1242-cv, 2022 WL 839280, at *1 n2. (2d Cir. Mar. 22, 2022) ("The District Court properly construed Lawtone-Bowles's motion for reconsideration of the order dismissing the case for failure to prosecute as a Rule 60(b) motion.  As the District Court noted, the motion would have otherwise been untimely under Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.").  However, even if I consider Chen's motion to be timely under Rule 60(b), the relief Chen seeks—another opportunity to brief her opposition to the matters decided in the TPC Opinion after she failed to timely oppose the motion to dismiss her pleadings—is not available under Rule 60(b).  The only part of Rule 60(b) Chen cites in her briefing on the Motion is Rule 60(b)(1), which provides for relief due to "mistake, inadvertence, surprise, or excusable neglect."  (MTR Br. 19 (quoting Fed. R. Civ. P 60(b)(1)).[4]  However, the Second Circuit has "consistently declined to relieve a client under subsection (1) . . . due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his

---

[3] Specifically, Chen states that because Rule 6(c)(1) says a "written motion and a notice of [] hearing must be served at least 14 days before the time specified for the hearing," and because Third-Party Defendants did not include a "notice of hearing date" within their motion to dismiss, Chen had "no way to know what the return date of the motion to dismiss was."  (MTR Br. 8.)  I need not consider this argument because Local Rule 6.1's more specific provisions control the matter.

[4] "MTR Br." refers to Chen's Memorandum of Law in Support of Her Motion to Reargue the December 27, 2022 Decision & Order Pursuant to FRCP 60 or in the Alternative to Order a Joint Trial Pursuant to FRCP 42.  (Doc. 101.)

6

caseload." *Nemaizer v. Baker*, 793 F.2d at 62 (internal quotation marks omitted).

With regard to Chen's request to consolidate this action with the separate action she filed, *see supra* note 2, this request is DENIED without prejudice. The parties may raise consolidation again if that separate action survives initial motion practice or any sua sponte orders regarding whether the separate action may be maintained.

### III. Conclusion

For the foregoing reasons, Chen's Motion is DENIED. The Clerk of Court is respectfully directed to terminate the open motion at Docket 99.

SO ORDERED.

Dated: April 9, 2024
       New York, New York

                                                        Vernon S. Broderick
                                                        United States District Judge