UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
        :
AMERIWAY CORPORATION,        :
        :
                            Plaintiff,  :
        :        19-CV-9407 (VSB)
      - against -  :
        :        **ORDER**
MAY YAN CHEN and ABILITY CUSTOMS, :
INC.,        :
        :
                          Defendants.  :
        :
---------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

    I am in receipt of Defendants' motion to stay this action pending the resolution of Defendants' interlocutory appeal. (*See* Doc. 208 (motion); Doc. 209 (supporting memorandum); Doc. 194 (notice of interlocutory appeal).) While Plaintiff did not file an opposition to Defendants' motion to stay, Plaintiff stated in the parties' joint letter that it "opposes" the motion "[b]ecause [the] request for cert [to the Supreme Court] has virtually no chance of success [and] staying this case longer does not serve a valid purpose." (Doc. 210 ("Joint Status Letter").)

    A district court has "broad discretion in deciding whether to grant a motion to stay" given "'the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Lenart v. Coach, Inc.*, 131 F. Supp. 3d 61, 71 (S.D.N.Y. 2015) (quoting *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997)) (cleaned up). The relevant factors are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World*

*Trade Ctr. Disaster Site Litig.*, 503 F.3d 167 (2d Cir. 2007) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)) (footnote omitted).

Here, I need not opine on the merits of Defendants' appeal to conclude a stay is warranted. *See id*. ("[T]he degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other." (internal quotation marks omitted)). Plaintiff's position in the Joint Status Letter suggests that it will not be "substantially injure[d]" by a stay. *Id*. Further, Defendants submit that they will be prejudiced by further proceedings while the appeal is pending. (*See* Doc. 209 at 4–5.) "[T]here are public interest considerations on both sides," as there are benefits both to resolving Plaintiff's claims quickly and to resolving Defendants' subject-matter-jurisdiction concerns. *In re World Trade Ctr.*, 503 F.3d at 170–71. On balance, I conclude a stay is warranted. Accordingly, it is hereby:

ORDERED that Defendants' motion to stay the action is GRANTED.

IT IS FURTHER ORDERED that, no later than seven (7) days following the date that the Supreme Court either issues a denial of Defendants' petition for certiorari or renders a decision in the interlocutory appeal, the parties shall submit a joint status letter, not to exceed three (3) single-spaced pages, regarding their proposed next steps in this case.

The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 208.

SO ORDERED.

Dated: October 27, 2025
      New York, New York

                                         Vernon S. Broderick
                                         United States District Judge