# Q. CHEN LAW

QUYNH CHEN, ESQ
5940 Newpark Mall Road, Newark, CA 94560
Tel: (510) 764-8880 | Fax: (510) 256-7567 | Email: Q@qchenlaw.com


September 15, 2026

Honorable Magistrate Judge Valerie Figueredo
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 17A
New York, New York 10007

SENT VIA ECF

**RE: Defendant's Letter Request for Discovery Conference**
1:19-CV-09407-VSB-VF *Ameriway Corporation v. May Yan Chen, et al.*
United States District Court Southern District Of New York

Dear Honorable Magistrate Judge Valerie Figueredo:

Defendant May Yan Chen ("**Defendant**") submits this letter to request a discovery conference regarding discovery disputes with plaintiff Ameriway Corporation's ("**Plaintiff**") responses to Defendant's written discovery responses, Defendant's deposition subpoena, Plaintiff's fraud on the court, and Plaintiff's invoices for past discovery documents.

## I. DISCOVERY DEADLINES IN THIS CASE

Additional requests for production of documents ("**RFP**"), interrogatories ("**ROG**"), and requests for admissions ("**RFA**") shall be served by 7/24/2026. (Doc. 234.) Depositions and all fact discovery shall be completed by 9/18/2026. *Id.* All discovery and all expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by 10/30/2026. *Id.* A post-discovery conference is scheduled for 11/20/2026 at 2:00 p.m. (Doc. 235.)

## II. WRITTEN DISCOVERY AT ISSUE

### A. Meet And Confer

On 7/24/2026, Defendant served on Plaintiff ROG Set Two, RFA Set Two, and RFP Set Two. The same day, Plaintiff served on Defendant ROG Set Three, RFA Set Three, and RFP Set Four. On 8/26/2026, Defendant and Plaintiff served responses to each other's discovery requests. Between 8/27/2026 and 8/31/2026, Defendant served three deficiency letters regarding Plaintiff's responses to Defendant's ROG Set Two, RFA Set Two, and RFP Set Three. On 9/4/2026, Plaintiff served two deficiency letters regarding Defendant's responses to Plaintiff's ROG Set Three and RFP Set Four.

Counsel for Defendant Quynh Chen and counsel for Plaintiff Pete Wolfgram held a 43-minute telephonic discovery conference on 9/4/2026 at 12:00 PM PT to discuss deficiencies in both parties' discovery responses. Subsequently, Quynh Chen and Xiyan Zhang conducted a follow-up 10-minute telephonic conference on 9/14/2026 at 3:30 PM PT.

Counsel for the parties discussed the matters detailed in this letter at both telephone conferences on 9/4/2026 and 9/14/2026. Counsel agreed that they are at an impasse and Defendant's counsel stated they would seek a conference with the Court. Furthermore, Defendant's counsel transmitted a draft joint letter requesting a discovery conference to Plaintiff's counsel, but Plaintiff's counsel declined to participate in a joint submission and that they would file their own letter to the court.

**B. Plaintiff's Responses to Defendant's ROG Set Two**

**Lack of oath.** The responding party for Plaintiff did not execute an oath. Under Fed. Rules Civ. Proc 33(b)(3), each interrogatory must be answered separately and fully in writing under oath. *Trueman v. N.Y. State Canal Corp*., No. 1:09-CV-049 (LEK/RFT), 2010 U.S. Dist. LEXIS 16430, at *14 (N.D.N.Y. Feb. 24, 2010) ("the Federal Rules are explicitly clear that interrogatories must be answered by the party to whom they are directed and signed by him under oath.")

**Deficient responses.** Defendant's ROG Set Two Nos. 10 and 11 asked for the reasons "Why did AMERIWAY/Xiyan Zhang pay MAY CHEN" for the past invoices that were invoices to Eagle Trading USA LLC ("**Eagle**"). A true and correct copy of Defendant's ROGS Nos. 10 and 11 with Plaintiff's responses are attached herein as Exhibit A. It is undisputed that prior to this lawsuit, Plaintiff paid May Chen as alleged in the SAC ¶ 14 and other paragraphs: "Nevertheless, Ameriway made $185,000 in payments from March 18th 2019 to August 7th, 2019, but Defendants were not satisfied. This is a common billing dispute, not an act of fraud by Plaintiff."

However, Plaintiff's answers and supplemental answers are evasive and nonresponsive: "Subject to the above objections, Defendants specifically directed all Invoices to Ameriway for payment."

**C. Plaintiff's Responses to Defendant's RFA Set Two**

For Defendant's RFA Set Two Nos. 28-31 and 37-48, Plaintiff objects to the requests under res judicata and denies the request as a result of this objection. Attached herein as Exhibit B is a true and correct copy of Defendant's RFA Set Two Nos. 28-31 and 37-48. Attached herein as Exhibit C is a true and correct copy of Plaintiff's responses Defendant's RFA Set Two Nos. 28-31 and 37-48. Plaintiff's language for each of these requests are:

> This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion. Subject to and without waiving this objection, Plaintiff denies the Request.

