# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERIWAY CORPORATION,<br>Plaintiff,<br><br>v.<br><br>MAY YAN CHEN,<br>ABILITY CUSTOMS INC.,<br><br>Defendants. | Case No. 19-CV-09407-VSB |

**PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's Rules, Plaintiff Ameriway Corporation. ("Ameriway") provides the following undersigned attorneys full and complete supplemental answers, under oath, to each of the following interrogatories to Defendants May Yan Chen and Ability Customs Inc.'s (collective "Chen") Second Set of interrogatories.

**DEFINITIONS & INSTRUCTIONS**

In addition to the instructions set forth in Rules 26 and 33 of the Federal Rules of Civil Procedure, the following definitions and instructions apply to each of the interrogatories below and are incorporated into each:

1. **Scope of Interrogatories**: These interrogatories are directed to Plaintiff **Ameriway Corporation ("Ameriway")**, and include information known to or available to (a) his current or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, predecessors or

Ameriway1000762

- Chen also repeatedly charged Ameriway a $200 "Terminal Gate Fee", Terminal Pier Pass Fee, Pier Pass Fee, or Terminal Clear Truck Fees that were either inflated, or never existed. Compare AMERIWAY- 1000768 with CHEN-2472.

In sum, Chen invoiced Ameriway $92,000 in inflated/fabricated charges. Plaintiff is entitled to treble this amount -- $276,000 – pursuant to the civil RICO claims act, in addition to attorneys' fees, which will be determined at a later date, along with any statutory pre-judgment interest.

**INTERROGATORY NO. 10:**

Why did AMERIWAY pay MAY CHEN for EAGLE's unpaid invoices owed to MAY CHEN?

**RESPONSE:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is wholly irrelevant to any active, justiciable claim or defense, is not proportional to the needs of the case, and is legally barred by the doctrine of res judicata (claim preclusion). The contractual validity, performance, calculations, and amounts due under these identical invoices from May Chen to Eagle were already subject to a final judgment on the merits in a prior action between these exact same parties in the United States District Court for the Southern District of New York (the "Prior Judgment.") Because the Prior Judgment conclusively adjudicated the rights, liabilities, and amounts owed under these specific invoices, Defendant is legally precluded from re-litigating their validity or demanding a line-by-line itemization of historical disputes that have been legally extinguished or merged into a final judicial decree. Plaintiff further objects to this Interrogatory as an abusive, harassing, and unduly burdensome attempt to use the discovery process to collaterally attack a final judgment and force Plaintiff to waste resources re-proving settled claims. Plaintiff maintains that the alleged validity and total amounts owed on these exact

invoices have already been conclusively established as a matter of law by the Prior Judgment, leaving no active invoice-level dispute to itemize.

Subject to the general and specific objections noted above, Ameriway responds that it is unable to respond to this request because there are no unpaid invoices owed to May Chen by Eagle.

**SUPPLEMENTAL RESPONSE:**

Subject to the above objections, Defendants specifically directed all Invoices to Ameriway for payment. While Ameriway made payment on certain Invoices, Ameriway subsequently discovered that Chen invoiced Ameriway nearly $100,000 in fraudulent charges, as noted above, and refused to make any further payments. Chen also did not have a written contract establishing a payment schedule or essential terms, as noted by the Court when dismissing the Third-Party Action with prejudice. See 19-cv-09407, ECF 81, Part B, at pp. 8-12, determining as a matter of law that Chen never had a valid claim to payment on the Invoices under any breach of contract theory. Plaintiff reasserts that there are no "unpaid Invoices owed to Chen," and never were in 2019, as confirmed by the Court in the December 2021 Order, dismissing Chen's Third-Party Complaint with prejudice.

**INTERROGATORY NO. 11:**

Why did Xiyan Zhang as an individual pay MAY CHEN for EAGLE's unpaid invoices owed to MAY CHEN?

**RESPONSE:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is wholly irrelevant to any active, justiciable claim or defense, is not proportional to the needs of the case, and is legally barred by the doctrine of res judicata (claim preclusion). The contractual validity, performance, calculations, and amounts due under these identical invoices from May Chen to Eagle were already subject to a final judgment on the merits in a prior action between

these exact same parties in the United States District Court for the Southern District of New York (the "Prior Judgment.") Because the Prior Judgment conclusively adjudicated the rights, liabilities, and amounts owed under these specific invoices, Defendant is legally precluded from re-litigating their validity or demanding a line-by-line itemization of historical disputes that have been legally extinguished or merged into a final judicial decree. Plaintiff further objects to this Interrogatory as an abusive, harassing, and unduly burdensome attempt to use the discovery process to collaterally attack a final judgment and force Plaintiff to waste resources re-proving settled claims. Plaintiff maintains that the alleged validity and total amounts owed on these exact invoices have already been conclusively established as a matter of law by the Prior Judgment, leaving no active invoice-level dispute to itemize.

Subject to the general and specific objections noted above, Ameriway responds that it is unable to respond to this request because there are no unpaid invoices owed by Eagle to May Chen.

**SUPPLEMENTAL RESPONSE:**

Subject to the above objections, Plaintiff reasserts that there are no "unpaid Invoices owed to Chen," and never were in 2019. Further, Zhang does not recall whether he directly paid Chen related to any Invoices, and if so, why he made the payments. Zhang discovered that Chen invoiced Ameriway nearly $100,000 in fraudulent charges, as noted above, and refused make any further payments to Chen. Chen also did not have a written contract establishing a payment schedule or essential terms, as noted by the Court when dismissing the Third-Party Action, which determined as a matter of law that Chen never had a valid claim to payment on the Invoices. See 19-cv-09407, ECF 81, Part B, at pp. 8-12. Plaintiff reasserts that there are no "unpaid Invoices owed to Chen," and never were in 2019, as confirmed by the Court in the December 2021 Order, dismissing Chen's Third-Party Complaint with prejudice.

Dated: September 9, 2026

s/Pete Wolfgram
Pete Wolfgram
Stratum Law LLC
18 Campus Blvd. Ste. 100 Newtown
Square, PA 19073
pwolfgram@stratumlaw.com

Attorneys for Plaintiff
*Ameriway Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2026, I caused to be served a copy of the foregoing on counsel of record for Chen, via email:

/s/ Pete Wolfgram
Pete Wolfgram