# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERIWAY CORPORATION,<br>Plaintiff,<br><br>v.<br><br>MAY YAN CHEN,<br>ABILITY CUSTOMS INC.,<br><br>Defendants. | Case No. 19-CV-09407-VSB |

**FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' SECOND SET OF REQUESTS FOR ADMISSION TO PLAINTIFF AMERIWAY**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's Rules, Plaintiff Ameriway Corporation. ("Ameriway") provides the following undersigned attorneys full and complete answers, under oath, to each of the following Requests for Admission to Defendants May Yan Chen and Ability Customs Inc.'s (collective "Chen") Second Set of Requests for Admission.

**PRELIMINARY STATEMENT**

These supplemental responses, while based upon diligent exploration by Plaintiff and its counsel, reflect the current status of Plaintiff's knowledge, understanding, and belief responding to the matter about which Defendants have inquired. Discovery in this action is ongoing. Consequently, Plaintiff may not have yet discovered all documents, information, or facts pertinent to these RAFs. As discovery in this action proceeds, Plaintiff anticipates that it will discover additional or different documents, information, or facts. Plaintiff reserves the right to modify or supplement its individual responses with pertinent documents, information, or facts, as discovery continues.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

**Subject to and without waiving this objection, Plaintiff denies the Request.**

**REQUEST FOR ADMISSION NO. 28:**

Admit that AMERIWAY agreed to pay the unpaid balance owed to MAY CHEN on EAGLES behalf.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

**Subject to and without waiving this objection, Plaintiff denies the Request.**

**REQUEST FOR ADMISSION NO. 29:**

Admit that Xiyan Zhang agreed to pay the unpaid balance owed to MAY CHEN on EAGLE'S behalf.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

**Subject to and without waiving this objection, Plaintiff denies the Request.**

**REQUEST FOR ADMISSION NO. 30:**

Admit that AMERIWAY and Xiyan Zhang failed to pay the unpaid balance owed to MAY CHEN on EAGLES behalf.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

**Subject to and without waiving this objection, Plaintiff denies the Request.**

**REQUEST FOR ADMISSION NO. 31:**

Admit that MAY CHEN had possession of the CONTAINERS.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it is vague, ambiguous, and overly broad as to the phrase "had possession of the CONTAINERS." The term "possession" calls for a legal conclusion rather than an application of law to fact. Subject to and without waiving this objection, Plaintiff/Defendant states that May Chen / Ability Customs Brokers managed and processed U.S. Customs clearance and related administrative paperwork for certain shipments, but never took physical custody, control, or possession of the physical ocean cargo containers themselves. Except as so qualified, the Request is denied.

**REQUEST FOR ADMISSION NO. 32:**

Admit that MAY CHEN had possession of the CONTAINERS before or around July 2019 and prior to the revocation of the power of attorney on August 16, 2019.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it is vague, ambiguous, and overly broad as to the phrase "had possession of the CONTAINERS." The term "possession" calls for a legal conclusion rather than an application of law to fact. Subject to and without waiving this objection, Plaintiff/Defendant states that May Chen / Ability Customs Brokers managed and processed U.S. Customs clearance and related administrative paperwork for certain shipments, but never took physical custody, control, or possession of the physical ocean cargo containers themselves. Except as so qualified, the Request is denied.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Xiyan Zhang signed the power of attorney to retain MAY CHEN'S services on behalf of EAGLE.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it is compound, misleading, and calls for an improper legal conclusion regarding the legal scope, intent, and effect of the document. The Request selectively frames the transaction to exclude the contemporaneous role of Ameriway Corporation.

Subject to and without waiving this objection, Plaintiff/Defendant states that Xiyan Zhang executed a Customs Power of Attorney on behalf of Eagle Trading USA LLC to grant Ability Customs Brokers the administrative authority to clear cargo through U.S. Customs. However, Plaintiff further states that Zhang simultaneously engaged Chen to clear cargo containers for and on behalf of Ameriway Corporation—which Chen repeatedly acknowledged through her course of conduct from April 2017 to August 2019. Because this Request inaccurately implies that Chen's services were retained exclusively for the benefit or on the sole behalf of Eagle, **the Request is denied.**

**REQUEST FOR ADMISSION NO. 34:**

Admit that Xiyan Zhang requested CUSTOMS BROKER SERVICES from MAY CHEN.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 35:**

Admit that YOU did not incur any damages.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 36:**

Admit Xiyan Zhang as an individual paid MAY CHEN for EAGLE'S unpaid invoices owed to MAY CHEN.