Defendant's RFA Set Two Nos. 28-31 request for admissions that Ameriway or Zhang agreed to pay Eagle's invoices. Defendant's RFA Set Two Nos. 37-48 request for admissions that justifies the payment of Eagle's invoices and Plaintiff's reliance on such justifications. These questions are directly relevant to Defendant's counterclaims for Ameriway's liability to May Chen for Eagle's invoices. Defendant's current counterclaims against Plaintiff involving unpaid invoices have **not** been dismissed by the Court. Hence, res judicata does not apply here and not at the discovery stage.

## III. DEFENDANT'S DEPOSITION SUBPOENA

Defendant served a deposition subpoena to Xiyan Zhang that Plaintiff objects to. Defendant is willing to withdraw the deposition subpoena if Plaintiff answers Defendant's ROG Set Three No. 3 that requests: "What is YOUR [Plaintiff's] relationship with EAGLE?". Plaintiff's current answer is "Eagle is the designated Importer of Record of Ameriway, an arrangement specifically recommended and acknowledged by May Yan Chen around March 2017" which does not describe a legal relationship or affiliation between the two entities.

## IV. PLAINTIFF'S FRAUD ON THE COURT

At the 6/18/2026 conference, Defendant requested to dispose of the goods by sale to a third party for $15,000. Plaintiff objected and falsely represented to the Court that it is absolutely essential that Plaintiff must inspect and take samples of the goods for the purpose of expert reports. Due to this, the

Court ordered Plaintiff to obtain physical samples of the goods stored in the containers by 7/24/2026 (Doc. 231.) However, no inspection occurred and no experts were disclosed.

As a result of the false representations that Plaintiff must inspect and take samples, Defendant incurred $8,694.00 in additional storage costs (36 days from 6/18/2026 to 7/24/2026 at $241.50 per day). Attached as Exhibit D is a true and correct copy of the invoice from the warehouse for the storage costs for July 2026. Furthermore, Defendant's buyer of the goods subsequently refused to purchase the goods due to this delay, causing Defendant to lose $15,000. Defendant must now also incur the cost of disposing of the goods, which may range from $15,000 to $35,000.

Under Fed. Rules Civ. Proc 37 and the court's inherent powers, Defendant requests that Plaintiff reimburse Defendant for the $8,694 + $15,000, totalling: $23,694. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (holding that federal district courts have inherent powers to manage their own proceedings including the assessment of sanctions for parties' bad faith conduct).

**V. PLAINTIFF'S INVOICE TO DEFENDANT FOR PAST DISCOVERY DOCUMENTS**

Attached herein as Exhibit E is a true and correct copy of Plaintiff’s invoice to Defendant for past discovery documents. At the 6/18/2026 discovery conference, the court ordered that Plaintiff may invoice for reasonable costs to share the past discovery with Defendant. The task merely needed the dragging and dropping of the files into a share drive and sharing the link with Defendant. However, the invoice shows that Plaintiff billed 6.9 hrs for “reviewing and reproducing” and “organizing” documents. During the 9/14/2026 meet and confer, Mr. Zhang stated that their discovery documents are actually very organized. Therefore, Defendant objects to the fees charged for Plaintiff to review or organize the documents as such tasks are unreasonable for the task of dragging and dropping the documents.

**VI. COURT INTERVENTION REQUESTED**

Defendant respectfully requests a discovery conference to address the discovery disputes with Plaintiff’s responses to Defendant’s written discovery responses, Defendant’s deposition subpoena, Plaintiff’s fraud on the court, and Plaintiff’s invoices for past discovery documents.

Respectfully Submitted,

Quynh Chen (CA SBN 292889)
Attorney for May Yan Chen
Q. Chen Law
5940 Newpark Mall Road, Newark, CA 94560
Tel: (510) 764-8880 | Fax: (510) 256-7567
Email: Q@qchenlaw.com

# CERTIFICATE OF SERVICE

I am employed at Q. Chen Law located at 5940 Newpark Mall Road Newark, CA 94560. My email/electronic service address is rica@qchenlaw.com. I am over the age of eighteen (18) and not a party to the within action. I served the following document(s):

**Defendant's Letter Request for Discovery Conference**

On the following person(s) at the location(s) specified:

**Xiyan Zhang**
Email: xzhang@stratumlaw.com
**Pete Wolfgram**
Email: pwolfgram@stratumlaw.com
STRATUM LAW LLC
18 Campus Blvd., Ste. 100
Newtown Square, PA 19073
Attorneys for Plaintiff AMERIWAY CORPORATION
***SENT VIA EMAIL***

In the manner indicated below:

[ ] BY MAIL: Following ordinary business practices, I sealed true and correct copies of the above document(s) in envelope(s) addressed to person(s) at the location(s) above. I then mailed the envelope(s) with the postage fully prepaid via United States Postal Service.

[XX] BY EMAIL OR ELECTRONIC SERVICE: I electronically served the above document(s) by transmitting a true and correct copy of the document(s) in .pdf format to the person(s) at the e-mail(s) or electronic service address(es) listed above.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed at Newark, California on September 15, 2026.

Rica Capet