**RESPONSE: Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

**Subject to and without waiving this objection, Plaintiff denies the Request.**

**REQUEST FOR ADMISSION NO. 37:**

Admit Ameriway agreed to pay MAY CHEN for her CUSTOMS BROKER SERVICES.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the

prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

**Subject to and without waiving this objection, Plaintiff/Defendant denies the Request.**

**REQUEST FOR ADMISSION NO. 38:**

Admit that on September 20, 2019, Xiyan Zhang represented to MAY CHEN that AMERIWAY will pay MAY CHEN all outstanding invoices for her services already provided to the IOR, EAGLE, in relation to the power of attorney executed on April 11, 2017 by Xiyan Zhang, the Chief Operating Officer for EAGLE.

**RESPONSE: Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

**Subject to and without waiving this objection, Plaintiff denies the Request.**

**REQUEST FOR ADMISSION NO. 39:**

Admit that when Xiyan Zhang made the representation in Request for Admission No. 38, AMERIWAY knew the representation was false and intended the representation to induce MAY CHEN to continue to provide her CUSTOMS BROKER SERVICES without payment.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

**Subject to and without waiving this objection, Plaintiff denies the Request.**

**REQUEST FOR ADMISSION NO. 40:**

Admit that on September 20, 2019, Xiyan Zhang represented to MAY CHEN that Xiyan Zhang will pay MAY CHEN all outstanding invoices for her services already provided to the IOR, EAGLE, in relation to the power of attorney executed on April 11, 2017 by Xiyan Zhang, the Chief Operating Officer for EAGLE.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the

prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

**Subject to and without waiving this objection, Plaintiff denies the Request.**

**REQUEST FOR ADMISSION NO. 41:**

Admit that when Xiyan Zhang made the representation in Request for Admission No. 41, Xiyan Zhang knew the representation was false and intended the representation to induce MAY CHEN to continue to provide her CUSTOMS BROKER SERVICES without payment.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

**Subject to and without waiving this objection, Plaintiff denies the Request.**

**REQUEST FOR ADMISSION NO. 42:**

Admit YOU sent emails to MAY CHEN stating that YOU will pay the unpaid invoices owed to MAY CHEN for her CUSTOMS BROKER SERVICES.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

**Subject to and without waiving this objection, Plaintiff denies the Request.**

**REQUEST FOR ADMISSION NO. 43:**

Admit that YOU failed to pay MAY CHEN’S unpaid invoices.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

**Subject to and without waiving this objection, Plaintiff denies the Request**

**REQUEST FOR ADMISSION NO. 44:**

Admit that after MAY CHEN cleared customs and advanced third party fees for shipments imported for the IOR - EAGLE, AMERIWAY ultimately received these cleared shipments.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

Further, Ameriway did not "ultimately" receive "all cleared shipments" processed by MAY CHEN.

**Subject to and without waiving this objection, Plaintiff denies the Request.**

**REQUEST FOR ADMISSION NO. 45:**

Admit that AMERIWAY is only able to receive the goods because MAY CHEN provided CUSTOMS BROKER SERVICES to EAGLE and advanced the third party fees.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

Further, Ameriway could have retained other customs brokers to process the shipments, so the statement "AMERIWAY is only able to receive the goods because MAY CHEN provided CUSTOMS BROKER SERVICES to EAGLE and advanced the third party fees," is factually incorrect. **Subject to and without waiving this objection, Plaintiff denies the Request.**

**REQUEST FOR ADMISSION NO. 46**:

Admit YOU knew MAY CHEN was the custom broker importer that imported the CONTAINERS for the IOR - EAGLE, for the benefit of AMERIWAY.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

**Subject to and without waiving this objection, Plaintiff denies the Request.**

**REQUEST FOR ADMISSION NO. 47**:

Admit YOU kept the CONTAINERS that MAY CHEN delivered to AMERIWAY but did not provide adequate compensation.

**RESPONSE:**

**Objection.** This Request is improper under Federal Rule of Civil Procedure 36 because it seeks to relitigate an issue that was finally adjudicated, resolved, and determined with prejudice in the prior Third-Party Action against Eagle Trading USA, LLC. Accordingly, this Request is barred by the doctrines of res judicata, collateral estoppel, and issue preclusion. **Subject to and without waiving this objection, Plaintiff denies the Request.**

Dated: September 9, 2026

/s/Pete Wolfgram
Pete Wolfgram
Stratum Law LLC
18 Campus Blvd. Ste. 100 Newtown Square, PA 19073
pwolfgram@stratumlaw.com

Attorneys for Plaintiff
*Ameriway Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2026, I caused to be served a copy of the foregoing on counsel of record for Chen, via email:

s/ Xiyan Zhang
Xiyan Zhang